UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA J. GARRETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV01252 ERW |
| ) | |
| J. DOUGLAS CASSITY, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant J. Douglas Cassity's Motion to Strike [doc. #286], Defendant J. Douglas Cassity's Motion for Entry of a Protective Order [doc. #335], Plaintiffs' Motion to Strike Affirmative Defenses of Defendant Katherine P. Scannell [doc. #316], and Plaintiffs' Motion to Strike Affirmative Defenses of Defendants Lennie J. Cappleman, Tony B. Lumpkin, III, Randall J. Singer, and George Wise, III [doc. #268].

**I.   DEFENDANT CASSITY'S MOTION TO STRIKE**

In his Motion to Strike, Defendant J. Douglas Cassity ("Cassity") argues that certain – ultimately, most – of Plaintiffs' allegations in their Complaint should be stricken pursuant to Fed. R. Civ. P. 12(f) because they contain "derogatory, scandalous, and repulsive language," because Plaintiffs' lengthy allegations fail to comply with Fed. R. Civ. P. 8(a)'s "short and plain statement" pleading requirement, because Plaintiffs' fraud claims are not pled with particularity as required by Fed. R. Civ. P. 9(b), and because Plaintiffs' allegation regarding Cassity's prior criminal conviction is irrelevant to the present matter.

A district court has "liberal discretion" with respect to granting motions to strike under Rule 12(f), but the Eighth Circuit has recognized that "striking a party's pleadings is an extreme

measure," and that therefore such motions "are viewed with disfavor and are infrequently granted." *Standbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotations omitted). With respect to Cassity's argument that Plaintiffs' allegations both contain irrelevant and inflammatory allegations, and that they fail to plead fraud with particularity as required by Rule 9(b), the Court finds that these arguments are best addressed in connection with his Motion to Dismiss. As for the allegation concerning Cassity's criminal record, Plaintiffs have made a colorable argument that this is relevant in the present litigation, and in any event Cassity fails to demonstrate how he would be prejudiced by its continued inclusion in Plaintiffs' pleadings. *See Sobba v. Elmen*, 462 F. Supp. 2d 944, 946 (E.D. Ark. 2006) (in order for a motion to strike to be granted with respect to certain allegations, a plaintiff must demonstrate that "their presence in the pleading throughout the proceeding will be prejudicial") (internal citation omitted). Accordingly, Cassity's Motion to Strike will be denied.

## II.     DEFENDANT CASSITY'S MOTION FOR PROTECTIVE ORDER

In this Motion, Cassity asks the Court to enter a protective order prohibiting Plaintiff Donna J. Garrett, Special Deputy Receiver in the related Texas receivership proceedings, from obtaining and serving subpoenas in that action concerning his American Express credit card records. This Court has recognized, however, that its authority over discovery matters does not extend to other proceedings or to materials obtained in connection with them, and the Court therefore has no power to grant the relief requested. *See Schoenbaum v. E.I. DuPont de Nemours & Co.*, 2008 WL 4790332, at *2 (E.D. Mo. 2008) (quoting *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1081 (9th Cir. 1988) ("[A] district court's power to control discovery does not extend to material discovered in a separate action, notwithstanding the fact that the parties are identical.")). If the Court were to grant Cassity's Motion, it would in effect be

2

attempting to over-rule the receivership court's determination with respect to the issuance of subpoenas in that proceeding, and the Court is unaware of any authority recognizing a district court's power to issue such an order. As such, Cassity's Motion will be denied.[1]

### III. PLAINTIFFS' MOTIONS TO STRIKE

In their Motions to Strike, Plaintiffs argue that Defendants Katherine Scannell ("Scannell"), Lennie Cappleman ("Cappleman"), Tony Lumpkin ("Lumpkin"), Randall Singer ("Singer"), and George Wise ("Wise") have raised affirmative defenses implicating the conduct of state regulators that should be stricken because they are insufficient as a matter of law.

In this litigation, Plaintiffs assert claims on behalf of National Prearranged Services, Inc. ("NPS"), Lincoln Memorial Life Insurance Company ("Lincoln"), and Memorial Service Life Insurance Company ("Memorial"). Scannell is former general counsel for all of these entities, and Cappleman, Lumpkin, Singer and Wise all served as officers or directors for Lincoln or Memorial; Wise was also employed as an actuarial consultant to Lincoln and Memorial during the time period relevant to Plaintiffs' claims. Plaintiffs allege that these Defendants are liable to Plaintiffs for, among other things, breach of fiduciary duty, and each of these Defendants has responded with an affirmative defense asserting that he or she relied on information obtained from state regulators in taking the actions alleged to be unlawful.

Scannell, in response to Plaintiffs' Motion, filed a Notice with the Court [doc. #354] indicating her intention to withdraw her Fifteenth Affirmative Defense, and as such, Plaintiffs'

---

[1] In response to Cassity's Motion, Plaintiffs assert that they should be awarded their costs in responding to the Motion, based on the lack of authority for his position and his alleged failure to meet and confer with them prior to filing it. The Court is satisfied, however, that Cassity's Motion was filed in good faith, and that he will in the future strictly comply with Rule 26(c)(1)'s meet and confer requirement. The Court therefore concludes that Plaintiffs' request will be denied.

