UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA J. GARRETT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:09CV01252 ERW |
| | ) |
| J. DOUGLAS CASSITY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants National City Bank, N.A., Bank of America, N.A., U.S. Bank, N.A., Comerica Bank & Trust, N.A., and American Stock Transfer and Trust Company, LLC's Joint Motion to Dismiss Counts Twenty-Eight and Twenty-Nine, and Joint Motion for a More Definite Statement or, in the Alternative, To Dismiss Counts Nineteen and Twenty of Plaintiffs' First Amended Complaint [doc. #526], Defendant Marshall & Ilsley Trust Company, N.A.'s Motion to Dismiss [doc. #540], Defendant Southwest Bank, an M&I Bank's Motion to Dismiss, [doc. #542], Defendant Bremen Bank and Trust Company's Motion to Dismiss [doc. #544], and Defendant Nekol Province's Motion to Join [doc. #553].

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This litigation arises out of proceedings instituted by the Texas Department of Insurance in Travis County, Texas, in which non-parties National Prearranged Services, Inc. ("NPS"), Lincoln Memorial Life Insurance Company ("Lincoln"), and Memorial Service Life Insurance Company ("Memorial") were placed in receivership and are currently in the process of being liquidated. Plaintiffs in this litigation are Donna J. Garrett, acting on behalf of NPS, Lincoln,

and Memorial as Special Deputy Receiver ("SDR") in connection with the Texas receivership proceedings, The National Organization of Life and Health Guaranty Associations[1] ("NOLHGA"), and the individual state life and health insurance guaranty associations of Arkansas, Illinois, Kansas, Kentucky, Missouri, Oklahoma, and Texas. These individual guaranty associations, as well as those represented by NOLHGA, are statutory entities created by state legislatures to provide protection for resident policyholders in the event that a member insurance company becomes insolvent. Plaintiffs represent that these state guaranty associations have been assigned or subrogated to the claims of funeral homes and consumers arising out of dealings with NPS through (1) each state guaranty association's enabling act; (2) the NPS / Lincoln / Memorial Liquidation Plan approved by the Texas Receivership Court on September 22, 2008; or (3) express assignments received from recipients of death benefits paid by a state guaranty association.

Prior to the institution of the Texas proceedings, NPS was in the business of selling pre-need funeral service contracts, sold to consumers through funeral homes, and Lincoln and Memorial were issuers of life insurance policies. NPS marketed its pre-need contracts by assuring consumers that funds paid to NPS would be secured in pre-need trusts and backed by whole life insurance policies issued by Lincoln or Memorial for the full amount of the contract, so that the necessary funds would be available when the pre-need beneficiary died and the funeral home's claim became due. In accordance with state law, this was accomplished in certain states by requiring the purchaser to simultaneously apply for a life insurance policy

---

[1] NOLHGA represents the interests of the state life and health guaranty associations of Arizona, California, Colorado, the District of Columbia, Georgia, Idaho, Indiana, Iowa, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Washington, West Virginia, Wisconsin, and Wyoming.

issued by Lincoln or Memorial in an amount corresponding to the amount of the pre-need contract, and in other states, the pre-need trust itself purchased the life insurance policies.

Defendants with Motions currently before the Court are banks that served as trustees to various pre-need trusts in which NPS placed insurance policies and the proceeds from the sale of its pre-need contracts[2]: National City Bank, N.A., Bank of America, N.A., Comerica Bank and Trust, N.A., U.S. Bank, N.A., American Stock Transfer and Trust Company, LLC, Marshall and Ilsley Trust Company, N.A., Southwest Bank, an M&I Bank, and Bremen Bank and Trust Company (collectively, "Trustee Defendants"). Based on alleged failures to properly supervise the management of the pre-need trusts, Plaintiffs assert claims against the Trustee Defendants for breach of fiduciary duty, negligence, money had and received, and unjust enrichment.

In its Memorandum and Order dated June 17, 2010 [doc. #449], the Court granted in part and denied in part Motions to Dismiss brought by Trustee Defendants. Although the Court declined to dismiss any of Plaintiffs' claims against these Defendants, the Court ordered Plaintiffs to provide more definite statements of their claims to clarify which Plaintiffs are asserting which claims against which Trustee Defendants. In response, Plaintiffs filed their First Amended Complaint [doc. #486], in which Plaintiffs state that (1) only Plaintiff SDR, on behalf of NPS and its funeral home and individual consumers, is bringing Counts 28 and 29 for unjust enrichment and money had and received, seeking to recover fees or other benefits Trustee Defendants received from NPS in connection with performing trustee functions; (2) Plaintiff NOLHGA and the seven individual state guaranty association Plaintiffs are each asserting Counts 19 and 20 for breach of fiduciary duty and negligence against Trustee Defendants who were trustees, or whose predecessors were trustees, of NPS Pre-Need Trusts I-V, the NPS Iowa

---

[2] This excludes Defendant Nekol Province, whose Motion to Join in certain since-denied Motions is addressed briefly in Section IV of this Memorandum and Order.

Pre-Need Trust, and the NPS Illinois Pre-Need Trust – that is, against all Trustee Defendants; and (3) Plaintiff SDR is likewise asserting breach of fiduciary duty and negligence claims against all Trustee Defendants with respect to their activities as trustees for the aforementioned trusts, and also with respect to the Mt. Washington Forever Pre-Need Trust and the Mason Securities Association d/b/a Funeral & Cremation Society of America Pre-Need Trust.

In the present Motions to Dismiss, Trustee Defendants contend that Plaintiff SDR's claims for money had and received and unjust enrichment must be dismissed because they fail to state valid claims, or alternatively because Plaintiff SDR lacks standing to bring these claims. As to the claims for breach of fiduciary duty and negligence, Trustee Defendants maintain that Plaintiffs' First Amended Complaint fails to provide the requisite specificity concerning the underpinnings of these claims, and accordingly that the Court should again require Plaintiffs to provide more definite statements or dismiss these claims.

## II. LEGAL STANDARD

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement showing that the pleader is entitled to relief." In order to meet this standard and to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citation omitted). This requirement of facial plausibility means that the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alterations and citations omitted). As such, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely," *id.* at 556, provided that the complaint contains sufficient facts to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 555.

## III. DISCUSSION

In their Motions, Trustee Defendants contend that (1) Plaintiff SDR's claims for unjust enrichment and money had and received must be dismissed because these claims merely assert an entitlement to remedies available for breach of trust and negligence – that is, because the money had and received and unjust enrichment claims are dependent on, and not distinct from, the breach of trust and negligence claims; and (2) Plaintiffs' breach of fiduciary duty and negligence claims are overly vague and ambiguous, in that they fail to specify the underlying facts that entitle each Plaintiff to assert such claims against each Defendant. Additionally, Defendants Bremen Bank and Trust Company ("Bremen Bank"), Marshall and Ilsley Trust Company, N.A. ("Marshall and Ilsley"), and Southwest Bank, an M&I Bank ("Southwest Bank") individually contend that Plaintiff SDR's claims against them must be dismissed because she lacks standing to pursue claims on behalf of NPS and its creditors. The Court addresses this latter issue first, and then turns to the sufficiency of the pleaded claims against Trustee Defendants.

### A. Plaintiff SDR's Standing to Bring Claims on behalf of NPS

Bremen Bank, Marshall and Ilsley, and Southwest Bank maintain that NPS was not a proper party to the underlying receivership action, in that the Texas Insurance Commissioner only has statutory authority to initiate receivership actions for entities in the insurance business. They argue that because Plaintiffs' allegations make clear that NPS was in the business of selling pre-need funeral contracts, and not insurance, the Court should conclude that Plaintiff SDR lacks standing to bring claims on behalf of NPS. Plaintiffs contend, among other things, that principles of federalism, comity, and full faith and credit require the Court to defer to the determination of the Texas receivership court. The remaining Trustee Defendants have expressly declined to further or join in arguing that Plaintiff SDR lacks standing, stating that if the Court is inclined to address this issue at the outset of the case, it should be done with the involvement of all Defendants and following an opportunity for some targeted discovery.

The Court agrees with these latter Trustee Defendants, at least to the extent that they argue that it would be improper for the Court to decide the issue of Plaintiff SDR's standing in the present context. Apart from the complex full faith and credit, res judicata, and collateral estoppel issues arguably presented here, for the Court to conclude that NPS was not, in fact, a proper party to the receivership action, it would have to make a factual determination that NPS was not in the business of selling insurance in Texas. *See* Tex. Ins. Code § 443.003 (stating the categories of entities to which the Texas Insurer Receivership Act is applicable); § 443.004(a)(5) (defining "the business of insurance"); § 443.004(a)(14) (defining "insurer"). The Court is not inclined to make, and indeed cannot make, that determination on the basis of the allegations in the pleadings, and in any event, Plaintiffs have offered numerous allegations demonstrating their belief that certain Defendants controlled NPS, Lincoln, Memorial, and a variety of other entities

in a manner such that all of these entities should be viewed as a single business or operation. This is consistent with the Texas Insurance Commissioner's determination that NPS was engaged in the insurance business "through its inextricably intertwined operations with [Lincoln and Memorial] and the collection of insurance premiums." In this respect, Plaintiffs also note persuasively that the propriety of the receivership action, and therefore Plaintiff SDR's standing, cannot turn on the allegations in a pleading filed after the receivership commenced. In sum, the Texas Insurance Commissioner's conclusion with respect to NPS's involvement in the insurance business was based on a factual record not currently before the Court and was not inconsistent with the facts Plaintiffs have alleged, and the Court therefore concludes that it would be improper to attempt to revisit that factual finding solely on the basis of the allegations in Plaintiffs' First Amended Complaint.

As such, Bremen Bank, Marshall and Ilsley, and Southwest Bank's Motions to Dismiss will be denied on this point, as the Court declines to consider Plaintiff SDR's standing without the benefit of a more fully developed factual record.

### B. Plaintiff SDR's Claims for Money Had and Received and Unjust Enrichment

Trustee Defendants assert that these claims must be dismissed because disgorgement of fees paid to a trustee – the relief Plaintiff SDR seeks in bringing these claims – is a remedy for breach of trust by the trustee of an express trust, and not an independent cause of action. Plaintiffs argue that the existence of a contract between the parties – apparently referring to the trust agreements – does not preclude Plaintiff SDR from asserting these claims.

It is true, as Plaintiffs contend, that claims for money had and received or unjust enrichment do not necessarily require the existence of express contractual or fiduciary duties owed by the defendant, but to the extent that such equitable claims are cognizable, it is because

both are based on legal duties arising out of contracts implied in law. *See Pitman v. City of Columbia*, 309 S.W.3d 395, 402-03 (Mo. Ct. App. 2010) (explaining that claims for unjust enrichment and money had and received both stem from implied contractual relationships).[3] These claims also both require the plaintiff to prove that it would be "unjust" or "inequitable" for the court to permit the defendant to retain something obtained from the plaintiff – an inquiry that courts have recognized is "the most significant and the most difficult of the elements to apply." *See id.* at 402.

These principles make clear that Plaintiff SDR's money had and received and unjust enrichment claims are entirely duplicative of the breach of fiduciary duty and negligence claims. Here, there is no need or apparent basis for the Court to imply a relationship that would give rise to duties owed among the parties, due to the existence of the express trust agreements under which Trustee Defendants assumed the duties of trustees. Likewise, there is no reason to conduct an amorphous inquiry into whether it would be "unjust" or "inequitable" for Trustee Defendants to retain the fees they received as trustees, because Plaintiff SDR's contention that equity should require Trustee Defendants to disgorge these fees is entirely premised on her allegation that Trustee Defendants breached their fiduciary duties or were negligent in administering the trusts. Plaintiffs do not allege that Trustee Defendants impliedly assumed an obligation to do anything more than serve as trustees to the pre-need trusts, or that Trustee Defendants received any benefits from NPS apart from what was provided for by the terms of the trust agreements. As such, Plaintiff SDR cannot recover under theories of money had and received or unjust enrichment unless she establishes that Trustee Defendants breached their

---

[3] The parties appear to be in agreement that Missouri, Illinois, or Iowa law governs these claims, and that there is no outcome-determinative distinction in those jurisdictions' laws with respect to this issue.

8

fiduciary duties or were negligent, and these equitable theories are also not necessary to permit Plaintiff SDR to recover the full extent of her alleged losses, given that it is undisputed that the only recovery sought under these claims is the disgorgement of fees or other benefits received.

In sum, then, the Court concludes that Plaintiff SDR's claims against Trustee Defendants for money had and received and unjust enrichment will be dismissed, because based on the facts alleged these claims are indistinct from Plaintiffs' claims for breach of fiduciary duty and negligence.

### C. Plaintiffs' Claims for Breach of Fiduciary Duty and Negligence

As noted above, the Court previously ordered Plaintiffs to provide more definite statements as to these claims, clarifying which Plaintiffs are asserting these claims against which Trustee Defendants, and Plaintiffs responded that all nine Plaintiffs – Plaintiff SDR, NOLHGA, and the seven individually-named state guaranty associations – are bringing these claims against all Trustee Defendants. Trustee Defendants maintain that these claims are too vague and ambiguous to enable to them to formulate a response, in that they cannot ascertain from the First Amended Complaint how the state guaranty association Plaintiffs could have grounds for asserting claims against all Trustee Defendants, which acted as trustees for pre-need trusts containing funds from pre-need contracts sold in specific states. For example, Trustee Defendants state that it is unclear from the First Amended Complaint how the Arkansas guaranty association would be able to state tort claims against a Trustee Defendant which served as trustee to a trust containing funds from contracts sold in Missouri. Plaintiffs respond that Trustee Defendants' arguments should be rejected because they seek a level of pleading specificity beyond that required by the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to give "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Motions for more definite statements are "universally disfavored," however, and are "designed to strike at unintelligibility in a pleading rather than want of detail." *Whitehead v. City of St. Louis*, 2009 WL 4430699, at *2 (E.D. Mo. 2009) (internal quotations and citations omitted); *see also Worley v. Credit Acceptance Corp.*, 2011 WL 833334, at *2 (W.D. Mo. 2011). This is because the federal notice pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Whitehead*, 2009 WL 4430699, at *2 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).

At its heart, Trustee Defendants' contention is that every state guaranty association Plaintiff cannot possibly have claims against all Trustee Defendants, given that each Trustee Defendant only acted as trustee for trusts concerning pre-need contracts sold in individual states – primarily Missouri, Iowa, and Illinois – whereas Plaintiffs' claims are alleged to arise out of the payment of claims under Lincoln and Memorial life insurance policies for insureds in almost every state in the country. It is undisputed that under the terms of the liquidation plan in the underlying Texas receivership action, each state guaranty association is responsible for paying the face value of a Lincoln- or Memorial-issued life insurance policy if the owner/insured was a resident of that state as of September 22, 2008. In their First Amended Complaint, Plaintiffs represent that each state guaranty association Plaintiff has payment obligations under the liquidation plan for policies held in NPS Pre-Need Trusts I-V, the NPS Iowa Pre-Need Trust, and the NPS Illinois Pre-Need Trust – the trusts administered by Trustee Defendants – and that they

10

therefore have grounds for bringing claims for breach of fiduciary duty and negligence against each Trustee Defendant. These are straightforward, intelligible factual allegations, and therefore in seeking more information concerning the connection between these trusts and the numerous state guaranty association Plaintiffs, Trustee Defendants' Motions do not "strike at unintelligibility" in accordance with the accepted purpose of a motion for a more definite statement. *See Whitehead*, 2009 WL 4430699, at *2. Trustee Defendants may ultimately be correct that all Plaintiffs are not entitled to bring these claims against all Defendants, but the factual refinement necessary to reach that conclusion will be addressed by allowing the parties to conduct discovery and through motions for summary judgment.

Furthermore, Trustee Defendants' argument that these claims are individual and vary depending on the facts underlying each claim, and that Plaintiffs should therefore not be permitted to pursue these claims jointly, is more properly the subject of a motion seeking to sever and separately try the claims against them; the Court fails to see how ordering more definite statements would remedy this alleged defect. In any event, although these claims may arise out of policies and contracts purchased in different states under a variety of different circumstances, the focus of these claims, factually speaking, is on the common factual issues of what Trustee Defendants did, or failed to do, in carrying out their duties as trustees to the various pre-need trusts. It certainly appears that in proving their damages, if not before, state guaranty associations Plaintiffs will be required to demonstrate that they are required to make payment on a policy held in a trust to which a Trustee Defendant acted as trustee, but the Court is not aware of any authority, and Trustee Defendants offer none, for requiring such a level of pleading specificity at the motion to dismiss stage.

Additionally, the Court indicated previously that it had some concern about whether Plaintiffs offered enough detail in their Complaint to enable Defendants to approach the choice-of-law issue, and Plaintiffs note that the First Amended Complaint contains new factual allegations on that topic. Most significant are the allegations that the relevant trust agreements – of which Trustee Defendants seemingly would already be familiar – contain choice-of-law provisions designating either Missouri, Illinois, or Iowa law as governing, that the majority of Trustee Defendants' allegedly wrongful conduct occurred in states in which they were doing business, and that the majority of pre-need funds at issue were provided by consumers and funeral homes in Missouri, Iowa, and Illinois. Plaintiffs are not required to plead applicable state law, *see, e.g.*, *Fisher v. Great Socialist People's Libyan Arab Jamahiriya*, 541 F. Supp. 2d 46, 52 (D.D.C. 2008), and Trustee Defendants offer no authority for their contention that because Plaintiffs have now "spoken to the issue," they should be required to do so. Trustee Defendants possess sufficient information to approach the choice-of-law issue, and as with the issues discussed above, if it is the case that further factual enhancement is necessary to aid in that inquiry, then the issue should be taken up on summary judgment.

Thus, the Court concludes that Trustee Defendants are not entitled to more definite statements, or dismissal, of Plaintiffs' breach of fiduciary duty and negligence claims. Plaintiffs' First Amended Complaint contains ample detail as to the alleged bases for these claims to enable Trustee Defendants to formulate a response. To the extent that additional factual detail may reveal that Plaintiffs' claims are without merit, the Court expects to entertain arguments directed to that issue in the context of motions for summary judgment, following an opportunity for relevant discovery.

D.   **Conclusion**

Trustee Defendants' Motions will be granted in part and denied in part. Trustee Defendants are entitled to dismissal of Plaintiffs' claims for unjust enrichment and money had and received because those claims are dependent on and indistinct from Plaintiffs' breach of fiduciary duty and negligence claims. The Court declines to order more definite statements or dismissal as to these latter claims, however, finding that Plaintiffs' allegations are sufficiently definite to satisfy federal pleading standards. The Court further concludes that the issue of Plaintiff SDR's standing will be considered, if at all, after the parties have had the opportunity to develop the factual record through discovery.

**IV.   DEFENDANT NEKOL PROVINCE'S MOTION TO JOIN**

In her Motion, Defendant Nekol Province seeks to join in the Motions to Dismiss of Defendant Randall K. Sutton [doc. #299] and Defendant Roxanne J. Schneiders [doc. #281]. Because the Court denied those Motions in its December 21, 2010 Memorandum and Order [doc. #589], her Motion will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants National City Bank, N.A., Bank of America, N.A., U.S. Bank, N.A., Comerica Bank & Trust, N.A., and American Stock Transfer and Trust Company, LLC's Joint Motion to Dismiss Counts Twenty-Eight and Twenty-Nine, and Joint Motion for a More Definite Statement or, in the Alternative, To Dismiss Counts Nineteen and Twenty of Plaintiffs' First Amended Complaint [doc. #526], Defendant Marshall & Ilsley Trust Company, N.A.'s Motion to Dismiss [doc. #540], Defendant Southwest Bank, an M&I Bank's Motion to Dismiss, [doc. #542], and Defendant Bremen Bank and Trust Company's Motion to Dismiss [doc. #544] are **GRANTED, in part** and **DENIED, in part**. These Motions

are granted to the extent they seek dismissal of Plaintiffs' Counts 28 and 29 for unjust enrichment and money had and received, respectively, and are otherwise denied.

**IT IS FURTHER ORDERED** that Trustee Defendants shall file their respective Answers no later than **April 13, 2011**.

**IT IS FURTHER ORDERED** that Defendant Nekol Province's Motion to Join [doc. #553] is **DENIED, as moot**.

Dated this 23rd Day of March, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE