UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA J. GARRETT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:09CV01252 ERW |
| | ) |
| J. DOUGLAS CASSITY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Intervenor United States of America's ("the Government") Motion to Intervene to Seek a Temporary Stay of Discovery [doc. #699] and Motion for a Temporary Stay of Discovery [doc. #700]. In its Motions, the Government, citing the parallel criminal case in which six defendants named here are being prosecuted for a variety of fraud-based crimes,[1] seeks an order staying all "under oath" discovery in this case: interrogatories, requests for admissions, depositions, and the like. The Government's Motion is opposed by Plaintiffs, five of the six named defendants in the criminal case – J. Douglas Cassity, Brent Cassity, Howard Wittner, Randall Sutton, and David Wulf[2] (collectively, "Indicted Defendants") – and Defendants Tyler Cassity and Hollywood Forever, Inc. Trustee Defendants[3] also filed a response, suggesting that if a stay is imposed, Defendants should still be permitted to

---

[1] *United States v. Sutton*, Case No. 4:09CR00509 JCH (E.D. Mo.).

[2] Defendants Wittner and Wulf also bring their Motions on behalf of the Defendant entities associated with them – Defendants Wittner, Spewak & Maylack, P.C. and Wulf, Bates & Murphy, Inc., respectively.

[3] Trustee Defendants are National City Bank, N.A., Bank of America, N.A., U.S. Bank, N.A., Comerica Bank & Trust, N.A., Bremen Bank & Trust Co., Marshall & Ilsley Trust Co., N.A., Southwest Bank, an M&I Bank, and American Stock Transfer & Trust Co., LLC.

direct interrogatories to Plaintiffs concerning the facts underlying Plaintiffs' claims against each Defendant.

I.   MOTION TO INTERVENE

The Court will permit the Government to intervene in this matter because it satisfies the requirements for permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). That provision provides that the Court may, on a timely motion, "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." The Government's Motion is timely, in that its purpose is to seek a stay of discovery, and it was filed before the Court issued a case management order and therefore also before any discovery took place in this matter. *See Winbush v. Iowa*, 66 F.3d 1471, 1479 (8th Cir. 1995) ("The timeliness of a motion to intervene is determined from the totality of the circumstances.") (internal citation omitted). There is no question that the civil and criminal proceedings at issue share common legal and factual issues; all of the defendants in the criminal case are Defendants in this matter, and the claims in both actions ultimately concern the operation of National Prearranged Services, Inc. ("NPS"), Lincoln Memorial Life Insurance Company ("Lincoln"), and Memorial Service Life Insurance Company ("Memorial"). *See Bureerong v. Uvawas*, 167 F.R.D. 83, 85-86 (C.D. Cal. 1996) (noting that the "common question" element of the intervention analysis is "liberally construed"). As the Government has noted, moreover, the criminal indictment and the civil complaint also contain similar, if not almost identical, allegations that, for example, certain Defendants failed to keep NPS pre-need contract proceeds in trust or properly secure those contracts with life insurance policies issued by Lincoln or Memorial, that the investment advisors to the pre-need trusts enabled the scheme to defraud, and that certain Defendants used affiliated

entities and various fraudulent practices to extract funds from NPS, Lincoln, and Memorial, for their own personal benefit and to the detriment of those entities' customers.

Where a putative intervenor satisfies the requirements of Rule 24(b)(1)(B), "the district court has discretion to grant permissive intervention upon consideration of whether it will 'unduly delay or prejudice the adjudication of the rights of the original parties.'" *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*, 485 F.3d 1006, 1009 (8th Cir. 2007) (quoting Rule 24(b)(2)). The parties opposing this Motion have offered numerous arguments as to how granting the requested stay might delay this case and cause them prejudice, but they have not offered any reason as to how permitting the Government to intervene *and request that stay* might have that effect. The Court sees no significant potential for delay or prejudice in allowing the Government to intervene and request a stay, and indeed, this issue was taken up quickly by the parties and has moved swiftly to a resolution. Accordingly, the Court finds it appropriate, in its discretion, to permit the Government to intervene in this matter under Rule 24(b)(1)(B), given the timeliness of its Motion and the obvious similarities between the civil and criminal proceedings.

## II.     MOTION FOR A TEMPORARY STAY OF DISCOVERY

In requesting a stay of "under oath" discovery, the Government asserts its concern that, due to the clear overlap in issues in the civil and criminal proceedings, the indicted Defendants might exploit the more liberal civil discovery practices available in this case to obtain discovery for use in the criminal proceeding – discovery to which they would not be entitled under the Federal Rules of Criminal Procedure. The Government contends that those Defendants could use civil discovery to uncover the identities of the Government's intended witnesses and the

substance of their intended testimony,[4] and that a stay is therefore necessary to prevent witness intimidation, to prevent Indicted Defendants from being able to craft their testimony and manufacture evidence in response to the evidence against them, and to "even the playing field" with Indicted Defendants, who are only required to provide limited discovery to the Government under Fed. R. Crim. P. 16(b) and 26.2. The requested stay would last until Indicted Defendants are found guilty or innocent of the charged crimes.

District courts possess the inherent authority to manage discovery in civil suits, which includes the power to enter appropriate orders "to prevent parties from using civil discovery to evade restrictions on discovery in criminal cases." *See Degen v. United States*, 517 U.S. 820, 826-27 (1996). In considering whether a stay of discovery is warranted to prevent such gamesmanship, courts in this Circuit have addressed the following factors: "(1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously, weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest." *See S.E.C. v. Gerhardt*, 2007 WL 1452236, at *2 (E.D. Mo. 2007); *see also S.E.C. v. Shanahan*, 2007 WL 3232248, at *2 (E.D. Mo. 2007). The Court therefore considers each of these factors in turn, and then addresses the alternative suggestions for resolving this issue offered by Plaintiffs and certain Defendants.

---

[4] As a general matter, the Government is not required to disclose non-exculpatory evidence prior to trial in a criminal case. *See, e.g.*, *United States v. Krauth*, 769 F.2d 473, 475-76 (8th Cir. 1985).

### A. Overlap of Issues in the Civil and Criminal Cases

As discussed above, there is a clear overlap in issues in these two cases. As to Indicted Defendants, the complaint and the indictment similarly allege that they engaged in a scheme, through numerous machinations, to defraud consumers through the operation of NPS, Lincoln, Memorial, and various other entities owned by a family trust, of which Indicted Defendants J. Douglas Cassity and Brent Cassity are the settlor and a beneficiary, respectively. As a result, it is apparent that the discovery Indicted Defendants would be entitled to obtain in this case might aid them in defending against the criminal prosecution. This clearly counsels in favor of granting the requested stay.

### B. Status of the Criminal Case

This factor also weighs in favor of a stay. As the Court's categorization of Indicted Defendants suggests, they have, in fact, already been indicted. This supports the Government's position that the potential for abuse of discovery procedures is a concrete concern, as opposed to a situation in which there is a mere possibility that a civil defendant might at some future time be criminally prosecuted for the actions at issue in the civil case.

### C. Prejudice to Plaintiffs

As to this factor, Plaintiffs argue that the requested stay is "prejudicial in every way," in that it "is indefinite, the transactions are old, institutions have undergone substantial changes, and witnesses have moved on," and also because the institutional Defendants may become judgment proof in the intervening time. Plaintiffs also contend that the delay would be prejudicial in terms of the expense of administering the bankruptcy estates of NPS, Lincoln, and Memorial, which cannot be closed until this litigation concludes.

The Court is sympathetic to Plaintiffs' argument that a delay may increase the expense of administering the bankruptcy estates,[5] but does not find that it alone justifies denying the requested stay, given that the other offered reasons are not particularly compelling. Plaintiffs concede that their best prospect for recovery is against Trustee Defendants, and that the passage of time has already jeopardized Plaintiffs' ability to obtain evidence from them, as some of their tenures as trustees occurred more than a decade ago. Because so much time has already passed, however, the Court fails to see how an additional stay would have a significant impact. Furthermore, to the extent Plaintiffs' claims against Trustee Defendants will be based on business records obtained in discovery, the risk of evidence being lost is minimized by the policies on record retention in place at such institutions. Plaintiffs note that several potential witnesses from these institutions have since left for other employment, but this only supports the Court's conclusion that a stay would not have much of an impact beyond that already caused by the passage of time. Lastly, as to Plaintiffs' concern that Trustee Defendants might become judgment proof during the stay, Plaintiffs have not offered any colorable evidence or argument that these particular institutions are in financial peril, and the Court is therefore not persuaded that it mitigates against a stay of discovery. Lastly, and this is equally applicable to the potential prejudice to Defendants, any potential prejudice caused by the delay is somewhat lessened by the recognition that it will necessarily take the parties a lengthy period of time to review the

---

[5] That said, it is not exactly clear what expenses are being incurred by the estates during the pendency of this litigation. Plaintiffs' only evidence in this regard is an affidavit from Plaintiff Special Deputy Receiver Donna J. Garrett, who merely states that "[i]nsurance company liquidations cost money and the longer they take, the more they cost."

substantial volume of documents from the criminal case that the Government has agreed to produce to all parties in this case.[6]

**D. Prejudice to Defendants**

Defendants opposing this Motion – Indicted Defendants J. Douglas Cassity, Brent Cassity, David Wulf, Howard Wittner, and Randall Sutton, as well as Defendant Tyler Cassity and Hollywood Forever, Inc. – have all discussed at some length the prejudice that would be caused by imposing a stay of "under oath" discovery, focusing on their inability to clear their names until this litigation is concluded. The Court is not persuaded by these arguments, primarily as to Indicted Defendants, because their far more serious concern should be the resolution of the criminal prosecution against them. Indicted Defendants have also referred to numerous alleged improprieties concerning the institution of the receivership proceedings against NPS, Lincoln, and Memorial, and the involvement of the State of Missouri in that process. Even if the Court were to assume that all of Defendants' allegations on that topic are accurate, they still fail to establish that a stay of discovery would significantly prejudice Defendants. To the extent these Defendants suggest that "under oath" discovery tools are necessary to counter the allegations against them and uncover the alleged improprieties, Defendants will ultimately have that opportunity in this case, but it is well-established, as noted above, that they have no such right in the context of the criminal proceedings. *See United States v. Krauth*, 769 F.2d 473, 476 (8th Cir. 1985). The Court also finds Defendants' concerns about the dimming of memories and potential losses of evidence to be unpersuasive, for the same reasons as stated above in considering the prejudice to Plaintiffs. Lastly, the Court notes the potential benefit this stay

---

[6] Pursuant to the Court's June 22, 2011 Memorandum and Order [doc. #730], the Government has turned over, or is in the process of turning over, approximately one terabyte of electronically-stored information to the parties in this case.

7

would have for Indicted Defendants, insofar as they would not be placed in a position in which they would have to choose between invoking their Fifth Amendment rights against self-incrimination, potentially prejudicing themselves in the civil case, and waiving that privilege, perhaps leading to criminal liability.

**E. The Interests of the Courts and the Public**

The Court does not find either of these factors particularly important in the context of this case, but it will nevertheless address them briefly. To the extent the courts have an interest in this matter, it is in providing for a fair and efficient resolutions of the issues presented in both cases. This interest is at least arguably served by granting a stay, in that the criminal prosecution might determine, or at least clarify, some disputed factual issues in this case. As the Government has noted, the criminal proceeding might also result in transcripts of testimony that would be useful to the parties here. The public interest factor appears neutral. On one side is the public interest in swift and effective law enforcement, which counsels in favor of a stay, and on the other side is the public interest represented by the state guaranty association Plaintiffs, whose attempts to recover the losses they have allegedly suffered counsels against a stay. It would be pure guesswork to grant one of those public interests substantially more weight than the other, and accordingly the Court does not place much emphasis on this factor. In sum, however, the interests of the courts and the public do suggest that a stay is warranted, if only based on the courts' interest in efficiently resolving the issues presented in both the criminal and civil proceedings by avoiding parallel litigation.

**F.     Alternatives to the Government's Requested Stay**

In order to alleviate any potential prejudice, Plaintiffs and certain Defendants have proposed alternatives to the Government's requested stay.

Indicted Defendant Randall Sutton has suggested that the Court could stay "under oath" discovery only as to Indicted Defendants, and allow it to proceed otherwise, but the Court finds that this would be unwise. As the Government has noted, there are established familial and business relationship between Indicted Defendants and certain other Defendants in this civil case, creating the possibility that unindicted Defendants will seek "under oath" discovery for purposes of sharing it with Indicted Defendants. This would be extraordinarily difficult for the Court, the other parties, or the Government to attempt to uncover such practices, and as such, the Court will not adopt this proposal. *See S.E.C. v. Doody*, 186 F. Supp. 2d 379, 381-82 (S.D.N.Y. 2002) (granting stay where civil defendant father had sought discovery relevant to criminal prosecution of civil and criminal defendant son).

Likewise, the Court rejects the suggestion that it could simply allow discovery to proceed normally, and entertain objections to "under oath" discovery on a case-by-case basis. It would be incredibly burdensome for the Government to attempt to monitor the discovery in this case, and furthermore, subsequent attempts by the Government to limit that discovery would have the precise effect it seeks to avoid: disclosure of its witnesses in the criminal case. This option, like the preceding one, is logistically unworkable and likely more burdensome than the relief requested by the Government.

Trustee Defendants, however, suggest that they should be permitted to direct fact-based interrogatories to Plaintiffs during the pendency of any stay, and the Court agrees with Trustee Defendants that there is no downside to this suggestion. Specifically, Trustee Defendants seek to inquire of Plaintiffs about (1) which insurance policies Plaintiffs claim were improperly surrendered, in which trust the policies were held, and when each surrender occurred; (2) the basis for the different state guaranty association Plaintiffs' claims, and the relationship between

9

those claims and the life insurance policies held by the different trusts with which each Trustee Defendant was associated; and (3) the basis for Plaintiffs' claimed rights to recover from each Trustee Defendant on behalf of funeral homes, consumers, or creditors of NPS, Lincoln, and Memorial. Trustee Defendants can obtain discovery from Plaintiffs by interrogatories about each of these matters without jeopardizing the Government's criminal case against Indicted Defendants, and as further protection, the Court will direct that Trustee Defendants and Plaintiffs not share the substance of these communications with any other Defendants until the stay is lifted. Trustee Defendants have also acknowledged that it would be fair to permit Plaintiffs also to propound interrogatories on Trustee Defendants under this option, and the Court will allow that as well, subject to the same confidentiality restrictions. The Court declines to offer this option to all Defendants, however, due to the concerns about collusive discovery practices and the burdens of monitoring discovery discussed above.

### G. Conclusion

Having weighed the appropriate factors, the Court concludes that a temporary stay is warranted of all means of discovery that require statements to be made under oath.[7] This stay will last until the guilt or innocence of all Indicted Defendants is determined in the parallel criminal case, *United States v. Sutton*, Case No. 4:09CR00509 JCH (E.D. Mo.), or until the Court otherwise enters an order lifting the stay. During the course of the stay, however, Trustee Defendants and Plaintiffs will be permitted to exchange fact-based interrogatories as set forth above, and these parties are directed that they shall not share the information obtained by these

---

[7] In the event it might be unclear, the parties will be permitted to obtain documents from third parties under Fed. R. Civ. P. 45, as the Government acknowledges that it has no objection to the parties exchanging documents pursuant to requests for production.

means with any third parties or other parties to this litigation until the stay is lifted or absent court approval.

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Intervene to Seek a Temporary Stay of Discovery [doc. #699] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Government's Motion for a Temporary Stay of Discovery [doc. #700] is **GRANTED**. All "under oath" discovery shall be stayed in this case until the guilt or innocence of Indicted Defendants is determined in the parallel criminal case, *United States v. Sutton*, Case No. 4:09CR00509 JCH (E.D. Mo.).

**IT IS FURTHER ORDERED** that Trustee Defendants and Plaintiffs are permitted to exchange fact-based interrogatories, but that they shall not share the contents of those communications with other parties in this litigation or third parties during the pendency of the stay absent court approval.

**IT IS FURTHER ORDERED** that Trustee Defendants and Plaintiffs shall submit, for the Court's approval, a consent protective order relating to the confidentiality of the aforementioned discovery by interrogatory, no later than **July 22, 2011**.

Dated this 11th Day of July, 2011.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE