UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DONNA J. GARRETT, et al.,               )
                                         )
        Plaintiffs,                      )
                                         )
    vs.                                  )    Case No. 4:09CV01252 ERW
                                         )
J. DOUGLAS CASSITY, et al.,              )
                                         )
        Defendants.                      )

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Larry Keith Hale's ("Hale") Answer to Plaintiffs' Second Amended Complaint and Motion to Dismiss [ECF No. 679]. In his three-sentence Motion to Dismiss, Hale contends that Plaintiffs' claims against him must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief may be granted, or alternatively, that he is entitled to more definite statements as to those claims under Rule 12(e).

Rule 12(g)(2) provides that "a party that makes a motion under this rule [i.e., under Rule 12] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion," with certain exceptions not relevant here. Thus, if the defendant files a motion to dismiss, and the plaintiff files an amended complaint after that motion has been resolved, the defendant cannot raise defenses in a subsequent motion to dismiss that could have been raised in the earlier motion. *See* 5C Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, Federal Practice and Procedure § 1388 (3d ed. 2002) ("The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to

the amendment of the pleading; conversely, a Rule 12 defense that becomes available because of new matter in the amended complaint may be asserted by motion."). The same is true if the defendant's first motion was a motion for a more definite statement under Rule 12(e), because Rule 12(g)(2) refers to Rule 12 as a whole and not only to Rule 12(b). *See id.* ("Motions . . . for a more definite statement are motions under Rule 12 and thus clearly are within the language of subdivision (g).").

Hale filed motions to dismiss directed at the two preceding complaints, and this Motion must be denied under Rule 12(g)(2) because he has failed to raise any arguments that could not have been raised in those motions. Furthermore, Hale offered equally conclusory – and essentially identical – arguments in favor of dismissal in those prior motions, and the Court denied both motions in its December 21, 2010 Memorandum and Order [ECF No. 589] because Hale filed an answer before filing either of the motions.

Accordingly,

**IT IS HEREBY ORDERED** that Hale's Answer to Plaintiffs' Second Amended Complaint and Motion to Dismiss [ECF No. 679] is **DENIED**.

Dated this 3rd Day of August, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE