UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA J. GARRETT, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:09CV01252 ERW |
| | ) |
| J. DOUGLAS CASSITY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Special Deputy Receiver Donna J. Garrett's ("Plaintiff SDR") Motion to Dismiss Counterclaims of Defendant Hollywood Forever [ECF No. 642]. Hollywood Forever asserts counterclaims against Plaintiff SDR for breach of contract and a common count in the alternative, seeking to recover approximately $1 million it has advanced to its customers due to Plaintiff SDR's failure to honor the obligations of the receivership entities National Prearranged Services, Inc. ("NPS"), Lincoln Memorial Life Insurance Company ("Lincoln"), and Memorial Service Life Insurance Company ("Memorial). Hollywood Forever alleges that the Court has supplemental jurisdiction over these claims under 28 U.S.C. § 1367.

In her Motion, Plaintiff SDR contends that these counterclaims must be dismissed because (1) § 1367 is reverse-preempted in this instance by the Texas Insurer Receivership Act ("TIRA"), Tex. Ins. Code §§ 443.001-443.402, pursuant to Section 2(b) of the McCarran-Ferguson Act, 15 U.S.C. § 1012(b); (2) there is no supplemental jurisdiction over the counterclaims because they are not part of the same "case or controversy" as Plaintiffs' claims;

(3) the Court should abstain from hearing the counterclaims under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943); and (4) Hollywood Forever has failed to state valid claims for relief.

At the outset, the Court rejects Plaintiffs' argument that § 1367 is reverse-preempted in this case by the TIRA, under the McCarran-Ferguson Act. The Eighth Circuit has expressly stated that the McCarran-Ferguson Act's policy of deference to state regulation of the insurance business "*does not translate into state preemption of federal jurisdiction* or void every federal statute under which a plaintiff may sue an insolvent insurer in federal court . . . ." *Murff v. Prof'l Med. Ins. Co.*, 97 F.3d 289, 293 (8th Cir. 1996) (emphasis added). The Court therefore turns to the question of whether supplemental jurisdiction over these counterclaims is available.

28 U.S.C. § 1367 provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," with certain exceptions not relevant here. Claims are part of the same "case or controversy" if they "derive from common nucleus of operative fact." *Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1024 (8th Cir. 2007) (internal quotations and citation omitted). This is generally the case if the claims would ordinarily be tried in a single judicial proceeding.[1] *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

As discussed in more detail in prior orders from this Court, *see, e.g.*, *Garrett v. Cassity*, 2010 WL 5392767 (E.D. Mo. 2010), Plaintiffs' claims concern an allegedly fraudulent scheme by the owners, directors, officers, employees, and several associated parties of NPS, Lincoln, and Memorial, to defraud funeral homes and consumers in the sale of pre-need funeral service

---

[1] Circular reasoning notwithstanding.

2

contracts, and to re-direct the funds received from the sale of those products to other related entities and certain individual parties, with the ultimate result of causing the Texas Department of Insurance to declare those entities insolvent and place them in receivership. A secondary focus of Plaintiffs' claims – although for recovery purposes, perhaps a primary focus – is the alleged failure of various banks to properly oversee the administration of trusts created by NPS to hold funds from those pre-need contracts.

Hollywood Forever's counterclaims, in contrast, concern events that took place after the receivership proceedings were instituted. In its counterclaims, Hollywood Forever alleges that it has been assigned to the benefits of insurance policies sold and issued by NPS, Lincoln, and Memorial, and that pursuant to the receivership proceedings, it has submitted claims under those policies to Plaintiff SDR, who has failed to make payment on those claims. As a result, Hollywood Forever seeks recovery for breach of contract, based on Plaintiff SDR's failure to honor her obligations under those policies, or alternatively on a noncontractual theory in its common count. *See McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 127 (Cal. Ct. App. 2004) ("A common count is not specific cause of action . . . ; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory."). Thus, in bringing these claims against Plaintiff SDR, Hollywood Forever is effectively asking the Court to determine whether Plaintiff SDR is obligated to make payments to Hollywood Forever on insurance policies issued by the receivership entities to Hollywood Forever's customers.

It cannot be disputed that this determination would ultimately be based on the construction and application of the TIRA and the NPS/Lincoln/Memorial Liquidation Plan approved by the Texas receivership court, as well as other potentially applicable insurance

receivership laws. In fact, it appears that the real issue presented by Hollywood Forever's claims is that the Liquidation Plan, as a condition of receiving payment on a life insurance policy issued by a receivership entity, requires a claimant to assign his rights under the policy to a given state life and health guaranty associations. Relatedly, the Liquidation Plan provides that those state guaranty associations, and not Plaintiff SDR, assume responsibility for coverage under the life insurance policies, pursuant to their respective enabling acts. Thus, Hollywood Forever, in seeking to establish that Plaintiff SDR is liable to it via these counterclaims, without assigning its rights under the insurance policies at issue, is in effect mounting a collateral attack on those provisions of the Liquidation Plan. This attack on post-receivership actions brings in legal and factual issues entirely different from those presented by Plaintiffs' claims. Hollywood Forever's counterclaims do not share any "common nucleus of operative fact" with the original claims in this case, and accordingly supplemental jurisdiction over these claims is not available under § 1367.[2]

Hollywood Forever's counterclaims will therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Hollywood Forever has not pled in the alternative that federal jurisdiction would be available based on diversity of citizenship, but even if it had, the Court would abstain from addressing these counterclaims.

Abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate the controversy properly before it. *Wolfson v. Mut. Benefit Life Ins. Co.*, 51 F.3d 141, 144 (8th Cir. 1995) (quoting *New Orleans Pub. Serv., Inc. v. New Orleans*, 491 U.S. 350, 359

---

[2] For these same reasons, Hollywood Forever's counterclaims are not compulsory. The counterclaims do not arise out of the same "transaction or occurrence" as Plaintiffs' claims, because the counterclaims concern the Liquidation Plan and not the alleged fraud that preceded it. *See* Fed. R. Civ. P. 13(a)(1).

(1989)), *abrogated in part on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996), *as recognized in In re Otter Tail Power Co.*, 116 F.3d 1207, 1215 n.7 (8th Cir. 1997). Nevertheless, the Eighth Circuit has recognized that the "strong federal policy of deferring to state regulation of the insurance industry," as represented by the McCarran-Ferguson Act, "counsels that a federal court consider the propriety of abstaining from or staying the federal action" in suits against insolvent insurers that implicate ongoing insolvency proceedings. *See Murff v. Prof'l Med. Ins. Co.*, 97 F.3d 289, 293 (8th Cir. 1996) (internal citations omitted). So-called "*Burford* abstention" is called for "in two extraordinary situations, when 'there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar,' or when 'exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Wolfson*, 51 F.3d at 144 (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814 (1976)).

In *Wolfson*, the Eighth Circuit noted that most circuit court cases considering abstention due to a pending insurer insolvency proceeding in state court have approved abstention under the second *Burford* prong, "reasoning that important state policies are furthered if litigation involving an insolvent insurer is consolidated in the state forum where the insurer's insolvency proceeding is being conducted." *Id.* (internal citations omitted). Additionally, if the case involves a claim by a policyholder, policy beneficiary, or other creditor against an insolvent insurer, and the state court proceeding provides a mandatory procedure for submitting claims and distributing the insurer's assets among successful claimants, "that brings into play what is generally referred to as the *Colorado River* abstention doctrine, which turns on 'considerations of

wise judicial administration . . . [,] conservation of judicial resources and comprehensive disposition of litigation' that are relevant whenever federal and state courts are contemporaneously asked to exercise jurisdiction over the same dispute." *Id.* at 145 (quoting *Colo. River*, 424 U.S. at 817). Applying those considerations, the *Wolfson* court concluded that the district court had properly abstained from deciding the plaintiff's ERISA claim against the insolvent New Jersey insurer defendant, because the claim could only be satisfied in the state court insolvency proceedings, and "staying the federal action avoids piecemeal litigation, conserves judicial resources, and furthers the cost-minimizing purposes of rehabilitation by allowing the state court to determine as well as satisfy [the plaintiff's] claim." *Id.* at 147.

The Court is persuaded that the abstention principles set forth in *Burford* and *Colorado River* would justify abstention as to Hollywood Forever's counterclaims – that is, these claims would be stayed until the receivership proceeding is concluded.[3] The Liquidation Plan in the Texas receivership proceeding provides a comprehensive and mandatory scheme for resolving creditor claims, and as discussed above, Hollywood Forever's pursuit of its counterclaims here effectively amounts to a collateral attack on certain requirements of that scheme. Thus, addressing those counterclaims would be "disruptive of [Texas's] efforts to establish a coherent policy with respect to a matter of substantial public concern": the insolvency of insurance companies operating in the state. *Id.* Furthermore, Hollywood Forever concedes that it has already filed claims for these same alleged losses in the Texas proceeding, and abstention would therefore conserve judicial resources by avoiding a situation in which Hollywood Forever's claims would be pending in two different fora.

---

[3] Dismissal would not be an option because "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731 (1996).

Thus, in sum, the Court concludes that Plaintiff SDR's Motion will be granted. Hollywood Forever's counterclaims will be dismissed because there is no supplemental jurisdiction under § 1367, and even if Hollywood Forever had pled jurisdiction based on diversity of citizenship, abstention would be warranted as to these claims.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff SDR's Motion to Dismiss Counterclaims of Defendant Hollywood Forever [ECF No. 642] is **GRANTED**.

Dated this 3rd Day of August, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE