UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DONNA J. GARRETT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:09CV01252 ERW |
| ) | |
| J. DOUGLAS CASSITY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Dismiss Counterclaims of the Forever Defendants[1] [ECF No. 680] and Forever Defendants' Motion to Withdraw Counterclaims [ECF No. 750].

In their Motion, Plaintiffs seek dismissal of Forever Defendants' counterclaims – for breach of the duty of good faith and fair dealing, tortious interference with expectancy, breach of fiduciary duty, civil conspiracy, equitable estoppel, and a declaratory judgment – on the general basis that the counterclaims represent an improper collateral attack on the related Texas liquidation proceedings of National Prearranged Services, Inc. ("NPS"), Lincoln Memorial Life Insurance Company ("Lincoln"), and Memorial Services Life Insurance Company ("Memorial"). Forever Defendants failed to file a timely response to Plaintiffs' Motion, and the Court issued an Order to Show Cause [ECF No. 744], directing Forever Defendants to explain why Plaintiffs' Motion should not be granted.

---

[1] "Forever Defendants" are Defendants Brentwood Heritage Properties, LLC, Forever Enterprises, Inc., Forever Illinois, Inc., Forever Network, Inc., Legacy International Imports, Inc., Lincoln Memorial Services, Inc., National Heritage Enterprises, Inc., National Prearranged Services Agency, Inc., and Texas Forever, Inc.

In response, Forever Defendants filed their Motion to Withdraw Counterclaims, stating that they should be permitted to withdraw their counterclaims because they believe it will be necessary to amend those claims and file new responsive pleadings before the November 11, 2011 deadline for such amendments. Plaintiffs contend that Forever Defendants' Motion should be denied – and theirs granted – because the Motion is merely an attempt to avoid having their counterclaims dismissed with prejudice. As a result, the Court first considers whether Forever Defendants should be permitted to withdraw their counterclaims.

Because Plaintiffs have filed a motion to dismiss directed at Forever Defendants' counterclaims, Forever Defendants may only voluntarily dismiss the counterclaims with leave of the Court. *See* Fed. R. Civ. P. 41(a)(1)(A) (plaintiff may dismiss claims as of right before opposing party serves answer or motion for summary judgment, or by stipulation of all parties), (c)(1) (dismissal as of right of a counterclaim under the preceding sub-section must occur before any responsive pleading is served, not only an answer or motion for summary judgment), (a)(2) (if voluntarily dismissal is unavailable under Rule 41(a)(1), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper"). The decision whether to permit dismissal in these circumstances lies within the discretion of the district court. *Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999) ("It is axiomatic that a dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court."). In exercising that discretion, the Eighth Circuit has instructed district courts to consider the following factors: (1) "whether the party has presented a proper explanation for its desire to dismiss"; (2) "whether a dismissal would result in a waste of judicial time and effort"; (3) "whether a dismissal will prejudice the defendants"; and (4) whether the plaintiff is seeking dismissal "merely to escape an adverse decision" or "to seek a more favorable

forum." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (internal citations omitted).

All four of these factors suggest that Forever Defendants' Motion should be denied. As for the first factor, the entirety of Forever Defendants' reasoning for seeking voluntary dismissal is that they "anticipate it will be necessary to amend the counterclaim[s] and file new pleadings on or before the Rule 16 deadline." In making this statement, Forever Defendants appear to concede that their counterclaims, as currently pled, are inadequate, which explains why they sought voluntary dismissal only after being ordered to show cause as to why Plaintiffs' Motion to Dismiss should not be granted. Simply put, it does appear that Forever Defendants are attempting to "escape an adverse decision." Given Plaintiffs' pending Motion, and the lack of any clear explanation as to how Forever Defendants might amend their counterclaims, it also seems likely that allowing Forever Defendants to re-plead at some future time will result in a waste of judicial resources. Likewise, granting Forever Defendants' Motion and allowing them to re-file these counterclaims could be prejudicial to Plaintiffs, in that Plaintiffs have already devoted significant efforts to the counterclaims in filing a 35-page brief in support of their Motion to Dismiss.

That said, if the Court were to deny Forever Defendants' Motion and consider the merits of Plaintiffs' Motion to Dismiss, the end result would still be a dismissal of these counterclaims without prejudice. In an August 3, 2011 Memorandum and Order [ECF No. 747], the Court granted Plaintiffs' motion to dismiss the counterclaims of co-Defendant Hollywood Forever, Inc. The Court reasoned that because Hollywood Forever's counterclaims all concerned conduct by

Plaintiff SDR[2] after the NPS/Lincoln/Memorial receivership proceedings were instituted – in contrast with Plaintiffs' claims, which arise out of an alleged fraudulent scheme that led the Texas Department of Insurance to declare those entities insolvent – the parties' respective claims did not share any "common nucleus of operative fact," making supplemental jurisdiction over the state-law counterclaims unavailable under 28 U.S.C. § 1367. *See id.* at 2-4. Additionally, the Court noted that if diversity jurisdiction were available, the Court would nevertheless abstain from entertaining Hollywood Forever's counterclaims under *Burford* and *Colorado River* abstention principles, because hearing the claims would unnecessarily interfere with the Texas state proceedings, in which Hollywood Forever is in the process of pursuing the same recovery. *See id.* at 4-6.[3] This reasoning is equally applicable to Forever Defendants' counterclaims, which likewise (1) concern entirely different legal and factual issues than Plaintiffs' claims, insofar as they all relate to Plaintiff SDR's actions in the Texas state court proceedings, and (2) are disruptive of Texas's efforts to resolve creditor claims in a single, mandatory proceeding.[4] Because the Court lacks subject matter jurisdiction over these counterclaims under § 1367 – the sole jurisdictional basis Forever Defendants allege – these claims would have to be dismissed without prejudice under Rule 12(b)(1).

---

[2] Plaintiff SDR is Plaintiff Donna J. Garrett, Special Deputy Receiver in the Texas liquidation proceedings.

[3] Specifically, the Court found that Hollywood Forever's counterclaims implicated *Burford*'s concern about federal review being "disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern" – namely, the insolvency of insurance companies operating in Texas – and *Colorado River*'s "considerations of wise judicial administration" where federal and state courts "are contemporaneously asked to exercise jurisdiction over the same dispute." *See Wolfson v. Mut. Benefit Life Ins. Co.*, 51 F.3d 141, 144, 145 (8th Cir. 1995) (internal quotations and citations omitted), *abrogated in part on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996).

[4] Forever Defendants acknowledge that Defendant Forever Network, Inc. has submitted claims in that proceeding, pursuing the same recovery sought in its counterclaims here.

The Court finds that the appropriate solution is instead to grant conditional voluntary dismissal under Rule 41(a)(2) – that is, dismissal "on terms that the court considers proper." *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381 (1994) (district court has discretion to order compliance with settlement agreement as a condition of Rule 41(a)(2) dismissal); *Reddy v. Rallapally*, 103 Fed. App'x 65, 66 (8th Cir. 2004) (district court has discretion under Rule 41(a)(2) to condition dismissal on plaintiffs' payment of defendant's costs and attorneys' fees should plaintiff subsequently re-file the case). In seeking voluntary dismissal instead of responding to Plaintiffs' Motion to Dismiss, Forever Defendants have represented to the Court their intention to amend their counterclaims, with knowledge of Plaintiffs' arguments as to why those counterclaims should be dismissed. It would therefore be unfair to Plaintiffs to permit Forever Defendants to refile the same counterclaims at a later date, to the extent Plaintiffs have already incurred the burden and expense of filing the pending Motion to Dismiss and of responding to Forever Defendants' Motion to Withdraw.

Thus, the Court will permit Forever Defendants to voluntarily dismiss their counterclaims under Rule 41(a)(2), but Forever Defendants will be required, as a condition of re-filing these counterclaims, to compensate Plaintiffs for their costs and reasonable attorneys' fees in responding to Forever Defendants' Motion to Withdraw.[5] Simply re-pleading the counterclaims and alleging jurisdiction under 28 U.S.C. § 1332 will not suffice to avoid this condition, because Forever Defendants were aware of this potential jurisdictional cure before seeking voluntary dismissal of their claims.

---

[5] Plaintiffs suggest that the Court should simply dismiss Forever Defendants' claims with prejudice under Rule 41(a)(2). The Court finds that to be an unduly harsh result, given how the Court would have otherwise resolved Plaintiffs' Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Forever Defendants' Motion to Withdraw Counterclaims [ECF No. 750] is **GRANTED**, as set forth above.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Dismiss Counterclaims of the Forever Defendants [ECF No. 680] is **DENIED, as moot**.

Dated this 17th Day of August, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE