UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.: 4:09-cv-01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Modify Order Granting Motion to Withdraw as Counsel for Defendant Brent D. Cassity.  ECF No. 817.

Attorneys Barry A. Short, Evan Z. Reid, and Carine M. Doyle ("the Attorneys") previously served as counsel of record in this case for defendant Brent D. Cassity ("Defendant"). *See* ECF No. 141 (entry of appearance for Short); ECF No. 142 (entry of appearance for Reid); ECF No. 144 (entry of appearance for Doyle).  In a Motion filed to the Court on January 18, 2012, the Attorneys sought to withdraw as Defendant's counsel of record.  ECF No. 814.  In support, the Attorneys asserted that the representation agreement they executed with Defendant permitted them to withdraw for any reason permitted by the Missouri Rules of Professional Conduct.  The Attorneys assert Defendant can no longer pay for their legal services, and that he has consented to their withdrawal and agreed to represent himself *pro se* in this case.  The Court granted the Attorneys' Motion to Withdraw, thereby terminating the Attorneys as Defendant's counsel of record.  The Court specifically stated that Defendant shall proceed *pro se* in this case until the Court was notified otherwise.  ECF No. 816.

In the instant Motion, Plaintiffs move the Court to modify this Order.  ECF No. 817.  Plaintiffs request that the Attorneys remain Defendant's counsel until Defendant produces the documents and electronically-stored information identified in his Fed.R.Civ.Pro. 26(a)(1) initial disclosure statement.  Plaintiffs assert production of these disclosures is long overdue under the Federal Rules and the Court's Interim Case Management Order, and that withdrawal of the Attorneys at this time is unfair because they recently committed to producing the disclosures no later than January 31.  In addition, Plaintiffs argue they relied on this commitment in refraining from seeking the disclosures through a motion to compel.  The Attorneys oppose Plaintiffs' Motion, arguing they should not be ordered to represent Defendant *pro bono*.  ECF No. 818.

When ruling on an attorney's motion to withdraw, the Courts have frequently considered the relevant Rules of Professional Responsibility.  *See, e.g.*, *Goodman Distrib., Inc. v. Haaf*, No. 4:10-CV-806 CAS, 2011 WL 6934265 (E.D. Mo. Dec. 30, 2011).  If an attorney's request to withdraw complies with these Rules, then it is "presumptively appropriate" to permit the attorney to withdraw.  *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009).  This Court has adopted the Rules of Professional Conduct of the Missouri Supreme Court.  E.D.Mo. L.R. 12.02.  According to the Missouri Rules of Professional Conduct, "a lawyer may withdraw from representing a client if . . . the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled[.]"  Mo.Sup.Ct.R. 4-1.16(b)(5).  In addition, "a lawyer . . . shall withdraw from the representation of a client if . . . the lawyer is discharged."  *Id*. at 4-1.16(a)(3).

A client who acknowledges he will be unable to pay for legal services has failed or soon will fail to fulfill an obligation he owes to the lawyer.  *Cf. Brandon*, 560 F.3d at 538 (client refused to pay legal bills); *Fidelity Nat. Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*,

2

310 F.3d 537, 540 (7th Cir. 2002) (client unable to pay present legal bills and unlikely to pay any additional legal bills).  Here, Defendant is unable to pay the Attorneys for their representation and he has consented to their withdrawal.  On these facts, the Attorneys' request to withdraw is in accordance with the Rules of Professional Conduct and thus is presumptively appropriate.

In addition to considering these Rules, the courts have also frequently considered "whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (internal alterations and citation omitted).  This instant civil case has been partially stayed pending the resolution of a parallel criminal case.  *See United States v. Sutton*, No. 4:09CR00509 JCH (E.D. Mo.).  Only limited discovery is currently permitted in this case.  ECF No. 738.  No trial date has yet been set for his case.  ECF No. 734.  Therefore, the situation presented by the Attorney's withdrawal is much different than one in which an attorney disrupts judicial administration by, for example, seeking to withdraw on the eve of trial.  *Brandon*, 560 F.3d at 538 ("attorneys may forfeit the right to withdraw when they engage in strategically-timed or coercive behavior"); *Fidelity*, 310 F.3d at 540 ("A lawyer engaged in strategic conduct may forfeit any right to withdraw.").

Moreover, Plaintiffs' request is for the Attorneys to remain Defendant's counsel until production of his initial disclosures is completed.  First, completion of this production would no doubt cause the Attorneys to expend additional resources, and Defendant is apparently unable to pay for their services.  "Litigants have no right to free legal aid in civil suits."  *Id*.  In addition, production of the initial disclosures is not dependent upon the Attorneys representing Defendant.  Defendant is a person and thus may represent himself *pro se* in the federal courts.  28 U.S.C. § 1654.  Defendant has apparently agreed to represented himself in this case, and the Court has ordered that he shall do so unless there is notice to the contrary.  The Attorneys have apparently

informed Defendant of his obligations under Federal Rules to make initial disclosures.  The Court notes that the parties have vastly different views of what will be required to complete these disclosures.  However, in the event that problems arise as to these disclosures, then Plaintiffs may take actions as necessary.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Modify Order Granting Motion to Withdraw as Counsel for Defendant Brent D. Cassity, ECF No. 817, is **DENIED**.


Dated this 25th day of January, 2012.

_____
E. RICHARD WEBBER
UNITED STATES SENIOR DISTRICT JUDGE