UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No.: 4:09-cv-01252 ERW ) |
| J. DOUGLAS CASSITY, *et al.*, | ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Compel the Production of Documents and Electronically Stored Information by Defendants Howard A. Wittner and Wittner, Spewak & Maylack, P.C.  ECF No. 812.

In their Motion, Plaintiffs seek to compel Defendants Howard Wittner and Wittner, Spewak & Maylack, P.C. ("Defendants") to produce the materials identified in Defendants' Rule 26(a)(1) initial disclosure statement.[1]  Defendants served this initial disclosure statement on August 22, 2011, identifying five types of materials: (1) correspondence and emails; (2) various documents pertaining to PLICA; (3) First National Bank bank statements; (4) RBT Trust Tax Returns; and (5) a Travelers Insurance Company insurance policy.  Fisher Decl. Ex. A-1, ECF No. 812-2.  In response to Plaintiffs' Motion, Defendants produced the materials described above in (2), (3), and (4).  Plaintiffs' agreed their Motion is moot to the extent it seeks production of the

---

[1]With certain exceptions not relevant here, Fed. R. Civ. Pro. 26(a)(1) requires each party to a lawsuit to make initial disclosures by providing the other parties with the following information: the name and address of witnesses; a copy or description of documents, electronically stored information, and tangible things; a computation of damages; and any insurance agreement.

materials described in (2), (3), and (4). Pls.' Reply 1, 3, ECF No. 825.

Plaintiffs maintain, however, that Defendants have failed to produce the materials described above in (1) and (5). Plaintiffs argue that under the Local Rules and the Court's Case Management Order, Defendants are obligated to produce -- not merely describe -- the materials referenced in their initial disclosure statement. ECF No. 812. Defendants' only response is to contend they have disclosed the materials described in (1), in that these materials are contained in the criminal investigation discovery the United States has produced and made available to all parties. ECF No. 822; *see also* Order, ECF No. 730 (granting motion requesting disclosure by United States of third-party documents). Defendants make no response as to the material described in (5). In their Reply, Plaintiffs argue Defendant cannot satisfy their obligation to produce initial disclosure materials by replying upon discovery produced by the United States. ECF No. 25. Plaintiffs argue further that, at any rate, it does not appear the discovery produced by the United States contains the correspondence and emails described in (1).

The Court's Local Rule governing initial disclosure states as follows:

Disclosures shall be made in the manner set forth in Fed. R. Civ. P. 26(a)(1) and (2), except to the extent otherwise stipulated by the parties or directed by order of the Court. Disclosure of documents and electronically stored information pursuant to Rule 26(a)(1)(A)(ii) shall be made by providing a copy to all other parties, except as otherwise ordered by the Court. . . . .

E.D. Mo. L.R. 26-3.01(A). The Court's Interim Case Management Order stated "[t]he parties shall serve initial disclosures and produce all documents as required by Fed. R. Civ. P. 26(a)(1) and E.D. Mo. Local Rule 26-3.01 no later than **August 22, 2011**." ECF No. 734 (emphasis in original). Taken together, Local Rule 26-3.01 and the Court's Interim Case Management Order imposed upon Defendants an obligation to produce the materials identified in their initial

disclosures. Defendants' sole argument against this obligation is unavailing, because a party is not relieved of its obligation to produce discovery materials merely because those materials are available from other sources. *Jackson v. W.Va Univ. Hosps, Inc.*, No. 1:10cv107, 2011 WL 1831591, *2 (N.D.W.Va. May 12, 2011) (rejecting argument that party could obtain disputed discovery materials from other sources, and listing supporting authority). Defendants will be ordered to produce the correspondence and emails described above in (1).

As for the materials described above in (5), Fed. R. Civ. Pro. 26(a)(1)(A)(iv) requires a party to provide certain insurance agreements for "inspection and copying as under Rule 34[.]" Fed. R. Civ. Pro. 34 concerns production of documents. Rule 26(a)(1)(A)(iv) imposes upon a party an obligation to either produce insurance agreements or to make them available for inspection and copying. *Capozzi v. Atwood Oceanics*, No. 08-776, 2009 WL 3055321, *3 (W.D. La. Sept. 20, 2009) (stating that Rule 26(a)(1)(A)(iv) is a "clear mandate" and ordering immediate production, in whole, of all applicable insurances policies); *Wolk v. Green*, No. C06-5025 BZ, 2008 WL 298757, *2 (N.D. Cal. Feb. 1, 2008) (ordering production, in whole, of insurance policy). In this case, it appears Defendants have made no attempt to do either. As a result, Defendants will be ordered to produce the Travelers Insurance Company insurance policy described above in (5).

Plaintiffs request to be awarded the expenses and attorneys' fees in filing the instant Motion. Plaintiffs' request will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel the Production of Documents and Electronically Stored Information by Defendants Howard A. Wittner and

Wittner, Spewak & Maylack, P.C., ECF No. 812, is **GRANTED**, in part.  Defendants shall produce the "correspondence and emails" and the "insurance policy with Travelers Insurance Company" referenced in their Rule 26(a)(1) initial disclosure statement, and to provide the same to Plaintiffs within ten (10) days.  Defendants shall produce these materials in conformity with the parties' existing discovery stipulation.  See ECF No. 733.  Plaintiffs' Motion in all other respects is **DENIED.**

Dated this 13th day of February, 2012.

                                                                          _____
                                                                          E. RICHARD WEBBER
                                                                          UNITED STATES SENIOR DISTRICT JUDGE