UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JO ANN HOWARD & )
ASSOCIATES, P.C., *et al.*, )
 )
    Plaintiffs, )
 )
v. ) Case No. 4:09CV01252 ERW
 )
J. DOUGLAS CASSITY, *et al.*, )
 )
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant National City Bank's ("National City") Motion to Compel Responses to its First Sets of Interrogatories and to Modify the Court's July 11, 2011 Order. [ECF No. 863].

On July 11, 2011, the Court imposed a stay of "under oath" discovery in this case, in part, to prevent defendants who were also indicted in the parallel criminal case[1] from exploiting the liberal rules of civil discovery to obtain evidence for use in their criminal cases. *See* [ECF No. 738]. The Court imposed this stay on all defendants and all "under oath" discovery practices, noting that any other solution would be extraordinarily difficult and burdensome to administer and monitor. The Court indicated this stay was to remain in place until either the guilt or innocence of all indicted defendants was determined or the Court ordered otherwise. However, the Court permitted Plaintiffs and the Trustee Defendants[2] to exchange "fact-based" interrogatories, and the Court listed a few

---

[1] United States v. Sutton, No. 4:09CR00509 JCH (E.D. Mo.).

[2] The Trustee Defendants include National City, as well other financial and banking institutions.

examples to illustrate the interrogatories permissible under the Court's stay.[3]

In the instant Motion, National City seeks two forms of relief. First, National City seeks an Order compelling answers to two sets interrogatories it has propounded on certain Plaintiffs. Second, National City seeks a modification of the Court's stay of "under oath" discovery permitting it to conduct certain depositions. The Court will consider these requests, in turn.

National City's first and primary request is for an Order compelling the Special Deputy Receiver ("SDR") and the Guaranty Plaintiffs to answer interrogatories. To date, National City has propounded a First Set of Interrogatories on the SDR, and a separate and distinct First Set of Interrogatories on the Guaranty Plaintiffs. National City asserts it propounded these interrogatories to discover basic information specific to only those claims Plaintiffs allege against it, to narrow and refine the Plaintiff's claims, and to efficiently prepare its defense within the parameters of the Court's stay. Both the SDR and the Guaranty Plaintiffs objected to the interrogatories on numerous grounds, including that National City had propounded contention, not "fact-based", interrogatories. National City initially sought an Order compelling Plaintiffs to provide full and complete answers to each interrogatory it propounded. After briefing on the Motion was completed, however, it appears the parties' dispute is now limited to the SDR's failure to respond to interrogatories 2-11, 15, and 17, and the Guaranty Plaintiffs' failure to respond to interrogatories 4 and 5.

---

[3] "Specifically, Trustee Defendants seek to inquire of Plaintiffs about (1) which insurance policies Plaintiffs claim were improperly surrendered, in which trust the policies were held, and when each surrender occurred; (2) the basis for the different state guaranty association Plaintiffs' claims, and the relationship between those claims and the life insurance policies held by the different trusts with which each Trustee Defendant was associated; and (3) the basis for Plaintiffs' claimed rights to recover from each Trustee Defendant on behalf of funeral homes, consumers, or creditors of NPS, Lincoln, and Memorial. Trustee Defendants can obtain discovery from Plaintiffs by interrogatories about each of these matters ...." Order dated July 11, 2011 at 9-10, [ECF No. 738].

The following principles of law guide the Court here:

> The term "contention interrogatories" refers to several types of questions. They may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts. They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations.

*McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996) (emphasis in original)

(*citing In re Grand Casinos, Inc.*, 181 F.R.D. 615, 618 (D. Minn. 1998).

> True contention interrogatories may be helpful in that they may narrow and define the issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense. Unfortunately, they also may be unduly burdensome, particularly when they seek "all facts" supporting a claim or defense, such that the answering party is required to provide a narrative account of its case. As a result, a number of district courts, including several in this circuit, have determined that contention interrogatories need not be answered until discovery is complete or nearing completion.

*Helmert v. Butterball*, LLC, No. 4:08CV00342 JLH, 2010 WL 4537096, at *1 (E.D. Ark. Nov. 3, 2010) (internal citations and quotations omitted).

These principles apply to the disputed interrogatories here. The thrust of National City's expansive interrogatories is to ask Plaintiffs to state their theory of the case, and each and every fact in support thereof. While such interrogatories would certainly serve to narrow and refine the claims alleged against National City, the Court finds it is premature to order Plaintiffs to provide these answers now, given the limited discovery that has occurred thus far. The Court notes that while interrogatories of the kind National City has propounded might be appropriate at some future time, any interrogatories exchanged now should be more narrowly tailored so that they address only factual matters of the sort discussed by the Court in its Order of July 11, 2011.

For its second request, National City seeks a modification of the Court's stay of "under oath"

3

discovery to depose individuals knowledgeable about certain computer databases. National City asserts these databases contain information essential to this case, but that they are technical and difficult to use. National City thus argues permitting depositions of persons knowledgeable in their operation would expedite discovery of this information. The United States opposes National City's request, arguing the proposed depositions present opportunities for abuse and would be burdensome to monitor. Plaintiffs also oppose the request, suggesting alternative sources for obtaining the information requested and suggesting a three-step plan to resolve any issue that remain.

The Court will deny National City's request at the present time. The Court encourages the parties to pursue the alternative sources and the three-step plan suggested by Plaintiffs. If National City's concerns about the databases remain unsatisfied after it completes this course of action, then the Court may be willing to reconsider this issue.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant National City Bank's Motion to Compel Responses to its First Sets of Interrogatories and to Modify the Court's July 11, 2011 Order, [ECF No. 863], is **DENIED.**

Dated this   11th   day of May, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE