UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) ) Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Dismiss the Forever Defendants'[1] Counterclaims [ECF No. 957], Plaintiffs' Motion for Attorneys' Fees [ECF No. 958], Forever Defendants' Motion and Memorandum to Withdraw Counterclaims and Dismiss the Third Party Complaint [ECF No. 977], Plaintiffs' Motion for Additional Attorneys' Fees Against Forever Defendants and Their Counsel [ECF No. 1044], and Forever Defendants' Motion and Memorandum to Withdraw Pleading [898] [ECF No. 1077].

### **I. PROCEDURAL BACKGROUND**

The issues presented by the parties in their Motions were before this Court previously, in connection with a prior "Joint Answer and Affirmative Defenses to the Second Amended Complaint by [Forever Defendants] and Counterclaim filed on March 31, 2011[ECF No. 641]. In that pleading, Forever Defendants brought almost identical counterclaims as are set forth in the Amended Joint Answer [ECF No. 898] presently under consideration, asserting claims for

---

[1]"Forever Defendants are Defendants Brentwood Brentwood Heritage Properties, LLC; Forever Enterprises, Inc.; Forever Illinois, Inc.; Forever Network, Inc.; Legacy International Imports, Inc.; Lincoln Memorial Services, Inc.; National Heritage Enterprises, Inc.; National Prearranged Services Agency, Inc; and Texas Forever, Inc.

Breach of the Duty of Good Faith and Fair Dealing; Tortious Interference with Expectancy; Breach of Fiduciary Duty; Civil Conspiracy; Equitable Estoppel; and Declaratory Judgment. Then, as now, Forever Defendants moved to withdraw their Counterclaims after Plaintiffs sought their dismissal; representing to this Court "their intention to amend their counterclaims, with knowledge of the Plaintiffs' arguments as to why those counterclaims should be dismissed" [ECF Nos. 680, 750, 753].

In determining whether to permit Forever Defendants to dismiss their Counterclaims voluntarily under Rule 41(a)(1), this Court considered four factors[2] that inform such a discretionary decision, and found that all four suggested the Forever Defendants' Motion should be denied [ECF No. 753]. The Court noted its August 3, 2011 Order dismissing co-defendant Hollywood Forever's counterclaims for lack of subject matter jurisdiction and on abstention principles, and stated: "This reasoning is equally applicable to Forever Defendants' counterclaims[.]" Nevertheless, concluding that consideration of the merits of Plaintiffs' Motion to Dismiss would result in a dismissal of the Counterclaims without prejudice, the Court permitted the Forever Defendants to dismiss their Counterclaims voluntarily.

Recognizing the significant effort already devoted to the issue by Plaintiffs, the Court further stated that Forever Defendants would "be required, as a condition of re-filing these counterclaims, to compensate Plaintiffs for their costs and reasonable attorneys' fees in responding to Forever Defendants' Motion to Withdraw."

---

[2]*See Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999) (listing four factors district courts should consider when exercising discretion to permit dismissal under Rule 41(a)(1): 1) whether party presents proper explanation for desire to dismiss; 2) whether grant would result in waste of judicial resources; 3) whether dismissal will prejudice opposing party; and 4) whether party seeks dismissal merely to avoid an adverse decision or to seek a more favorable forum).

On April 30, 2012, Forever Defendants filed their Amended Joint Answer to Plaintiffs' Second Amended Complaint, again asserting Counterclaims against Plaintiffs [ECF No. 898]. As before, Defendants averred that this Court had supplemental jurisdiction over its counterclaims under 28 U.S.C. § 1367.  In this amended pleading, Forever Defendants reasserted its previous counterclaims almost verbatim, but also included a new claim for  Breach of Contract.

Plaintiffs filed their instant Motion to Dismiss the Forever Defendants' Counterclaims [ECF No. 957] on June 4, 2012, contending that the counterclaims, with a few inconsequential changes, are identical to those voluntarily withdrawn in 2011.  In conjunction with their Motion to Dismiss, Plaintiffs filed a Motion for Attorneys' Fees in the amount of $7,693.85, asserting that the Forever Defendants' addition of a seventh claim for relief and one associated allegation should not allow them "to escape" this Court's condition that they pay Plaintiffs' attorney fees and costs in order to refile the counterclaims [ECF No. 958].

On June 13, 2012, Forever Defendants filed their Motion and Memorandum to Withdraw Counterclaims and Dismiss the Third Party Complaint [ECF No. 977], stating the Forever Defendants would file an Amended Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint, and requesting permission to withdraw their Counterclaims.  Forever Defendants aver that they are not making the request to impede the judicial process or otherwise delay the action, and that the granting of the request will cause no prejudice to Plaintiffs or any other party.

Plaintiffs filed their Response to Forever Defendants' Motion to Withdraw Counterclaims on June 20, indicating that they do not oppose dismissal of the counterclaims, but also stating that "given the Forever Defendants' vexatiousness in twice filing and then withdrawing the

3

counterclaims (only after Plaintiffs have incurred expenses in responding thereto), Plaintiffs request that this Court impose attorneys' fees" [ECF No. 1043]. On that same date, Plaintiffs also filed a Motion for Additional Attorneys' Fees Against Forever Defendants and Their Counsel [ECF No. 1044], and a Notice Regarding Forever Defendants' Failure to Respond [ECF No. 1045]. In their Notice, Plaintiffs contend that Forever Defendants failed to respond timely to their Motion for Attorneys' Fees [ECF No. 958], and "therefore should be deemed to have conceded the reasonableness of the requested fees."

On June 26, Forever Defendants filed a Motion and Memorandum for Additional Time to Plead, which was granted on June 27, with directions to file a Reply to the pending motions no later than July 11, 2012 [ECF Nos. 1061, 1062]. On July 11, Forever Defendants filed their Motion to Withdraw Pleading [ECF No. 1077], and, additionally, a "Memorandum in Opposition to Plaintiffs' Pleadings [958], [1043], [1044] and [1045] on Behalf of Defendnats Brentwood Heritage Properties, LLC, Forever Enterprises, Inc., Forever Illinois, Inc., Forever Network, Inc., Legacy International Imports, Inc., Lincoln Memorial Services, Inc., National Heritage Enterprises, Inc., National Prearranged Services Agency, Inc., and Texas Forever, Inc." [ECF No. 1078].

In their Motion to Withdraw Pleading, Forever Defendants argue that the Plaintiff's filing of their Third Amended Complaint effectively rendered the Second Amended Complaint, and Forever Defendants' responsive pleading to that Complaint, moot and a nullity. Thereafter, Plaintiffs filed their Opposition to Forever Defendants' Motion to Withdraw Pleadings [ECF No. 1086], and a Reply Brief in Support of Attorneys' Fees Against Forever Defendants [ECF No. 1087].

4

**II. DISCUSSION**

As noted, Forever Defendants filed their Amended Joint Answer to Plaintiffs' Second Amended Complaint on April 30, 2012. Prior to filing the Motions presently before the Court, Plaintiffs submitted a Third Amended Complaint, which was accepted for filing on May 2, 2012 [ECF Nos. 901, 905, 916]. In its May 2 Docket Text Order, the Court instructed all defendants to Answer the Third Amended Complaint no later than June 18, 2012 [ECF No. 904].

On May 21, Plaintiffs moved for an extension of time to file a Response or Reply to Forever Defendants' Amended Answer to Plaintiffs' Second Amended Complaint, which was granted with instructions to Answer Forever Defendants' Counterclaims no later than June 4, 2012 [ECF Nos. 940, 941]. On June 4, Plaintiffs filed their Motion to Dismiss and Motion for Attorneys' Fees, seeking dismissal of the Forever Defendants' Counterclaims, and, as well, seeking attorney's fees for their efforts in addressing the claims [ECF Nos. 594, 898, 957].

Thereafter, on June 13, Forever Defendants filed their Motion to Withdraw Counterclaims and Dismiss the Third Party Complaint [ECF No. 977]. On June 18, Forever Defendants filed an "Amended Joint Answer and Affirmative Defenses to the Third Amended Complaint by [Forever Defendants] and Counterclaim" [ECF No. 1012]. Plaintiffs filed their Response to this Motion, their motion for additional attorneys' fees and a "Notice Regarding Defendants' Failure to Respond" on June 20, 2012 [ECF Nos. 1043-1045].

Forever Defendants acknowledge that the "[e]ssence of [Plaintiffs'] Pending Motions are that Defendants filed counterclaims in the Answer to the Second Amended Complaint [898] in violation of the Court's August 17, 2011 Order [753] thereby giving rise to claim by Plaintiffs to recover attorneys' fees." They argue, however, that the Plaintiffs' filing of the Third Amended

Complaint "effectively rendered the Answer to the Second Amended Complaint moot as the defendants were thereafter required to file an Answer to the Third Amended Complaint by June 18, 2012" [ECF No. 1078]. Forever Defendants aver that, although they moved to withdraw their Counterclaims on June 13 and do not pursue any Counterclaims in their Answer to the Third Amended Complaint, "Plaintiffs nevertheless filed three motions [1043-1045] addressing a matter that was no longer at issue." Forever Defendants further claim that the inclusion of the Counterclaims in their Answer was inadvertent, asserting that their motion to withdraw the entire filing of their Answer to the Second Amended Complaint additionally manifests this inadvertence. Additionally, Forever Defendants state that they have repleaded the Counterclaims as affirmative defenses in their Answer to Plaintiffs' Third Amended Complaint. Forever Defendants also challenge the amount of Plaintiffs' requested attorneys' fees, stating that $7,693.85 is not reasonable.

     Forever Defendants' arguments are not persuasive. Plaintiffs' filing of their Third Amended Complaint did not render the Counterclaims presented in Forever Defendants' Amended Joint Answer to the Second Amended Complaint moot; Plaintiffs were still required to respond to Forever Defendants' asserted claims, even after Plaintiffs' Amended Pleading was accepted for filing. *See St. Paul Fire & Marine Ins. Co. v. Casualty Reciprocal Exch.*, 118 F.R.D. 480, 482 (W.D. Ark. 1987), aff'd 871 F.2d 1090 (8th Cir 1988) (where courts have jurisdiction, they may hear and render a separate judgment on a counterclaim, even if the opposing party's claim has been dismissed); Fed. R. Civ. P. 12(a)(B). Plaintiffs responded by filing their Motion to Dismiss on June 4. Forever Defendants failed to respond timely to Plaintiffs' Motion; instead of addressing Plaintiffs' arguments, they once again chose to pursue voluntary dismissal of their claims, filing their Motion on June 13.

6

In their Reply Brief in Support of Attorneys' Fees Against Forever Defendants [ECF No. 1087], Plaintiffs assert that the Forever Defendants should not be allowed to avoid the consequences of having refiled the Counterclaims by withdrawing them a second time. They maintain that the Forever Defendants' assertion that they simply meant to amend their prior Answer and only filed the Counterclaims inadvertently is not credible, pointing out that a new claim for "Breach of Contract" was brought in the Amended Joint Answer. As well, Plaintiffs state that the fee issue is not moot, that the requested fee is reasonable, and that the requested $7693.85 fee is the amount that was both billed to, and paid by, Plaintiffs. They argue that "it would be well within this Court's discretion to award more substantial fees for all the ultimately wasteful proceedings generated by the Forever Defendants," but concede that "[a]t the end of the day, however, further fee litigation may not be worth the additional time and expense to Plaintiffs and the Court[,]" Plaintiffs urge this Court to award at least $7,693.85 in attorneys' fees.

In its August 17, 2011 Order, this Court stated: "It would therefore be unfair to Plaintiffs to permit Forever Defendants to refile the same counterclaims at a later date, to the extent Plaintiffs have already incurred the burden and expense of filing the pending Motion to Dismiss and of responding to Forever Defendants' Motion to Withdraw." Nevertheless, Forever Defendants asserted almost identical Counterclaims in their Amended Joint Answer to the Second Amended Petition. As well, Forever Defendants have re-pleaded allegations contained in those Counterclaims in their Answer to the Third Amended Petition, characterizing them, however, as affirmative defenses. Forever Defendants were fairly warned that re-pleading the Counterclaims without curing the jurisdictional defects would require them to compensate Plaintiffs for their costs and reasonable attorneys' fees in responding to their Motion to Withdraw.

7

Accordingly,

**IT IS HEREBY ORDERED** that Forever Defendants' Motion and Memorandum to Withdraw Pleading [ECF No. 1077] is **GRANTED.**  Forever Defendants' Motion and Memorandum to Withdraw Counterclaims and Dismiss the Third Party Complaint [ECF No. 977], is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Dismiss the Forever Defendants Counterclaims [ECF No. 957] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorneys' Fees [ECF No. 958] is **GRANTED**.  The Clerk of the Court shall tax costs and attorneys' fees in favor of Plaintiffs and against Defendants Brentwood Heritage Properties, LLC; Forever Enterprises, Inc.; Forever Illinois, Inc.; Forever Network, Inc.; Legacy International Imports, Inc.; Lincoln Memorial Services, Inc.; National Heritage Enterprises, Inc.; National Prearranged Services Agency, Inc; and Texas Forever, Inc., in the amount of $7,693.85.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Additional Attorneys' Fees Against Forever Defendants and Their Counsel [ECF No. 1044] is **DENIED**.

Dated this   10th   day of August, 2012.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE