UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Certain Trustee Defendants' Motion to Strike Plaintiffs' Jury Demand [ECF No. 1147]. Defendants American Stock Transfer and Trust Company, LLC; Bank of America, N.A.; BMO Harris Bank, N.A.; Bremen Bank and Trust Company; Marshall & Ilsley Trust Company, N.A.; National City Bank; PNC Bank, N.A.; Southwest Bank; and U.S. Bank, N.A. (collectively, the "Trustee Defendants") move, pursuant to Federal Rule of Civil Procedure 39(a)(2), to strike Plaintiffs' Jury Demand with respect to Plaintiffs' two remaining claims against Trustee Defendants: one for breach of fiduciary duty (Count 19); and one for negligence or gross negligence (Count 20).

In their Motion, Trustee Defendants argue that Plaintiffs have no right to a jury trial on these remaining claims, because, although the claims are labeled as claims for breach of fiduciary duty and negligence, the claims are, as a matter of law, equitable claims for breach of trust, which are traditional claims in equity. They contend that, pursuant to the Seventh Amendment to the U.S. Constitution, a jury trial may be a matter of right only when a federal civil action is at law, not when it is in equity. Trustee Defendants assert that breach of trust claims fall exclusively within equity's jurisdiction, and that  Plaintiffs' predicating these claims on the defendants'

alleged negligent performance of their fiduciary duties does not convert their action into one cognizable at law. Trustee Defendants also argue that it does not matter that Plaintiffs seek only to recover money damages.

In their "Opposition to Banks' Motion to Strike Jury Demand" [ECF No. 1152], Plaintiffs argue that, where conduct breaching a fiduciary duty is alleged to also violate another legal principle, case law treats claims by or against trustees as actions at law. Plaintiffs contend they have alleged that the Trustee Defendants' actions and failures to act were negligent and grossly negligent, separately from, and in addition to, allegations that those actions breached the Trustee Defendants' fiduciary duties. They further argue that they are entitled to a jury trial because they are seeking money damages, including punitive damages, for violations of legal duties

"The Seventh Amendment preserves, '[i]n Suits at common law, . . . the right of trial by jury.' U.S. Const. amend. VII." *Taylor Corp. v. Four Seasons Greetings, LLC*, 403 F.3d 958, 968 (8th Cir. 2005). When determining whether a party seeking to enforce a statutory right is entitled to a jury trial, courts employ a two-prong test, in which they: 1) "compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity"; and 2) examine whether the remedy sought is legal or equitable in nature. *Id*. (quoting *Tull v. United States*, 481 U.S. 412, 417-18 (1987)). "The Supreme Court has stressed the second inquiry of this test is the more important of the two." *Taylor Corp.*, 403 F.3d at 968 (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)). *See also GranFinanciera v. Nordberg*, 492 U.S. 33, 42-43 (1989).

The Court finds that the claims brought by Plaintiffs allege breaches of fiduciary duties predicated upon underlying negligence, which is actionable at law. Among other things, Plaintiffs allege that Trustee Defendants failed to ensure that promissory notes were adequately

secured by assets, that security interests were properly recorded, and that interest due under promissory notes was paid [ECF No. 916 at pp. 183-87]. Plaintiffs also allege that Trustee Defendants failed to keep and review adequate records of trust transactions; failed to independently verify trust account records; "rubber-stamped" the accounting of trust funds presented to them by other defendants; and allowed other defendants to indiscriminately withdraw trust funds without appropriate documentation, commitments to repay the funds, or requiring a reasonable interest rate on those defendants' use of trust funds. "[W]here a claim of breach of fiduciary duty is predicated upon underlying conduct, such as negligence, which is actionable in a direct suit at common law, the issue of whether there has been such a breach is, subject to appropriate instructions, a jury question." *Halladay v. Verschoor*, 381 F.2d 100, 109 (8th Cir. 1967). Moreover, Plaintiffs' action seeks money damages, a form of relief, although not necessarily determinative of the method of trial, that is a significant factor characterizing issues in this case as legal, rather than equitable. *See Entergy Ark., Inc. v. Neb.*, 358 F.3d 528, 544-46 (8th Cir, 2004); *Klein v. Shell Oil Co.*, 386 F.2d 659, 663 (8th Cir. 1967). The Court will deny Trustee Defendants' Motion to Strike Plaintiffs' Jury Demand.

Accordingly,

**IT IS HEREBY ORDERED** that Certain Trustee Defendants' Motion to Strike Plaintiffs' Jury Demand [ECF No. 1147] is **DENIED**.

Dated this   22nd   day of February, 2013.

*[signature: E. Richard Webber]*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE