JO ANN HOWARD &   )
ASSOCIATES, P.C., *et al.*,   )
  )
     Plaintiffs,   )
  )
     vs.   )       Case No. 4:09CV01252 ERW
  )
J. DOUGLAS CASSITY, *et al.,*   )
  )
     Defendants.   )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Setting of Jury Trial [ECF No. 1156]. In their Motion, Plaintiffs request that an eight-week jury trial be set to begin September 29, 2014, and that the parties be required to submit a proposed case management order ("CMO") by June 3, 2013.

This case was filed on August 6, 2009 [ECF No. 1]. On May 24, 2011, the United States ("the Government") moved to intervene in this matter, seeking a temporary stay of discovery, and citing a parallel criminal case, in which six defendants[1] named in this action are being prosecuted for a variety of fraud-based crimes connected to the operation of certain defendant entities also named in this matter [ECF No. 700]. In arguing the stay was necessary, the Government expressed concern that the clear overlap in issues of the civil and criminal matters might allow the indicted defendants opportunity to exploit the more liberal civil discovery practices available in this case, and, consequently, to obtain discovery to which they would not be entitled under the Federal Rules of Criminal Procedure. The Court granted the Government's

---

[1]Randall Sutton, Sharon Nekol Province, James Douglas Cassity, Brent Douglas Cassity, Howard A. Wittner, and David R. Wulf are the individuals indicted in the criminal matter.

Motion for a Temporary Stay of Discovery on July 11, 2011 [ECF No. 738], ordering that all

under oath discovery be stayed in this case until the guilt or innocence of the indicted defendants

is determined in the parallel criminal case, *United States v. Sutton*, Case No. 4:09CR00509 JCH

(E.D. Mo.). The Court further ordered that Trustee Defendants and Plaintiffs were permitted to

exchange fact-based interrogatories, but that they could not share the contents of those

communications with other parties in this litigation or third parties during pendency of the stay,

absent court approval. The trial, set for a period of three months, in the parallel criminal case is

currently scheduled to commence August 5, 2013 [*United States v. Sutton*, No. 4:09CR00509

JCH-TCM, ECF No. 376].

Plaintiffs state that they have made a good-faith attempt to confer with all parties and

obtain consensus prior to filing this motion. Plaintiffs assert that, on December 17, 2012, they

notified all parties of their proposed motion, and requested that all parties communicate their

positions concerning the request. Plaintiffs further assert that they have subsequently circulated

several additional e-mail messages regarding the motion in various e-mail communications, and

made themselves available to all parties during the first week of January 2013 to confer by

telephone regarding the motion.

According to Plaintiffs, Defendants Mike Butler and Richard Markow have indicated that

they do not oppose Plaintiffs' motion; and Defendant Katherine Scannell, while objecting to the

motion for a trial setting at this time, supports Plaintiffs' request that the parties be required to

submit a proposed CMO by June 3, 2013. Plaintiffs state that the "Forever Defendants"[2] have

---

[2]The "Forever Defendants" are Brentwood Heritage Properties, LLC; Forever Enterprises, Inc.; Forever Illinois, Inc.; Forever Network, Inc.; Legacy International Imports, Inc.; Lincoln Memorial Services, Inc.; National Heritage Enterprises, Inc; National Prearranged Services Agency, Inc.; and Texas Forever, Inc.

both supported and objected to the motion, and that no response to Plaintiffs' multiple communications has been received from the following defendants: Brent Cassity; Tony B. Lumpkin; Herbert Morisse; Roxanne Schnieders; Randall J. Singer; George Wise, III; Rhonda L. Cassity, Inc., a/k/a Wellstream, Inc.; American Stock Transfer and Trust Company; Bremen Bank and Trust Company; Comerica Bank and Trust, N.A.; and Marshal and Ilsley Trust Company, N.A./Southwest Bank/BMO Harris Bank. Plaintiffs indicate that the following defendants communicated objections to their motion: Bank of America, N.A.; Brown Smith Wallace, LLC; Lennie J. Cappleman; J. Douglas Cassity; J. Tyler Cassity and Hollywood Forever, Inc.; Rhonda Cassity; James M. Crawford; National City Bank and PNC Bank, N.A.; Nekol Province; Randall K. Sutton; U.S. Bank, N.A.; Howard A. Wittner and Wittner, Spewak & Maylack PC (collectively referred to as the "Wittner Defendants"); and David R. Wulf and Wulf, Bates & Murphy (collectively referred to as the "Wulf Defendants").

The following defendants have filed objections or memoranda to Plaintiffs' Motion for Setting of Jury Trial: the Wittner Defendants [ECF No. 1162]; Brown Smith Wallace [ECF No. 1163]; Trustee Defendants[3] [ECF No. 1167]; J. Tyler Cassity and Hollywood Forever, Inc. [ECF No. 1168]; and the "Wulf Defendants" [ECF No. 1169].

In their Memorandum in Opposition to Plaintiffs' Motion for Setting of Jury Trial [ECF No. 1162], the Wittner Defendants contend that the motion "should be denied on the basis that the proposed trial setting and case management order deadline are premature given the pendency of the Criminal Case and the various Defendants' rights against self-incrimination guaranteed by the 5th Amendment to the U.S. Constitution." They argue that the right against self-

---

[3]American Stock Transfer and Trust Company, LLC; Bank of America, N.A.; BMO Harris Bank, N.A.; Bremen Bank and Trust Company; Comerica Bank & Trust, N.A.; and U.S. Bank, N.A.

incrimination extends not only through a criminal trial, but up until the appeal process is complete, and claim that, if discovery in this matter is permitted prior to final resolution of the criminal case, they would have to choose between exposure to potential criminal liability, or a risk of raising an adverse inference by invoking Fifth Amendment rights. The Wittner Defendants also argue that they disagree with Plaintiffs' estimation of the time required to conduct under oath discovery, stating they reasonably anticipate that, if any of the indicted defendants are found guilty, neither the sentencing proceedings nor the appeals process will be completed by February 2014. They contend that Plaintiffs' proposed time frame will not leave sufficient time for completion of dispositive motions prior to trial.

In their Response in Opposition to Plaintiffs' Motion for Setting of Jury Trial [ECF No. 1169], the Wulf Defendants contend that "[t]he relief that Plaintiffs seek in their motion is unduly prejudicial." They argue that "stripping Wulf of his ability to gather evidence to defend himself on the one hand and granting Plaintiffs' motion that would start the clock running on his need to gather evidence to defend himself on the other hand . . . is prejudice personified." The Wulf Defendants also argue that granting Plaintiffs' Motion would force David R. Wulf to choose between waiving or invoking his Fifth Amendment rights in this matter.

The Court finds the arguments of these defendants unconvincing, particularly in view of the strong opposition these and the other indicted defendants presented when the Government intervened in this matter with its Motion for a Temporary Stay of Discovery. When the Government sought an order staying all "under oath" discovery in this case, Defendants Howard Wittner and David Wulf contended, at some length, that imposing such a stay would cause them

4

prejudice and would hinder their ability to clear their names until this litigation was concluded.[4]

As to the indicted defendants' Fifth-Amendment-rights arguments, whether they are guilty or

innocent will be determined upon a plea of guilty, or the return of a jury's verdict at the

conclusion of the criminal trial in November 2013. At the conclusion of the trial, the

Government's concern regarding discovery, and the indicted defendants' concern regarding self-

incrimination, will markedly change, and would not require the stay be extended pending

resolution of post-trial motions or appeals. *See Koester v. Am. Republic Inv, Inc.*, 11F.3d 818,

823 (8th Cir. 1993) (district court's conclusion that long-scheduled trial of multiparty case should

go forward and that plaintiffs were entitled to take defendant's deposition and use it at trial was

not an abuse of discretion; civil defendant cannot hide behind blanket invocation of Fifth

Amendment privilege, and thus, must make strong showing either that the two proceedings are so

interrelated that he cannot protect himself at civil trial by selectively invoking his privilege, or

that the two trials will so overlap that effective defense of both is impossible).

In its Objection to Plaintiffs' Motion for Setting a Jury Trial [ECF No. 1163], Defendant

Brown Smith Wallace asserts that it has only been allowed to engage in document production,

and has received voluminous documents from Plaintiffs with no direction as to what portion of

Plaintiffs' Complaint the documents support. Brown Smith Wallace further states that there are

approximately twenty-five defendants remaining in this matter, and that over one hundred

potential witnesses have been identified through Rule 26 disclosures. Brown Smith Wallace

contends the time and effort to coordinate deposition schedules will be a time-intensive task. It

argues that too many uncertainties exist for a trial to be set, including the amount of time trying

---

[4]At that time, Defendants also expressed concern about the dimming of memories and
potential losses of evidence.

the matter will involve, and the date on which all "under oath" discover will commence or

conclude.  Brown Smith Wallace contends Plaintiffs' request should be denied as premature.

Brown Smith Wallace also claims that eight weeks will not be an adequate amount of time to try

the case, stating that Plaintiffs' estimation that they will require up to three weeks "theoretically

result[s] in one (1) day per Defendant to present their defense."  Trustee Bank Defendants raise

similar arguments in their Response in Opposition to Plaintiffs' Motion for Setting of Jury Trial[5]

[ECF No. 1167], stressing that the complexity of the case makes completion of discovery and

motion practice by late September 2014 and the setting of an eight-week jury trial unrealistic.

Defendants J. Tyler Cassity and Hollywood Forever, Inc. have filed a Joinder in Trustee

Defendants' Response in Opposition to Motion for Setting of Jury Trial [ECF No. 1168].

This case was filed four years ago.  The parallel criminal matter is projected to end in

November of this year.  All defendants opposing Plaintiffs' motion appear to recognize that

discovery, and the ensuing review involved, will necessarily take the parties a considerable

period of time to conduct.[6]  When the Court entered its Stay Order in July 2011, it determined

---

[5]Trustee Bank Defendants also claim Plaintiffs' request is premature due to a motion to strike Plaintiffs' jury demand.  However, the Court denied Trustee Banks' Motion to Strike Plaintiffs' Jury Demand by Order dated February 22, 2013 [ECF No. 1171].  Consequently, this argument is moot.

[6]As noted earlier, during the pendency of the stay, Trustee Defendants and Plaintiffs have been permitted to exchange fact-based interrogatories, which inquire about allegations that insurance policies were surrendered, the basis for different state guaranty association's claims, the relationship between those claims and life insurance policies held by different trusts, and the basis for Plaintiffs' claimed rights to recover from each Trustee Defendant.  Defendants claim that they have been deluged with "voluminous document discovery," but have been unable to probe Plaintiffs' specific contentions against them or the factual basis for their contentions.  This argument actually appears to favor granting the relief requested by Plaintiffs' motion, as the requested CMO and set trial date would establish a more formal timeline for both sides to complete document discovery in a more effective manner .

that the courts' interest in providing for a fair and efficient resolution of the issues presented in both the civil and criminal matters, was at least arguably served by granting a stay, because the criminal prosecution might determine or clarify some disputed factual issues in this matter, and might result in testimony transcripts that could prove useful to the parties. The Court found the public interest factor appeared neutral, noting the public interest in swift and effective law enforcement (favoring the stay), was balanced by the public interest represented by the Plaintiffs' attempts to recover their alleged losses (opposing the stay). Upon the conclusion of the scheduled jury trial in the parallel criminal matter, however, neither the court's interest nor the public interest would suggest a stay would still be warranted. Furthermore, the Government's concern, that the indicted defendants might exploit the more liberal civil discovery practices, for seeking the stay will not be adversely impacted by setting this matter for a jury trial, or by requiring the parties to submit a proposed CMO. The Court finds the Trustee Defendants' arguments concerning the complexities of the case, actually favor granting Plaintiffs' Motion, as doing so will provided needed certainty that the case will be tried in the foreseeable future and will signal the parties the need for the case to progress in a meaningful fashion. Defendants have expressed concern that eight weeks will not be an adequate period of time to try the matter, but they have not proposed an alternative amount of time for the trial setting. The Court will grant Plaintiffs' Motion for Setting of Jury Trial.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Setting of Jury Trial [ECF No. 1156] is **GRANTED**. Parties shall submit a Joint Scheduling Plan to this Court no later than April 1, 2013. In the event a Joint Plan cannot be agreed to, and submitted by, all parties, one

plan will be accepted on behalf of Plaintiffs and one plan will be accepted on behalf of all

Defendants, to be considered by the Court.

Dated this __25th__ day of February, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE