UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Howard A. Wittner's ("Wittner"), Individually and as Trustee of the RBT Trust II, Motion to Dismiss Claims for Relief Eight, Twenty-One and Twenty-Two of Plaintiffs' Third Amended Complaint [ECF No. 1154].

**I. BACKGROUND**

This litigation arises out of an alleged scheme by the owners, directors, officers, employees, attorneys, and consultants of three entities -- National Prearranged Services, Inc., Lincoln Memorial Insurance Company, and Memorial Service Life Insurance Company -- to defraud funeral homes and consumers in the sale of pre-need funeral service contracts, and to re-direct the funds received from the sale of those products to other related entities and certain individual parties. The alleged scheme ultimately resulted in causing the Texas Department of Insurance to declare the three entities insolvent and place them in receivership. Plaintiffs in this litigation include the Special Deputy Receiver acting on behalf of the insolvent entities, the National Organization of Life and Health Guaranty Associations, and individual state life and health insurance guaranty associations. Plaintiffs' Third Amended Complaint ("TAC") names

over forty defendants, including Defendants Wittner,[1] who held officer or director positions with several of the entities and served as general and outside counsel to the insolvent companies.

Plaintiffs originally filed this action on August 6, 2009 [ECF No. 1]. The challenged claims contained in Counts Eight, Twenty-One and Twenty-Two of Plaintiffs' TAC are identical to Counts Eight, Twenty-One and Twenty-Two of Plaintiffs' original and amended pleadings [ECF Nos. 1, 486, 916]. On November 30, 2009, Wittner Defendants filed "Defendant Howard Wittner and Defendant Wittner, Spewak & Maylack P.C.'s Motion to Dismiss Plaintiffs' Complaint Under Fed. R. Civ. P. 8(a), 9(b), and 12(b)(6)" [ECF No. 251]. As pertinent to the issue before the Court here, Defendants Wittner argued, in the November 30, 2009 motion to dismiss, that Count Eight's "aiding and abetting fraud" claim should be dismissed, because it was not pleaded with the particularity required by Rule 9(b); and they contended that Counts Twenty-One and Twenty-Two did not state claims against Howard A. Wittner, individually, or against Howard Wittner as Trustee of the RBT Trust II, as required by Rule 8(a), because the claims contained legal conclusion unsupported by any facts [ECF Nos. 251, 252].

Plaintiffs filed an Amended Complaint on July 12, 2010 [ECF No. 486]. On December 21, 2010, the Court granted the Wittner Defendants' motion to dismiss as to Counts Ten, Twelve, and Thirteen of Plaintiffs' Complaint, but denied it as to all remaining Counts, including Eight, Twenty-One, and Twenty-Two [ECF No. 589]. Subsequently, Plaintiffs filed an Second Amended Complaint ("SAC"), which Wittner Defendants answered on February 18, 2011 [ECF Nos. 594, 612]. That same day, Wittner defendants filed a Motion to Dismiss Ten, Twelve, and Thirteen of Plaintiffs' SAC, because Plaintiffs unintentionally reasserted these claims, which had

---

[1] The term "Wittner Defendants" is used to refer collectively to Howard A. Wittner, individually and as Trustee of the RBT Trust II, and to Wittner, Spewak & Maylack, P.C. f/k/a Wittner, Poger, Spewak, Maylack & Spooner, P.C., a law firm.

2

been dismissed by the Court's December 21 Order [ECF Nos. 589, 614]. In their Answer to Plaintiffs' SAC, the Wittner Defendants raised several affirmative defenses, including failure to state a claim upon which relief can be granted, [ECF No. 612].

On May 3, 2012, Plaintiffs filed their TAC [ECF No. 916]. Thereafter, several defendants filed Motions to Dismiss, contending, among other things, that "aiding and abetting" claims asserted in Plaintiffs' TAC failed to state a claim upon which relief could be granted, because the Missouri Supreme Court has not recognized a cause of action based on §876(b) of the Restatement (Second) of Torts [ECF Nos. 1016, 1023, 1143]. Wittner, individually and as Trustee of the RBT Trust II, filed Answers and Affirmative Defenses to Plaintiffs' TAC on June 18, 2012 [ECF Nos. 1026, 1027]. Evidently, informed by the motions requesting dismissal of Plaintiffs' "aiding and abetting" claims, Wittner avers, among other things, in his Answers to the TAC, that Plaintiffs'claims are barred for having failed to state a claim upon which relief could be granted, and for lack of subject matter jurisdiction. In the June 18 Answers, Wittner, for the first time, also contends that the TAC's aiding and abetting claims are barred because Missouri Law does not recognize such claims in the civil context [ECF Nos. 1026 at 45, 1027 at 43]. On July 24, 2012, the Court granted a Motion to Dismiss Counts Ten, Twelve, and Thirteen of Plaintiffs' TAC, filed by Wittner Defendants, as these claims were again mistakenly asserted by Plaintiffs in their pleading [ECF Nos. 1050, 1095].

In a September 11, 2012 Order, the Court granted a motion, filed by defendants collectively referred to as the "Missouri Trustee Defendants," requesting dismissal of the TAC's "aiding and abetting" counts against them [ECF No. 1123]. In that Order, the Court concluded that the Missouri Supreme Court would decline to adopt the secondary theories of liability, described in § 876(b) or § 876(c) of the Restatement (Second) of Torts, upon which those

3

"aiding and abetting" counts were premised. The Court further found, that even if Missouri state law were to recognize such theories, the TAC failed to plead sufficient facts against the Trustee Defendants to support the requisite elements of any cause of action under those counts. In its September 11 Order, the Court also dismissed one "aiding and abetting" count brought against Defendant Richard Markow; however, the Court denied his Motion to Dismiss as to two other counts, finding that the TAC contains sufficient factual matter to allow a reasonable inference that Markow is liable for the conduct alleged in them.

On January 8, 2013, the Court granted the dismissal motion of another defendant, Herbert Morrise, and likewise dismissed an "aiding and abetting" claim asserted against him [ECF No. 1153]. That same day, Wittner filed the Motion to Dismiss presently before the Court, asking for dismissal "on the bases that: (1) the Court previously held claims premised upon the Restatement (Second) of Torts § 876(b) and (c) are not, and would not be, 'a recognized cause of action under Missouri law'" and (2) even if such claims were legally cognizable, 'Plaintiffs have failed to plead sufficient facts to support the requisite elements of the Aiding and Abetting Counts.'" [ECF Nos. 1154, 1164].

**II. LEGAL STANDARD**

The notice pleading standard of Federal Rule of Civil Procedure 8(a)(2) requires a pleading to provide "a short and plain statement showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In order to meet this standard and to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotations and citation omitted). This facial plausibility requirement means that the factual content of the plaintiff's allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010) (citation omittted). Furthermore, the court must assess the plausibility of a given claim with reference to the plaintiff's allegations as a whole, not in terms of the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010). This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)). Nevertheless, although the "plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility,'" it is not a "probability requirement." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). Accordingly, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable, and that a recovery is very remote and unlikely." *Id.*

Thus, in sum, these considerations suggest a two-step analysis under which the court may first (1) identify whether the complaint contains pleadings that are "more than conclusions," and that the court can therefore treat as factual allegations entitled to "the assumption of truth," and if it does, (2) "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## II. DISCUSSION

In his Motion, Wittner asks the Court to dismiss Claims Eight (Aiding and Abetting Fraud); Twenty-One (Aiding and Abetting Breach of Fiduciary Duty); and Twenty-Two (Aiding and Abetting Breach of Fiduciary Duty by Trustee Banks) of Plaintiffs' TAC, contending that the "aiding and abetting" claims asserted against him are based upon the same theories as, and contain almost identical allegations to, counts brought against other defendants that were dismissed by this Court in prior Orders [ECF Nos. 1123, 1153]. Concerning Claims Eight and Twenty-Two, Wittner argues that they are "completely devoid of any allegations as to what specific 'encouragement and substantial assistance' Wittner purportedly provided." As to Claim Twenty-One, Wittner asserts that, although Plaintiffs allege specific instances of "assistance and encouragement" provided by the RICO and D&O Defendants to the Investment Advisors, such as "selecting" and "retaining" Wulf and Wulf Bates as investment advisors and drafting a letter for Wulf and Wulf Bates describing and justifying investment decisions, the allegations do not show Wittner actively assisted action he knew to be illegal. Wittner contends that all three of these challenged counts are premised upon the theory of liability, under Section 876(b) of the Restatement (Second) of Torts, that was determined to be a cause of action Missouri courts would not recognize. Wittner asserts that the Court therefore lacks subject matter jurisdiction over the claims. Wittner further argues that, even if such "aiding and abetting" claims for fraud or breach of fiduciary duty were recognized causes of action, Plaintiffs have failed to plead sufficient facts to support the requisite elements of the aiding and abetting counts.

In their Response, Plaintiffs assert that Wittner has already answered the TAC, and contend that, given this and other procedural history, Wittner cannot properly assert a Rule

6

12(b)(6) challenge to the TAC. The Federal Rules of Civil Procedure require Rule 12(b)(6) motions to be "made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b).

Plaintiffs also point out that the challenged counts were asserted in the original Complaint, and that the Court denied Wittner's prior motion to dismiss these counts, and further argue that he is precluded from filing a successive Rule 12(b)(6) motion raising new or additional arguments for dismissal.

The Court concludes that the timing, and successive nature of Wittner's Motion to Dismiss Claims for Relief Eight, Twenty-One and Twenty-Two of Plaintiffs' TAC are dispositive of the motion. Most significantly, Wittner previously filed a Motion to Dismiss Plaintiffs' Complaint Under Fed. R. Civ. P. 8(a), 9(B) and 12(B)(6), on November 30, 2009, and in that motion, he challenged the very same claims he is now asking the Court to dismiss [ECF No. 251]. Counts Eight, Twenty-One, and Twenty-Two of Plaintiffs' original and amended Complaints were identical to the counts challenged by Wittner's current Motion to Dismiss. The grounds for Wittner's present Rule 12(b)(6) were available at the time he filed his first Motion to Dismiss, and when he filed his original and amended Answers; however, Wittner failed to raise this defense at any of those times. "Except as provided in 12(h)(2) or (3),[2] a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Because the bases for Wittner's present challenge were available at the time he filed the previous pleadings, he failed to include them in his prior motion to dismiss, and he waited to

---

[2]Failure to state a claim upon which relief may be granted may be raised in any pleading allowed or ordered under Rule 7(a), by a Motion for Judgment on the Pleadings, or at trial. Fed. R. Civ. P. (h)(2). However, should a court determine at any time that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

raise this defense until after filing responsive pleadings, the Court finds that Wittner failed to comply with the timing requirements of Rule 12 (b), and that this failure is fatal for his Motion to Dismiss. *See Thomas D. Wilson Consulting, Inc. v. Keeley & Sons, Inc.*, 2006 WL 2788389 (E.D. Mo. Sept. 26, 2006). "Furthermore, under Rule 12 (g), if a party files a motion under Rule 12 but does not include all defenses or objections then available, that party shall be precluded from bringing the motion or objection that was previously available." *Id.* at *3; Fed. R. Civ. P. 12(g). Wittner may not now attempt to file a Rule 12 motion that should have been brought in his prior motion, or at one of the specified times laid out in Rule (h)(2). The Court will deny Wittner's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Howard A. Wittner, Individually and as Trustee of the RBT Trust II's, Motion to Dismiss Claims for Relief Eight, Twenty-One and Twenty-Two of Plaintiffs' Third Amended Complaint [ECF No. 1154] is **DENIED**.

Dated this __5th__ day of March, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE