UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD &, | ) | |
| ASSOCIATES, P.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV01252 ERW |
| | ) | |
| J. DOUGLAS CASSITY, *et al.* , | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Trustee Defendants' Motion for Reconsideration [ECF No. 1175]. Defendants American Stock Transfer and Trust Company, LLC; Bank of America, N.A.; BMO Harris Bank, N.A.; Bremen Bank and Trust Company; Marshall & Ilsley Trust Company, N.A.; National City Bank; PNC Bank, N.A.; Southwest Bank; and U.S. Bank, N.A. (collectively, the "Trustee Defendants") request reconsideration of the Court's February 22, 2013 order denying Trustee Defendants' Motion to Strike Plaintiffs' Jury Demand [ECF No. 1171], and ask the Court to grant their motion to strike, with respect to Plaintiffs' two remaining claims against Trustee Defendants: one for breach of fiduciary duty (Count 19); and one for negligence or gross negligence (Count 20).

In their Motion for Reconsideration, Trustee Defendants contend that the Court's Order manifestly erred by: a) applying the incorrect constitutional test to assess whether Plaintiffs have the right to a jury trial of their remaining claims against Trustee Defendants; b) failing to recognize that any duties Trustee Defendants owed, including any duty of care, arose exclusively from their role as trustees, such that they could not have been negligent outside the trust relationship; and c) "failing to follow controlling Supreme Court and Eighth Circuit precedent

recognizing that such claims against trustees are equitable and tried without a jury, as they always have been since the creation of the trust by England's equitable Court of Chancery in the early fifteenth century" [ECF No. 1175 at 1-2].  Trustee Defendants request the opportunity to present oral argument on their motion.

Trustee Defendants argue Plaintiffs' claims against them rest entirely on allegations that Trustee Defendants failed to perform their duties in administering pre-need trusts with the requisite degree of care, skill, and competence during their respective tenures as trustees.  They assert the gravamen of the claims is that Trustee Defendants failed to carry out their trustee duties properly, and they argue that all matters related to a trustee's administration of a trust fall exclusively within the jurisdiction of equity, and are accordingly tried to the court, not to a jury. Trustee Defendants further contend that, absent the trust relationship, they did not owe any duties that could give rise to liability in negligence, or under any other theory.

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure.  Typically, courts construe a motion to reconsider as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b).  The Court's February 22, 2013 Memorandum and Order cannot be classified as a "judgment," therefore Trustee Defendants' Motion for Reconsideration does not fall within the parameters of Rule 59(e).  However, their Motion for Reconsideration may be considered pursuant to Rule 60(b), which allows relief from an order due to:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;

2

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'").

It appears that the applicable ground for the relief Trustee Defendants seek is Rule 60(b)(6)'s catch-all provision, which provides that relief may be granted for "any other reason that justifies relief." The Court begins by noting that the Rule 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. *See Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999) ("In their 'motion for reconsideration,' defendants did nothing more than reargue, somewhat more fully, the merits of their claim of qualified immunity. This is not the purpose of Rule 60(b). It authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions and the like). It is not a vehicle for simple reargument on the merits."). Trustee Defendants' Motion for Reconsideration merely sets forth arguments similar to those made in their original Motion to Strike Plaintiffs' Jury Demand. Although the present Motion is undoubtedly more thorough and cites to more relevant case law, it is clear that Trustee Defendants are doing nothing more than rehashing the same arguments that were previously presented to and rejected by this Court.

Furthermore, the Court finds that Trustee Defendants have failed to demonstrate that relief from this Court's Memorandum and Order is justified. In their Reply, Trustee Defendants sum up their primary argument for reconsideration:

> Both sides agree that the threshold issue is whether the two-prong test urged by
> Plaintiffs, and used by the Court in its February 22, 2013 Order . . . applies to
> every claim for which a party seeks a jury trial, or only to claims that did not exist

3

in 1791.  Contrary to Plaintiffs' arguments and the Court's Order, the test applies only to claims that did not exist in 1791 because the test was created for the sole purpose of assessing whether the modern causes of action (whether created by statute or common law) involve legal or equitable rights.

[ECF No. 1178 at 1].  Trustee Defendants' argument has been considered and rejected by the United States Supreme Court on more than one occasion.  In *Ross v. Bernhard*, 396 U.S. 531 (1970), the Supreme Court reversed the Second Circuit's holding that a derivative action was entirely equitable in nature, and that no jury was available to try any part of the derivative action. The Court held that the Seventh Amendment's "right to jury trial attaches to those issues in derivative actions as to which the corporation, if it had been suing in its own right, would have been entitled to a jury." *Id*. at 532-33.  In discussing the right to a trial by jury, the Court stated, "The Seventh Amendment question depends on the nature of the issue to be tried rather than the character of the overall action." *Id.* at 538.  The *Ross* decision established a framework for federal courts to apply when analyzing jury trial right in civil actions, in which the legal nature of an issue is determined by consideration of: 1) the custom prior to the merger of equity and law with reference to such questions (i.e., the historical nature of the claim); and 2) the remedy sought, whether it is legal or equitable in nature.[1]  *Id.* at 538 n.10.

In its analysis, the Supreme Court noted that the shareholders' derivative suit has dual aspects: the stockholder's right to sue on the corporation's behalf, which was historically an equitable matter; and the corporation's claim against directors or third parties, for which the corporation could have demanded a jury trial.  *Id.* at 538.  The Court then stated, "[L]egal claims

---

[1]The Supreme Court also listed a third consideration, the practical abilities and limitations of juries, but the Court has never relied on this inquiry "as an independent basis for extending the right to a jury trial under the Seventh Amendment." *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 n.4 (1990) (quoting *Tull v. United States*, 481 U.S. 412, 418 n.4 (1987)).

are not magically converted into equitable issues by their presentation to a court of equity in a derivative suit." *Id.*  The Court then discussed pre-merger custom and procedures, noting that, between 1789 until 1938, the judicial code expressly prohibited courts of equity from entertaining any action for which an adequate remedy at law was available, a provision that served to guard the right to a jury trial. *Id.* at 538-39.  Adoption of the Federal Rules of Civil Procedure procedurally combined law and equity; "nothing turns now upon the form of the action or the procedural devices by which the parties happen to come before the court." *Id.* at 540-42. The Court -- observing that, pre-merger, class actions were largely a device of equity and class action plaintiffs had no right to a jury trial even on issues that might have been tried to a jury under other circumstances -- stated that, post-merger, "class action plaintiffs may obtain a jury trial on any legal issues they present." *Id.* at 540-41.

Any confusion as to whether the two-prong test applies only to claims that did not exist in 1791 was clearly dispelled by the Supreme Court in *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558 (1990).  When the Union argued that a backpay award was equitable because it was closely analogous to damages awarded to beneficiaries for a trustee's breach of trust, and that such damages were available only in courts of equity due to their exclusive jurisdiction over actions involving a trustee's breach of his fiduciary duties, the Court stated:

> The Union's argument, however, conflates the two parts of our Seventh Amendment inquiry.  Under the dissent's approach, if the action at issue were analogous to an 18th-century action within the exclusive jurisdiction of the courts of equity, we would necessarily conclude that the remedy sought was also equitable because it would have been unavailable in a court of law.  This view would, in effect, make the first part of our inquiry dispositive.  We have clearly held, however, that the second part of the inquiry – the nature of the relief – is more important to the Seventh Amendment determination.  The second part of the analysis, therefore, should not replicate the "abstruse historical" inquiry of the first part, but requires consideration of the general types of relief provided by courts of law and equity.

5

*Id*. at 571 n.8.  Furthermore, Trustee Defendants' assertion that the Court in *Brown v. United*

*Missouri Bank, N.A.*, 78 F.3d 382 (8th Cir. 1996) did not apply the two-prong test is incorrect, as

the Eighth Circuit's decision indicates that the Court considered the nature of the relief sought,

determining that, while some of the beneficiaries' claims against the trustee bank were equitable,

one claim was legal and triable to a jury.  *Brown*, 78 F.3d at 387-88.

The Court finds that Trustee Defendants have failed to demonstrate error in the prior

ruling and have failed to present new facts or legal authority that they could not have previously

presented with due diligence.  Consequently, Trustee Defendants have failed to show any reason

justifying relief from the Court's previous Order.  The Court shall deny Trustee Defendants'

Motion for Reconsideration, and their request for oral argument.

Accordingly,

**IT IS HEREBY ORDERED** that  Trustee Defendants' Motion for Reconsideration

[ECF No. 1175] is **DENIED**.

Dated this  2nd  day of May, 2013.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

6