IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., SPECIAL DEPUTY RECEIVER OF LINCOLN MEMORIAL LIFE INSURANCE COMPANY, MEMORIAL SERVICE LIFE INSURANCE COMPANY, AND NATIONAL PREARRANGED SERVICES, INC., ET AL., <br><br>        Plaintiffs, <br>v. <br><br>J. DOUGLAS CASSITY; RANDALL K. SUTTON; BRENT D. CASSITY; J. TYLER CASSITY; RHONDA L. CASSITY; ET AL., <br><br>        Defendants. | Case No. 09-CV-1252-ERW |

**PLAINTIFF SDR'S MOTION TO COMPEL THE FOREVER ENTITIES'
RESPONSES TO THE SDR'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Jo Ann Howard and Associates, P.C., the Special Deputy Receiver ("SDR") of National Prearranged Services, Inc. ("NPS"), Lincoln Memorial Life Insurance Company ("Lincoln"), and Memorial Service Life Insurance Company ("Memorial") (collectively, the "Receivership Entities") hereby moves under Fed. R. Civ. P. 37(a) to compel Defendants Brentwood Heritage Properties, LLC; Forever Enterprises, Inc.; Forever Network, Inc.; Legacy International Imports, Inc.; Lincoln Memorial Services, Inc.; National Prearranged Services Agency, Inc.; and Texas Forever, Inc. d/b/a Forever All Faiths (collectively, the "Forever Entities")[1] to respond to Plaintiff SDR's First Set of Requests for Production of Documents.

---

[1] The "Forever Entities" are a subset of the "Forever Defendants," which consist of: Brentwood Heritage Properties, LLC; Forever Enterprises, Inc.; Forever Illinois, Inc.; Forever Network, Inc.; Legacy International Imports, Inc.; Lincoln Memorial Services, Inc.; National Heritage Enterprises, Inc.; National Prearranged Services Agency, Inc.; and Texas Forever, Inc. d/b/a Forever All Faiths. [*See* Doc. 753 at 1 n.1.] Two of the Forever Defendants—National Heritage Enterprises, Inc. and Forever Illinois, Inc.—were not served with requests for production and are therefore are not included in this motion to compel.

# CERTIFICATE OF CONFERENCE

Pursuant to E.D. Mo. L.R. 37 - 3.04(A) and Fed. R. Civ. P. 37(a)(1), Plaintiff SDR's counsel has made a good-faith attempt to resolve this dispute without Court intervention. The SDR served its First Set of Requests for Production on the Forever Entities ("RFPs") on April 12, 2013. A complete set of these RFPs are attached to this motion as Exhibit A. On May 10, 2013, counsel for the Forever Entities, Mr. Firmin Puricelli, left a voice message for the SDR's counsel conveying his clients' assertions that they have "no documents" related to these entities. Mr. Puricelli stated that his clients told him that "Texas took everything" and Brent Cassity had already provided to Plaintiffs any remaining emails he had retained. Mr. Puricelli also reported that Doug Cassity informed him that "he doesn't have anything" and that both he and Brent Cassity claim there is "nothing there."

On May 24, 2013, Plaintiff SDR's counsel sent a letter to Mr. Puricelli requesting a formal response to the SDR's RFPs and outlining various reasons why his clients' claims that there are "no documents" are incorrect. In that letter, counsel for Plaintiff SDR provided notice that the SDR would file a motion to compel unless it was advised by May 29, 2013, that a document production would be forthcoming. (Ex. B). Mr. Puricelli responded again by stating that his clients insist there are no documents to produce. Counsel for the SDR and counsel for the Forever Entities spoke again on May 29, 2013 by telephone regarding the SDR's RFPs, to determine whether a resolution could be reached without court intervention. The parties now agree that they are at an impasse, and Plaintiff SDR requests that this issue be addressed at the upcoming hearing currently scheduled for June 10, 2013, on other issues involving the Forever Defendants. Counsel for the SDR informed Mr. Puricelli on May 29th of this request, and Mr. Puricelli agrees this motion should be addressed at the hearing.

**DISCUSSION**

Under Fed. R. Civ. P. 34, a party to whom a discovery request is directed must provide a written response and produce documents responsive to the request. *See also Custom Hardware Eng'g & Consulting, Inc. v. Dowell*, No. 4:10CV00653 ERW, 2012 WL 10496, at *3 (E.D. Mo. Jan. 3, 2012) (noting that "[t]he party to whom the request is directed *must* respond" and "it is [the responding party's] burden to produce all responsive information"). The Forever Entities' mere oral assertions that "no documents" exist fail to satisfy the requirements of this rule, and this Court should compel these entities to formally respond to the SDR's RFPs.

Additionally, not only do the Forever Entities shirk their responsibility under Rule 34 by not filing any responses to the SDR's RFPs, they also try to evade their obligations by incorrectly claiming that they have no responsive documents to produce because "Texas [apparently referring to the SDR] took everything." Contrary to their assertions, however, and as set forth below, the SDR does not have possession of *any* Forever Entity documents created after May 2008, the month in which NPS, Lincoln, and Memorial were placed into receivership, nor does the SDR have the Forever Entities' pre-receivership documents that were stored on Defendant Forever Network's servers.

First, post-receivership documents not in the possession of the SDR should exist. Five of the Forever Entities were not administratively dissolved until after May 2008 and two of the entities continue to maintain active business status. (Ex. C). At least four of the seven Forever Entities engaged in business transactions after May 2008, including the sale of funeral goods, the performance of funeral services, the settlement of debt, and property transactions. (Exs. D-J).[2] In its RFPs, the SDR specifically requests documents related to these and other post-receivership

---

[2] Plaintiffs also have evidence that the Forever Network domain name was used after May 2008 and continues to be used by Defendant Doug Cassity. (Exs. E, K).

transactions that Plaintiffs allege involve the disposition of assets that were fraudulently purchased by the Forever Entities using pre-need funds. [*See* Ex. A; Doc. 916 at 57 ¶ 148.] Further, the Forever Entities twice filed (and later withdrew) counterclaims, [Docs. 641, 898], for which they presumably had supporting documents.

Second, as to pre-May 2008 Forever Entity documents, the SDR does not have possession of any such documents that were stored on Defendant Forever Network's electronic servers.[3] Those servers, which had been located at the NPS St. Louis office prior to receivership, were moved to another location at Doug and Brent Cassity's direction in May 2008. Doug and Brent Cassity directed Josh Prater, an IT consultant, to move those servers from the NPS St. Louis office before the SDR assumed control of the Receivership Entities. (*See* Exs. L-O). On May 17, 2008, Mr. Prater informed Doug and Brent Cassity by email that the "[f]lipping regulators were working and caught me in the office and told me that I shouldn't be there," so "I just grabbed all the[] servers forever needs and ran with them." (Ex. N). Two days later, Mr. Prater informed various Forever Entity employees that "[w]e have the physical servers . . . moved off-site and installed." (Ex. O).

Because at least some of the Forever Network servers removed by Mr. Prater contained programs that were used for accounting, operational, and email purposes, *see id.*, it is likely that documents responsive to the SDR's RFPs reside on these servers. Among other things, the SDR's RFPs seek accounting records, loan documents, financial statements, and email communications. These documents are important not only to Plaintiffs' fraudulent transfer and promissory note claims against the Forever Entities, but also to Plaintiffs' claims against other Defendants. For instance, documents showing pre-need funds being diverted out of the NPS Pre-

---

[3] While it is possible that the SDR may be in possession of back-up tapes containing data from some of these servers, this data is inaccessible unless the back-up tapes are restored, an expensive and burdensome process. The SDR also has no way knowing whether it has back-up tapes containing data from *all* the Forever Network servers.

Need Trusts for the benefit of the Forever Entities would be relevant to Plaintiffs' claims of breach of fiduciary duty against the Trustee Defendants. [Doc. 916 at 70 ¶ 195.] Emails on the Forever Network servers could demonstrate the RICO Defendants' knowledge of the fraudulent practices described in the Third Amended Complaint, and the Forever Entities' accounting records could also prove relevant to Plaintiffs' negligence claim against Defendant Brown Smith Wallace.

The Forever Entities should be compelled to state in writing whether the servers or any other electronic devices removed from the Receivership Entities' offices are still in existence and if so, their current location. If electronic media exists, the Forever Entities should be compelled to allow a vendor chosen by Plaintiff SDR to run searches on the electronic media for relevant documents, as described in Plaintiff SDR's proposed order included with this motion. If the media has been destroyed, the Forever Entities should be compelled to: (1) state the date(s) on which each item was destroyed; (2) identify the person(s) who destroyed each item; and (3) describe the means, manner, and/or action taken to destroy each item. If any device has been lost, has been transferred, or is missing, the Forever Entities should be required to state the specific circumstances surrounding the disposition of each such device and the date it occurred.

## CONCLUSION

The SDR respectfully requests that the Court issue an order compelling the Forever Defendants to respond to the SDR's First Set of Requests for Production as detailed in Plaintiff SDR's proposed order attached to this motion. The SDR also requests that this motion be addressed at the upcoming hearing on June 10, 2013.

Dated this 31st day of May, 2013.

       Respectfully submitted,

       *s/ Wendy B. Fisher*
       Daniel M. Reilly (Admitted *Pro Hac Vice*)
       Larry S. Pozner, E.D. Missouri Bar No. 2792CO
       Wendy B. Fisher (Admitted *Pro Hac Vice*)
       Glenn E. Roper (Admitted *Pro Hac Vice*)
       Clare S. Pennington (Admitted *Pro Hac Vice*)
       Farrell A. Carfield (Admitted *Pro Hac Vice)*
       Mark Premo-Hopkins (Admitted *Pro Hac Vice)*
       Lauren G. Jaeckel (Admitted *Pro Hac Vice)*
       Sean Connelly (Admitted *Pro Hac Vice)*

       Reilly Pozner LLP
       1900 16th Street, Suite 1700
       Denver, CO 80202
       (303) 893-6100


       Maurice B. Graham, Bar No. 3257
       Morry S. Cole, Bar No. 77854
       Gray, Ritter & Graham, P.C.
       701 Market Street, Suite 800
       St. Louis, MO 63101
       (314) 241-5620

       Attorneys for Plaintiffs Jo Ann Howard and Associates, P.C., in its capacity as Special Deputy Receiver of Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc.; the National Organization of Life and Health Insurance Guaranty Associations; the Missouri Life & Health Insurance Guaranty Association; the Texas Life & Health Insurance Guaranty Association; the Illinois Life & Health Insurance Guaranty Association; the Kansas Life & Health Insurance Guaranty Association; Oklahoma Life & Health Insurance Guaranty Association; the Kentucky Life & Health Insurance Guaranty Association; and the Arkansas Life & Health Insurance Guaranty Association

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2013, the foregoing PLAINTIFF SDR'S MOTION TO COMPEL THE FOREVER ENTITIES' RESPONSES TO THE SDR'S FIRST SET OF REQUESTS FOR PRODUCTION was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

I hereby further certify that on May 31, 2013, the foregoing was mailed by United States Postal Service to the following non-participants in Electronic Case Filing:

| | |
|---|---|
| Randall J. Singer<br>10833 Forest Circle Dr.<br>St. Louis, MO  63128<br>*Pro se* | J. Douglas Cassity<br>P.O. Box 16220<br>St. Louis, MO  63105<br>*Pro se* |
| James M. Crawford<br>418 Pine Bend Drive<br>Chesterfield, MO  63005<br>*Pro se* | Tony B. Lumpkin, III<br>6508 Cuesta Trail<br>Austin, TX  78730<br>*Pro se* |
| Nekol Province<br>1525 Greenfield Crossing<br>Ballwin, MO 63021<br>*Pro se* | |

            *s/ Wendy B. Fisher*
            Wendy B. Fisher
            (Admitted *Pro Hac Vice)*

            Attorney for Plaintiffs