UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )   Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

On June 10, 2013, this matter came before the Court for a motion hearing on "Plaintiffs' Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants" [ECF No. 1173], and on a "Motion to Withdraw as Counsel" filed by counsel for Forever Defendants [ECF No. 1191]. The term "Forever Defendants" refers collectively to Defendants Brentwood Heritage Properties, LLC; Forever Enterprises, Inc.; Forever Illinois, Inc.; Forever Network, Inc.; Legacy International Imports, Inc.; Lincoln Memorial Services, Inc.; National Heritage Enterprises, Inc.; National Prearranged Services Agency, Inc.; and Texas Forever, Inc.

Plaintiff Jo Ann Howard & Associates, P.C., has been appointed to serve as the Special Deputy Receiver ("SDR") of three companies, National Prearranged Services Agency, Inc. ("NPS"); Lincoln Memorial Life Insurance Co.; and Memorial Service Life Insurance Co. In the instant case, Plaintiff Jo Ann Howard & Associates, in its capacity as the SDR, has asserted, against numerous defendants, claims such as violation of the RICO Act, 18 U.S.C. § 1962(d), breach of fiduciary duty, and gross negligence. Other plaintiffs include national and individual

state life and health insurance guaranty associations.

In his Motion to Withdraw as Counsel, Firmin A. Puricelli requests leave to withdraw as counsel for Forever Defendants, claiming that the modest retainer he received from his clients when they engaged his services is now fully depleted, and that "Forever Defendants have indicated that they are entirely without resources to pay any additional fee for [his] representation or assets to utilize to arrange for such fee" [ECF No. 1191]. Mr. Puricelli further claims that he has difficulty communicating with Forever Defendants and their officers, and that he is unable to continue to represent them without clear lines of communication. He alleges that he has notified his clients of his intention to withdraw, and of their need to hire new counsel.

In their Response to the Motion to Withdraw, Plaintiffs contend that allowing Forever Defendants' counsel to withdraw prior to their retention of new counsel would cause the entities to proceed pro se, which the law does not allow [ECF No. 1194]. Plaintiffs also argue that if Mr. Puricelli is allowed to withdraw before Forever Defendants secure replacement counsel, his withdrawal would also likely result in the entities' failure to respond to Plaintiffs' recent discovery requests directed to the defendants. Consequently, Plaintiffs request that the Court condition any grant to Mr. Puricelli for leave to withdraw, upon Forever Defendants' retention of replacement counsel.

In their Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants [ECF No. 1173], Plaintiffs seek the Court's assistance in enforcing its Amended Memorandum and Order, dated August 14, 2012 [ECF No. 1110], which ordered Forever Defendants to pay to Plaintiffs, as costs and attorneys' fees, the amount of $7,693.85. Plaintiffs

allege that they have made repeated demands upon Forever Defendants, by written correspondence and telephone conversations with Forever Defendants' counsel, Mr. Puricelli, for payment of the awarded costs and fees. Plaintiffs further allege that when Forever Defendants failed to pay the fees, and made no promise to do so, they sent a final letter to Mr. Puricelli on January 17, 2013, demanding payment by the close of business on February 18, 2013, and announcing their intention to file a motion to enforce the Court's order if full payment was not tendered by that date. Plaintiffs claim that when they received no reply, they telephoned Mr. Puricelli, who confirmed that Forever Defendants do not intend to pay Plaintiffs' awarded fees. On March 27, 2013, this Court issued an Order, directing Forever Defendants to show cause why Plaintiffs' Motion to Enforce Payment should not be granted and sanctions imposed [ECF No. 1181].

In their "Response to Order to Show Cause," Forever Defendants claim they are financially unable to pay the fees, and they suggest that the attorneys' fees award be taxed as costs following resolution of the case [ECF No. 1186]. In "Plaintiffs' Reply to the Forever Defendants' Response to Order to Show Cause," they request that the Forever Defendants be ordered to submit financial documentation supporting their claimed lack of financial resources, or, alternatively, that Plaintiffs be allowed to conduct discovery into the entities' financial condition [ECF No. 1187].

During the hearing, Plaintiffs requested, without objection by Defendants, to present argument on another motion pending before the Court, "Plaintiff SDR's Motion to Compel the Forever Entities' Responses to the SDR's First Set of Requests for Production" [ECF No. 1207]. In this Motion, Plaintiff SDR moves under Federal Civil Procedure Rule 37(a), to compel

3

Forever Defendants to respond to Plaintiffs' request for documents, which sought, among other things, financial statements, and documents relating to promissory notes, asset acquisitions, wire transfers, entity ownership transfers, loans, and forbearance agreements [ECF No. 1207-1]. Plaintiff SDR certifies that it has made a good-faith attempt to resolve the dispute without Court intervention, but that the parties agree that they have reached an impasse. Plaintiff SDR claims that counsel for Forever Defendants has conveyed his clients' assertions that they have "no documents" related to these entities, and that "Texas took everything." Plaintiff SDR further claims that Brent Cassity and Doug Cassity, officers of Forever Defendants, both state that they do not "have anything," and there are no documents to be produced.

In this Motion to Compel, Plaintiff SDR states that, contrary to the officers' assertions, the SDR does not have possession of any Forever entity documents created after May 2008 (when the receivership was established), nor does the SDR have the Forever entities' pre-receivership documents that were stored on Defendant Forever Network's servers. Plaintiff SDR submitted documentary evidence indicating that a subset of the Forever Defendants, "Forever Entities" (comprised of Brentwood Heritage Properties, LLC; Forever Enterprises, Inc.; Forever Illinois, Inc.; Forever Network, Inc.; Legacy International Imports, Inc.; Lincoln Memorial Services, Inc.; National Prearranged Services Agency, Inc.; and Texas Forever, Inc. d/b/a Forever All Faiths), are or should be in possession of financial documents, that Forever Network servers were taken from NPS's St. Louis office prior to receivership, and that at least four of the Forever Entities have engaged in post-receivership business transactions [ECF Nos. 1207-4 through 1207-15].

After hearing argument, the Court directed Plaintiffs to submit, within seven (7) of the hearing, a proposed order with a detailed list of the financial documents they desire Forever Defendants to produce in support of the defendants' claimed inability to pay. On June 17, 2013, Plaintiffs filed "Plaintiffs' Notice Regarding Proposed Order Granting Plaintiffs' Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants and Compelling the Production of Financial Documents by the Forever Defendants [ECF No. 1213], and "[Proposed] Order Granting Plaintiffs' Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants and Compelling the Production of Financial Documents by the Forever Defendants [ECF No. 1213-2]. In their Notice, Plaintiffs state that counsel for Forever Defendants disclosed during the hearing his clients' intention to not retain replacement counsel, and Plaintiffs request that the Court hold the defendant entities' officers and directors personally responsible for compliance with any Order issued.

After examining the record, hearing argument, and reviewing Plaintiffs' proposed Order, the Court will grant, in part, Plaintiffs' Motion to Compel the Forever Entities' Responses to the SDR's First Set of Requests for Production [ECF No. 1207]. The Court will not, at this time, order all documents requested, because the Court believes it will be impractical for the Forever entities to produce all documents within the time frame allowed. The Court will order Forever Entities to produce, within twenty (20) days of this Order, the following documents:

    1. Monthly, quarterly, and year-end financial statements of each Forever Defendant and each of their subsidiaries for the period beginning January 2007, and continuing through the present date;

    2. Bank and investment account statements of each Forever Defendant and each of

their subsidiaries for the period beginning January 2007, and continuing through the present date;

3. Accounting ledgers (such as general ledgers), accounting journals, accounting files, and other accounting records of each Forever Defendant and each of their subsidiaries for the period beginning January 2007, and continuing through the present date;

4. Financial or cash management plans, internal financial audits, and any other analyses of the current or future financial condition of any Forever Defendant and its subsidiaries;

5. Titles, property and other assessments, appraisals, purchase and sale agreements, release agreements (including but not limited to the release agreement between Forever Network, Inc. and Brian May), management agreements, and other Documents related to any properties of any kind that are or have been owned or leased by any Forever Defendant and any subsidiary of any of the Forever Defendants from January 2007 to the present;

6. Loan agreements, subordination agreements, forbearance agreements, promissory notes, and other Documents executed between January 2007 to the present, relating to any loans issued to or from any of the Forever Defendants and/or any subsidiary of any of the Forever Defendants; and

7. Purchase or sale agreements and any other Documents related to the purchase, sale, or transfer of inventory or other assets to or from any Forever Defendant and any Forever Defendants' subsidiary, including but not limited to transfers of assets to a third party or to a related party, from January 2007 to the present.

The term "document" is used in the broadest extent permitted by Federal Civil Procedure Rule 34(a)(1), and includes without limitation: all writings, correspondence, records, reports, memoranda, notes, contracts, agreements, statements, invoices, minutes, accounting and financial books, working papers, data or information stored on a computer or any computer disk or service, electronic communications, and other written, printed, stored, or recorded material or statements of any kind.

Within twenty (20) days of this Order, each Forever Defendant shall submit to the Court

and Plaintiffs a list of all properties and assets currently owned by that Forever Defendant, including but not limited to commercial properties, residential properties, vehicles, inventory, and office equipment.  Furthermore, each Forever Defendant shall to submit to the Court and to Plaintiffs, within twenty (20) days of this Order, an affidavit signed by an officer or director of each respective Forever Defendant entity identifying any documents that were destroyed or are no longer available, and shall also describe in the affidavit with specificity the circumstances which have caused the documents to be unavailable.

Corporate officers hold corporate books in a representative capacity subject to the corporate duty, and corporate officers are obligated to produce corporation documents within their custody when called for by proper process.  *See Braswell v. United States*, 487 U.S. 99, 106-10 (1988).  It is axiomatic that an artificial entity can only act to produce its records through its individual officers or agents.

> A command to the corporation is in effect a command to those  who are officially responsible for the conduct of its affairs.  If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience, and may be punished for contempt.

*Wilson v. United States*, 221 U.S. 361, 376 (1911).  A cursory review of the Secretary of State information submitted by Plaintiffs regarding the officers and directors of the Forever Defendants reveals that the entities' current and former officers and directors include individuals who are already named party defendants in this matter, and thus subject to this Court's jurisdiction. District courts possess inherent powers "to manage [their] affairs so as to achieve the orderly and expeditious disposition of cases."  *Westcott Agri-Prods., Inc. v. Sterling State Bank, Inc.*, 682 F.3d 1091, 1095 (8th Cir. 2012).  This Court has not only the power to compel the current and

former corporate officers and directors of Forever Defendants to perform their custodial obligations and produce, in accordance with this Order, the responsive financial documents that they hold. or held, in their official capacity, but also the authority to hold in contempt those corporate representatives who fail to perform as ordered. *See Wilson*, 221 U.S. at 385-86; Fed. R. Civ. P. 26; Fed. R. Civ. P. 34.

The Court is sympathetic to Mr. Puricelli's situation in this case, and is generally reluctant to require lawyers to act as indentured servants for uncooperative clients who can or will not pay for their services. However, the Court also recognizes that allowing Forever Defendants' counsel to withdraw at this time will result in those entities being without counsel, unable to proceed pro se, and likely, failure by those entities to respond to Plaintiffs' discovery requests and to comply with the Court's orders. Therefore, the Court will hold in abeyance its ruling on counsel's Motion to Withdraw as Counsel [ECF No. 1191], and its ruling on Plaintiffs' Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants [ECF No. 1173]. These motions will considered by the Court after Forever Defendants produce the documents, as directed above, within twenty (20) days of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiff SDR's Motion to Compel the Forever Entities' Responses to the SDR's First Set of Requests for Production" [ECF No. 1207], is **GRANTED in part.** Within twenty (20) days, Forever Entities shall produce all financial records and documents, in accordance with, and as specified in, this Order.

**IT IS FURTHER ORDERED** that the Motion to Withdraw [ECF No. 1191] filed by counsel for Forever Defendants, and Plaintiffs' Motion to Enforce Court Order Requiring

Payment of Fees [ECF No. 1173] shall be held in abeyance, to be considered by this Court after Forever Defendants produce the documents, as directed above, within twenty (20) days of this Order.

Dated this __24th__ day of June, 2013.

_E. Richard Webber_ (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE