UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.,* | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on "Plaintiff's Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants" [ECF No. 1173], Forever Defendants' "Motion to Withdraw as Counsel" [ECF No. 1191], and "Plaintiffs' Unopposed Motion for Order Requiring Personal Presence of Forever Defendants' Officers and Directors and Other Defendants for Questioning at September 11 Hearing" [ECF No. 1258].

Plaintiff Jo Ann Howard & Associates, P.C., has been appointed to serve as the Special Deputy Receiver ("SDR") of three companies, National Prearranged Services Agency, Inc. ("NPS"); Lincoln Memorial Life Insurance Co.; and Memorial Service Life Insurance Co.  In the instant case, Plaintiff Jo Ann Howard & Associates, in its capacity as the SDR, has asserted, against numerous defendants, claims such as violation of the RICO Act, 18 U.S.C. § 1962(d); breach of fiduciary duty; and gross negligence.  Other plaintiffs include national and individual state life and health insurance guaranty associations.

The term "Forever Defendants" refers collectively to Defendants Brentwood Heritage Properties, LLC; Forever Enterprises, Inc.; Forever Illinois, Inc.; Forever Network, Inc.; Legacy

International Imports, Inc.; Lincoln Memorial Services, Inc.; National Heritage Enterprises, Inc.; NPS; and Texas Forever, Inc.  These entities are part of a larger consortium of related entities that are all ultimately owned by a family trust of the St. Louis-based Cassity family, whose members include Doug Cassity.  Defendant Howard Wittner served as a trustee of a trust in this matter, was an officer and director of several of the Forever Defendants, and provided services as general counsel and outside counsel to the Forever entities.  Defendant Wittner law firm also served as outside counsel to the entities.

On June 10, 2013, this matter came before the Court for a hearing on "Plaintiff's Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants" [ECF No. 1173] and Forever Defendants' "Motion to Withdraw as Counsel" [ECF No. 1191].  During the hearing, Plaintiffs requested, without objection by Defendants, to present argument on another motion then pending before the Court, "Plaintiff SDR's Motion to Compel the Forever Entities' Responses to the SDR's First Set of Requests for Production" [ECF No. 1207].   In that Motion, Plaintiff SDR moved , under Federal Civil Procedure Rule 37(a), to compel Forever Defendants to respond to Plaintiffs' request for documents, which sought, among other things, financial statements, and documents relating to promissory notes, asset acquisitions, wire transfers, entity ownership transfers, loans, and forbearance agreements.

After hearing argument, the Court directed Plaintiffs to submit, within seven (7) days of the hearing, a proposed order with a detailed list of the financial documents they desired Forever Defendants to produce in support of the defendants' claimed inability to pay the attorney fees as ordered.  After examining the record, hearing argument, and reviewing Plaintiffs' proposed Order, the Court granted, in part, Plaintiffs' Motion to Compel the Forever Entities Responses to

2

the SDR's First Set of Requests for Production, on June 24, 2013, and ordered Forever Defendants to produce, within twenty (20) days of the Order, seven categories of documents, including certain financial records, and a listing of all properties and assets currently owned by each Forever Defendant [ECF No. 1216].

In the June 24 Order, the Court noted the obligation of corporate officers to produce documents within their custody, when called for by proper process. *See Braswell v. United States*, 487 U.S. 99, 106-10 (1988). The Court also noted the officers and directors of the Forever Defendants, as named party defendants in this matter, were subject to the Court's jurisdiction, giving it the power to compel the current and former corporate officers and directors to produce the responsive financial documents within their possession, and the power to hold in contempt those who fail to perform as ordered. *See Wilson v. United States*, 221 U.S. 361, 376, 385-86 (1911).

The Court recognized that allowing Forever Defendants' counsel to withdraw prior to the production of the documents would result in those entities being without counsel, unable to proceed pro se; and, likely, failure by the entities to respond to Plaintiffs' discovery requests and to comply with the Court's orders. Consequently, the Court held in abeyance its ruling on the Motion to Withdraw as Counsel, and Plaintiffs' Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants, stating that it would consider these two motions after Forever Defendants produced the documents as directed.

On August 23, 2013, the Court entered an Order directing counsel for Plaintiffs and counsel for Forever Defendants to appear before it to address the status of pending Motion to Enforce Payment of fees [ECF No. 1173], Motion to Withdraw as Counsel of Record for Forever

Defendants [ECF No. 1191], and Forever Defendants' production of financial papers and documents in accordance with the Court's June 24 Order [ECF No. 1216]. The Court set the matter to be heard on September 11, 2013 [ECF No. 1252].

On September 4, Plaintiffs filed their unopposed motion for an order requiring the personal presence of Forever Defendants' officers and directors, and other Forever Defendants, in Court, in order to obtain information concerning requested and produced documents, and to effectuate this Court's authority [ECF No. 1258]. On September 5, 2013, the Court entered an Order stating Plaintiff's motion to compel attendance would be addressed at the September 11 hearing [ECF No. 1259]. The Court will deny the motion to compel attendance, as moot, due to the parties' report regarding discovery production, which indicated the location of a substantial amount of files, servers, and electronic equipment had been discovered and would be turned over to Plaintiffs. The Court's ruling is also based on certain representations made by counsel for the Forever Entities, and Defendant Doug Cassity during the hearing.

Counsel for Plaintiffs, counsel for Forever Defendants, and counsel for Wittner Defendants appeared before the Court on September 11, 2013 [ECF No. 1261]. The Court inquired regarding the status of discovery production. Firmin Puricelli, counsel for Forever Defendants, apprised the Court that, with the cooperation of Defendant Doug Cassity, he had discovered the location of numerous corporate records and files for the Forever entities, as well as several of the companies' computer servers, hard drives, and other electronic storage devices and equipment. Mr. Puricelli further stated that the records, files and computer equipment were stored at cemeteries, formerly owned by Forever entities, but now in the possession of judgment creditors. Mr. Puricelli informed the Court that he had arranged meetings between Plaintiffs'

counsel and the judgment creditors in possession of the property, and that the judgment creditors had allowed Plaintiffs to inspect and photograph the stored property of the corporate defendants. Mr. Puricelli also told the Court that one of the judgment creditors used some of these records in its provision of funeral services, and urged that they not be removed from the cemetery property where they were stored.  However, Mr. Puricelli indicated that the judgment creditor would not deny access to the stored property.

After describing his efforts to uncover and produce requested discovery information, Mr. Puricelli reiterated his desire to withdraw, assuring the Court that he had attempted to comply with the Court's Order to the best of his ability.  However, as the hearing progressed, and arguments and exhibits offered by Plaintiffs' counsel revealed that significant work remained to facilitate discovery compliance, Mr. Puricelli informed the Court that he would stay in the case to assist the process.  The Court wishes to express its appreciation for Mr. Puricelli's willingness to remain in the case.  In view of the repeated failures of Forever Defendants to comply with the rules of discovery, and in order to assure greater cooperation by Forever Defendants with Plaintiffs' information requests, the Court will deny the Motion to Withdraw [ECF No. 1191].

During the hearing, Plaintiffs requested the Court to enter an Order waiving privilege asserted by various defendants as to certain documents.  Plaintiffs contended waiver is appropriate due to the discovery costs they have incurred and expended in their effort to obtain information that was hindered by the defendants' deceitful behavior, over the course of two years.  Plaintiffs detailed a pattern and practice of deception and disruption exhibited by the numerous defendants throughout the discovery process.  Plaintiffs reported Forever Defendants' initial disclosures, dated August 25, 2011, state "Defendants have no documents in their

5

possession relevant to disputed facts." Plaintiffs further asserted that, on May 10, 2013,  Forever Defendants counsel left a voice mail message for Plaintiffs' counsel, stating his clients had informed him they have no documents, and "Texas took everything."

On May 12, Forever Defendants failed to respond to discovery, and Plaintiffs filed a motion to compel.  On May 29, 2013, Forever Defendants' counsel confirmed by telephone to Plaintiffs that his clients insisted there were no documents to produce.  During a June 10 hearing, Forever Defendants again stated they had no documents to produce, claimed  the companies were insolvent, and insisted there were no assets.   Forever Defendants failed to respond to new discovery on July 28.  However, as discussed above, on July 30, 2013, Forever Defendants advised the Court that they were able to locate several boxes of information, which have been stored at cemeteries formerly owned by certain Forever entities.  Forever Defendants have not filed a privilege log to raise attorney-client or work product privilege objections to the newly disclosed information, and have not identified any files, documents, or other information they are seeking to withhold.

Plaintiffs also reported Howard Wittner, who served as an officer and director of two of the Forever entities, states that he did not possess, and never possessed any documents referenced in the first four categories of this Court's June 24 Order, and, as to the last three categories of documents, he identifies any responsive documents in a privilege log.  These last three categories of documents, labeled 5, 6, and 7 in the Court's June 24 Order, were described as follows:

> 5. Titles, property and other assessments, appraisals, purchase and sale agreements, release agreements (including but not limited to the release agreement between Forever Network, Inc. and Brian May), management agreements, and other Documents related to any properties of any kind that are or have been owned or leased by any Forever Defendant and any subsidiary of any of the Forever

6

>Defendants from January 2007 to the present;
>
>6. Loan agreements, subordination agreements, forbearance agreements, promissory notes, and other Documents executed between January 2007 to the present, relating to any loans issued to or from any of the Forever Defendants and/or any subsidiary of any of the Forever Defendants; and
>
>7. Purchase or sale agreements and any other Documents related to the purchase, sale, or transfer of inventory or other assets to or from any Forever Defendant and any Forever Defendants' subsidiary, including but not limited to transfers of assets to a third party or to a related party, from January 2007 to the present.

[ECF No. 1216].

Forever Defendants, as proof of counsel's recent attempt to comply with Plaintiffs' production requests and the June 24 Order, submit a letter written to Mr. Puricelli by counsel for the Wittner Defendants, which conveys the position Plaintiffs report, in response to Forever Defendants' inquiry regarding documents in the Wittner Defendants' possession [ECF No. 1232-10]. In this letter, Wittner Defendants state, "It _may_ be that the Wittner firm provided legal services and generated documents that arguably fall within the categories of documents labeled 5, 6, and 7 in Judge Webber's Order. If the Wittner firm indeed possesses any such documents, the Firm identified any such documents in its privilege log previously provided to Plaintiffs."

During the September 11, 2013 hearing, Plaintiffs reported that Wittner Defendants' law firm, having asserted privilege as to approximately 500 withheld documents, has produced no documents responsive to their requests for production. Paul Simon, counsel for Wittner Defendants, addressed the Court to clarify that his clients possessed 76 bankers boxes containing files relating to this matter, and that Wittner Defendants had produced to Plaintiffs a 47-page privilege log, listing documents in those files.

The nature of the three described categories of documents, and Wittner Defendants'

7

response to the Forever Defendants' inquiry, reveal that the privilege claimed as to the withheld documents is asserted on behalf of Forever Defendants by the Wittner firm.  However, as previously noted, Forever Defendants, the holders of the privilege, have not filed a log to raise attorney-client or work product privilege objections to the newly disclosed information, and have not identified any files, documents, or other information they are seeking to withhold.   The Court further notes that individual Defendant Howard Wittner did not act solely as a legal advisor to Forever Defendants, but also actively participated in the conduct of business as an officer and director of certain Forever entities, making him responsible for production of properly requested information.

     The Court finds Wittner Defendants have failed to comply with its June 24 Order directing production.  Federal Civil Procedure Rule 37 provides district courts broad discretion to sanction parties that fail to obey an order to provide or permit discovery.  Rule 37(b)(2) provides a non-exclusive list of sanctions district courts may issue for not obeying a court order where an action is pending.  Fed. R. Civ. P. 37(b)(2)(A).  The remedies listed in Rule 37(b) (2)(A) include prohibiting the disobedient party from supporting or opposing designated claims or defenses, and treating as contempt of court the failure to obey any discovery order except an order to submit to a physical or mental examination.  Fed. R. Civ. P. 37(b)(2)(A)(ii), (vii).  Among other sanctions, including entry of default against defendants, Plaintiffs ask the Court to deem waived any objections or claims of privilege asserted by Forever Defendants or Wittner Defendants on Forever Defendants' behalf, and to compel the production of all withheld documents.

     When a party objects to a document request, Federal Civil Procedure Rule 34(b) requires the party to state its reasons for the objection.  Fed. R. Civ. P. 34(b).  "If the party withholds

'otherwise discoverable' documents on the basis of privilege, 'the party shall make the claim expressly and shall describe the nature of the documents . . . in a manner that, without revealing information itself privileged . . ., will enable other parties to assess the applicability of the privilege . . .." *United States v. Philip Morris, Inc.*, 347 F.3d 951, 954 (D.D.C. 2003) (citing to Fed. R. Civ. P. 26(b)(5)).  Where a Court determines that an objection does not cover an allegedly privileged document, or that the objection was not made in good faith as required by Federal Civil Procedure Rule 26(g), the Court may decide whether the objecting party should be deemed to have waived the privilege. *Id.*  "Waiver is not automatic, particularly if the party reasonably believed that its objections applied to the document." *Id.*

"[W]aiver of privilege is a serious sanction most suitable for cases of unjustified delay, inexcusable conduct, and bad faith." *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 426 (D. Minn. 2012) (internal quotations and citations omitted).  Upon weighing the severity of waiving the privilege afforded attorney-client communications against the conduct of the defendants during the course of discovery, the Court finds that waiver of privilege concerning the documents possessed by the Wittner Defendants, Forever Defendants, and Forever Defendants' corporate officers and directors is appropriate.   Plaintiffs have expended substantial resources and have incurred unnecessary discovery costs in their effort to obtain information that was hindered, over the course of two years, by the defendants' discovery abuses and their deceitful and dilatory behavior.  The record reveals a lack of a good faith effort on behalf of Forever Defendants and Wittner Defendants to produce responsive documents or to comply with the Court's Order.  The Court further finds that Forever Defendants have waived any objections to the discovery requests at issue, including those based on attorney-client privilege and work-

9

product doctrine.  Wittner Defendants must provide revised responses to Plaintiffs' Requests for Production, removing all objections and otherwise complying with the Court's directions in its June 24 Order.

Subsection (b)(2)(C) of Rule 37 provides that a court must additionally order the disobedient parties, the attorney advising the parties, or both, to pay the reasonable expenses, including attorney's fees, caused by the failure to comply, unless the failure was substantially justified, or other circumstances cause such an award to be unjust.  Fed. R. Civ. P. 37(b)(2)©.  However, "Plaintiff's Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants" [ECF No. 1173], shall be held in abeyance, subject to examination of documents to be supplied by the Forever Defendants' Officers and Directors, who are also named as individual defendants in this matter, and who are subject to contempt sanctions for failure to take appropriate action within their power for the performance of the corporate duty.  *See Wilson*, 221 U.S. at 376.

In a separate Order, dated September 13, 2013, the Court has directed the United States Marshal Service for the Eastern District of Missouri to supervise seizure of all Cassity and Forever Defendants' files and electronic equipment currently located at Bellerive Cemetery in Creve Coeur, Missouri, and at Forever Oak Hill Cemetery, in Kirkwood, Missouri [ECF No. 1273].  Those documents are now in the possession of Plaintiff.  All interested parties will have access to these documents upon a showing of good cause.

Accordingly,

**IT IS HEREBY ORDERED** that the "Motion to Withdraw as Counsel" [ECF No. 1191] filed by counsel for Forever Defendants is **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiffs' Unopposed Motion for Order Requiring Personal Presence of Forever Defendants' Officers and Directors and Other Defendants for Questioning at September 11 Hearing" [ECF No. 1258] is **held in ABEYANCE**, due to receipt of most recent information**.**

**IT IS FURTHER ORDERED** that "Plaintiff's Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants" [ECF No. 1173] is **held in ABEYANCE**, subject to examination of documents to be supplied by the Wittner Defendants and Forever Defendants' Officers and Directors, who are also named as individual defendants in this matter.

**IT IS FURTHER ORDERED** that any attorney/client privilege that could be asserted concerning all Cassity and Forever Defendants' files, documents, computer servers, hard drives, and other electronic devices, from the Forever Oak Hill Cemetery (consisting of approximately 200 boxes of files) and the Bellerieve Cemetery (consisting of approximately 60 boxes of files and electronic equipment located in a shed) shall be waived.

**IT IS FURTHER ORDERED** that any attorney/client privilege that has been asserted concerning all documents listed in the 47-page privilege log, prepared by Wittner Defendants on behalf of Forever Defendants, and produced to Plaintiffs, shall be waived.  Wittner Defendants shall provide revised responses to Plaintiffs' Requests for Production, removing all objections and otherwise complying with the Court's directions in its June 24 Order.

**IT IS FURTHER ORDERED** that Defendants Doug Cassity, Brent Cassity, and J. Tyler Cassity shall produce to Plaintiffs all personal banking statements, credit card statements, and financial statements pertaining to the financial status of said individuals, for the period between

July 1, 2011 to present.

Dated this ___18th___ day of September, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE

12