UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV01252 ERW ) |
| J. DOUGLAS CASSITY, *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on "Plaintiff SDR's Motion to Compel the Production of Documents by Defendant Southwest Bank [ECF No 1209].

Plaintiff Jo Ann Howard & Associates, P.C., has been appointed to serve as the Special Deputy Receiver ("SDR") of three companies, National Prearranged Services Agency, Inc. ("NPS"); Lincoln Memorial Life Insurance Co. ("Lincoln"); and Memorial Service Life Insurance Co ("Memorial"). In the instant case, Plaintiff Jo Ann Howard & Associates, in its capacity as the SDR, has asserted, against numerous defendants, claims such as violation of the RICO Act, 18 U.S.C. § 1962(d); breach of fiduciary duty; and gross negligence. Other plaintiffs include national and individual state life and health insurance guaranty associations.

NPS, Lincoln, and Memorial are part of a larger consortium of related entities that are all ultimately owned by a family trust of the St. Louis-based Cassity family. Defendant Southwest Bank, Plantiffs allege, acted as trustee for certain NPS Pre-Need Trusts between December 2005 and June 2006. Southwest Bank also acted as trustee for two non-NPS pre-need trusts from May 2005 to the date of the receivership.

In their Motion, Plaintiffs move under Federal Rule of Civil Procedure 37(a) to compel Defendant Southwest Bank to produce documents they allege are improperly withheld in response to Plaintiffs' First Set of Requests for Production to Southwest Bank ("RFP's"), which sought documents related to Defendant Southwest Bank's extensive banking and lending relationships with NPS, and other defendants in this matter.  Plaintiffs assert they have made a good-faith attempt to resolve this dispute without Court intervention, detailing various communications between them and the defendant to discuss deficiencies in Defendant Southwest Bank's responses to their RFP's, and asserting that, at the conclusion of their discussion, Defendant Southwest Bank confirmed that it was unwilling to produce the requested documents. According to Plaintiffs, the only stated basis for the refusal is Defendant Southwest Bank's denial that it acted as a trustee for NPS pre-need trusts and conclusory assertion that the documents are irrelevant.  Plaintiffs argue that it is improper at this stage in the litigation to consider the merits of the defendant's defense that was not a trustee; and regardless, they have identified numerous documents supporting such an allegation.

In support of their claim that Southwest Bank acted as trustee for several of the etities, Plaintiffs submitted a letter, dated March 4, 2005, written to Defendants Howard Wittner and Mike Butler on Southwest Bank stationery, discussing "Forever Enterprises/NPS Relationship" [ECF No. 1210-7].  Plaintiffs also offered  several communications from Forever Enterprises, dated June 24, 2005, June 29, 2005, and December 18, 2006, addressed to "Southwest Bank and Trust," directing wire-transfer of funds from a pre-need trust to a Texas bank account for Lincoln [ECF No. 1211-1], and, as well, they submitted Southwest Bank receipts for deposits made to the pre-need trust account [ECF No. 1211-2].  Plaintiffs contend the documents relating to the

defendant's banking relationship with NPS and other named defendants are relevant, even if Defendant Southwest Bank could substantiate its defense.

In its Response to Plaintiff's Motion to Compel, Defendant Southwest Bank claims the document requests are improper for several reasons, but chiefly because Southwest Bank was never a trustee and therefore is not a proper party to this suit [ECF No. 1224]. Defendant Southwest Bank claims its business with the pre-need trusts was limited to banking activities, which are not at issue here, because the SDR's claims arise solely from breaches of trust duties. Defendant Southwest Bank also argues it should not be required to produce its documents because, if the Court had not previously imposed a stay in this proceeding, it could have served contention interrogatories or deposed the SDR regarding its basis for naming Southwest Bank as a trustee, and then filed a summary judgment motion when the SDR failed to produce evidence. It further contends the requests are objectionable because they are not properly limited to the time period when it and a trust company were allegedly trustees and because the requests are not properly limited in scope to the Complaint allegations relating to its breach-of-trust claims. Defendant Southwest Bank states that it objected to four requests, Nos. 12, 16, 23, and 30, as not limited to its trust activities, or in temporal scope or subject matter: 1) any record related to banking services provided to any Defendant; 2) any communication between Southwest Bank and any other Defendant; 3) any document related to the ownership of and affiliations between NPS, Lincoln, Memorial, and any other entity; and 4) all meeting minutes or notes where any Defendant was mentioned.

Plaintiffs filed their Reply in support of their Motion to Compel [ECF No. 1243]. They contend Defendant Southwest Bank was a trustee, and assert the defendant's "new" objections

3

claiming the RFP's are not appropriately limited in time or scope, have been waived and are meritless.  Plaintiffs argue that neither the court-imposed stay nor the defendant's proposed summary judgment motion excuses it from producing the requested documents.  They claim their RFP's are appropriately tailored to obtain relevant documents, as the SDR is entitled to documents that show: 1) the origin and extent of Southwest Bank's relationship with the other defendants; 2) the information that Southwest Bank and Marshall & Isley had about the operations and financial condition of the involved entities; and 3) the diversion of trust assets to various defendants' Southwest Bank accounts.

On its own Motion, the Court set this matter for hearing, directing counsel for plaintiffs and Defendant Southwest Bank to appear before the Court on this date to address the pending Motion to Compel Production of Documents [ECF Nos. 1249, 1252].  According to Plaintiffs, the document requests are relevant to tracing and proving the Cassity's use of trust funds, and to claims against Allegiant Bank.  Plaintiffs claim they served their RFP's on Southwest Bank approximately two years ago, but Southwest Bank has refused to produce a single page in response to their forty-six (46) requests for production.

During the hearing, Plaintiffs argued that Southwest Bank enjoyed an extensive and prolonged banking relationship with the Cassity's and their consortium of entities, and they claim this relationship resulted in Southwest Bank making several million-dollar loans to the Cassity's and their entities.  Plaintiffs contended the requested information is directly relevant to their claims against Southwest Bank, because the documents will show Southwest Bank took on the Cassity's trust business to firm up its relationship with the family.  They claimed the bank received more income from its banking and lending relationship with the family than from its

4

trustee duties, and the bank allowed that conflict of interest to impact its fiduciary duties. They also argued Southwest Bank allowed trust funds to be taken by the family due to its knowledge of their need for larger cash inflows.

Southwest Bank responded to Plaintiffs' requests by stating, "Due to the fact that Southwest Bank was never, at any time, a trustee to any of the Pre-Need Trusts, it has no documents responsive to this Request." Southwest Bank argues its responses were valid answers. Southwest Bank contends its position is supported by the absence of a trust agreement, and it argues that Southwest Bank is not empowered to act as a trustee. It claims Marshall & Isley, not Southwest Bank, acted as trustee, and it contends that Southwest Bank's banking business is kept entirely separate from Southwest Bank Wealth Management's trustee business.

The present motion before the Court concern a discovery dispute. The issue is whether Southwest Bank is required to produce discoverable information. Plaintiffs are seeking information relevant to, among other things, the information that Southwest Bank and Marshall & Isley had about the operations and financial condition of the involved entities; and the diversion of trust assets to various defendants' Southwest Bank accounts. Accordingly, Southwest Bank, in its objection, carries the burden to show why such information should not be produced to Plaintiffs. *See* Fed. R. Civ. P. 26(b)(a) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."); Fed. R. Civ. P. 34(b)(2)(B)(for each item or category, response must either state that inspection and related activities will be permitted, or state an objection, including reasons); Fed. R. Civ. P. 37

5

(providing for motion to compel discovery when ; *Equal Emp't Opportunity Comm'n v. Klockner H & K Mach., Inc.*, 168 F.R.D. 233, 235 (E.D. Wis. 1996)(burden is on objecting party to show why particular discovery request is improper).

Instead of showing why the requested information should not be produced to Plaintiffs, Southwest Bank refuses to respond to the discovery request by arguing that because it was not a trustee of the pre-need trusts, any documents within its possession would not be responsive to the request. Even if Southwest Bank's argument about the lack of a valid trustee relationship with the pre-need trust is accurate,[1] asserting this defense would not relieve the bank of its duty to answer and respond to discovery. In light of the liberal discovery rules, Southwest Bank must respond to the requests, and save its defenses for later proceedings. *See Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 615-16 (N. D. Ill. 2001). A plaintiff is not, however, necessarily entitled to all discovery that is relevant under Federal Civil Procedure Rule 26(b)(1); courts may limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2); *Burns v. Hy-Vee, Inc.*, 2002 WL 31718432 at *2 (D. Minn. Nov. 21, 2002). Consequently, the Court will grant Plaintiffs' Motion to Compel Production, but will limit the request to documents pertaining to the period between 2004 and 2006.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiff SDR's Motion to Compel the Production of Documents by Defendant Southwest Bank [ECF No. 1209], is **GRANTED**. It is further ordered

---

[1] Southwest Bank is articulating a defense to the claims brought against it by Plaintiffs. Although the assertion of this defense necessarily concerns factual issues that need not be resolved at this stage of the litigation, as mentioned above, the motion hearing record before the Court includes evidence arguably supporting the existence of trustee relationship between Southwest Bank and the pre-need trusts.

that Defendant Southwest Bank shall produce, within thirty (30) days from the date of this Order, documents responsive to Plaintiffs' Requests for Production, for the period between 2004 and 2006.

Dated this   23rd   day of September, 2013.

_E. Richard Webber_ (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE