UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on "Plaintiffs' Motion to Modify or Reconsider Order Granting Motion for Leave to Withdraw as Counsel for Defendants J. Tyler Cassity and Hollywood Forever, Inc." [ECF No. 1221], "Tyler Cassity and Hollywood Forever, Inc.'s Response to Court Order and Motion for Reconsideration" [ECF No. 1235], "Plaintiffs' Opposition to Defendants Tyler Cassity and Hollywood Forever, Inc.'s Response to Court Order and Motion for Reconsideration, and Plaintiffs' Motion to Compel a More Complete Response [ECF No. 1238], and "Defendants, Tyler Cassity and Hollywood Forever, Inc.'s Motion to Compel Plaintiffs [ ] to Produce Documents Requested in Defendants' Amended First Request for Production" [ECF No. 1246].

Plaintiff Jo Ann Howard & Associates, P.C., has been appointed to serve as the Special Deputy Receiver ("SDR") of three companies, National Prearranged Services Agency, Inc. ("NPS"); Lincoln Memorial Life Insurance Co. ("Lincoln"); and Memorial Service Life Insurance Co ("Memorial"). In the instant case, Plaintiff Jo Ann Howard & Associates, in its

capacity as the SDR, has asserted, against numerous defendants, claims such as violation of the RICO Act, 18 U.S.C. § 1962(d); breach of fiduciary duty; and gross negligence. Other plaintiffs include national and individual state life and health insurance guaranty associations.

NPS, Lincoln, Memorial, and Defendant Hollywood Forever ("Hollywood Forever"), are part of a larger consortium of related entities that are all ultimately owned by a family trust of the St. Louis-based Cassity family. Defendant J. Tyler Cassity served as an officer or director of several entities within the Cassity consortium, including Lincoln, Memorial, and Hollywood Forever, and was a beneficiary of the family trust. Hollywood Forever is a subsidiary of another named defendant, Forever Network, and operates funeral home and cemetery services.

**I.      TYLER CASSITY AND HOLLYWOOD FOREVER INC.'S RESPONSE TO COURT ORDER AND MOTION FOR RECONSIDERATION [ECF NO. 1235]**

Previously, this matter came before the Court on the defendants' motion to compel return of an inadvertently produced document, referred to as "Narrative Timeline," and on Plaintiff SDR's motion for discovery status update by the defendants regarding documents cited in the Narrative Timeline [ECF Nos. 1197, 1217]. Following hearing on the motions, the Court denied the defendants' motion to compel return of the Narrative Timeline, granted Plaintiff SDR's motion for discovery status update, and ordered defendants to provide to Plaintiffs and this Court a status report concerning their larger document collection, giving a date certain as to when production would be forthcoming, and specifying the circumstances surrounding the loss or destruction of documents cited, referenced, or quoted in the timeline [ECF No. 1228]. The Court also ordered the defendants to produce all documents responsive to Plaintiff SDR's Request for Production, and to provide Plaintiff and the Court a privilege log.

In their Motion for Reconsideration, Defendants request the Court to allow them to preserve their objections asserted to Plaintiff SDR's First Set of Docment Requests, to produce responsive documents to non-objectionable document requests beginning thirty (30) days from July 19, 2013, but proceeding until November 19, 2013, and to reconsider its ruling regarding the claw back request pertaining to the Narrative Timeline [ECF No. 1235]. Defendants again contend production of the Narrative Timeline "was made through no fault of the client and it is tragic that his case could be affected [or] jeopardized by something that he did not do." During the hearing, Defendants' counsel urged the Court to consider the damage done to Tyler Cassity by release of the document, and asked the Court to have the document returend.

In their "Opposition to Defendants Tyler Cassity and Hollywood Forever, Inc.'s Response to Court Order and Motion for Reconsideration," Plaintiffs contend, "Defendants present little to no argument, other than to lament the perceived unfairness of the ruling and lay blame on their California counsel" [ECF No. 1238]. They argue that Defendants have failed to address any of the elements needed for reconsideration. This Court agrees.

"A motion for reconsideration 'serve[s] the limited function of correcting manifest errors of law or fact or . . . present[ing] newly discovered evidence' after a final judgment." *Bradley Timberland Res. v. Bradley Lumber Co.*, 712 F.3d 401, 406-07 (8th Cir. 2013) (citing *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Such motions cannot be used to introduce new evidence that could have been offered prior to judgment. *Id.* Defendants have identified no manifest error of law or fact, and have presented no newly discovered evidence. The Court will deny Defendants' motion for reconsideration [ECF No. 1235].

3

## II. PLAINTIFFS' MOTION TO MODIFY OR RECONSIDER ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR DEFENDANTS J. TYLER CASSITY AND HOLLYWOOD FOREVER, INC. [ECF NO. 1221].

On July 5, 2013, Darren S. Enenstein, David Z. Ribakoff, and Robert A. Rabbat, of the law firm Enenstein & Ribakoff, APC, filed a Motion and Memorandum for Leave to Withdraw as Counsel for Defendants J. Tyler Cassity and Hollywood Forever, citing irreconcilable differences and stating the defendants were no longer cooperating with counsel to aid in the defense of this action [ECF No. 1219]. This Court granted counsel's motion on July 8, 2013 [ECF No. 1220]. Thereafter, Plaintiffs filed their motion asking the Court to reconsider its Order granting the motion to withdraw.

In their Motion, Plaintiffs request that the Court modify or reconsider its July 8th Order granting the defendants' counsel leave to withdraw. Plaintiffs contend the Court should either reconsider its withdrawal decision, or condition the withdrawal by requiring the attorneys to remain subject to the jurisdiction of the Court, including for questioning as necessary regarding the loss of the Timeline documents. Plaintiffs claim the firm is directly involved in the disappearance of certain key documents that were in their possession and control. Plaintiffs contend the defendants failed to meet the production deadline of the documents cited within the Narrative Timeline and other documents, stating that these defendants "have not produced a single document in response to the SDR's requests." Plaintiffs further assert that there has been no explanation from the firm as to how the more than thirty (30) documents cited and quoted in the Narrative Timeline were lost. Given the firm's central role in the receipt and production of the Timeline, and the receipt and loss of the Timeline documents, Plaintiff assert it is critical these attorneys remain subject to the Court's jurisdiction until the Timeline-related issues are

4

resolved.

Defendants Tyler Cassity and Hollywood Forever are currently represented by Deidre Gallagher, Esq., and Ms. Gallagher was appeared on their behalf at the motion hearing. Defendants' former counsel, Darren S. Enenstein, David Z. Ribakoff, and Robert A. Rabbat of the law firm Enenstein & Ribakoff, participated in the hearing by telephone conference. During the hearing, Plaintiffs stated they no longer opposed withdrawal by Defendants' former counsel. Information supplied during the hearing revealed Defendants were attempting to recreate the missing documents, and indicated Plaintiffs recently received copies of the Timeline documents. Defendants' former counsel conceded the Court's jurisdiction over them for every purpose, and further stated on the record that they would be available to assist with discovery, and to answer questions. Accordingly, the Court will deny "Plaintiffs' Motion to Modify or Reconsider Order Granting Motion for Leave to Withdraw as Counsel for Defendants J. Tyler Cassity and Hollywood Forever, Inc." [ECF No. 1221].

### III. PLAINTIFFS' MOTION TO COMPEL A MORE COMPLETE RESPONSE [ECF NO. 1238].

In their Motion to Compel a More Complete Response from Defendants, Plaintiffs contend Defendants fail to "specify the circumstances surrounding the loss or destruction of the documents cited, referenced, or quoted in the Narrative Timeline" as required by this Court's July 19, 2013 Order [ECF No. 1228 at 12].

During the hearing, Defendants' former counsel supplied more information surrounding the loss of the documents cited, referenced, or quoted in the Narrative Timeline. According to former counsel, several boxes of documents they had received from Tyler Cassity and Hollywood

Forever, "went missing" when they moved their office to smaller quarters, and a period of time elapsed before the loss was discovered. The Narrative Timeline documents were in a box that was lost in the move. Former counsel further explained that the declaration prepared by Robert A. Rabbat, which stated that the firm had gathered and scanned the documents received from Tyler Cassity and Hollywood Forever, addressed the documents within his possession at the time of his declaration, and did not include the missing files. Former counsel stated that they recreated some documents by reimaging company computers, and that they believed more could be recreated from company servers and they will continue to recreate additional documents.

     Ms. Gallagher, Defendants' present counsel, indicated that Defendants were served with Plaintiffs' First Request for Production on January 30, 2013, and that Defendants were making a good faith effort to respond to the requests and to comply with the Court's July 19, 2013 Order, which, among other things, directed Defendants to provide to Plaintiffs and the Court a Status Report concerning their larger document collection, giving a date certain as to when productions would be forthcoming. The July 19th Order further directed Defendants to produce all documents responsive to Plaintiffs' production requests within thirty (30) days, and to provide Plaintiffs and the Court a privilege log within forty-five (45) days. During the hearing, Defendants stated they had decided the requested documents were not privileged and they were producing them all. Defendants further explained they were trying to place the requested information in a format suitable for production, and they stated their response should be complete fairly soon. Given the more complete explanation supplied during the hearing, the substantial amount of documents already supplied to Plaintiffs, and former counsel's assurance they would be available to assist with discovery, the Court will deny, as moot, Plaintiffs' Motion to Compel

6

a More Complete Response from Defendants Specifying the Circumstances Surrounding the Alleged Loss or Destruction of the Timeline Documents and Detailing Their Efforts to Locate Them [ECF No. 1238].

### IV. DEFENDANTS, TYLER CASSITY AND HOLLYWOOD FOREVER, INC.'S MOTION TO COMPEL PLAINTIFFS[ ]TO PRODUCE DOCUMENTS REQUESTED IN DEFENDANTS' AMENDED FIRST REQUEST FOR PRODUCTION [ECF NO. 1246].

In their Motion to Compel Plaintiffs to Produce, Defendants ask the Court to compel Plaintiffs to produce certain documents Defendants Tyler Cassity and Hollywood Forever requested in the Amended First Request for Production to Plaintiffs. Defendants state they have made a good faith effort to resolve this discovery issue, to no avail, and claim Plaintiffs have failed to provide any specific evidence to support their general objections that the requests were "improper, unnecessary, abusive, unduly burdensome, unnecessarily cumulative or duplicative, overly broad, and seeking to invade attorney work product."

In their Response, Plaintiffs claim the Court should deny the Motion to Compel because the Defendants' requests for production are contention requests and are categorically improper [ECF No. 1257]. They assert that Defendants failed to confer before filing their motion, and have never attempted to access or review thousands of text-searchable documents already made available to them. They additionally claim the requests are improper because, rather than seeking production of any withheld documents, they would only burden Plaintiffs with the task of re-categorizing previously produced documents according to allegations in Plaintiff's complaint. They assert that the requests "simply copy allegations made in Plaintiffs' complaint and ask for documents that 'support' each allegation."

7

In their Reply, Defendants reiterate their claim that Plaintiffs have failed to provide specific objections to any of their requests for production or show how the requested information is protected by privilege, and they contend Plaintiffs have failed to produce documents in compliance with the requirements of Federal Rule of Civil Procedure 34, because they have failed to satisfy their burden of showing the documents in their initial disclosures were produced as they were kept in the ususal course of business [ECF No. 1260].

During the hearing, Defendants' present counsel agreed to redraft Defendants' requests for production and submit them to Plaintiffs' within twenty (20) days of the September 11, 2013 hearing.  Based upon the representations of Defendants' present counsel, the Court will rule as moot "Defendants, Tyler Cassity and Hollywood Forever, Inc.'s Motion to Compel Plaintiffs, SDR, to Produce Documents Requested in Defendants' Amended First Request for Production" [ECF No. 1246], allowing Defendants twenty (20) days to rephrase their production requests. The Court will consider any future motions to compel after that time.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiffs' Motion to Modify or Reconsider Order Granting Motion for Leave to Withdraw as Counsel for Defendants J. Tyler Cassity and Hollywood Forever, Inc." [ECF No. 1221], is **DENIED**.

**IT IS FURTHER ORDERED** that "Tyler Cassity and Hollywood Forever, Inc.'s Response to Court Order and Motion for Reconsideration" [ECF No. 1235], is **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiffs' Opposition to Defendants Tyler Cassity and Hollywood Forever, Inc.'s Response to Court Order and Motion for Reconsideration, and Plaintiffs' Motion to Compel a More Complete Response" [ECF No. 1238], is **DENIED, as**

**moot.**

**IT IS FURTHER ORDERED** that "Defendants, Tyler Cassity and Hollywood Forever, Inc.'s Motion to Compel Plaintiffs, SDR, to Produce Documents Requested in Defendants' Amended First Request for Production" [ECF No. 1246], is **DENIED, as moot**. It is further ordered that Defendants Tyler Cassity and Hollywood Forever shall be allowed up to, and until October 1, 2013, to rephrase Defendants' production requests. The Court will consider any future motions to compel after the time for response to the rephrased requests has expired.

Dated this __23rd__ day of September, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE