UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.,* | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Tyler Cassity's "Motion to Supplement and Reconsider Court Order Entered September 18, 2013 Requiring Tyler Cassity to Produce Personal Financial Documents, or in the Alternative to Order Plaintiffs to Produce Certain Affiants for the Purpose of Cross-Examination" [ECF No. 1294] and "Motion to Correct Court Order Entered September 23, 2013 and Memorandum in Support" [ECF No. 1299].

### I.     BACKGROUND

Plaintiff Jo Ann Howard & Associates, P.C., has been appointed to serve as the Special Deputy Receiver ("SDR") of three companies, National Prearranged Services Agency, Inc. ("NPS"); Lincoln Memorial Life Insurance Co.; and Memorial Service Life Insurance Co. In the instant case, Plaintiff Jo Ann Howard & Associates, in its capacity as the SDR, has asserted, against numerous defendants, claims such as violation of the RICO Act, 18 U.S.C. § 1962(d); breach of fiduciary duty; and gross negligence. Other plaintiffs include national and individual state life and health insurance guaranty associations.

The term "Forever Defendants" refers collectively to Defendants Brentwood Heritage Properties, LLC; Forever Enterprises, Inc.; Forever Illinois, Inc.; Forever Network, Inc.; Legacy International Imports, Inc.; Lincoln Memorial Services, Inc.; National Heritage Enterprises, Inc.; NPS; and Texas Forever, Inc. These entities are part of a larger consortium of related entities that are all ultimately owned by a family trust of the St. Louis-based Cassity family, whose members include Tyler Cassity (also referred to herein as "James Tyler Cassity," and "J. Tyler Cassity").

## II. THE SEPTEMBER 18, 2013 ORDER [ECF NO. 1279]

Counsel for Plaintiffs, counsel for Forever Defendants, and counsel for Tyler Cassity appeared before the Court on September 11, 2013, to present argument regarding four pending motions: "Plaintiff's Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants" [ECF No. 1173]; Forever Defendants' "Motion to Withdraw as Counsel" [ECF No. 1191]; and "Plaintiffs' Unopposed Motion for Order Requiring Personal Presence of Forever Defendants' Officers and Directors and Other Defendants for Questioning at September 11 Hearing" [ECF No. 1258]. In an August 23, 2013 Order, the parties were instructed to address the status of Forever Defendants' production of financial papers and documents supporting their claimed inability to pay the attorney fees as previously ordered by the Court.

The Court inquired regarding the status of discovery production. Firmin Puricelli, counsel for Forever Defendants, apprised the Court that he had requested information regarding possession, or knowledge about the location, of documents responsive to Plaintiffs' requests and the Court's June 24 Order, and had attempted to obtain affidavits from officers and directors of the Forever Defendants [ECF No. 1295 at 9-10]. He also told the Court he received an affidavit

2

from individual defendant Randall Sutton, who attested he has no documents, and a letter from Wittner Defendants' counsel, who stated they do not and never has possessed, any documents that fell within the Court's Order [ECF No. 1295 at 10].

Mr. Puricelli further informed the Court that, with the cooperation of Defendant Doug Cassity, he had discovered the location of numerous corporate records and files for the Forever entities, as well as several of the companies' computer servers, hard drives, and other electronic storage devices and equipment [ECF No. 1295 at 8-10]. Mr. Puricelli further stated that the records, files and computer equipment were stored at cemeteries, formerly owned by Forever entities, but now in the possession of judgment creditors. Mr. Puricelli informed the Court that he had arranged meetings between Plaintiffs' counsel and the judgment creditors in possession of the property, and that the judgment creditors had allowed Plaintiffs to inspect and photograph the stored property of the corporate defendants. Mr. Puricelli also told the Court that one of the judgment creditors used some of these records in its provision of funeral services, and urged that they not be removed from the cemetery property where they were stored. However, Mr. Puricelli indicated that the judgment creditor would not deny access to the stored property. Forever Defendants did not file a privilege log to raise attorney-client or work product privilege objections to the newly disclosed information, and did not identify any files, documents, or other information they sought to withhold.

After describing his efforts to uncover and produce requested discovery information, Mr. Puricelli reiterated his desire to withdraw, assuring the Court that he had attempted to comply with the Court's Order to the best of his ability. However, as the hearing progressed, and arguments and exhibits offered by Plaintiffs' counsel revealed that significant work remained to

facilitate discovery compliance, Mr. Puricelli informed the Court that he would stay in the case to assist the process. The Court expressed its appreciation for Mr. Puricelli's willingness to remain in the case. In view of the repeated failures of Forever Defendants to comply with the rules of discovery, and in order to assure greater cooperation by Forever Defendants with Plaintiffs' information requests, the Court denied the Motion to Withdraw. The Court denied the motion to compel attendance, as moot, due to the parties' report regarding discovery production, which indicated the location of a substantial amount of files, servers, and electronic equipment had been discovered and would be turned over to Plaintiffs. The Court's ruling was also based on certain representations made during the hearing by counsel for the Forever Entities, and Defendant J. Douglas Cassity.

During the hearing, Plaintiffs requested the Court to enter an Order waiving privilege asserted by various defendants as to certain documents. Plaintiffs contended waiver was appropriate due to the discovery costs they have incurred and expended in their effort to obtain information that was hindered by the defendants' deceitful behavior, over the course of two years. Plaintiffs detailed the following pattern and practice of deception and disruption exhibited by the numerous defendants throughout the discovery process: 1) Forever Defendants' initial disclosures, dated August 25, 2011, state "Defendants have no documents in their possession relevant to disputed facts"; 2) on May 10, 2013, Forever Defendants counsel left a voice mail message for Plaintiffs' counsel, stating his clients had informed him they have no documents, and "Texas took everything"; 3) on May 12, Forever Defendants failed to respond to discovery, and Plaintiffs filed a motion to compel; 4) on May 29, 2013, Forever Defendants' counsel confirmed by telephone to Plaintiffs that his clients insisted there were no documents to produce;

4

and 5) during a June 10 hearing, Forever Defendants again stated they had no documents to produce, claimed the companies were insolvent, and insisted there were no assets.

Upon weighing the severity of waiving the privilege afforded attorney-client communications against the conduct of the defendants during the course of discovery, the Court found that waiver of privilege concerning the documents possessed by the Wittner Defendants, Forever Defendants, and Forever Defendants' corporate officers and directors was appropriate. The Court further found that Forever Defendants waived any objections to the discovery requests at issue, including those based on attorney-client privilege and work-product doctrine. The Court ordered Wittner Defendants to provide revised responses to Plaintiffs' Requests for Production, removing all objections and otherwise complying with the Court's directions in its June 24 Order.

Regarding the Forever Defendants' claimed inability, due to lack of financial resources and assets, to comply with an August 14, 2012 Order awarding fees to Plaintiffs [ECF No. 1110], the Court further ordered that "Plaintiff's Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants" [ECF No. 1173], be held in abeyance, subject to examination of documents to be supplied by the Forever Defendants' Officers and Directors, who were also named as individual defendants in this matter, and who were subject to contempt sanctions for failure to take appropriate action within their power for the performance of the corporate duty. Additionally, the Court ordered Defendants J. Douglas Cassity, Brent Cassity, and J. Tyler Cassity to produce to Plaintiffs all personal banking statements, credit card statements, and financial statements pertaining to their financial status, for the period between July 1, 2011 to present [ECF No. 1279 at 11-12].

**III.    THE SEPTEMBER 23, 2013 ORDER**

On September 23, 2013, the Court entered an Order that, among other things, denied a motion for reconsideration filed by Tyler Cassity and Hollywood Forever, in which these defendants asked the Court to reconsider its ruling on a claw back request pertaining to a Narrative Timeline prepared by Tyler Cassity [ECF No. 1282]. As pertinent to the issue raised in "Defendant, Tyler Cassity's, Motion to Correct Court Order Entered September 23, 2013, and Memorandum in Support" [ECF No. 1299], the Order stated the following in its recitation of background information:

> NPS, Lincoln, Memorial, and Defendant Hollywood Forever ("Hollywood Forever") are part of a larger consortium of related entities that are all ultimately owned by a family trust of the St. Louis-based Cassity family. Defendant J. Tyler Cassity served as an officer or director of several entities within the Cassity consortium, including Lincoln, Memorial, and Hollywood Forever, and was a beneficiary of the family trust. Hollywood Forever is a subsidiary of another named defendant, Forever Network, and operates funeral home and cemetery services.

[ECF No. 1282 at 2].

**IV.    LEGAL STANDARD**

  **A.    Motion to Correct**

Federal Rule of Civil Procedure Rule 60(a) provides that a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a).

  **B.    Motion to Supplement and Reconsider**

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure. Typically, courts construe a motion to reconsider as a motion to alter or amend

6

judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b). This Court's September 18, 2013 Memorandum and Order cannot be classified as a "judgment," therefore Defendants' motions to reconsider do not fall within the parameters of Rule 59(e). However, Defendants' Motions to Reconsider may be considered pursuant to Rule 60(b), which allows relief from an order due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'").

It appears that the applicable ground for relief is Rule 60(b)(6)'s catch-all provision, which provides that relief may be granted for "any other reason that justifies relief." The Court notes that relief under "Rule 60(b) is an extraordinary remedy" that is "justified only under 'exceptional circumstances.'" *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.,* 413 F.3d 897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). Further, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir.

2005).

The Rule 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. *See Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999).

V. **DISCUSSION**

   A. **Motion to Correct**

In his Motion to Correct Court Order Entered September 23, 2013, and Memorandum in Support, Tyler Cassity asserts the Order [ECF No. 1282] mistakenly states that he served as an officer and director of Lincoln and Memorial [ECF No. 1299]. Tyler Cassity further asserts that he never served as an officer or director of Memorial, and that, except for a period terminating in 1999, he was not listed as an officer or director of Lincoln [ECF No. 1299-1]. Tyler Cassity further contends the Order mistakenly states that Hollywood Forever is a subsidiary of Forever Network. He asserts that Hollywood Forever separated from Forever Network on August 1, 2008, and has not been a subsidiary, or affiliated in any way, with Forever Network since that time. Tyler Cassity asks the Court to correct the September 23, 2013 Order regarding his affiliation with Memorial, Lincoln, and Forever Network, claiming he would be severely prejudiced if the alleged misstatements were to remain in the record because they create the impression that he was affiliated with these entities when he was not.

In "Plaintiffs' Opposition to Defendant Tyler Cassity's Motion to Reconsider and Motion to Correct" [ECF No. 1312], Plaintiffs claim the Court "appropriately stated that Cassity served as an officer and director of both Lincoln and Memorial," and they argue Tyler Cassity's motion to correct the September 23rd Order should be denied. Plaintiffs contend documents signed by

8

Tyler Cassity reveal that, over a ten-year span, he served as chairman and director of Lincoln, chairman and director of Memorial, vice president of National Heritage Enterprises, vice president of Forever Network, and director and president of Forever Enterprises [ECF Nos. 1312, 1314, 1315, 1316].

Plaintiffs submitted exhibits in support of their opposition memorandum, several of which they filed under seal. One of the sealed exhibits is a notarized National Association of Insurance Commissioners (" NAIC") "Biographical Affidavit" signed by James Tyler Cassity on September 18, 1998, in which he attested he was a director of Memorial [ECF No. 1314]. Another sealed exhibit, a notarized NAIC Biographical Affidavit signed by Tyler Cassity on December 4, 2002, indicates that he was a director of Forever Enterprises, Inc., and that his employment history included serving as chairman and director of Lincoln from 1994 through the date of the affidavit, and as president of Lincoln between 1994 and 1996 [ECF No. 1315]. Another sealed exhibit reveals that, on April 24, 2006, James Tyler Cassity attested he was vice-president of Forever Enterprises, Inc., and a current chairman and director of Memorial and Lincoln [ECF No. 1316].

In his Reply, Tyler Cassity reiterates his request for the Court to grant his Motion to Correct the September 23 Order, contending the statements contained in the order, concerning his and Hollywood Forever's relationship with Forever Defendant entities, "create a misimpression that he was affiliated with these entities at times when he was not" [ECF No. 1343 at 2]. Tyler Cassity states the Biographical Affidavits Plaintiffs submitted as evidence of his involvement with Lincoln and Memorial between 1998 and 2006 contradict exhibits he filed, including his sworn affidavit [ECF No. 1299-1], an Annual Statement filed by Lincoln for the year 2005

9

[Exhibit 1343-1], and a Schedule 13E-3 Transaction Statement filed by Forever Enterprises, Inc. in 2003 [Exhibit 1343-2]. Lincoln's 2005 Annual Statement submitted to the Insurance Department of the State of Texas does not list Tyler Cassity as an director, director, or trustee [ECF No. 1343-1]. Interestingly, however, the 2003 Schedule 13E-3 Forever Enterprises, Inc. filed with the Securities and Exchange Commission provides additional support of Tyler Cassity's affiliation with Forever Defendant entities, as he is listed as the President and Director of Forever Enterprises, Inc.; and Lincoln, Memorial, and Hollywood Forever are listed as subsidiaries of Forever Enterprises [ECF No. 1343-2 at 2-3, 5-6].

Regarding Tyler Cassity's affiliation with Forever Network, Plaintiffs' submitted exhibits reveal that Tyler Cassity attested that his employment history included serving as executive vice president of Forever Network, and as president and director of Forever Enterprises, between 1996 and April 26, 2006 [ECF Nos. 1314-1316]. The record supports the statement in the Court's September 23rd Order, indicating Tyler Cassity served as an officer and director of Lincoln and Memorial. As to the Order's language stating, "Hollywood Forever is a subsidiary of another named defendant, Forever Network, and operates funeral home and cemetery services[,]" the record includes an exhibit, submitted by Tyler Cassity, showing that between April 3, 1998 and August 1, 2008, Hollywood Forever was a wholly-owned subsidiary of Forever Network [ECF No. 1294-2]. This exhibit further indicates Hollywood Forever and Forever Network signed a corporate split-off agreement in 2008 [ECF No. 1294-2]. Furthermore, one of Plaintiffs' exhibits shows that, as late as 2010, Forever Enterprises, the parent of Forever Network, continued to subsidize Hollywood Forever's operations [ECF No. 1312-31]. Nevertheless, the Court will grant, in part Tyler Cassity's Motion to Correct as to the statement

regarding Hollywood Forever. That part of the Court's September 23, 2013 Order, contained on the second page of the Order, shall be modified to read as follows: "Hollywood Forever is a *former* subsidiary of another named defendant, Forever Network, and operates funeral home and cemetery services." (italics added to indicate modification). In all other respects, the Motion to Correct will be denied, and the Order shall remain otherwise unchanged.

### B. Motion to Supplement and Reconsider

In his Motion to Supplement and Reconsider [ECF No. 1294], Tyler Cassity asks the Court to reconsider that part of its September 18, 2013 Order [ECF No. 1279], directing him, along with Brent and Doug Cassity to produce "all personal banking statements, credit card statements, and financial statements pertaining to the[ir] financial status . . . for the period between July 1, 2011 to present." Tyler Cassity asserts that the Court's September 18, 2013 Order was based on an error of fact regarding his involvement with the Forever Defendant entities. He contends he should not be considered as either a Forever Defendant, or as a viable party from which to recover the attorney's fees awarded to Plaintiff in an August 14, 2012 Order, and claims he was not responsible for the secreting of documents and servers, as alleged by Plaintiffs. Tyler Cassity claims the parties' evidence and arguments do not allege, or even suggest, he had knowledge of, or participated in any fashion, in what Plaintiffs allege to be the improper movement or secretion of electronic equipment and corporate documents. He argues that, due to his lack of knowledge and involvement, he cannot be held personally liable for the conduct of the corporations and their officers and directors, and asks to be excluded from the Court's order to produce to Plaintiffs personal financial documents.

Plaintiffs filed their memorandum opposing Tyler Cassity's motion to reconsider,

contending it "falls short of the high standard necessary to justify reconsideration of a court order and presents irrelevant material giving the false impression that Cassity was not involved in the business of NPS, Lincoln, Memorial, and the Forever Defendants" [ECF No. 1312 at 1]. They assert the Court correctly ruled that, as a former officer and director of several Forever Defendant entities, Tyler Cassity failed to comply with the Court's June 24, 2013 Order, and should be required to produce the personal financial information as directed.

Plaintiffs argue Tyler Cassity cannot identify any manifest factual or legal error in the Order, and contend he presents no newly discovered evidence to justify reconsideration. Plaintiffs state the Court previously ordered Forever Defendant entities, including some for whom Tyler Cassity formerly served as an officer and director, to produce certain financial documents or information, and warned "current and former corporate officers and directors of Forever Defendants to perform their custodial obligations and produce . . . [responsive documents]" [ECF No. 1312 at 2-3]. Plaintiffs further assert that no Forever Defendant entity and no officers or directors, including Tyler Cassity, produced documents or filed affidavits.

Concerning Tyler Cassity's contention that reconsideration is warranted because the Order's directive was based on a misunderstanding of his limited role in the operations of NPS, Lincoln, and Memorial, Plaintiffs claim his argument is factually inaccurate and does not address his failure to perform his corporate duty as a former officer and director of several Forever entities. Plaintiffs again point to evidence, some of which is discussed above, which indicates Tyler Cassity's relationship with, and involvement in, Lincoln, Memorial, Forever Network, and other Forever Defendants entities, has not been as limited as he portrays. They argue that, through his affiliation with, and involvement in the activities of, the Cassity consortium, Tyler

12

Cassity was aware of the entities' fraudulent practices, operations, and misconduct.

As to Tyler Cassity's claim that he should not be subject to the Court's Order because he was not involved in the removal of Forever Network servers from NPS's St. Louis offices, Plaintiffs contend Tyler Cassity's present and prior relationship with the family trust and the Forever Defendant entities afforded him the ability to inquire as to the status of the servers and other company documents after the Court issued the June 24, 2013 Order, but he failed to undertake efforts to search for responsive documents or prepare affidavits explaining their unavailability. Plaintiffs further note Forever Defendants' counsel reminded Tyler Cassity of the Court's discovery directive and warning regarding noncompliance, in counsel's June 24, 2013 e-mail requesting assistance in locating certain documents, and asking Tyler Cassity and other officers and directors of Forever Defendants to respond to the Court's June 24 Order. Plaintiffs state Tyler Cassity, nevertheless, failed to produce any documents or provide a single affidavit.

Plaintiffs argue the Court's directive, based on Tyler Cassity's failure to take appropriate action within his power in the performance of the corporate duty, is consistent with *Wilson v. United States*, 221 U.S. 361, 376-77 (1911), which held corporate officers could be punished for contempt if they fail to perform their corporate duty in disregard of a known court order. Consequently, they contend the Court correctly ruled Tyler Cassity should produce personal financial documents due to his failure to comply with the Court's June 24 Order.

In his Reply, Tyler Cassity contends Plaintiffs' opposition response "conveniently disregarded the timeline of events leading up to the September 2013 hearing and this Court's Order that is the subject of Tyler Cassity's Motion to Reconsider" [ECF No. 1342 at 1]. He asserts "the legal record clearly establishes that for the four years this litigation has been pending,

13

Tyler Cassity has never been referenced as a Forever Defendant nor included on any document requests addressed to the Forever Defendants" [ECF No. 1342 at 1]. Tyler Cassity presents a timeline, "[t]o clarify the record," and to demonstrate the requested attorneys' fees and costs sought by Plaintiffs relate back to pleadings in which he was not involved [ECF No. 1342 at 1-3]. He reiterates his claim that he was neither an officer nor a director of any of the Forever Defendants between June 4, 2012, and September 18, 2013, and for several years prior to that period [ECF No. 1342 at3].

Tyler Cassity also argues that his Motion to Reconsider addresses and clarifies factual and legal errors regarding the timeline of events leading to the Court's September 18, 2013 Order. He re-asserts Plaintiffs never directed any of their pleadings and document requests to him, stating he was never referenced as a Forever Defendant, was not included on any document requests or correspondences requesting attorneys' fees, or contacted by Forever Defendants' counsel about representation or any aspect of this litigation. Tyler Cassity further contends Plaintiffs' assertion that he, as a former director and officer of Forever Defendants entities, should be sanctioned for failing to produce corporate documents, is based, in part, on erroneous interpretations of *Wilson*, 221 U.S. 361, 376 (1911) and *Braswell v. United States*, 487 U.S. 99, 106-10 (1988). Tyler Cassity argues that, unlike the corporate officers held in contempt in *Wilson* and *Braswell*, he is not in possession of the requested documents, and he claims no Missouri law supports the contention that he, as a former director, has the right to inspect corporate records of any Forever Defendant entity; has the ability to inquire into the status of servers and other company documents; or has the affirmative right to the documents regarding asset sales engaged in after NPS, Lincoln, and Memorial were placed into receivership. Finally,

he contends his alleged involvement in the operations of NPS, Memorial, and Forever Defendants "has absolutely no bearing on whether this Court should grant Tyler Cassity's Motion to Reconsider" [ECF No. 1342 at 6].  He claims Plaintiffs seek to impose sanctions upon him merely because of his last name, without any admissible evidence that he committed any wrongdoing.

The Court is unpersuaded by Tyler Cassity's contentions regarding his rights of inspection or possession of the corporate records of the Forever Defendant entities.  Essentially, Tyler Cassity's argument suggests that, as a former director or officer of various Forever Entities, who does not have actual possession of the servers or company documents, he has no responsibility to aid the Court, or the SDR, in the search for the requested records.  This argument confuses a officer's corporate duty to perform obligations, with such an individual's personal right to retain corporate use and custody of the corporation's books.  *See Wilson*, 221 U.S. at 385-86.  When a corporation is ordered to produce certain documents or things, the corporation must find some means by which to comply.  *Braswell*, 487 U.S. at 116.  In situations such as this, where the former individual directors, officers, custodians, or agents are likely the only persons with knowledge about the requested information, such individuals are not excused from their responsibility to ensure the documents sought will be produced.  *Id*, at 116-17.  This obligation remains even in cases where an alternate custodian has been appointed.  *Id*.  Furthermore, the Court rejects Tyler Cassity's argument that he had no ability to inquire into the status of the servers and other company documents after the Court issued its June 24 Order.  Apparently, the documents' location was ultimately determined with the assistance of Tyler Cassity's father, Doug Cassity.  Tyler Cassity's contention, that his alleged involvement in the

15

operations of NPS, Memorial, and the Forever Defendants "has absolutely no bearing" on the Motion to Reconsider, is likewise unpersuasive.

The Court finds Tyler Cassity has failed to demonstrate the exceptional circumstances required to justify relief under Rule 60(b). The Court will deny his motion for reconsideration.

### III. CONCLUSION

In sum, the Court finds that Defendant has failed to demonstrate that "exceptional circumstances" exist such that relief from this Court's September 18, 2013 Memorandum and Order would be justified under Rule 60(b). *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.,* 413 F.3d 897, 903 (8th Cir. 2005). "'Exceptional circumstances' are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994). Thus, Defendant's Motion for Reconsideration will be denied, and the Court's September 18, 2013, Memorandum and Order will stand.

However, the Court will grant, in part Tyler Cassity's Motion to Correct as to the statement regarding Hollywood Forever, and the last line of the first full paragraph on page 2 of the Court's September 23, 2013 Order [ECF No. 1282] shall be modified to read as follows: "Hollywood Forever is a *former* subsidiary of another named defendant, Forever Network, and operates funeral home and cemetery services." (italics added to indicate modification). In all other respects, the Motion to Correct will be denied, and the September 23, 2013 Order shall remain otherwise unchanged.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Tyler Cassity's Motion to Supplement and

Reconsider Court Order Entered September 18, 2013 Requiring Tyler Cassity to Produce Personal Financial Documents, or in the Alternative to Order Plaintiffs to Produce Certain Affiants for the Purpose of Cross-Examination [ECF No. 1294] is **DENIED.** Defendant J. Tyler Cassity shall, within thirty (30) days of entry of this Order, comply in all respects with the Court's directive to produce personal financial documents, as entered in its September 18, 2013 Order.

**IT IS FURTHER ORDERED** that Defendant Tyler Cassity's Motion to Correct Court Order Entered September 23, 2013 [ECF No. 1299] is **DENIED in part,** and **GRANTED in part**. The Order shall be modified as discussed herein.

Dated this  15th  day of November, 2013.

　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　E. RICHARD WEBBER
　　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE