UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.,* | ) ) ) | |
| Defendants. | ) | |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on "Plaintiffs' Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants" [ECF No. 1173].

The term "Forever Defendants" refers collectively to Defendants Brentwood Heritage Properties, LLC; Forever Enterprises, Inc.; Forever Illinois, Inc.; Forever Network, Inc.; Legacy International Imports, Inc.; Lincoln Memorial Services, Inc.; National Heritage Enterprises, Inc.; NPS; and Texas Forever, Inc. These entities are part of a larger consortium of related entities that are all ultimately owned by a family trust of the St. Louis-based Cassity family, whose members include Doug Cassity, Brent Cassity, and Tyler Cassity.

On June 10, 2013, this matter came before the Court for a hearing on, among other things, "Plaintiff's Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants" [ECF No. 1173]. During the hearing, Plaintiffs requested, without objection by Defendants, to present argument on another motion then pending before the Court, "Plaintiff SDR's Motion to Compel the Forever Entities' Responses to the SDR's First Set of Requests for Production" [ECF No. 1207]. In that Motion, Plaintiff SDR moved, under Federal Civil

Procedure Rule 37(a), to compel Forever Defendants to respond to Plaintiffs' request for documents, which sought, among other things, financial statements, and documents relating to promissory notes, asset acquisitions, wire transfers, entity ownership transfers, loans, and forbearance agreements.

After hearing argument, the Court directed Plaintiffs to submit a proposed order with a detailed list of the financial documents they desired Forever Defendants to produce in support of the defendants' claimed inability to pay the attorney fees as ordered. After examining the record, hearing argument, and reviewing Plaintiffs' proposed Order, the Court granted, in part, Plaintiffs' Motion to Compel the Forever Entities Responses to the SDR's First Set of Requests for Production, on June 24, 2013, and ordered Forever Defendants to produce, within twenty (20) days of the Order, seven categories of documents, including certain financial records, and a listing of all properties and assets currently owned by each Forever Defendant [ECF No. 1216].

In the June 24 Order, the Court noted the obligation of corporate officers to produce documents within their custody, when called for by proper process. *See Braswell v. United States*, 487 U.S. 99, 106-10 (1988). The Court also noted the officers and directors of the Forever Defendants, as named party defendants in this matter, were subject to the Court's jurisdiction, giving it the power to compel the current and former corporate officers and directors to produce the responsive financial documents within their possession, and the power to hold in contempt those who fail to perform as ordered. *See Wilson v. United States*, 221 U.S. 361, 376, 385-86 (1911). The Court held in abeyance its ruling on Plaintiffs' Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants, stating that it would consider these two motions after Forever Defendants produced the documents as directed.

On August 23, 2013, the Court entered an Order directing counsel for Plaintiffs and counsel for Forever Defendants to appear before it to address the status of, among other motions, the pending Motion to Enforce Payment of fees [ECF No. 1173], and Forever Defendants' production of financial papers and documents in accordance with the Court's June 24 Order [ECF No. 1216]. The Court set the matter to be heard on September 11, 2013.

Thereafter, Counsel for Plaintiffs, counsel for Forever Defendants, and counsel for Wittner Defendants appeared before the Court on September 11, 2013 [ECF No. 1261]. The Court inquired regarding the status of discovery production. Firmin Puricelli, counsel for Forever Defendants, apprised the Court that, with the cooperation of Defendant Doug Cassity, he had discovered the location of numerous corporate records and files for the Forever entities, as well as several of the companies' computer servers, hard drives, and other electronic storage devices and equipment. Mr. Puricelli further stated that the records, files and computer equipment were stored at cemeteries, formerly owned by Forever entities, but now in the possession of judgment creditors. Mr. Puricelli informed the Court that he had arranged meetings between Plaintiffs' counsel and the judgment creditors in possession of the property, and that the judgment creditors had allowed Plaintiffs to inspect and photograph the stored property of the corporate defendants. Mr. Puricelli also told the Court that one of the judgment creditors used some of these records in its provision of funeral services, and urged that they not be removed from the cemetery property where they were stored. However, Mr. Puricelli indicated that the judgment creditor would not deny access to the stored property.

The Court noted subsection (b)(2)(C) of Rule 37 provides that a court must additionally order the disobedient parties, the attorney advising the parties, or both, to pay the reasonable

expenses, including attorney's fees, caused by the failure to comply, unless the failure was substantially justified, or other circumstances cause such an award to be unjust. Fed. R. Civ. P. 37(b)(2)(c). However, the Court held in abeyance "Plaintiff's Motion to Enforce Court Order Requiring Payment of Attorney Fees by Forever Defendants" [ECF No. 1173], subject to examination of documents to be supplied by the Forever Defendants' Officers and Directors, who were also named as individual defendants in this matter, and who were subject to contempt sanctions for failure to take appropriate action within their power for the performance of the corporate duty. *See Wilson*, 221 U.S. at 376.

Upon review of Plaintiffs' Motion to Enforce, on February 21, 2014, the Court ordered Plaintiffs to provide to the parties and this Court, a Status Report concerning their examination of documents supplied by Doug Cassity, Brent Cassity, Tyler Cassity, and Defendants Howard Wittner and the Wittner law firm. Plaintiffs' Status Report reveals the individual Cassity defendants, in addition to failing to reveal the existence of relevant documents, misrepresented their and the Forever Defendants' financial condition repeatedly [ECF Nos. 1442 through 1442-23]. At one time during the period in which Forever Defendants claimed a lack of financial resources and inability to pay Plaintiffs the $7,693.85 awarded in the Court's August 10, 2012 Order [ECF No. 1104], two of the entities had bank accounts totaling approximately $7,200.00. Some of the retrieved documents show members of the Cassity family were employed post-receivership by one or more of the Forever Defendants, and reveal Forever Network and members of the Cassity family engaged in business transactions after this Court issued the award of attorneys's fees. Moreover, during this time, Doug Cassity received payments totaling over $3 million dollars for goods sold on eBay, and Brent Cassity and Tyler Cassity were spending

4

tens of thousands of dollars on luxury goods and services.  Plaintiffs assert the documents show intentional violations of the Court's Orders, and state they have been forced to expend tens of thousands of dollars retrieving documents, processing electronic data, and filing motions to enforce Orders.  They request the Court to hold the Cassity defendants jointly and severally liable for these expenses, including attorneys' fees.  The Court will deny Plaintiffs' request for these additional expenses at this time, with leave to file a formal motion with a detailed listing of their expenses and fees at a later date.

Forever Defendants have failed to comply with the order of the Court requiring their payment of attorney fees to Plaintiffs.  Forever Defendants' failure to pay the court-ordered obligation is unjustified.  Defendants have engaged in sanctionable conduct.  Moreover, the record demonstrates a pattern of withholding documents and information by Forever Defendants, through the actions of their Officers and Directors, including Doug Cassity, Brent Cassity, and Tyler Cassity.  Forever Defendants have caused unnecessary delay and increased expenses in this matter, hindering and disrupting the judicial process.  Forever Defendants shall monetarily compensate Plaintiffs for the fees as previously ordered, within twenty (20) days of this Order.  A certificate of payment shall be filed with this Court no later than April 7, 2014 .  The Court will not hesitate to invoke its contempt powers against Forever Defendants' Officers and Directors Doug Cassity, Brent Cassity, and Tyler Cassity, for failure to take appropriate action within their power for the performance of the corporate duty, if Forever Defendants do not timely tender payment.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiffs' Motion to Enforce Court Order Requiring

Payment of Attorney Fees by Forever Defendants" [ECF No. 1173] is **GRANTED**.  Forever Defendants shall monetarily compensate Plaintiffs for the fees, in the amount of $7,693.85 as ordered, within twenty (20) days of this Order  A certificate of payment shall be filed with this Court no later than April 7, 2014 .

Dated this   12th    day of March, 2014.

                                                                                               E. RICHARD WEBBER
                                                                                               SENIOR UNITED STATES DISTRICT JUDGE