UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.,* | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon Defendant J. Douglas Cassity's "Motion to Dismiss without Prejudice or in the Alternative to Sever" [ECF No. 1433].

Defendant J. Douglas Cassity ("Doug Cassity") is presently serving a term of imprisonment for criminal charges arising out of the circumstances of this civil matter. In his "Motion to Dismiss without Prejudice or in the Alternative to Sever," Doug Cassity asks the Court to either dismiss the case against him, or to sever the trial as to him, until such time as his incarceration has been served and he is released from prison. Doug Cassity states that following his January 17, 2014 incarceration, he was notified of some, but not all, of the depositions scheduled in this matter. He further states Plaintiffs' attorney sent him an email, listing the scheduled depositions and their dates, on February 18, 2014. Doug Cassity asserts that his efforts to communicate with Plaintiffs' attorney and to secure permission from the Bureau of Prisons to participate in the depositions by telephone have been unsuccessful, and he contends his inability to so participate and to receive copies of the deposition transcripts deprive him of basic rights,

because he is unable to confront witnesses against him or review transcripts of their testimony to prepare for trial [ECF Nos. 1433, 1491]. He also asks that an attorney be appointed to represent him. Specifically, he claims his camp counselor, Brad Weisel, has been unable to "approve or deny" his request for telephone access to the depositions.

In their "Opposition to Defendant Doug Cassity's Motion to Dismiss or in the Alternative to Sever" [ECF No. 1461], Plaintiffs state they have mailed to Doug Cassity at his prison address notice of each deposition taken by them, including the date, time, and court reporter information, as well as a dial-in number for his participation by telephone. Plaintiffs contend Doug Cassity's motion should be denied, because an incarcerated defendant has no inherent right to participate in civil depositions,[1] and because the factors bearing on questions of severance, e.g., the interests of judicial economy and lack of prejudice to Doug Cassity, weigh strongly in Plaintiffs' favor. They assert Plaintiffs' counsel has made, and continues to make, good-faith efforts to facilitate Doug Cassity's ability to participate in the depositions, including discussions with the prison's officials and legal department. Plaintiffs further state that, based on communications with the prison's warden and the United States Department of Justice, a resolution of the issue may be possible [ECF Nos. 1499, 1499-1].

On April 10, 2014, the Court conducted a telephone conference to discuss the Motion, during which Doug Cassity and counsel for Plaintiffs presented an update on Doug Cassity's access concerns. After hearing from both parties, and considering their submissions and

---

[1]As asserted by Plaintiffs, lawful incarceration necessarily limits an individual's privileges and rights, and the fundamental rule is that an incarcerated defendant has no constitutional right to attend depositions in a civil action. *See Price v. Johnston*, 334 U.S. 285-86 (1948) (overruled on other grounds); *In re Wilkinson*, 137 F.3d 911, 914 (6th Cir. 1998).

representations, the Court finds Plaintiffs and the Department of Justice have undertaken good-faith efforts to facilitate Doug Cassity's participation in future depositions by telephone, and it appears the issue is resolved. The Court will deny the Motion. However, as stated during the conference, Doug Cassity's participation in deposition proceedings is an important concern for the Court. Regarding his request for copies of deposition transcripts, the Court will not order Plaintiffs to provide copies at their cost, but will rely on a representation made by Plaintiffs' counsel as to her willingness to discuss with her clients the possibility of providing copies to Doug Cassity. Plaintiff shall thereafter submit a Status Report to the Court, regarding the discussions and any accommodations made to provide copies of deposition transcripts to Doug Cassity.

**IT IS HEREBY ORDERED** that Defendant J. Douglas Cassity's "Motion to Dismiss without Prejudice or in the Alternative to Sever" [ECF No. 1433] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit a Status Report regarding the provision of copies of deposition transcripts to Defendant J. Douglas Cassity.

Dated this   10th   day of April, 2014.

                                              E. RICHARD WEBBER
                                              SENIOR UNITED STATES DISTRICT JUDGE