UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.,* | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon "Plaintiffs' Motion to Compel Production of Documents from Defendant Brown Smith Wallace" [ECF No. 1473].

This litigation arises out of an alleged scheme by the owners, directors, officers, employees, attorneys, and consultants of three entities -- National Prearranged Services, Inc., Lincoln Memorial Insurance Company, and Memorial Service Life Insurance Company -- to defraud funeral homes and consumers in the sale of pre-need funeral service contracts, and to re-direct the funds received from the sale of those products to other related entities and certain individual parties.

In the instant case, the Special Deputy Receiver ("SDR") has asserted, against numerous defendants, claims such as violation of the RICO Act, 18 U.S.C. § 1962(d); breach of fiduciary duty; and gross negligence. Other plaintiffs include national and individual state life and health insurance guaranty associations. Plaintiffs' Third Amended Complaint named over forty defendants, including Defendant National Brown Smith Wallace.

In the Motion to Compel, the SDR claims that, although it served its First Set of Requests for Production on Brown Smith Wallace on February 9, 2012, Brown Smith Wallace did not make an initial production of responsive e-mails until February 22, 2013.  The SDR states Brown Smith Wallace acknowledged its initial production was incomplete, and advised in follow-up phone calls that production was moving forward.  The SDR claims it proceeded to depose Brown Smith Wallace auditors Matthew Powell and Larry Pevnik on the understanding that all e-mails would be produced prior to the depositions.   The SDR further states that, contrary to its representations, Brown Smith Wallace was not in the process of producing the remaining e-mails.   The SDR claims Brown Smith Wallace recently informed it that it will not produce all of its employees' e-mails until late April 2014, at the earliest.  The SDR asserts that, in light of the fast-approaching June 1, 2014 fact discovery deadline, the SDR has no choice but to bring this motion to compel.  The SDR requests the Court to order: 1) Brown Smith Wallace to produce all responsive e-mails within 7 days; 2) that, in order to expedite the production, any privilege contained in those e-mails be waived; 3) Brown Smith Wallace to pay Plaintiffs' attorney fees in bringing the motion to compel, as well as the fees incurred in preparing for and taking the Powell and Pevnik depositions; and 4) Brown Smith Wallace to make Mr. Powell and Mr. Pevnik available for up to seven hours each of additional deposition testimony based on the newly-produced documents.

In its Amended Memorandum in Opposition to Plaintiffs' Motion to Compel Production of Documents, Brown Smith Wallace claims Plaintiffs, without complying with the provisions of Local Rule 7-4.01, filed their motion, alleging Brown Smith Wallace to be over two years late in producing documents, and to be intentionally employing delay tactics to slow down the progress

of the case [ECF No. 1483]. Brown Smith Wallace asserts it is diligently, and in good faith, continuing its ongoing obligation to produce all responsive material to Plaintiffs' discovery requests. It claims the difficulties it is experiencing in producing its files stem from the complications and time necessary not only to restore, but also to review and ultimately produce electronically stored materials from voluminous and outdated backup tapes. Brown Smith Wallace further asserts that, throughout the litigation, it has produced documents responsive to Plaintiffs' requests on a rolling basis, instead of waiting until the entire production set is complete, in an effort to keep discovery moving forward. Brown Smith Wallace claims it is presently in the final stages of completing its e-mail production, and to date, has produced over 68,000 non-privileged documents for Plaintiffs' review. Brown Smith Wallace consents to make Mr. Powell and Mr. Pevnik available for additional deposition testimony. It contends neither attorneys' fees nor sanctions are warranted or available to Plaintiffs.

In their Reply, Plaintiffs argue they have been highly prejudiced by Brown Smith Wallace's actions, and contend, with the fact discovery deadline less than seven weeks away, they and their experts are entitled to all available time to review the newly produced documents, and, if necessary, take additional depositions [ECF No. 1494]. They claim the Court's imposition of a seven-day deadline is necessary to ensure that Brown Smith Wallace acts in the face of an actual deadline.

The Court conducted a hearing on Plaintiffs' Motion to Compel on April 28, 2014 [ECF No. 1514]. During the hearing, Brown Smith Wallace indicated its willingness to produce Mr. Powell and Mr. Pevnik for a second deposition, the total time of each deposition not to exceed seven (7) hours. The Court recognizes that these depositions will necessarily involve travel, and

that numerous other depositions in this matter are being conducted in many locations. The parties shall communicate and agree on a time and location for taking the depositions of Mr. Powell and Mr. Pevnik. If they cannot agree on the place where the depositions will be taken, the parties shall notify the Court, and the Court shall decide.

During the hearing, the parties reported Brown Smith Wallace had produced to Plaintiffs, on April 25, 2014, the requested documents, a production consisting of 38,000 documents. Although the documents requested have been now been produced, Plaintiffs still seek discovery sanctions under Federal Rule of Civil Procedure 37, claiming they were prejudiced and will be hard-pressed to find time to review the documents before the approaching June 1, 2014 discovery deadline, due to Brown Smith Wallace's conduct and its failure to produce the requested information within a reasonable time frame. Plaintiffs shall produce for the Court's review, a statement of attorney fees in bringing the motion to compel, as well as the fees incurred in preparing for and taking the second Powell and Pevnik depositions.

Accordingly,

**IT IS HEREBY ORDERED** that "Plaintiffs' Motion to Compel Production of Documents from Defendant Brown Smith Wallace" [ECF No. 1473] is **GRANTED in part,** and **DENIED, in part.** That part of Plaintiffs' Motion requesting the Court to order Brown Smith Wallace to produce certain requested documents is denied, as moot. In accordance with the parties' representations and agreement, Brown Smith Wallace shall make auditors Matthew Powell and Larry Pevnik available for up to seven (7) hours each of additional deposition testimony based on the newly-produced documents. The parties shall communicate and agree on a time and location for taking the depositions. If the parties cannot so agree, they shall notify the

Court, and it shall decide. Furthermore, Plaintiffs shall produce for the Court's review, a statement of attorney fees in bringing the motion to compel, as well as the fees incurred in preparing for and taking the second Powell and Pevnik depositions.

Dated this __30th__ day of April, 2014.

                                        E. RICHARD WEBBER
                                        SENIOR UNITED STATES DISTRICT JUDGE