UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon Defendants Rhonda L. Cassity's and Rhonda L. Cassity, Inc.'s (collectively referred to as "Defendants") Verified Motion for Protective Order [ECF No. 1512].

In their Motion, Defendants move the Court for a Protective Order: 1) finding Rhonda Cassity has shown good cause that her deposition should take place in Naples, Florida; or, alternatively, finding Rhonda Cassity can appear in St. Louis if her travel costs, her attorney's travel costs, and her attorney fees for time her attorney bills while not actually representing Rhonda Cassity during her deposition be reimbursed by Plaintiffs; 2) directing the 30(b)(6) deposition of Neil Packman and Laura Stefacek of Rosentahal Packman to be scheduled by May 31, 2014, to take place after May 31, 2014; or alternatively, finding Cassity Inc.'s identification of certain incarcerated witnesses as 30(b)(6) deponents with knowledge of the topics listed, and relevant documents satisfies Cassity, Inc.'s requirements pursuant to Federal Rule of Civil Procedure 30(b)(6); and 3) determining who must pay the appearance fee of Packman and

Stefacek should the Court decide their depositions can be had after the May 31, 2014 deadline.

Rhonda Cassity asserts she has lived in Naples, Florida since 2005, and thus has the right to insist on being deposed in her home forum. She claims she has proposed numerous solutions in an effort to accommodate the Plaintiffs' heavy deposition schedule, including her offer to appear in either St. Louis or Denver if Plaintiffs reimburse the costs for her and her counsel, and a suggestion to conduct the deposition by video conference. Rhonda Cassity further claims she has been "without fully engaged representation in this matter," and Plaintiffs have complained the lack of response from her counsel has been a problem. She contends she should not now be penalized financially for retaining local counsel with whom she can meet personally, but whom she must pay to travel to St. Louis for the convenience of the Plaintiffs.

Plaintiffs have filed "Plaintiffs' Opposition to Defendants Rhonda L. Cassity's and Rhonda L. Cassity, Inc.'s Motion for Protective Order, " detailing their unsuccessful efforts to obtain responses as to the Defendants' availability, including the time and place for the depositions [ECF No. 1521]. They claim, given the circumstances and the lack of response from Cassity regarding their requests for dates, "moving forward with the set schedule of taking the Rule 30(b)(6) deposition on May 22, 2014, and [Rhonda Cassity's deposition on] May 23 was the most efficient." Plaintiffs contend Defendants have failed to show good cause necessitating a change in location of the deposition from St. Louis, Missouri, to Naples, Florida.

The parties are requesting a telephone conference with the Court to resolve their scheduling conflict as to the location and date of the two depositions. The Court notes that the record in this matter indicates that, in addition to her Naples residence, Mrs. Cassity has significant ownership interests in properties located in Nantucket, Massachusetts, and New York,

New York. Before considering Defendants' requests, particularly those asking for reimbursement for costs in attending depositions in St. Louis, the Court shall direct Defendants to produce for its review, within five (5) days of this Order, all banking statements, credit card statements, and financial statements pertaining to the financial status of and all property ownership interests held by Rhonda L. Cassity and Rhonda L. Cassity, Inc., for the period between July 1, 2011 to present.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants shall produce to the Court for its review, within five (5) days of this Order, all banking statements, credit card statements, and financial statements pertaining to the financial status of and all property ownership interests held by Rhonda L. Cassity and Rhonda L. Cassity, Inc., for the period between July 1, 2011 to present.

Dated this __30th__ day of April, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE