UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.,* | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon Defendants Rhonda L. Cassity's and Rhonda L. Cassity, Inc.'s (collectively referred to as "Defendants") Verified Motion for Protective Order [ECF No. 1512].

In their Motion, Defendants move the Court for a Protective Order: 1) finding Rhonda Cassity has shown good cause that her deposition should take place in Naples, Florida; or, alternatively, finding Rhonda Cassity can appear in St. Louis, if her travel costs, her attorney's travel costs, and her attorney fees for time her attorney bills while not actually representing Rhonda Cassity during her deposition, be reimbursed by Plaintiffs; 2) directing the 30(b)(6) deposition of Neil Packman and Laura Stefacek of Rosenthal Packman to be scheduled by May 31, 2014, to take place after May 31, 2014; or alternatively, finding Cassity Inc.'s identification of certain incarcerated witnesses as 30(b)(6) deponents with knowledge of the topics listed, and relevant documents, satisfies Cassity, Inc.'s requirements pursuant to Federal Rule of Civil Procedure 30(b)(6); and 3) determining who must pay the appearance fee of Packman and

Stefacek should the Court decide their depositions can be had after the May 31, 2014 deadline.

Rhonda Cassity asserts she has lived in Naples, Florida since 2005, and thus has the right to insist on being deposed in her home forum. She claims she has proposed numerous solutions in an effort to accommodate the Plaintiffs' heavy deposition schedule, including her offer to appear in either St. Louis or Denver if Plaintiffs reimburse the costs for her and her counsel, and a suggestion to conduct the deposition by video conference. Rhonda Cassity further claims she has been "without fully engaged representation in this matter," and Plaintiffs have complained of the lack of response from her counsel. She contends she should not now be penalized financially for retaining local counsel, with whom she can meet personally, but whom she must pay to travel to St. Louis, for the convenience of the Plaintiffs.

Regarding the 30(b)(6) deposition of Rhonda L. Cassity Inc., Cassity asserts she has identified Neil Packman and Laura Stefacek of Rosenthal Packman as the persons with the most knowledge of the topics identified in Plaintiffs' 30(b)(6) notice, and has additionally designated several incarcerated defendants as also having knowledge of the noticed topics. She also asserts she noticed Plaintiffs of a scheduling problem with the designated deponent, as neither Packman nor Stefacek would be available until after June 1, 2014.

Plaintiffs have filed "Plaintiffs' Opposition to Defendants Rhonda L. Cassity's and Rhonda L. Cassity, Inc.'s Motion for Protective Order, " detailing their numerous unsuccessful efforts to obtain responses as to the Defendants' availability, including the time and place for the depositions [ECF No. 1521]. Plaintiffs state they have explained to Defendants that the extenuating circumstances regarding the very large number of depositions scheduled between now and the close of discovery on June 1, 2014, made rescheduling difficult, and have described

2

how Plaintiffs are committed to depositions on almost every day up to the discovery deadline. They claim, given the circumstances and the lack of response from Cassity regarding their requests for dates, "moving forward with the set schedule of taking the Rule 30(b)(6) deposition on May 22, 2014, and [Rhonda Cassity's deposition on] May 23 was the most efficient." Plaintiffs contend Defendants have failed to make a particularized showing how her health or any sufficient hardship would make being deposed in St. Louis an undue burden, or to establish good cause necessitating a change in location of the deposition from St. Louis, Missouri, to Naples, Florida.

In a Reply Brief, Defendants continue to argue that, in the absence of special or unusual circumstances, a party seeking discovery must go where the desired witnesses are normally located. Defendants contend Plaintiffs' good cause argument "attempts to shift the burden to Cassity to obtain the Court's protection, without Plaintiffs' first meeting their initial burden to show why Mrs. Cassity hasn't demonstrated sufficient good cause for the court's protection because she resides in Naples, Florida, and her deposition should be taken in Naples, Florida, where she resides, not St. Louis, Missouri." [ECF No. 1525 at 2].

The parties requested a telephone conference with the Court to resolve their scheduling conflict as to the location and date of the two depositions. On April 30, 2014, the Court issued an Order, noting the record in this matter indicates that, in addition to her Naples residence, Mrs. Cassity has significant ownership interests in properties located in Nantucket, Massachusetts, and New York, New York [ECF No. 1522]. In that Order, the Court directed Defendants to produce for its review, within five (5) days of the Order, all banking statements, credit card statements, and financial statements pertaining to the financial status of and all property ownership interests

held by Rhonda L. Cassity and Rhonda L. Cassity, Inc., for the period between July 1, 2011 to present.

Defendants produced, for *in camera* review, an incomplete response to the Court's Order, that, among other things, indicates Rhonda Cassity does not have a financial statement for any of the relevant period, any records of credit cards she possessed prior to 2012, or any knowledge of whom might have such records. Defendants reported Rhonda Cassity owns real property in Naples, Florida, but did not provide any indication of the value of her ownership interest in that residence. Defendants supplied no explanation concerning alleged ownership interests in residences located in Massachusetts or New York. The scanty financial documentation, and corresponding explanation, provided by Defendants do not persuade the Court that requiring Rhonda Cassity's presence in St. Louis would pose an undue burden, or that good cause necessitating a change in location of the deposition to Naples, Florida, exists.

Having considered the circumstances of all the parties, Defendants' deposition, previously noticed and scheduled, will go forward. The discovery deadline in this matter is June 1, 2014. A very large number of depositions, requiring great cooperation and coordination between parties and their counsel, have been scheduled between now and the close of discovery. The delay, relocation, and rescheduling sought by Defendants in their request for a protective order would pose significant hardship to Plaintiffs, and would not serve efficiency or judicial economy. The Court will deny Defendants' request for a protective order, and order the depositions to take place as currently noticed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Rhonda L. Cassity's and Rhonda L.

Cassity, Inc.'s Verified Motion for Protective Order [ECF No. 1512] is **DENIED**.  The depositions of Defendants Rhonda L. Cassity and Rhonda L, Cassity, Inc. shall take place as currently noticed.

Dated this   9th   day of May, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE