UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) Case No. 4:09CV01252 ERW ) |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) |

### **MEMORANDUM AND ORDER**

This matter comes before the Court on "National City's Motion for Reconsideration and Clarification" [ECF No. 1569]. In this Motion, National City urges the Court to reconsider its May 9, 2014 Memorandum and Order [ECF No. 1535].

**I. BACKGROUND**

This litigation arises out of an alleged scheme by the owners, directors, officers, employees, attorneys, and consultants of three entities -- National Prearranged Services, Inc. ("NPS"), Lincoln Memorial Insurance Company ("Lincoln"), and Memorial Service Life Insurance Company ("Memorial") -- to defraud funeral homes and consumers in the sale of pre-need funeral service contracts, and to re-direct the funds received from the sale of those products to other related entities and certain individual parties.

On April 8, 2008, the Texas Commissioner of Insurance placed Lincoln under a consent order, finding, among other things, that Lincoln had failed to comply with certain laws, and that several states had suspended Lincoln's certificate of authority, or otherwise prohibited Lincoln

1

from issuing policies within their borders. An arbitration proceeding arising out of a reinsurance agreement between Lincoln and Hannover Life Reassurance Company of America ("Hannover") began on April 14, 2008.

Hannover, who had reinsured some of Lincoln's insurance policies in exchange for premium payments, sought in excess of $28 million for damages caused by Lincoln's misconduct. In response, Lincoln asserted Hannover wrongfully accused Lincoln of fraud and other deliberate misconduct, claimed the arbitration expenses had brought it to the brink of insolvency, and contended Hannover should pay Lincoln over $50 million in compensatory damages. Lincoln also sought $200 million in punitive damages on the basis of Hannover's "grotesque conduct" during the arbitration proceeding.

Several weeks after Lincoln was placed under the April 8, 2008 consent order, top Lincoln officials refused to testify in the Hannover arbitration. The arbitration hearing concluded on April 25, 2008, without any Lincoln witness testifying. The alleged scheme ultimately resulted in causing the Texas Department of Insurance to declare the Lincoln, NPS, and Memorial insolvent, and to petition for an order of rehabilitation in a Texas state court.

On May 13, 2008, Lincoln entered into a "Rule 11 Agreement" with the Texas Department of Insurance, consenting to receivership, an agreed Rehabilitation Order, and a permanent injunction. On May 14, 2008, the Texas Receivership Court entered its Order, appointing the Commissioner of Insurance for the State of Texas as Receiver for Rehabilitation ("Rehabilitator"), finding Lincoln to be in a hazardous financial condition, and granting the Rehabilitator all title to Lincoln's property. The Texas Receivership Court issued an automatic stay under Texas Insurance Code § 443.008, and entered a permanent injunction that, among

other things, enjoined arbitration against Lincoln, and prohibited persons or any other legal entities from making any claim, charge or offset against the defendant entities, their property, or the Rehabilitator [ECF No. 925-8]. The Rehabilitator subsequently appointed Plaintiff Jo Ann Howard & Associates, P.C., to serve as the Special Deputy Receiver ("SDR") of NPS, Lincoln, and Memorial. On September 22, 2008, the receivership court entered an order approving the liquidation of Lincoln, and permanently staying the Hannover arbitration.

In the instant case, the SDR has asserted, against numerous defendants, claims such as violation of the RICO Act, 18 U.S.C. § 1962(d); breach of fiduciary duty; and gross negligence. Other plaintiffs include national and individual state life and health insurance guaranty associations. Plaintiffs' Third Amended Complaint ("TAC") names over forty defendants, including Defendants National City Bank and PNC Bank (collectively referred to as "National City"). The TAC asserts claims against National City for breach of fiduciary duty, and negligence and gross negligence. In its Answer to Plaintiffs' TAC, National City asserts, among others, the affirmative defense that Plaintiffs failed to mitigate any damages they may have suffered [ECF No. 1018 at 93].

National City recently served Peter A. Scarpato with a subpoena, requesting production of an unissued arbitration award from the 2008 arbitration proceeding between Hannover and Lincoln [ECF Nos. 1437, 1437-1]. Mr. Scarpato was the umpire for the Hannover arbitration. The requested award was never issued because the Texas Receivership Court permanently stayed the arbitration matter, when it placed Lincoln into rehabilitation.

On March 6, 2014, Plaintiffs filed "Plaintiffs' Motion to Strike National City Bank's Failure to Mitigate Damages Defense and Quash Its Subpoena" [ECF No. 1437]. Upon National

City's request, the Court granted National City two extensions of time to file a Response [ECF Nos. 1453, 1455, 1476, 1478]. National City filed its Memorandum in Opposition on April 7, 2014, and requested oral argument [ECF No. 1490]. The Court granted National City's oral argument request and the matter was set for hearing on April 28, 2014 [ECF No. 1492]. The Court also granted Plaintiffs' request for a time extension to file their Reply, which Plaintiffs submitted on April 23, 2014 [ECF Nos. 1504, 1511]. The Court conducted the motion hearing as scheduled, at 10:00 a.m., on April 18, 2014 [ECF No. 1513]. Counsel for the parties appeared and presented argument [ECF No. 1513]. The proceedings concluded at 11:15 a.m., at which time the Court took the matter under submission. The Court issued its Memorandum and Order on May 9, 2014, and granted Plaintiffs' motion [ECF No. 1535].

Thereafter, National City filed its Motion for Reconsideration and Clarification on May 28, 2014 [ECF No.1569]. Plaintiffs filed a Response, and National City filed its Reply [ECF Nos. 1601, 1611].

## II. THE MAY 9, 2014 ORDER

On May 9, 2014, this Court issued its Memorandum and Order, granting "Plaintiffs' Motion to Strike National City Bank's Failure to Mitigate Damages Defense and Quash Its Subpoena" [ECF No. 1437]. In that motion, Plaintiffs moved to strike National City's failure-to-mitigate-damages as legally insufficient, and to quash a subpoena served on the Hannover arbitration umpire. Plaintiffs contended National City's actions improperly challenged the Texas receivership court's orders that resulted in an automatic stay of the Hannover arbitration and a permanent injunction enjoining arbitration against Lincoln.

National City claimed Plaintiffs wrongly sought to cut off its inquiry into the SDR's

decisions and actions during the course of the supervision, rehabilitation, and receivership proceedings, and argued the arbitration award was discoverable, because it relates to causation. National City contended Hannover's conduct in pursuing claims against Lincoln in the arbitration proceeding, and the SDR's decision to abandon Lincoln's claims against Hannover, proximately caused the injuries Plaintiffs alleged. National City argued discovery suggested the SDR chose to block the issuance of the arbitration award because it would undermine Plaintiffs' claims for losses due to trustee mismanagement.

In the May 9, 2014 Order, the Court agreed National City's asserted defense basically constituted a challenge to the receivership court's orders, and found National City was seeking to diminish the amount of any recovery from it, on the basis of actions taken by the receivership court and the Texas Department of Insurance. Among other things, the Court concluded Plaintiffs were entitled to relief under Federal Rule of Civil Procedure 12(f), as the best interests of the general public, policy holders, creditors, and the insolvent insurers would be served by granting the requested relief. Persuaded that public policy weighed in favor of the public not bearing the risk of any judgment errors by regulators or receivers, the Court concluded, finding a duty on behalf of a regulatory agency that would relieve National City of liability for misconduct would not comport with the agency's duty to the general public and the insurance funds, or with the congressional scheme of the applicable insolvent insurer statutes. As well, Court found National City's mitigation-of-damages defense was legally insufficient, because the defense was not causally related to the damages Plaintiffs claims National City caused. The Court stated: "National City's attempt to pursue a collateral actions at this stage of the case, based on a mitigation-of-damages defense as a wrongdoer attempting to reduce the receiver's recovery, will

5

not be permitted" [ECF NO 1535 at 16]. The Court also found the subpoena served on Mr. Scarpato should be quashed. Accordingly, the Court granted "Plaintiffs' Motion to Strike National City Bank's Failure to Mitigate Damages Defense and Quash Its Subpoena."

### III. LEGAL STANDARD

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure. Typically, courts construe a motion to reconsider as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from a final judgment, order, or proceeding under Rule 60(b). This Court's May 9, 2014 Memorandum and Order cannot be classified as a "judgment"; therefore, National City's motion to reconsider does not fall within the parameters of Rule 59(e). However, National City's Motion may be considered pursuant to Rule 60(b), which allows relief from an order due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) ("[W]e have determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'").

Relief under "Rule 60(b) is an "extraordinary remedy" that is "justified only under 'exceptional circumstances.'" *Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., Inc.,* 413 F.3d

897, 903 (8th Cir. 2005) (quoting *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999)). Further, "[r]elief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005). The Rule 60(b)(6) catch-all provision is not a vehicle for setting forth arguments that were made or could have been made earlier in the proceedings. *See Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999).

## IV. DISCUSSION

In its Motion to Reconsider, National City claims the Court manifestly erred by: 1) misapprehending the nature of Plaintiffs' damages theory and wrongly assuming Plaintiffs do not claim National City caused damages to Lincoln; 2) failing to address substantial authority indicating an automatic stay did not bar the continuation of Lincoln's counterclaims against Hannover; 3) concluding that, under Missouri law, the decisions of the SDR cannot be challenged via a failure-to-mitigate defense; and 4) misapplying Rule 12(f) by making premature factual findings regarding the reasonableness of the SDR's decision to abandon the Hannover arbitration award [ECF Nos. 1569, 1570]. National City argues each of these four alleged errors "each either resulted from the type of inadvertent judicial mistake contemplated by Rule 60(b)(1) or otherwise 'justif[y] relief' under Rule 60(b)(6)." [ECF No. 1570 at 2, n. 2]. National City requests the opportunity to present oral argument on its motion, claiming it will "not only facilitate the Court's consideration of this important issue but also will help to clarify the scope of Plaintiff's claims" [ECF No. 1570 at 11]. In the event this Court does not reconsider the May 9, 2014 ruling, National City specifically asks the Court to clarify that Plaintiffs may not seek

damages resulting from Lincoln's insolvency [ECF No. 1611 at 15].

In their Response to National City's Motion for Reconsideration and Clarification, Plaintiffs assert National City's request for reconsideration merely rehashes and reformulates arguments previously considered and rejected by this Court, and fails to satisfy the "exceptional circumstances" necessary to justify its requested relief. Plaintiffs further contend National City's assertion of "judicial mistake" fails as a matter of law under Federal Rule of Civil Procedure 60(b)(1).

Rule 60(b)(1) authorizes district courts to grant relief from an order when a party makes a showing of "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). "'[R]elief under Rule 60(b)(1) for judicial error other than for judicial inadvertence' is not available." *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460-61 (8th Cir. 2000). Here, National City's motion raises only issues of law that previously were considered, ruled upon, and rejected by this Court. Because National City's motion is not based on "judicial inadvertence," it cannot be characterized as a Rule 60(b)(1) motion. *See id.*; *Nichols v. U..S.*, Nos. 00-22-03, 05-626, 2006 WL 3420303 at *3 (E.D. Ark. Nov. 28, 2006)("Relief for judicial inadvertence is granted for obvious errors of law that are apparent on the record."). This finding leaves only the grounds set forth in subpart (b)(6) of the rule as a basis for Plaintiff's requested relief.

The purpose of Rule 60(b) is not to allow parties an opportunity to reargue their case, or to raise arguments they could have made previously; the rule provides "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *See Harley*, 413 F.3d at 871; *Broadway*, 193 F.3d at 989-90. Relief is available under Rule 60(b)(6) only where exceptional circumstances have deprived a party of a full and fair opportunity to

litigate its claims, and have presented it from securing adequate redress. *Harley*, 413 F.3d at 871. National City has had ample time and opportunity to argue this matter previously, was even afforded a hearing on the matter, and, indeed, did argue these issues when it opposed Plaintiffs' motion to strike and motion to quash. Furthermore, granting National City's motion will not correct any error, much less a significant one. Essentially, National City's arguments amount to disagreement with the Court's rulings in the May 9, 2014 Memorandum and Order. The Court has carefully reviewed its rulings, and finds no error. National City has not met its burden of showing the exceptional circumstances justifying relief under Rule 60(b) is justified. The Court will deny National City's Motion for Reconsideration and Clarification.

Accordingly,

**IT IS HEREBY ORDERED** that "National City's Motion for Reconsideration and Clarification" [ECF No. 1569] is **DENIED**.

So Ordered this 15th day of July, 2014.

                                                                                            *E. Richard Webber*
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**