UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Brown Smith Wallace, LLC's ("BSW") "Motion for Leave to Schedule the Deposition of the Custodian of Records of the California Board of Accountancy" [ECF No. 1624].

In its Motion, BSW prays for an Order granting it leave to schedule and complete the deposition of the Custodian of Records of the California Board of Accountancy ("Custodian") at a date prior to September 15, 2014. BSW claims when it deposed Plaintiffs' designated expert Shahriar Arfa-Zanganeh ("Arfa-Zanganeh"), a Certified Public Accountant ("CPA"), in July of 2014, Arfa-Zanganeh offered testimony regarding whether he passed the CPA examination on his first attempt that raises questions as to his qualifications and credibility [ECF No. 1625 at 2]. More specifically, BSW contends that when Arfa-Zanganeh was asked whether he passed the section of the CPA exam he was required to take to obtain licensure in the United States on his first attempt, Arfa-Zanganeh responded, "I don't recollect" [ECF No. 1634 at 3]. BSW claims information concerning Arfa-Zanganeh's testing history is relevant, as it goes directly to his

1

credibility as a witness, arguing Arfa-Zanganeh's "apparent reluctance to be forthcoming regarding his testing history reflects directly on his credibility as a witness to tell the truth" [ECF No. 1634 at 4].

In their Response, Plaintiffs urge the Court to deny BSW's Motion, arguing BSW seeks information that is either easily accessible through public sources, or is protected by confidentiality [ECF No. 1632]. Plaintiffs state the date of Arfa-Zanganeh's licensure is readily available from the California Board of Accountancy's ("Board") website, and they attach a document displaying that information. Plaintiffs further state the Board has advised them that it does not release testing information because it is confidential.

Additionally, Plaintiffs contend the requested deposition is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs report Arfa-Zanganeh testified, and the Board's website verifies, he passed the CPA exam in 1992 and has been licensed since that time. They argue Arfa-Zanganeh's exam results from over twenty years ago are irrelevant, and contend the minimal probative value they may have is substantially outweighed by the danger of unfair prejudice and wasting time. Plaintiffs further contend BSW's Motion should be denied because BSW's counsel did not confer with Plaintiffs prior to filing its Motion. Finally, assuming BSW's Motion is appropriate discovery, Plaintiffs claim the requested information can be obtained more efficiently through a subpoena duces tecum, as opposed to a deposition.

In its Reply, BSW agrees the requested information can be obtained more efficiently through a subpoena duces tecum [ECF No. 1634]. Claiming, however, "it is common knowledge knowledge that the CPA exam is amongst the most difficult professional exams to pass," BSW contends Arfa-Zanganeh "almost certainly would remember having taken this burdensome test

2

more than once[,]" and BSW argues a subpoena directed to the Board requesting Arfa-Arfa-Zanganeh's testing history is relevant for impeaching him, and is reasonably calculated to lead to the discovery of such evidence.[ECF No. 1634 at 4].

After Arfa-Zanganeh testified during his deposition that he passed the CPA exam in 1992, BSW inquired as follows:

> Q: Did you pass the – all four parts at the first attempt or did you take some more than once?
>
> A: Well, I was a UK-chartered accountant. Bermuda CPA, Canadian CPA when I was working in Bermuda. So when I came to the United States, only had to take one or two parts, which I did, and I think that all got finished by end of 1992 if I'm not mistaken.
>
> Q: And of the one or two parts that you had to take, did you pass them both the first time?
>
> A: I don't recollect. Such a long time ago.

[ECF No. 1632-2 at 3].

BSW does not dispute the date or validity of Arfa-Zanganeh's licensure; nor does BSW argue Arfa-Zangeneh lacks the knowledge, skill, experience, training, or education necessary to qualify as an expert in this matter. *See* Fed. R. Evid. 702. Instead, BSW appears to suggest that taking the CPA exam more than once would somehow show him to be less qualified than a CPA who had passed the examination on his first sitting. Interestingly, in arguing Arfa-Zanganeh's testing history is relevant, BSW quotes two court opinions that indicate the CPA exam is "difficult," "demanding," and rarely passed on the first attempt. *See Ferguson v. Dep't of Health Health & Human Res., Office of Mgmt. & Fin.*, 451 S.2d 165, 169 (1st Cir. 1984); *Hochhauser v. Hochhauser*, No. 03-00119, 2003 WL 22768792 at *6 (Tn. Ct. App. Nov. 19, 2003). These

presumably accurate observations make BSW's inquiry, as to whether Arfa-Zanganeh passed the exam on his first attempt, irrelevant to his qualifications to testify as an accounting expert, because "very few people pass all four parts the first time they sit[,]" and "passing the exam often takes two, three four sittings." *Hochhauser,* 2003 WL 22768792 at *6.

Moreover, the Court finds BSW's contention that a subpoena directed to the Board is reasonably calculated to the discovery of admissible evidence, and its argument that Arfa-Zanganeh's testing history -- for an examination taken more than twenty years ago -- is relevant for impeachment purposes, quite unpersuasive. *See* Fed. R. Civ. P. 26(b)(1). BSW's own assertion establishes that its need for Arfa-Zanganeh's testing history, to impeach his credibility, can be achieved on cross examination simply by challenging the credulity of his professed lack of recollection in light of common knowledge concerning the exam's difficulty. Accordingly, the Court finds any slight probative value that evidence of Arfa-Zanganeh's testing history might hold is substantially outweighed by the danger of unfair prejudice, confusing the issues, and wasting time. *See* Fed. R. Evid. 403. The Court will deny BSW's Motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Brown Smith Wallace, LLC's "Motion for Leave to Schedule the Deposition of the Custodian of Records of the California Board of Accountancy" [ECF No. 1624] is **DENIED**.

So Ordered this 29th day of August, 2014.

*E. Richard Webber* (signature)

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**