UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JO ANN HOWARD &                           )
ASSOCIATES, P.C., *et al.*,                )
                                           )
          Plaintiffs,                      )
                                           )
          vs.                              )    Case No. 4:09CV01252 ERW
                                           )
J. DOUGLAS CASSITY, *et al.,*              )
                                           )
          Defendants.                      )

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Defendant J. Douglas Cassity's ("Doug Cassity")

"Motion to Modify Order and Make Dismissal of Defendant Cassity 'with' Prejudice and/or to

Reinstate Doug Cassity as a Defendant Unless Brent Cassity Is Also Dismissed with Prejudice"

[ECF No. 1621]; "Defendant Tyler Cassity's *Amended* Motion to Set Aside or Vacate the

Dismissal of Defendant J. Douglas Cassity; Tyler Cassity's Opposition to J. Douglas Cassity's

Motion to Dismiss with Prejudice; and Tyler Cassity's Joinder in Doug Cassity's Request to

Vacate Dismissal" [ECF No. 1629]; Defendants Rhonda L. Cassity's and Rhonda L. Cassity,

Inc.'s "Notice of Joinder in Co-Defendant Tyler Cassity's Amended Motion to Set Aside or

Vacate the Dismissal of Defendant J. Douglas Cassity and Joinder in Defendant Doug Cassity's

Request to Vacate Dismissal" [ECF No. 1630]; and Defendant Brent Cassity's "Motion to

Dismiss with Prejudice or in the Alternative to Grant Defendant Brent Cassity, Pro Se, Due

Process Rights in Order that He Be Able to Defend Himself" [ECF No. 1623].

This litigation arises out of proceedings instituted by the Texas Department of Insurance

1

in Travis County, Texas.   Plaintiffs in this litigation include, among others, Jo Ann Howard and

Associates, who is acting as Special Deputy Receiver ("SDR") for three entities, National

Prearranged Services, Inc. ("NPS"), Lincoln Memorial Life Insurance Company, and Memorial

Service Life Insurance Company.

On May 3, 2012, Plaintiffs filed a Third Amended Complaint ("TAC") in this matter,

asserting a wide variety of claims against various defendants, including, but not limited to, claims

for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§

1961-1968.   The TAC originally named over forty defendants, with varying degrees of alleged

involvement in what Plaintiffs characterize as a scheme to defraud individual consumers and

funeral homes in the sale of NPS's pre-need funeral contracts.   Six of the defendants named in

this matter, including Doug Cassity and Brent Cassity, were prosecuted for a variety of

fraud-based crimes in a parallel criminal case.   Doug Cassity and Brent Cassity pleaded guilty to

charges in the parallel case, and are presently serving terms of imprisonment for the criminal

charges arising out of the circumstances of this civil matter.

On July 21, 2014, Plaintiffs filed, pursuant to Federal Rule of Civil Procedure 41(a)(2),

"Plaintiffs' Motion for Dismissal without Prejudice of Complaint against Defendant J. Douglas

Cassity" [ECF No. 1617].   In their dismissal motion, Plaintiffs explained they were seeking

voluntary dismissal of their claims against Doug Cassity, because in the interim, since they filed

their TAC, a $435,000,000 restitution order had been entered against Doug Cassity in the parallel

criminal case, and the SDR is named as the primary victim to receive restitution payments.

Plaintiffs further asserted that representations by Doug Cassity indicated he would be financially

unable to pay even a fraction of the award, and they claimed costly and time-consuming

challenges relating to Doug Cassity's access to case information would only increase through the remainder of discovery and trial in this matter. Plaintiffs contended dismissal would conserve judicial resources by avoiding any additional rulings or motion practice prompted by Doug Cassity's continued presence in the action; would simplify matters before the Court; and would streamline the case for both pretrial and trial purposes by reducing the number of defendants involved. Plaintiffs further contended dismissal would cause no prejudice to Doug Cassity or any remaining defendants, as Doug Cassity has not filed any summary judgment motions, has not been served with any discovery directed at him, has not initiated any discovery, has not asserted any counter- or cross-claims, and has had no cross-claims asserted against him. Plaintiffs stated they were not seeking voluntary dismissal of their claims against Doug Cassity to avoid an adverse decision, to seek a more favorable forum, or to gain any tactical advantage, as they will continue to pursue their claims in this Court. The Court granted Plaintiffs' motion on July 22, 2014, dismissing, without prejudice, all claims asserted against Doug Cassity [ECF No. 1618].

Doug Cassity filed his "Motion to Modify Order and Make Dismissal of Defendant Cassity 'with' Prejudice and/or to Reinstate Doug Cassity as a Defendant unless Brent Cassity is also Dismissed with Prejudice" on July 28, 2014 [ECF No. 1621], asking the Court to modify its July 22nd Order to indicate the dismissal was with prejudice and to also include dismissal with prejudice of all claims against Brent Cassity; or, alternatively, to restore Doug Cassity as a defendant. Thereafter, Brent Cassity filed his "Motion to Dismiss with Prejudice or in the Alternative to Grant Defendant Brent Cassity, Pro Se, Due Process Rights in Order that He Be Able to Defend Himself" on July 31, 2014 [ECF No. 1623]. Another defendant in this matter, Tyler Cassity, has filed "Defendant Tyler Cassity's *Amended* Motion to Set Aside or Vacate the

Dismissal of Defendant J. Douglas Cassity; Tyler Cassity's Opposition to J. Douglas Cassity's Motion to Dismiss with Prejudice; and Tyler Cassity's Joinder in Doug Cassity's Request to Vacate Dismissal" [ECF No. 1629].   Defendants Rhonda L. Cassity and Rhonda L. Cassity, Inc. have filed a "Notice of Joinder in Co-Defendant Tyler Cassity's Amended Motion to Set Aside or Vacate the Dismissal of Defendant J. Douglas Cassity and Joinder in Defendant Doug Cassity's Request to Vacate Dismissal" [ECF No. 1630].

In his Motion to Modify, Doug Cassity states that he has not yet been served with a copy of Plaintiffs' dismissal motion by mail, but that he informed Plaintiffs, by email on July 21, 2014, of his opposition to the motion unless the dismissal was with prejudice, and of his intent to file a motion to that effect.

Doug Cassity asserts four reasons for dismissal with prejudice:   1) Plaintiffs have already been awarded the $435,000,000 judgment they seek against him and Brent Cassity, and Plaintiffs should not have the right to file another action against them; 2) dismissal provides the plaintiffs the opportunity to file again and proceed against isolated, incarcerated defendants who will have no chance at a fair trial, because they will no longer have the benefit of presenting their case with a group of represented defendants; 3) dismissal is a waste of judicial resources, because, should plaintiffs refile against indigent defendants such as Doug Cassity, motions filed in the present matter will have to be filed again; and 4) dismissal without prejudice provides Plaintiffs, who risk an adverse judgment with Doug Cassity's involvement in the case, a huge tactical advantage, in that it denies Doug Cassity future access to evidence and the ability to provide his opinion to family members.

In their Response to Doug Cassity's Motion, Plaintiffs object to his request for

modification as to Brent Cassity, contending Doug Cassity, as a disbarred attorney, cannot file

pleadings on behalf of another party [ECF No. 1626]. Plaintiffs urge the Court to reject Doug

Cassity's request to dismiss Brent Cassity, contending his argument is lacking in legal support.

The Court agrees that Doug Cassity may not assert a motion to dismiss or modify on behalf of

Brent Cassity, and accordingly will deny Doug Cassity's modification request as to Brent

Cassity. *See, e.g., Heiskell v. Mozie*, 82 F.2d 861, 863 (D.C. Cir. 1936) (only real party in

interest, or attorney at law may plead and manage action at law in court).

Plaintiffs contend the dismissal, without prejudice, of Doug Cassity was proper, because

further litigation against him makes little economic sense, as he concedes he will be unable to

pay the $435 million in restitution awarded in the parallel criminal case.[1]  Plaintiffs assert they

do not seek a more favorable forum, and further contend the dismissal simplified the matters

before the Court, as limiting the number of defendants served to streamline future proceedings.

They deny his dismissal secures them a tactical advantage or allows them to avoid an adverse

determination, noting they already have defeated two motions to dismiss filed by Doug Cassity,

and have established the viability of their claims against him.

Plaintiffs assert that Doug Cassity's prejudice-to-indigent-incarcerated-defendants

arguments "disregard that the mere possibility of a second lawsuit does not support dismissal

with prejudice" [ECF No. 1626 at 3].  They also claim the remaining defendants will suffer no

prejudice, because nothing prevents them from using other evidence to prove a facts narrative, or

---

1 Because Doug Cassity is asking this Court to reconsider a non-final order of dismissal, Plaintiffs, citing
*Elder-Keep v. Asksamit*, 460 F.3d 979, 984 (8th Cir. 2006), contend he must meet the high standard required by
Federal Rule of Civil Procedure 60(b) before relief may be granted, and they argue he has not properly alleged the
requisite exceptional circumstances.  However, the Court finds Doug Cassity has adequately shown he did not have
a fair opportunity to argue this matter prior to entry of the dismissal order; thus, the Court will address the merits of

from calling Doug Cassity as a witness.

In his Motion, Brent Cassity asserts he:

> has been rendered penniless as the result of Plaintiff and the US Government, aided and abetted by Plaintiff. In addition to being destitute, this Defendant is now incarcerated, and has no ability to defend himself unless this court appoints an attorney with the skills necessary to understand the issues in this case and prepare an adequate defense for Defendant. If the Court does not appoint an[] attorney and charge it to the costs of this case or the US government, then this Defendant asks the Court to dismiss this case.

[ECF No. 1623 at 1]. Brent Cassity further states he has not had the ability to participate in depositions conducted in this matter, and has not been provided with copies of deposition transcripts, documentary evidence, or deposition exhibits. He contends that, because the Government has assigned a $435,000,000 award of restitution against him for the benefit of the plaintiffs, the interests of judicial economy, basic fairness, and due process require his dismissal, as Plaintiffs are attempting to obtain a double judgment against him based on the same set of facts. Additionally, should the Court not dismiss him, Brent Cassity requests a habeas corpus order that would allow him to attend trial and confront witnesses.

In their Response to Brent Cassity's Motion, Plaintiffs state they do not oppose Brent Cassity's request, to the extent he asks to be remanded to the Court's custody to testify at trial [ECF No. 1627]. In all other respects, however, they urge the Court to deny Brent Cassity's Motion, arguing he has not shown that he is entitled to dismissal, or to appointment of counsel. Plaintiffs, noting incarcerated parties have no right to attend depositions in civil cases, assert that, even if Brent Cassity were entitled to attend depositions while incarcerated, he never asked to attend or participate in the depositions, despite receiving notice when the depositions were being

his Motion to Modify.

conducted. They contend the civil rules do not require dismissal when a party is unable to

obtain or review transcripts or documents, and further claim that, although they sent forty-four

separate letters to Brent Cassity, advising that documents would be provided to every defendant

with a "standing order" for productions, and to other defendants upon request, he never

responded or requested to be added to the "standing order" list. Plaintiffs also claim

considerable evidentiary overlap exists between the parallel criminal proceeding and this matter,

and state Brent Cassity was provided substantial discovery in his criminal case. As to his

contention that the civil trial is needlessly duplicative and a waste of judicial resources, Plaintiffs

argue the civil damages are separate and distinct from the imposed criminal penalties, and they

are entitled to proceed to trial against him, because a civil damages award would not be

duplicative of Brent Cassity's criminal restitution.

Pursuant to Rule 41(a)(2), actions may be dismissed upon plaintiffs' request, only by

court order, and only upon terms the court considers proper. Fed. R. Civ. P. 41(a)(2). Unless

the order specifies otherwise, the dismissal is without prejudice. *Id*. The primary purpose of

this section of the rule is to prevent voluntary dismissals unfairly affecting the non-moving party.

 *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987). Rule 41(a)(2) dismissals, after

answer, should be granted only where no other party will be prejudiced. *Kern v. TXO Prod.*

*Corp*., 738 F.2d 968,970 (8th Cir. 1984). However, "[c]ourts generally will grant dismissals

where the only prejudice the only prejudice the defendant will suffer is that resulting from a

subsequent lawsuit." *Paulucci*, 826 F.2d at 782.

In determining whether to grant permission for a voluntary dismissal without prejudice

under Rule 41(a)(2), courts consider the following factors: 1) the defendant's effort and the

expense involved in preparing for trial; 2) excessive delay and lack of diligence exercised by the plaintiff in his prosecution of the matter; 3) sufficiency of the plaintiff's explanation of need for such a dismissal; and 4) the filing of a motion for summary judgment by a defendant. *Id*. at 783. Courts also have identified categories of prejudice that might weigh in favor of denying a motion for voluntary dismissal: 1) emotional and psychological trauma inherent in defending another lawsuit; 2) prejudice caused by uncertainty over title to real property; and 3) lack of justification for the requested dismissal. *Id*.

Examination of the record and the parties' filings in this matter reveals the parties have variously taken somewhat inconsistent stances on the need for defendants' presence, or have conducted themselves in a manner inconsistent with their current arguments. Doug Cassity now opposes his dismissal without prejudice; however, he unsuccessfully petitioned for his dismissal without prejudice in a motion he filed on February 28, 2014 [ECF No. 1433]. In their July 21, 2014 "Motion for Dismissal without Prejudice of Complaint Against Defendant J. Douglas Cassity," Plaintiffs informed the Court of the order naming the SDR as the primary victim to receive restitution payments, referenced the costly and time-consuming challenges in ensuring Doug Cassity's access to case information, and argued: "Continuing to litigate this matter against [Doug] Cassity makes little economic sense in light of the fact that any recovery by Plaintiffs would be duplicative and outweighed by the time and effort spent pursuing their claims" [ECF No. 1617 at 2]. Yet, in their "Response to Defendant Brent Cassity's Motion to Dismiss with Prejudice," Plaintiffs argue: "Any civil damages are not duplicative of [Brent] Cassity's criminal restitution and Plaintiffs are entitled to proceed to trial seeking these damages" [ECF No. 1627 at 4]. The Court notes that Doug and Brent Cassity appear to be similarly, if not

8

not identically, situated as to Plaintiffs' stated reasons for dismissal of Doug Cassity, i.e., economic sense and conservation of judicial resources, with the only difference being the cost and time challenges Plaintiffs have experienced related to Doug Cassity's access to case information. Finally, although Brent Cassity now complains he has been denied the ability to confront deposition witnesses and has not been provided with access to evidence, as noted by Plaintiffs, Brent Cassity did not previously express any desire to attend noticed depositions, did not ask for a standing order for document productions, and did not request productions after notice of those available.

Three other named defendants, Tyler Cassity, Rhonda L. Cassity, and Rhonda L. Cassity, Inc., have joined in Doug Cassity's request to vacate his dismissal, but oppose his motion for dismissal with prejudice. Among other arguments, these defendants contend they will be prejudiced by the dismissal, because without Doug Cassity's presence, they will not be able to fully defend their positions. [ECF Nos. 1629, 1630].

After consideration of the parties' arguments and the record, the Court finds Plaintiffs' explanation for its desire to dismiss Doug Cassity is insufficient to overcome the prejudice claimed by Doug Cassity and the other Cassity defendants. The Court will grant, in part, "Defendant J. Douglas Cassity's Motion to Modify Order and Make Dismissal of Defendant Cassity 'with' Prejudice and/or to Reinstate Doug Cassity as a Defendant Unless Brent Cassity Is Also Dismissed with Prejudice." The Court shall vacate its July 22, 2014 order granting "Plaintiffs' Motion for Dismissal without Prejudice of Complaint Against Defendant J. Douglas Cassity." In all other respects, Doug Cassity's Motion shall be denied. The Court will deny, as moot, "Defendant Tyler Cassity's *Amended* Motion to Set Aside or Vacate the Dismissal of

Defendant J. Douglas Cassity; Tyler Cassity's Opposition to J. Douglas Cassity's Motion to Dismiss with Prejudice; and Tyler Cassity's Joinder in Doug Cassity's Request to Vacate Dismissal" [ECF No. 1629]; and Defendants Rhonda L. Cassity's and Rhonda L. Cassity, Inc.'s "Notice of Joinder in Co-Defendant Tyler Cassity's Amended Motion to Set Aside or Vacate the Dismissal of Defendant J. Douglas Cassity and Joinder in Defendant Doug Cassity's Request to Vacate Dismissal" [ECF No. 1630].

As to Brent Cassity's "Motion to Dismiss with Prejudice or in the Alternative to Grant Defendant Brent Cassity, Pro Se, Due Process Rights in Order that He Be Able to Defend Himself," the Court finds Defendant Brent Cassity has not shown he is entitled to dismissal or to appointment of counsel, and that his request to be remanded to the Court's custody to testify at trial is not ripe for adjudication.   The Court shall deny Brent Cassity's motion.

Accordingly,

**IT IS HEREBY ORDERED** that "Defendant J. Douglas Cassity's Motion to Modify Order and Make Dismissal of Defendant Cassity 'with' Prejudice and/or to Reinstate Doug Cassity as a Defendant Unless Brent Cassity Is Also Dismissed with Prejudice" [ECF No. 1621] is **GRANTED in part,** and **DENIED in part.**   The Court shall vacate its July 22, 2014 order [ECF No. 1618] granting "Plaintiffs' Motion for Dismissal without Prejudice of Complaint Against Defendant J. Douglas Cassity."   In all other respects, Doug Cassity's Motion shall be denied.

**IT IS FURTHER ORDERED** that "Defendant Tyler Cassity's *Amended* Motion to Set Aside or Vacate the Dismissal of Defendant J. Douglas Cassity; Tyler Cassity's Opposition to J. Douglas Cassity's Motion to Dismiss with Prejudice; and Tyler Cassity's Joinder in Doug

10

Cassity's Request to Vacate Dismissal" [ECF No. 1629]; and Defendants Rhonda L. Cassity's and Rhonda L. Cassity, Inc.'s "Notice of Joinder in Co-Defendant Tyler Cassity's Amended Motion to Set Aside or Vacate the Dismissal of Defendant J. Douglas Cassity and Joinder in Defendant Doug Cassity's Request to Vacate Dismissal" [ECF No. 1630] are **DENIED, as moot**.

IT IS FURTHER ORDERED that Brent Cassity's "Motion to Dismiss with Prejudice or in the Alternative to Grant Defendant Brent Cassity, Pro Se, Due Process Rights in Order that He Be Able to Defend Himself" [ECF No. 1623] is **DENIED**.

So Ordered this 5th day of September, 2014.

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**