UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & | ) | |
| ASSOCIATES, P.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV01252 ERW |
| | ) | |
| J. DOUGLAS CASSITY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon Defendant Brent Cassity's "Motion to Compel Plaintiffs to Supply Brent Cassity, Defendant Pro Se, All Deposition Transcripts, Exhibits, and Documents Needed to Properly Prepare for Trial" [ECF No. 1670].

In his Motion to Compel, Defendant Brent Cassity asks the Court to appoint counsel to represent him, and states he is unable to prepare an adequate defense, due to his present incarcerated status and lack of finances. Defendant also requests an Order directing Plaintiffs to provide him, in paper form, "all the documents, transcripts, and exhibits that have been provided to all the other Defendants in this case" [ECF No. 1670 at 2].

Plaintiffs have filed "Plaintiffs' Opposition to Defendant Brent Cassity's Motion to Compel" [ECF No. 1679]. In their Opposition, Plaintiffs assert Defendant's request for appointment of counsel is repetitive of a previous request recently denied by this Court, and his discovery demand likewise reargues the recently denied motion. Plaintiffs claim Defendant

1

makes no effort to tailor his overly burdensome request, and does not attempt to show any effort made to obtain discovery when it was available. They argue that, despite ample access to all discovery in this matter, "not once did he request any of that discovery during the more than two years prior to his incarceration nor during the six months since his incarceration (with the exception of one request made by his former counsel in 2011)" [ECF 1679 at 5-6].

Plaintiffs, noting federal courts uniformly hold indigent inmates must bear their own litigation costs, contend they should not be required to pay for Cassity's defense. Plaintiffs assert fulfilling Cassity's belated request to produce approximately two million documents in paper form, would be unduly burdensome, due to the associated expense and associated diverted resources. According to Plaintiffs, the material and labor costs associated with printing and shipping these materials to Defendant would be "massive." They estimate production of the volume of data, even in digital form, would involve collecting, downloading, labeling, and burning onto DVDs, over one million individual PDF files, and they state it would require 92 DVDs and 31 hours to copy the PDFs onto the DVDs.

Plaintiffs assert they have also made available to all defendants upon request, two additional hard drives containing 162 GB of data, as well as three hard drives from the Government containing 1,443 GB of data, and they further state it would take 68 hours to copy this data onto 205 DVDs. They contend the expenditure of such time and resources just months before trial would significantly hamper their ability to prepare for trial. They further claim the documents contain sensitive, personal data of thousands of consumers, which would require a significant amount of extensive redactions, and an inordinate expenditure of time.

Plaintiffs correctly observe the belatedness of Defendant's burdensome request, despite

the previous availability of access to discovery. As it did in a previous Order, entered on September 5, 2014, the Court notes Defendant failed to request accommodations to attend or otherwise participate in depositions at the time they were being conducted in this matter.

The Court finds Defendant's request to be unduly burdensome. Lawful incarceration necessarily limits the privileges and rights of individuals; including the otherwise unqualified right to "plead and manage their own causes personally." *Price v. Johnston*, 334 U.S. 285-86 (1948) (overruled on other grounds). The Court will not require Plaintiffs, at this late stage in the litigation process, to fund Defendant's defense. Regarding Brent Cassity's request for deposition transcripts, Defendant may contact the court reporter responsible for the desired deposition proceedings, and purchase the transcripts he desires. As to court documents of record, Defendant may contact the Clerk of Court and request copies of the certain documents he desires. In its September 5, 2014 Order, the Court found Defendant had not shown he was entitled to appointment of counsel; Defendant's present motion has not persuaded the Court otherwise. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (pro se litigant has no statutory or constitutional right to have counsel appointed in civil proceeding); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986) (in addition to factual complexity, courts determining indigent litigant's need for counsel consider such things as ability of litigant to investigate the facts, existence of conflicting testimony, and ability of indigent to present claim). The Court will deny Defendant's request to appoint counsel in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Brent Cassity's "Motion to Compel Plaintiffs to Supply Brent Cassity, Defendant Pro Se, All Deposition Transcripts, Exhibits, and

Documents Needed to Properly Prepare for Trial" [ECF No. 1670] is **DENIED**.

So Ordered this 23rd day of September, 2014.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**