UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:09CV01252 ERW ) |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On September 8, 2014, the Court conducted a duly noticed telephonic conference, to discuss a dispute that had arisen among the parties regarding production of certain documents currently in the control of Former Wittner Defendants.[1] The parties agreed to confer regarding a resolution, and Plaintiff would submit a proposed Order for the Court's consideration. The Court afforded all parties ten days' notice, after the filing of the proposed Order, to file any objections.

Plaintiff submitted for the Court's consideration, a proposed "Order Governing Modification of Proposed Order on Wittner Defendants," on September 12, 2014 [ECF No. 1675-1]. Subsequently, Defendant National City filed "National City's Request for Clarification and/or Modification of Proposed Order on Wittner Documents" [ECF No. 1681]. No other objections to the proposed Order were filed. In a separate Order entered this same date, the Court denied National City's Request for Modification, but granted its Request for Clarification, instructing the parties regarding the distribution of certain documents, as discussed within the separate Order.

---

1 "Former Wittner Defendants" refer to non-parties Howard A. Wittner, individually and as Trustee of the RBT Trust II; Wittner, Spewak & Maylack, P.C., f/k/a Wittner, Poger, Spewak & Maylack, P.C., f/k/a Wittner, Poger,

1

The Court has reviewed the proposed Order, and finds its terms, with minor time adjustments, resolve the discovery dispute in a manner best suited to serve the purposes of the rules governing disclosures, within the scope of discovery. Accordingly, the Court hereby orders as follows:

1) On or about April 9, 2012, Plaintiffs and the Former Wittner Defendants entered into a Stipulation Regarding Collection and Production of Documents and Other Material by the Former Wittner Defendants ("Stipulation") [ECF No. 871] whereby the Former Wittner Defendants agreed to produce electronic devices to Plaintiffs that contained any files related to the facts in this action. Those devices would be forensically imaged and searched using relevant search terms provided by Plaintiffs. Subject to the conditions of paragraphs nine and ten of the Stipulation, all material resulting from a search would be produced to Plaintiffs, with the exception of irrelevant material or material withheld on the basis of privilege.

2) After negotiations between Plaintiffs and the Former Wittner Defendants, a search using relevant terms provided by Plaintiffs was conducted on copies of four of the devices by Plaintiffs' discovery vendor ("Plaintiffs' Vendor"), resulting in approximately 120,000 documents (the "Wittner Documents"). Within the Wittner Documents, there may exist privileged documents not belonging to National Prearranged Services, Inc., Lincoln Memorial Life Insurance Company, and Memorial Service Life Insurance Company. Such privileged documents may include documents belonging to, without limitation, Tyler Cassity and/or Hollywood Forever, Inc. ("Tyler/Hollywood") and/or Rhonda Cassity and/or Rhonda L. Cassity, Inc. ("Rhonda/RLCI").

3) The Former Wittner Defendants were dismissed with prejudice from this action on March 11, 2014 [ECF No. 1446], and are no longer able to conduct a privilege review as provided in paragraphs nine and ten of the Stipulation.

---

Spewak, Maylack & Spooner, P.C.

4) Plaintiffs' Vendor shall produce to counsel for Tyler/Hollywood (a) all documents within the Wittner Documents that contain e-mail addresses for Tyler/Hollywood, and (b) all documents within the Wittner Documents generated by searches performed by Plaintiffs' Vendor utilizing terms generated by counsel for Tyler/Hollywood that relate to Tyler/Hollywood (the **"Tyler/Hollywood Documents"**)**.** Counsel for Tyler/Hollywood shall provide the search terms and the e-mail addresses to Plaintiffs and the Former Wittner Defendants within three days from the date of this Order. Plaintiffs shall provide Plaintiffs' Vendor with the search terms and e-mail addresses received from counsel for Tyler/Hollywood.

5) Plaintiffs' Vendor shall produce to counsel for Rhonda/RLCI (a) all documents within the Wittner Documents that contain e-mail addresses for Rhonda/RLCI, and (b) all documents within the Wittner Documents generated by searches performed by Plaintiffs' Vendor utilizing terms generated by counsel for Rhonda/RLCI that relate to Rhonda/RLCI (the **"Rhonda/RLCI Documents"**)**.** Counsel for Rhonda/RLCI shall provide the search terms and the e-mail addresses to Plaintiffs and the Former Wittner Defendants within three days from the date of this Order. Plaintiffs shall provide Plaintiffs' Vendor with the search terms and e-mail addresses received from counsel for Rhonda/RLCI.

6) Tyler/Hollywood and Rhonda/RLCI shall return to the Former Wittner Defendants any documents reviewed by Tyler/Hollywood in the Tyler/Hollywood Documents and by Rhonda/RLCI in the Rhonda/RLCI Documents that are not reasonably related to the facts in this action. Such documents shall be returned within thirty (30) days of Tyler/Hollywood's review of the Tyler/Hollywood Documents and within thirty (30) days of Rhonda/RLCI's review of the Rhonda/RLCI Documents. No copies of the documents returned to the Former Wittner Defendants shall be retained and/or distributed by Tyler/Hollywood or Rhonda/RLCI. Neither Tyler/Hollywood

nor Rhonda/RLCI shall make any notes or create other work product or otherwise use any documents so returned to the Former Wittner Defendants.

7) Plaintiffs' Vendor shall produce to Plaintiffs all the Wittner Documents other than the Tyler/Hollywood Documents and the Rhonda/RLCI Documents ("**Plaintiffs' First Set**").

8) Counsel for Tyler/Hollywood shall review the Tyler/Hollywood Documents and counsel for Rhonda/RLCI shall review the Rhonda/RLCI Documents within twenty (20) days following their respective receipt of the same from Plaintiffs' Vendor. Tyler/Hollywood shall produce a privilege log to Plaintiffs and the Former Wittner Defendants identifying all documents within the Tyler/Hollywood Documents over which they claim a privilege, within twenty-five (25) days of receipt of the documents. Rhonda/RLCI shall produce a privilege log to Plaintiffs and the Former Wittner Defendants identifying all documents within the Rhonda/RLCI Documents over which they claim a privilege, within twenty-five (25) days of receipt of the documents. All documents within the Tyler/Hollywood Documents and the Rhonda/RLCI Documents over which Tyler/Hollywood and Rhonda/RLCI do not claim a privilege shall be produced by Tyler/Hollywood and Rhonda/RLCI to Plaintiffs ("**Plaintiffs' Second Set**").

9) Plaintiffs shall return to Tyler/Hollywood any documents received by Plaintiffs in Plaintiffs' First Set that reasonably appear to be privileged, and which privilege belongs to Tyler and/or Hollywood. Plaintiffs shall make no notes or create other work product or otherwise use any documents so returned to Tyler/Hollywood. Plaintiffs' obligation to return privileged and/or inadvertently produced documents is without prejudice to Plaintiffs' right to litigate whether the asserted privilege applies.

10) Plaintiffs shall return to Rhonda/RLCI any documents received by Plaintiffs in Plaintiffs' First Set that reasonably appear to be privileged, and which privilege belongs to Rhonda and/or RLCI.

Plaintiffs shall make no notes or create other work product or otherwise use any documents so returned to Rhonda/RLCI.  Plaintiffs' obligation to return privileged and/or inadvertently produced documents is without prejudice to Plaintiffs' right to litigate whether the asserted privilege applies.

11)  Plaintiffs shall return to the Former Wittner Defendants any documents reviewed by Plaintiffs in Plaintiffs' First Set and Plaintiffs' Second Set that reasonably appear to be privileged, and which privilege does not belong to National Prearranged Services, Inc., Lincoln Memorial Life Insurance Company, and Memorial Service Life Insurance Company, the three entities currently in Receivership, Tyler/Hollywood, and Rhonda/RLCI.  Plaintiffs will also return to the Former Wittner Defendants any documents reviewed by Plaintiffs in Plaintiffs' First Set and Plaintiffs' Second Set that are not reasonably related to the facts in this action.  Such documents shall be returned within thirty (30) days of Plaintiffs' review of Plaintiffs' First Set and Plaintiffs' Second Set.  No copies of the documents returned to the Former Wittner Defendants shall be retained and/or distributed by Plaintiffs, and Plaintiffs shall not make any notes or create other work product or otherwise use any documents so returned to the Former Wittner Defendants.  Plaintiffs' obligation to return privileged and/or inadvertently produced documents is without prejudice to Plaintiffs' right to litigate whether the asserted privilege applies.

So Ordered this 2nd day of October, 2014.

　　　　　　　　　　　　　　　　　　　　　　　_E. Richard Webber_
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**