UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV01252 ERW |
| | ) | |
| J. DOUGLAS CASSITY, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court upon "Plaintiff SDR's Motion for *In Camera* Review and to Compel Production of Non-Privileged Documents" [ECF No. 1686].

In their Motion, Plaintiff SDR requests the court conduct an in camera review of documents listed on National City's privilege log and order any non-privileged documents to be produced [ECF No. 1686]. Plaintiff SDR states many of the communications listed as privileged by National City seek business advice regarding a review of pre-need trusts rather than legal advice and as such are not privileged. Plaintiffs assert other documents appear not to be privileged because they were sent to third parties, waiving any privilege.

In their Response in Opposition, National City Bank states Plaintiff SDR's Motion should be denied because Plaintiff SDR did not make a good faith attempt to confer prior to filing their motion [ECF No. 1837]. National City claims Plaintiff SDR first raised the issue only hours before filing their motion, on the last day available to file motions to compel. Additionally, National City asserts all of the communications listed as privileged were seeking legal advice in regards to how to assess the risk of money laundering, how to verify the insurance

policies actually existed, and the legal duties and risks associated with acting as trustee for the pre-need trusts. National City states any documents relating to business advice or its due diligence review of the pre-need trusts have been disclosed and witnesses have been allowed to testify as to the underlying facts discovered during its review. Lastly, National City argues Plaintiff SDR's request for in camera review is not appropriate as National City has made a facially valid claim of privilege.

In their Reply, Plaintiff SDR asserts an in camera review is appropriate [ECF No. 1888]. Plaintiff SDR states prior review of National City's documents, where they asserted attorney client privilege, found non-privileged documents, thus a review in this instance is also appropriate. Plaintiffs also state they conferred in good faith and continued to confer with National City on October 1, after filing their Motion.

The Court recognizes the difficulty in differentiating between legal advice and business advice. The Court believes the most expeditious ay of addressing the controversy is to review the disputed documents *in camera*. The Court orders National City to produce the documents listed on its privilege log to the Court within 5 days for review.

**IT IS HEREBY ORDERED** that Plaintiff SDR's Motion for *In Camera* Review and to Compel Production of Non-Privileged Documents [ECF No. 1686] is **GRANTED**.

So Ordered this 14th day of November, 2014.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**