UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter comes before the court upon "Plaintiff's Motion to Re-Depose American Stock Transfer and Trust Company, LLC's Rule 30(b)(6) Witness" [ECF No. 1827].

In their Motion, Plaintiffs seek to re-depose AST's Rule 30(b)(6) witness because the witness provided was unable to answer questions regarding topics identified in the deposition notice [ECF No. 1827]. Plaintiffs stated the witness, Herbert Lemmer, admitted he did not contact or obtain information from former key employees who had knowledge of the topics in preparation for his deposition, nor did he review key documents as required of a 30(b)(6) witness. Additionally, Plaintiffs claim Mr. Lemmer stated he was not speaking on behalf of AST. Plaintiffs state they have attempted to schedule a second deposition with a different individual to no avail.

In their Response, American Stock Transfer and Trust Company state Plaintiffs' Motion should be denied because Plaintiffs failed to comply with the case management order by filing its Motion four months after the discovery deadline [ECF No. 1879]. AST argues Plaintiffs have not made a showing of exceptional circumstances for the delay. AST asserts the delay prejudices

AST and disregards the case management order. AST contends another deposition would be futile because their first 30(b)(6) witness, Herbert Lemmer, educated himself on all information reasonably available to AST and Plaintiffs have failed to explain how another deposition would provide meaningful information. AST states the additional topics on which Plaintiffs are requesting testimony are based on groundless theories of liability and are a fishing expedition. Lastly, if the Court orders a second deposition, AST requests it take place in New York, the location of AST and the second possible witness, and be for no more than one hour.

In their Reply, Plaintiffs state the topics listed in their 30(b)(6) deposition notice were proper and listed with reasonable particularity. Additionally, Plaintiffs assert the witness produced was unprepared. Plaintiffs contend their motion was timely brought because they have worked for months with AST to resolve the issues and waited until after mediation to file a motion, upon agreement of defense counsel.

At the hearing, Plaintiffs played several video clips and highlighted various sections of the deposition of the 30(b)(6) witness showing the severity of the witness' unpreparedness. AST's witness was unable to answer even general questions about the topics listed by Plaintiffs in their notice. The witness also claimed to not be speaking on behalf of AST. The purpose of a 30(b)(6) witness is for them to testify on behalf of the corporation. Fed. R. Civ. Pro. 30(b)(6).

This is not the first time the Court has been involved in this dispute. The issue first arose on April 22, 2014, when a telephone conference was held because AST had not named a witness [ECF No. 1508]. The Court granted AST until April 29, 2014, to designate a witness. A second telephone conference was held on May 19, 2014, because the witness was unable to be deposed on the date or at the location listed by Plaintiff in the deposition notice [ECF No. 1550]. The Court ordered AST's counsel to encourage the witness to stop in Denver for the deposition. The

third telephone conference was held on May 20, 2014, when AST's counsel informed the Court the witness was unable to attend the deposition. The Court ordered Herbert Lemmer to be deposed on June 5, 2014, in Denver, Colorado.

The Court agrees with Plaintiffs that the first deposition was woefully inadequate. The Court also finds AST's arguments there is no witness to be found that can remember the events to be disingenuous. The Court finds sanctions are appropriate for AST's failure to comply with discovery pursuant to FRCP 37(b)(2)(A). AST is prohibited from producing evidence on the topics the witness was unprepared to answer, and an instruction will be given to the jury that AST was unable to produce an adequate witness and the jury can assume any testimony that would have been provided by the witness would have been adverse to AST. The Court may also require AST to pay all of Plaintiffs' attorney fees for the first unsuccessful 30(b)(6) deposition and for attorney fees incurred in bringing this motion. The Court will hold these sanctions in abeyance for twenty days and orders AST to produce a 30(b)(6) witness for deposition within those twenty days, or to show cause as to why a witness cannot be produced.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Re-Depose American Stock Transfer and Trust Company, LLC's Rule 30(b)(6) Witness [ECF No. 1827] is **GRANTED**. So Ordered this 14th Day of November, 2014.

*/s/ E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**