UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon "Plaintiff's Motion to Re-Depose Bank of America's Rule 30(b)(6) Witness" [ECF No. 1850].

In their Motion, Plaintiffs seek to re-depose Bank of America's Rule 30(b)(6) witness because the witness was unable to answer questions regarding topics identified in the deposition notice [ECF No. 1850]. Plaintiffs would also like to question the witness on documents provided after the deposition was held. Plaintiffs claim the witness, Catherine A. Rubin, was unable to provide testimony on Bank of America's Life Insurance Resource Center, how they handled, evaluated, and tracked insurance policies and premiums held by the trust, due diligence engaged in by Bank of America, and all assistance given to NPS in finding a successor trustee. Plaintiffs additionally seek testimony on Bank of America's resignation as trustee on the Iowa trusts and their rejection of the Missouri trusts.

In their Response, Bank of America states a request for discovery outside of the case management order requires application of Rule 16(b)'s good cause standard which Plaintiffs fail to establish [ECF No. 1880]. BOA argues any further testimony would be extremely prejudicial

to BOA. BOA states Plaintiffs should have filed their motion in July when the issue was raised with BOA's counsel and Plaintiffs should not be allowed to develop new facts after BOA has filed their Summary Judgment Motion. BOA contends if any new evidence is developed, it would require BOA to amend their summary judgment motion as well as expert reports and there is not enough time before trial to allow for such amendments. Secondly, BOA argues there is no basis to re-depose BOA's witness because Plaintiffs failed to include the new topics for testimony in their original 30(b)(6) notice of deposition as required by the rule and BOA has no further information on most of the topics. Lastly, BOA asserts Plaintiffs have not demonstrated good cause to re-depose BOA regarding BOA's supplemental production of documents because they provided no explanation why they waited six months to raise their motion, and the documents were produced after the 30(b)(6) deposition but before the depositions of two other BOA employees whom Plaintiffs did question about the documents. If the Court does grant Plaintiffs' Motion, BOA requests the deposition be limited to one hour in St. Louis where BOA's corporate representative is located.

In their Reply, Plaintiffs contend the topics listed in their 30(b)(6) notice were proper and listed with reasonable particularity [ECF No. 1901]. Additionally, they assert all of the topics they are requesting additional testimony on were included within the topics listed in their notice. Plaintiffs state their motion was timely brought because they were working with BOA to resolve the issue prior to filing with the Court.

The Court's Case Management Order required all non-dispositive motions to be filed by September 26, 2014 [ECF No. 1188]. Plaintiffs' Motion was filed on November 4, 2014. The Court will deny Plaintiffs' Motion as untimely. Although Plaintiff and BOA were continuing to confer to resolve the issues up until Plaintiffs' filing, it is Plaintiffs' responsibility to meet the

deadline for their Motion. In the hearing, Plaintiffs indicated they believed a second deposition was going to be held and the Court would not need to get involved. However, an examination of the communications between Plaintiffs' counsel and BOA's counsel shows in early July, BOA's counsel informed Plaintiffs' they did not agree that a second witness was needed [ECF No. 1850-3]. Plaintiffs' counsel had ample time to file a motion prior to the Court's deadline. In a separate motion to compel in this same matter, Plaintiffs stated they filed their motion on September 26, 2014, to ensure their motion was timely filed while still making a good faith attempt to confer after the filing [ECF No. 1888]. There is no explanation as to why Plaintiffs could not have done the same here.

BOA's counsel agreed at the hearing held on November 12, 2014, the other two witnesses produced by BOA, Kurtis Tull and Bruce Talen, can be designated as 30(b)(6) depositions for BOA and their statements can be taken as speaking on behalf of BOA, rather than as individuals.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Re-Depose Bank of America's Rule 30(b)(6) Witness [ECF No. 1850] is **DENIED**.

So Ordered this 14th Day of November, 2014.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**