UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon "Comerica Bank and Trust, N.A.'s Motion for Separate Trial" [ECF No. 1688].

In their Motion [ECF No. 1688], Comerica Bank and Trust argues Plaintiffs' claims against Comerica and the Iowa Trustee Defendants should be separated from the remaining claims to avoid jury confusion and prejudice and to economize and protect against unnecessary expense. Comerica asserts separate law governs Plaintiffs' Iowa claims and separate facts are alleged to support Plaintiffs' claims and the jury will have a "nearly impossible task" of differentiating between the Iowa parties and the others. According to Comerica, they will be denied a fair trial because the claims against the other defendants will distract and confuse the jury. Comerica states separate trials will protect against unnecessary expense and delay because the claims against them could be heard in a few days rather than eleven weeks of trial, most of which is not relevant to Comerica.

In their Response [ECF No. 1791], Plaintiffs state a separate trial would be inconvenient, inefficient, cause significant delay, and waste resources. Plaintiffs assert a second trial would

1

create a duplication of time, effort, and cost because the claims against Iowa Trustee defendants are from the same scheme to defraud as the claims against other defendants.  Additionally, Plaintiffs claim significant legal and factual commonality exists between Iowa and Missouri trustee defendants because the elements of the claims are the same under Missouri and Iowa law and the trust agreements are "materially indistinguishable."  Plaintiffs state if the Court were to allow a separate trial, many of the witnesses would need to testify twice wasting the Court, parties and witnesses' time.  Finally, Plaintiffs argue Comerica's claims of prejudice and jury confusion do not meet the high burden to warrant a separate trial because they are vague and speculative.  Plaintiffs assert they will be severely prejudiced if required to litigate two trials.

In their Reply, Comerica asserts the actions of the Iowa Trustee Defendants were not like the Missouri Trustee Defendants and Iowa statutory law is different than Missouri law [ECF No. 1904].  They contend the claims are separate and severable because the facts are different and the setups of the trusts are different.  Comerica states separate trials are needed to avoid confusion and unnecessary prejudice, and the law supports a separate trial based upon these facts.

At oral arguments on the issue, Comerica's counsel presented a compelling argument for separate trials.  However, the Court finds separating the trials would not promote judicial economy and prejudice to Plaintiffs would outweigh prejudice to Defendants.

Federal Rule of Civil Procedure 42(b) provides "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Courts should consider "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results, and possibilities for confusion" when deciding to bifurcate issues for trial.  *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990).  As this Court has recognized, in cases in

which a jury will decide all of the relevant issues, the interests in resolving litigation efficiently, economically, and without undue delay counsel against bifurcation. *See Dekalb Genetics Corp. v. Syngenta Sees, Inc.*, 2008 WL 382385, at *2 (E.D.Mo. 2008).

On final analysis, the Court rules in favor of having one trial. The issues between the Iowa Trustee Defendants and the Missouri Trustee Defendants are similar and the facts often overlap. Separating the trials would cause several witnesses to testify twice, including expert witnesses causing considerate expense to both parties. Having one jury consider the issues presented will save the court time, resources, and expense.

Accordingly,

**IT IS HEREBY ORDERED** that Comerica Bank and Trust, N.A.'s Motion for Separate Trial [ECF No. 1688] is **DENIED**.

So Ordered this 18th Day of November, 2014.

                                                  **E. RICHARD WEBBER**
                                                  **SENIOR UNITED STATES DISTRICT JUDGE**