UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon "National City's Motion to Compel Production of Documents" [ECF No. 1682].

In their Motion to Compel, Defendant National City requests the Court compel the production of settlement documents and communications from Plaintiffs [ECF No. 1682]. National City requested from Plaintiff "any documents concerning final or potential settlement by You of claims against any current or former Defendant, including all communications between You and any current or former Defendant regarding actual or potential settlement" [ECF No. 1683]. After several letters between Plaintiffs and National City, Plaintiffs produced all completed settlement agreements with settling parties. Plaintiffs have not produced any settlement communications. National City argues the ordinary rules of discovery apply, not a heightened standard for production as alleged by Plaintiffs. Additionally, according to National City, Federal Rule of Evidence 408 governs the admissibility of evidence, not the scope of discovery. Even if Rule 408 does not impact the rules of discovery, National City argues they

1

are still entitled to the settlement discussions because they would be admissible under Rule 408 to prove bias or prejudice, not liability which Rule 408 restricts. National City relies on several cases to support the proposition settlement discussions are discoverable including *In re MSTG, Inc.*, 675 F.3d 1337 (Fed. Cir. 2012), *United States v. Dish Network, LLC*, 943 F. Supp. 2d 891 (D. Ill. 2013), *In re Subpoena Issued to CFTC*, 370 F. Supp. 2d 201 (D.D.C. 2005), and *Triax Co. v. United States*, 11 Cl. Ct. 130 (Cl. Ct. 1986). National City asserts final settlement agreements are not enough because Plaintiffs may have settled with a defendant in all but formality and if he or she were called as a witness, National City then would not have an agreement to show bias or prejudice, even though there is such bias or prejudice present.

Plaintiffs state they have produced fourteen settlement agreements and will continue to supplement their response if further settlement agreements are reached [ECF No. 1789]. Plaintiffs object to National City's request for settlement communications because National City has not demonstrated they are reasonably calculated to lead to the discovery of admissible evidence. Additionally, Plaintiffs cite *White v. Kenneth Warren & Son, Limited*, 203 F.R.D. 364, 368 (N.D. Ill. 2001) for the proposition settlement negotiations are deemed merged into the final settlement agreement. Plaintiffs argue disclosure of settlement discussions will chill settlement especially with parties where settlement talks are ongoing. *See Heartland Surgical Specialty Hospital v. Midwest Division, Inc.*, No. 05-2164-MLB-DWB, 2007 WL 1246216, at *5 (D. Kan. Apr. 27, 2007); *ABT Sys., LLC v. Emerson Elec. Co.*, No. 4:11CV00374 AGF, 2012 WL 6594996, at *3 (E.D. Mo. Dec. 18, 2012); *Auto-Owners Ins. Co. v. Mid-America Piping, Inc.*, No. 4:07 CV 00394, 2008 WL 2570820, at *2 (E.D. Mo. June 26, 2008). Plaintiffs assert a heightened standard is required for discovery of settlement communications.

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." This phrase "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Armstrong v. Hussmann Corp.,* 163 F.R.D. 299, 302 (E.D. Mo.1995) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978)). "A district court is afforded wide discretion in its handling of discovery matters." *Cook v. Kartridg Pak Co.,* 840 F.2d 602, 604 (8th Cir. 1988) (citation omitted).

The burden is typically on the party resisting discovery to explain why discovery should be limited because the rules of discovery are broad. *See Rubin v. Islamic Republic of Iran,* 349 F. Supp. 2d 1108, 1111 (N.D. Ill. 2004). After the proponent of discovery makes a threshold showing of relevance, the party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. *Hofer v. Mack Trucks, Inc.,* 981 F.2d 377, 380 (8th Cir. 1993); *St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.,* 198 F.R.D. 508, 511–12 (N.D. Iowa 2000). The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Rule 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Burke v. New York City Police Department,* 115 F.R.D. 220, 224 (S.D.N.Y. 1987).

After a careful review of the cases cited by Plaintiffs and National City, as well as independent research of the issue, the Court finds there is no definitive answer on whether discovery of settlement communications should be allowed, based on all facts and circumstances

of this case. Case law can be found to support either proposition. *See In re MSTG, Inc.*, 675 F.3d at 1348 (finding settlement negotiations related to royalties and damage calculations were discoverable; *Dish Network, LLC*, 943 F. Supp. 2d at 894-895 (finding documents reflecting settlement negotiations should be unsealed); *In re Subpoena Issued to CFTC*, 370 F. Supp. 2d at 212 (requiring settlement documents be produced as it will not chill settlement and is important for the openness of government investigations); *Heartland Surgical Specialty Hosp.*, 2007 WL 1246216, at *5 (finding the settlement communications are not discoverable because they are deemed to have merged into the agreement and will chill settlement negotiations); *ABT Sys., LLC*, 2012 WL 6594996, at *3 (holding a limitation on discovery was appropriate where Defendant had not shown any particularized relevance of the settlement discussions); and *Auto-Owners Ins. Co.* 2008 WL 2570820, at *2 (finding disclosure of the settlement amount will not lead to the discovery of admissible evidence). What is clear is each Court's decision was based on a careful review of the facts and the purpose of the discovery request.

In the present case, National City has stated documents related to settlement discussions are relevant to show bias and prejudice of witnesses. Plaintiffs argued any disclosure will chill settlement negotiations. Each party makes a persuasive argument. If the case was in a different posture, the Court might be more persuaded to embrace National City's position. However, National City requests "any documents concerning final or potential settlement by You of claims against any current or former Defendant, including all communications between You and any current or former Defendant regarding actual or potential settlement." At this time, when the parties are preparing to comply with the Court's dispositive motion deadline, and when they are preparing for trial in less than two months, the Court finds National City's request is too broad and consequently, too burdensome. The request could reach back for months to every piece of

paper with any relevance to settlement.  Mediation by some of the parties is currently in progress.  Disclosure of settlement discussions will chill settlement negotiations between current Plaintiffs and Defendants.  Additionally, National City's settlement discussions with Plaintiffs will not be subject to disclosure because they participated in mediation with Plaintiffs and signed a non-disclosure agreement.  Other parties who are negotiating settlement directly with Plaintiffs may be subjected to separate rules if a mediator was not used in the settlement discussions or other parties may be subjected to the same agreement.

National City is able to show bias and prejudice through the use of the final settlement agreements which have been disclosed where negotiations have successfully concluded.  The Court will order Plaintiffs to produce any agreements drafted by the parties which have not been finally executed.  Although National City will not have a final settlement agreement to impeach witnesses who have agreed in principle to a settlement agreement but have not finalized an agreement, they are still able to question the witness as to any possible agreements and the terms.  Any possible use of settlement discussions for bias or prejudice is outweighed by the concerns of the impact on settlement negotiations.

Accordingly,

**IT IS HEREBY ORDERED** that National City's Motion to Compel Production of Documents [ECF No. 1682] is **DENIED, in part**.

So Ordered this 19th Day of November, 2014.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**