UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Cause No. 4:09-CV-01252-ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) | |
| Defendants. | ) | |

**DEFENDANT HERBERT MORISSE'S REPLY IN SUPPORT OF HIS
MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE
ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

In his initial Memorandum (Doc. #1747), Herbert Morisse set forth the Missouri law establishing that absent (1) fraudulent or intentional conduct or (2) the breach of an *independent* duty, Morisse cannot be liable to third parties like Plaintiffs for negligently performing his official duties as a corporate officer of Allegiant Bank.  Plaintiffs do not point to a single Missouri case that would support their assertion that Morisse personally owed any duty of care to third parties, whether fiduciary or otherwise, as a result of his position as a trust officer at Allegiant.  And while they set forth a parade of instances in which they claim Morisse failed to properly perform the duties assigned to him by his employer, in the end, each of those alleged failures amounts only to the negligent performance of his corporate responsibilities, not intentional conduct which would render Morisse personally liable to the Plaintiffs.

Plaintiffs fail to demonstrate how, under Missouri law, Morisse might have owed them a fiduciary duty when he himself was not a trustee but was instead merely an employee of the trustee.  The Missouri cases Plaintiffs cite, despite Plaintiffs' implication to the contrary, pertain

only to the duties owed by individual trustees and have nothing to do with the duties owed by an employee of a corporation serving as a trustee. Plaintiffs' authority from other jurisdictions is similarly unavailing. Even if authority from other jurisdictions could have any bearing on the state of *Missouri* law on this issue, in fact, not one of those cases resulted in an employee of a trustee being found personally liable to a trust beneficiary merely for negligently performing his official duties as an employee of the trustee.[1]

Plaintiffs' reliance on this Court's prior orders denying motions to dismiss by the D&O Defendants is disingenuous, and misses the mark in this instance, as it ignores the person or persons to whom the duty at issue was owed by those D&O Defendants. The prior motions—as well as the longstanding Missouri case law on which the Court relied when resolving those motions—involved suits, not by third parties, but rather by representatives of the very corporations of which the individual defendants were directors or officers and to whom those officers and directors clearly owed duties of care. Thus, liability (or the potential for liability) was premised on the duty that corporate officers or directors plainly owe to the corporations that employ them. In this case, by contrast, Morisse is not being sued by the corporation for which he worked – Allegiant – but is instead being sued by unrelated third parties with whom he had no independent relationship or duty of care.

---

[1] Significantly, PNC Bank, as successor in interest to Allegiant Bank, has never asserted in this case that Mr. Morisse's actions were *ultra vires* or otherwise outside the scope of his responsibilities as an employee of Allegiant. Thus, PNC has not argued that Mr. Morisse was *not* Allegiant's agent when he performed his duties as a trust officer on the NPS accounts from 1998 through May 2004. Moreover, Plaintiffs have not alleged, and the extensive discovery in this case did not reveal, any instance in which Mr. Morisse personally gained from his actions or inactions with respect to the NPS Trusts or otherwise acted for his own benefit or accord. Rather, at all times, Mr. Morisse's actions were performed within what he understood to be the scope of his duties as an employee of the trustee – Allegiant Bank.

Plaintiffs did not allege in their Third Amended Complaint any fraudulent or intentional misconduct by Morisse for which he could be held individually liable. Nor has any such intentional conduct come to light through discovery in this case. Plaintiffs spend much of their response rehashing their allegations against Morisse and citing deposition testimony that they believe supports their allegations that Morisse failed to properly perform his duties, focusing in particular on Morisse's role in authoring certain documents. But they have not alleged (nor could they) that any of this conduct was outside the scope of Morisse's employment or that it constituted anything more than mere negligence in the performance of his job duties. Nor have they alleged that Morisse somehow personally gained from the conduct for which they seek to hold him liable. Thus, under the Missouri law discussed in his motion, Morisse cannot be individually liable. Judgment on the pleadings is therefore appropriate.[2]

## ARGUMENT

Plaintiffs' claim that Morisse is personally liable because "trust officers are fiduciaries who are liable for both their actions and inactions which harm the trust beneficiaries" (Pls.' Opp. 6 (Doc. #1891)) is unsupported and incorrect. The case relied upon by plaintiffs, *Covey v. Pierce*, 82 S.W.2d 592 (Mo. Ct. App. 1935), was a lawsuit against two individual trustees. *Id.* at 594. The case had nothing to do with a corporate trustee, and hence, nothing to do with the question of personal liability of employees of a corporate trustee. The same may be said of Plaintiffs' other Missouri case, *Morrison v. Asher*, 361 S.W.2d 844 (Mo. Ct. App. 1962). That case, like *Covey*, involved individual trustees rather than employees of a corporate trustee (*see*

---

[2] As stated in his motion, Morisse alternatively joins in the motion for summary judgment filed by the Missouri Trustee Defendants, particularly National City Bank and PNC Bank. Morisse further adopts and incorporates by reference the reply in support of that motion.

*id*. at 846) and thus has no bearing on the issue of whether an employee of a corporate trustee may be personally liable for negligently performing his job duties.

The cases Plaintiffs cite from other jurisdictions do not change this conclusion. Those cases, of course, do not discuss Missouri law in any way. Further, not one of those cases involves a situation in which an individual employee of a trustee was held liable to a beneficiary for negligently carrying out his job duties. *See Head v. Wachovia Bank of Ga., N.A.*, 88 S.W.3d 180, 196 (Tenn. Ct. App. 2002) (affirming summary judgment in favor of defendants); *In re Braner*, 504 N.E.2d 102, 104-06 (Ill. 1987) (disbarring attorney based on various ethical violations); *Jenkens v. Macatawa Bank Corp*., No. 1:03-CV-321, 2006 WL 3253305, at *11 (W.D. Mich. Nov. 9, 2006) (denying motion for class certification); *Perryco, Inc. v. FDIC*, 777 S.W.2d 549, 554 (Tex. Ct. App. 1989) (holding that fact issues precluded summary judgment on civil conspiracy claim asserted against individual trustee officers); *Griffin v. JPMorgan Chase & Co.*, No. 06-1589, 2009 WL 935954, at *4 (W.D. La. April 7, 2009) (holding that a trust beneficiary's claims against both the trustee and the trustee's employees were barred by the relevant statute of limitations); *Wright v. Comm'r of Internal Rev.*, T.C. Memo. 2000-336, at *6 (U.S. Tax Ct. 2000) (referring to embezzlement as a breach of fiduciary duty); *Cairnie v. Wayne Cnty. Nat'l Bank*, No. 1436, 1976 WL 188938, at *1 (Ohio Ct. App. Nov. 17, 1976) (affirming summary judgment in favor of trustee and trust officer). Indeed, many of those cases involve situations very different from the situation at issue here.[3]

---

[3] To the extent cases from other jurisdictions are relevant, the case from outside Missouri that Morisse cited in his motion, *Proksch v. Bettendorf*, 257 N.W. 383 (Iowa 1934), provides a much better analog to this case. That case, as Morisse previously described, held that a corporate director of a trust company could not be liable to a trust beneficiary for "mere nonfeasance" given that the trust company, not the director, was the trustee. *Id*. at 384-385.

As Morisse explained in his initial brief, under Missouri law, Morisse's position as a corporate officer does not mean that he owed some sort of general duty of care to Plaintiffs. In arguing to the contrary, Plaintiffs cite a prior order of this Court (Doc. #589) and *Boulicault v. Oriel Glass Co.*, 223 S.W. 423 (Mo. 1920), for the proposition that "a corporation's directors and officers may be held liable for breach of fiduciary duty based on both negligence and affirmative acts that lead to the wrongful dissipation of corporate assets." Pls.' Opp. 7-8 (Doc. #1891). They claim that the Court relied on this rule in denying motions to dismiss filed by certain defendants other than Morisse and that the Court should do the same thing here.

What Plaintiffs miss, however, is that the duty owed by corporate directors and officers is not an unlimited duty owed to all the world, but is instead a duty owed solely to the corporation that employs them and its shareholders. *Boulicault* involved a lawsuit by minority stockholders of a corporation against a corporate officer alleged to have been negligent with regard to his duties as a corporate officer. 223 S.W. at 423. Thus, the duty at issue was the duty owed by the director to the corporation and its stockholders, and the entity bringing the claim was the corporation itself. *See id.* at 426. There was no claim whatsoever that the corporate officer's duty to the corporation extended to third parties outside the corporation.

Plaintiffs' reliance on the Court's prior order denying motions to dismiss by the D&O Defendants fails for the same reason. The part of the order on which Plaintiffs rely pertained to motions to dismiss asserted by corporate officers or directors of National Prearranged Services, Inc., Lincoln Memorial Life Insurance Company, and Memorial Service Life Insurance Company. *See* Memo. and Order 66-69 (Doc. #589). Plaintiffs, in turn, or at least some Plaintiffs, represent the interests of those corporations in various capacities. Again, then, the duty at issue was the duty owed by the corporate officers or directors of NPS, Lincoln, and Memorial

to those corporations or their shareholders, not some overarching duty owed to unrelated third parties.[4]

Finally, Plaintiffs have failed to allege (or otherwise establish) that Morisse acted for his own personal benefit in any way, or otherwise engaged in fraud or intentional misconduct that might give rise to a separate, individual duty to Plaintiffs or otherwise render him personally liable.  In attempting to establish actionable conduct by Morisse, they summarize their allegations directed to Morisse and recount some of his deposition testimony. *See* Pls.' Opp. 8-10 (Doc. #1891). They also give particular emphasis to his alleged role in drafting certain documents, including documents described as the Custody Agreement and the Wulf Letter. Pls.' Opp. 12 (Doc. #1891).

Again, however, as Morisse established in his initial motion, those allegations are not sufficient even if their truth is assumed for the purpose of this motion. Plaintiffs have not alleged that any of this conduct occurred outside the scope of Morisse's employment at Allegiant. They have instead alleged only that he breached his duty of reasonable care in the "performance of his duties as an officer" of Allegiant. TAC § 548; *see* TAC §§ 554, 562.[5] Thus, their pleadings are

---

[4] Significantly, although the Court did not dismiss Plaintiffs' claims against the other individual defendants, it did require Plaintiffs to provide a more definite statement with regard to which of the plaintiffs were asserting the claims. *Id*. at 69. Thus, the Court recognized that the relationship between the specific plaintiff asserting a claim and the defendant against whom the claim is being asserted is critical to whether that claim may be asserted.

[5] Plaintiffs likely avoid alleging that Morisse acted outside the scope of his employment at Allegiant for two reasons. First, they have identified no facts supporting such allegations. Second, they are seeking to hold Allegiant's successors-in-interest jointly and severally liable for Morisse's conduct. *See, e.g*., TAC §§ 494, 502, 510. Thus, they *must* allege that he was acting within the scope of his employment. Under Missouri law, an employer is generally not liable for the intentional conduct of its employees performed outside the scope of the employee's employment. *See Gibson v. Brewer*, 952 S.W.2d 239, 245-46 (Mo. banc 1997).  Plaintiffs cannot make the allegations necessary to proceed against Morisse's employer for his actions performed in the course of his employment, and at the same time escape the legal consequences of those allegations.

6

not sufficient to establish individual liability on the part of Morisse. *Waiters' Benevolent Ass'n v. Cella*, 223 S.W. 444, 446 (Mo. Ct. App. 1920) ("[I]t is not sufficient [to establish individual liability] where [the corporate officer] is merely acting as agent of the [corporation].").[6]

## CONCLUSION

Morisse is entitled to judgment on the pleadings because he cannot be held liable for alleged negligence to any third parties, including the plaintiffs, in the performance of his duties as an employee of Allegiant Bank. Alternatively, Morisse is entitled to summary judgment for the reasons stated in the Missouri Trustees' motion for summary judgment.

Respectfully submitted,

THOMPSON COBURN LLP

By   */s/ Matthew S. Darrough*
       Mike W. Bartolacci, Bar No. 35441
       Matthew S. Darrough, Bar No. 46307
       Kimberly M. Bousquet, Bar. No. 56829
       Thompson Coburn LLP
       One US Bank Plaza
       St. Louis, Missouri 63101
       (314) 552-6000 (telephone)
       (314) 552-7000 (facsimile)
       mbartolacci@thompsoncoburn.com
       mdarrough@thompsoncoburn.com
       kbousquet@thompsoncoburn.com

       *Attorneys for Defendant Herbert Morisse*

---

[6] Plaintiffs' claim that Morisse's testimony "substantiates" certain claims (Pls.' Opp. 3 (Doc. #1891) has no relevance to this motion. Morisse need not be made a defendant in order to insure his appearance at trial.  Morisse has accepted service of a trial subpoena and will testify at trial regardless of whether he is a defendant at that time. Thus, even to the extent it was proper to keep a party in a case solely to ensure that the party testified at trial, it would not be necessary in this case.

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2014, a true and correct copy of the foregoing was served on the attorneys of record pursuant to the Court's electronic filing system.

I hereby further certify that on November 20, 2014, the foregoing was mailed by United States Postal Service to the following non-participants in electronic filing system:

Sharon Nekol Province
Register No. 36759-044
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, TX 76127
*Pro Se*

Randall K. Sutton
Register No. 36549-044
Satellite Camp Terre Haute
P.O. Box 33
Terre Haute, IN 47808
*Pro Se*

J. Douglas Cassity
Register No. 02005-045
USP Marion
U.S. Penitentiary Satellite Camp
P.O. Box 1000
Marion, IL 62959
*Pro Se*

David R. Wulf
Register No. 38227-044
FCI Terre Haute
Federal Correctional Institution
Satellite Camp
P.O. Box 33
Terre Haute, IN 47808
*Pro Se*

Brent Douglas Cassity
Register No. 38224-044
USP Leavenworth
U.S. Penitentiary Satellite Camp
P.O. Box 1000
Leavenworth, KS 66048
*Pro Se*

Tony B. Lumpkin, III
2806 Horseshoe Bend Cove
Austin, TX  78704
*Pro Se*

 /s/ Matthew S. Darrough