IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., SPECIAL DEPUTY RECEIVER OF LINCOLN MEMORIAL LIFE INSURANCE COMPANY, MEMORIAL SERVICE LIFE INSURANCE COMPANY, AND NATIONAL PREARRANGED SERVICES, INC., ET AL., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 09-CV-1252-ERW |
| v. | ) ) | |
| J. DOUGLAS CASSITY; RANDALL K. SUTTON; BRENT D. CASSITY; J. TYLER CASSITY; RHONDA L. CASSITY; ET AL., | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO DISMISS COMPLAINT AGAINST
DEFENDANT DOUG CASSITY WITH PREJUDICE**

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs respectfully request an Order of the Court approving dismissal with prejudice of Plaintiffs' claims against Defendant Doug Cassity. Plaintiffs previously sought to dismiss Cassity without prejudice, and the Court determined the only factor not met for dismissal under Rule 41(a)(2) was prejudice to opposing parties. As set forth below, such prejudice previously asserted by Doug, Tyler, and Rhonda Cassity and Rhonda L. Cassity, Inc. in response to a dismissal of Plaintiffs' claims against Cassity is now alleviated in light of both agreements in principle reached with those parties as to the claims against them and Plaintiffs' instant request for dismissal with prejudice.

1.  When determining whether to grant a Rule 41(a)(2) motion to dismiss, a court considers: (1) whether the party presents a proper explanation for its desire to dismiss; (2) whether a dismissal would result in a waste of judicial resources; (3) whether a dismissal will

1

prejudice the opposing party; and (4) whether the party seeks dismissal merely to avoid an adverse decision or to seek a more favorable forum. *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)); *see also Allen on Behalf of Glens Falls Bldg. & Const. Trades Council v. Indeck Corinth Ltd. P'ship*, 161 F.R.D. 233, 236 (N.D.N.Y. 1995) (applying factors relevant to dismissal without prejudice to a dismissal with prejudice). "A voluntary motion to dismiss with prejudice under Rule 41(a)(2) is very rarely denied." *TQP Dev., LLC v. Branch Banking & Trust Co.*, No. 2:12-CV-55-JRG-RSP, 2014 WL 4749073, at *2 (E.D. Tex. Sept. 22, 2014); *see Spring City Corp. v. Am. Bldgs. Co.*, No. CIV.A. 97-8127, 1999 WL 1212201, at *1 (E.D. Pa. Dec. 17, 1999) ("If the plaintiff moves under Rule 41(a)(2) for voluntary dismissal, specifically requesting dismissal with prejudice, it has been held that the district court must grant that request.") (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (1995)).

2. Plaintiffs previously moved to dismiss Cassity on July 21, 2014 without prejudice. [ECF No. 1617]. The Court initially granted this motion. [ECF No. 1618].

3. Shortly after the Court issued its dismissal order, Cassity, along with Defendants Tyler Cassity, Rhonda Cassity, and Rhonda L. Cassity, Inc., objected and claimed they would be prejudiced by the dismissal. [ECF Nos. 1621, 1629, 1630]. Doug Cassity expressed concern that Plaintiffs could later bring suit against him "on the same facts" as this trial. [ECF No. 1621 at 1]. He requested that the Court "modif[y]" its order to dismiss him "with prejudice," or reinstate the claims against him. *Id.* at 2. Tyler Cassity, Rhonda Cassity, and Rhonda L. Cassity, Inc. likewise requested that the Court vacate the order dismissing Cassity, arguing prejudice. [ECF Nos. 1629 at 9-10, 1630 at 2].

2

4. As a result of these assertions, the Court vacated its July 22, 2014 order dismissing Cassity without prejudice. [ECF No. 1661]. The Court found Plaintiffs' "desire to dismiss Doug Cassity" was "insufficient to overcome the prejudice claimed by Doug Cassity and the other Cassity defendants." *Id.* at 9.

5. Doug, Tyler, and Rhonda Cassity's previous bases of prejudice no longer exist. As to Doug Cassity, the dismissal with—as opposed to without—prejudice alleviates his concerns. "[W]hen a dismissal with prejudice is granted, it does not harm the defendant." *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985)). Plaintiffs will be precluded from suing Doug Cassity in the future and do not seek dismissal merely "to seek a more favorable forum." *Thatcher*, 659 F.3d at 1214 (quoting *Hamm*, 187 F.3d at 950); *see Shepard*, 767 F. Supp. at 1165 (discussing that when a defendant is dismissed with prejudice, he "receives all that he would have received had the case been completed") (quoting *Schwarz*, 767 F.2d at 129).

6. With respect to Tyler and Rhonda Cassity and Rhonda L. Cassity, Inc., Plaintiffs have now reached an agreement in principle to settle their claims against each of those defendants. [ECF No. 1840 at 1]. Plaintiffs also have reached an agreement in principle with Brent Cassity as to their claims against him, and are so notifying the Court in a separate notice.

7. Given the absence of prejudice to these defendants in light of the instant request for dismissal of Cassity with prejudice, and having previously established the remaining elements for dismissal of Cassity under Rule 41(a)(2), *see* [ECF No. 1617], Plaintiffs now request that the Court dismiss Doug Cassity with prejudice.

3
1919681

WHEREFORE, Plaintiffs respectfully request that the Court dismiss Plaintiffs' claims against Defendant Doug Cassity with prejudice.

Dated this 24th day of November, 2014.

Respectfully submitted,

*s/ Wendy B. Fisher*
Daniel M. Reilly (Admitted *Pro Hac Vice*)
Larry S. Pozner, E.D. Missouri Bar No. 2792CO
Wendy B. Fisher (Admitted *Pro Hac Vice*)
Glenn E. Roper (Admitted *Pro Hac Vice*)
Clare S. Pennington (Admitted *Pro Hac Vice)*
Farrell A. Carfield (Admitted *Pro Hac Vice*)
Lauren G. Jaeckel (Admitted *Pro Hac Vice*)
Sean Connelly (Admitted *Pro Hac Vice*)
Michael P. Robertson (Admitted *Pro Hac Vice*)
Michael T. Kotlarczyk (Admitted *Pro Hac Vice*)
Dru R. Nielsen (Admitted *Pro Hac Vice*)
Ashley D. Morgan (Admitted *Pro Hac Vice*)

Reilly Pozner LLP
1900 16th Street, Suite 1700
Denver, CO 80202
(303) 893-6100

and

Maurice B. Graham, Bar No. 3257
Morry S. Cole, Bar No. 77854
Gray, Ritter & Graham, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101
(314) 241-5620

Attorneys for Plaintiffs Jo Ann Howard and Associates, P.C., in its capacity as Special Deputy Receiver of Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc.; the National Organization of Life and Health Insurance Guaranty Associations; the Missouri Life & Health Insurance Guaranty Association; the Texas Life & Health Insurance Guaranty Association; the Illinois Life & Health Insurance Guaranty Association; the Kansas Life & Health Insurance Guaranty Association; Oklahoma Life & Health Insurance Guaranty Association; the Kentucky Life & Health Insurance Guaranty Association; and the Arkansas Life & Health Insurance Guaranty Association

# CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2014, the foregoing **PLAINTIFFS' MOTION TO DISMISS COMPLAINT AGAINST DEFENDANT DOUG CASSITY WITH PREJUDICE** was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

I hereby further certify that on November 24, 2014, the foregoing was sent by United States Postal Service or by electronic means, as indicated below, to the following non-participants in Electronic Case Filing:

| | |
|---|---|
| Tony B. Lumpkin, III<br>2806 Horseshoe Bend Cove<br>Austin, TX 78704<br>*Pro se* | David R. Wulf, *Pro se*<br>Register # 38227-044<br>FCI Terre Haute<br>Federal Correctional Institution<br>Satellite Camp<br>P.O. Box 33<br>Terre Haute, IN 47808 |
| Sharon Nekol Province, *Pro se*<br>Register # 36759-044<br>FMC Carswell<br>Federal Medical Center<br>P.O. Box 27137<br>Fort Worth, TX 76127 | Randall K. Sutton, *Pro Se*<br>Register # 36549-044<br>Rochester Federal Medical Center<br>P.O. Box 4000<br>Rochester, MN 55903 |
| Brent Douglas Cassity, *Pro se*<br>Register # 38224-044<br>USP Leavenworth<br>U.S. Penitentiary Satellite Camp<br>P.O. Box 1000<br>Leavenworth, KS 66048 | James Douglas Cassity, *Pro se*<br>Register # 02005-045<br>USP Marion<br>U.S. Penitentiary<br>Satellite Camp<br>P.O. Box 1000<br>Marion, IL 62959 |

                                *s/ Wendy B. Fisher*
                                Wendy B. Fisher
                                (Admitted *Pro Hac Vice*)
                                Attorney for Plaintiffs