Motion is moot to the extent it concerns that defense. Because Plaintiffs concede that the remaining affirmative defenses they contend should be stricken from her Answer only potentially involve reliance on regulatory conduct, the Court concludes that their Motion concerning Scannell will be denied. Cappleman, Singer, Lumpkin, and Wise, however, contend that their affirmative defenses, premised on reliance on regulators, should not be dismissed, because courts have in certain instances permitted such defenses to go forward.

Fed. R. Civ. P. 12(f) provides that "the court may order stricken from any pleading any insufficient defense . . . ." A motion to strike on these grounds should be denied if "the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Kuhlmeier v. Hazelwood Sch. Dist.*, 578 F. Supp. 1286, 1295 (E.D. Mo. 1984) (internal citation omitted).

The vast weight of authority holds that regulators owe no duty to corporate officers or directors, and that such corporate actors therefore should not be permitted to assert affirmative defenses based on regulators' actions. *See, e.g.*, *Fed. Deposit Ins. Co. v. Renda*, 692 F. Supp. 128, 135-36 (D. Kan. 1988) (listing authorities for the proposition that the "regulatory activities of a government agency do not give rise to a duty to discover and report possible fraud or wrongdoing to a bank or its officers, directors, shareholders, creditors, or depositors"); *Resolution Trust Corp. v. Gibson*, 829 F. Supp. 1103, 1106 (W.D. Mo. 1993) (collecting cases in which courts prohibited directors and officers from raising comparative or contributory negligence affirmative defenses based on the conduct of government regulators); *see also State of North Dakota v. Merchants Nat'l Bank & Trust Co.*, 634 F.2d 368, 379 n.20 (8th Cir. 1980) (noting, in *dicta*, several cases in which courts from other circuits had concluded that a government agency's statutory obligation to conduct regular examinations of national banks does not give rise to a

4

cause of action against the agency for damages caused by its negligent performance of those duties). As the Western District of Missouri recognized in *Gibson*, this conclusion can be based not only on the absence of a duty owed to the subjects of government regulation, but also on public policy, in that allowing directors or officers to evade liability on this basis could undermine industry stability and public confidence in government regulation. 829 F. Supp. at 1107.

These Defendants concede that most authorities are contrary to their position, but they do identify one case in which the court concluded that regulators assumed a duty to an entity's officers and directors by acting outside their normal regulatory function and participating in the actual operations of the target entity. *See In re Franklin Nat'l Bank Sec. Litig.*, 445 F. Supp. 723, 731-734 (E.D.N.Y. 1978). The court recognized, however, that the regulators' conduct was alleged to be "grossly arbitrary and capricious," and that the allegations presented therefore might present the "extraordinary case" in which government regulators could be found to have assumed and breached a duty by acting outside the ordinary boundaries of their authority. *Id.* at 734; *see also id.* at 733 (suggesting that liability would lie only where the regulator's conduct amounts to "a trap . . . calculated to lure the officers, directors and supervisory committee into a complete disregard of their duties") (internal quotations and citation omitted).

The situation presented in *Franklin*, however, is plainly different from the one in this case. In *Franklin*, the court denied the FDIC's motion to dismiss counterclaims asserted against it by the insurers of a failed bank. *See id.* at 726. As Plaintiffs persuasively argue, this case is entirely different because here it is the directors and officers of the entity themselves, and not a relatively innocent insurer, attempting to avoid liability based on a duty owed by government regulators. *Cf. Fed. Deposit Ins. Corp. v. Renda*, 692 F. Supp. 128, 136 (D. Kan. 1988) ("The defendants are the alleged defrauders of the failed institutions; to allow them to counterclaim and defend

against the FDIC and the FSLIC by alleging that the agencies failed to discover and report the defendants' fraud to the institutions would be absurd."). Furthermore, all of the above-cited cases discussing whether the regulators owed a duty to the regulated entity all involved situations in which the plaintiffs were the regulators, and the defendant officers and directors sought to assert the negligence of the plaintiffs as an affirmative defense. Here, in contrast, the regulators are not parties to this litigation, and it therefore appears to the Court that even if these Defendants could establish that Plaintiffs' alleged losses arose out of breaches of duties owed by third parties, it would be entirely irrelevant to the question of their liability to Plaintiffs.

The Court therefore concludes that Plaintiffs' Motion to Strike with respect to Cappleman, Lumpkin, Singer, and Wise will be granted. Plaintiffs have met their burden of demonstrating that these Defendants' affirmative defenses based on reliance on regulatory approval are legally insufficient, and accordingly these defenses will be stricken from Defendants' Answers.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant J. Douglas Cassity's Motion to Strike [doc. #286] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant J. Douglas Cassity's Motion for Protective Order [doc. #335] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Affirmative Defenses of Defendant Katherine P. Scannell [doc. #316] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Affirmative Defenses of Defendants Lennie J. Cappleman, Tony B. Lumpkin, III, Randall J. Singer, and George Wise, III [doc. #268] is **GRANTED**.

Dated this 30th Day of September, 2010.

_E. Richard Webber_
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE