UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JO ANN HOWARD & )
ASSOCIATES, P.C., *et al.*, )
 )
    Plaintiffs, )
 )
  vs. ) Case No. 4:09CV01252 ERW
 )
J. DOUGLAS CASSITY, *et al.*, )
 )
    Defendants. )

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Exclude Expert Testimony [ECF No. 1749]; National City Bank and U.S. Bank's Joinder in BMO Harris Bank's Motion to Exclude Expert Testimony of Jo Ann Howard [ECF No. 1753]; National City Bank and U.S. Bank's Motion to Strike in Part the Expert Testimony of Edgar M. Coster and Donald J. Fitzgerald [ECF No. 1755]; National City and U.S. Bank's Motion to Strike in Part the Expert Testimony of Jonathan Arnold [ECF No. 1758]; Missouri Trustee Defendants' Motion to Exclude Expert Testimony of Robert Lock [ECF No. 1771]; Comerica Bank and Trust's Motion to Exclude the Opinions and Testimony of Plaintiffs' Expert, Edgar M. Coster as Against It [ECF No. 1824]; Comerica's Motion to Exclude the Opinions and Testimony of Plaintiffs' Expert Jonathan I. Arnold, as Against It [ECF No. 1830]; and Richard Markow's Motion for Joinder as it pertains to Motions 1771, 1758, 1748, and 1755 [ECF No. 1847].

**I. STANDARD**

Rule 702 mandates a policy of liberal admissibility, and expert testimony is permitted if it will assist the trier of fact in understanding the evidence or to determine a fact in issue. Fed. R. Evid. 702; *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). To be admitted under Rule 702, proposed expert testimony must meet three prerequisites: 1) any evidence based on scientific, technical or other specialized knowledge must be useful to the fact finder in determining a fact in issue; 2) the proposed witness must be qualified to assist the fact finder; and 3) the proposed evidence must be reliable or trustworthy in an evidentiary sense. *Id.; Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993).[1]

A district court's goal in assessing expert testimony is to ensure that "all scientific testimony is both reliable and relevant." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006)). The reliability requirement means "the party offering the expert testimony must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid," while the relevance requirement demands "the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue." *Id.* (internal quotations and citations omitted).

Rule 702's requirements notwithstanding, "[c]ourts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo*, 457 F.3d at 758. This is because the Rule "only requires that an expert possess 'knowledge, skill, experience, training, or education' sufficient to 'assist' the trier of fact, which is 'satisfied where expert testimony advances the trier of fact's understanding to any degree.'" *Robinson v. GEICO Gen. Ins. Co.*,

---

[1] The analysis provided in *Daubert* applies to all experts, not just scientific experts. *Kuhmo Tire Co. v. Carmichael,* 526 U.S. 137 (1999).

447 F.3d 1096, 1100 (8th Cir. 2006) (internal citation omitted).  As such, "[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *Id.* at 1100-01.

## II. DISCUSSION

The parties made various arguments in their motions, responses, and replies, and during the hearing held on November 24 and 25, 2014, the parties made persuasive arguments in support of and in opposition to respective motions.  The briefs and arguments regard the qualifications, reliability, and legal opinions made by the following experts:  Jonathan I. Arnold, James W. Atwood, Edgar M. Coster, Donald J. Fitzgerald, Francis Hanna, Jo Ann Howard, Robert Lock, and Judge Kenneth Romines.  The Court has taken into consideration the parties' arguments, the experts' deposition segments presented, and the experts' reports in making these determinations.  The Court will address the admissibility of each expert, and then will address specific areas of testimony which will and will not be admissible.

    *i.    Jonathan I. Arnold, James W. Atwood, Edgar M. Coster, Donald J. Fitzgerald, Francis Hanna, and Robert Lock*

The Court finds Dr. Jonathan I. Arnold, Edgar M. Coster, Donald J. Fitzgerald, Bradley Fogel, Francis Hanna and Robert Lock's testimony to be admissible.  These experts are qualified and their opinions are reliable.

Dr. Jonathan Arnold served as Chief Economist at New York State's Office of the Attorney General, has taught economics at the University of Chicago as well as various other schools, and has a Ph.D. in business economics from the University of Chicago.  Dr. Arnold was asked to provide expert opinions on the economics of Ponzi schemes, the categories of damages resulting from the alleged improper actions of the Defendants, and to quantify the damages.  Dr.

3

Arnold's qualifications meet the requirements of Rule 702 and match the opinion he has provided. Objections to his testimony can be probed on cross-examination.

James Atwood currently is the President and Chief Executive Officer of Infinity Management Advisors, LLC which provides consulting services to the funeral and cemetery industry regarding trusts. He has served as Vice President of the division of Funeral and Cemetry Trust Services for SunTrust Bank and has worked in the trusts and funeral services industry since 1977. Atwood was asked to provide opinions on the conduct of Allegiant Bank and its successors from 1998-2004. Atwood's qualifications meet the requirements of Rule 702 and match the opinion he has provided. Objections to his testimony can be probed on cross-examination.

Edgar Coster has worked in the trust and financial services industry since 1965. He has seved as a personal trust officer, supervisor of trust businesses for various banks, consultant on establishing a trust company, as well as other trust matters, and has served on the faculty of the American Bankers Association National Trust School and Graduate Trust School. Coster was retained to provide expert testimony on the conduct of the trustees and the standard of care of the trust industry. It is clear Coster is qualified to provide opinions on the trust industry. Coster's qualifications meet the requirements of Rule 702 and match the opinion he has provided. Objections to his testimony can be probed on cross-examination.

Donald Fitzgerald has worked in the trust industry in Missouri for over forty years. He has served as the National Director of Trust and Fiduciary Services at First Bank and has experience administering and operating a trust department. Fitzgerald has been retained by Plaintiffs to provide an expert opinion on whether the Missouri trustees acted in accordance with the custom and practice of the trust industry in St. Louis, Missouri. Fitzgerald's qualifications

meet the requirements of Rule 702 and match the opinion he has provided. Objections to his testimony can be probed on cross-examination.

Francis Hanna served as legal counsel for banks and trust companies from 1962 until 1979 when he joined the faculty of the University of Missouri, Kansas City law school. Professor Hanna has taught various estate and trust courses and written numerous publications on the topic. He authored the Missouri Practice Series on trust law. He was retained to respond to the expert opinions of Edgar Coster, Robert Lock, and Donald Fitzgerald and to opine on a trustee's duties and the applicable standard of care. Hanna's qualifications meet the requirements of Rule 702 and match the opinion he has provided. Objections to his testimony can be probed on cross-examination.

Robert Lock is a certified public account and currently a partner with McBride, Lock & Associates. He has provided over 150 examinations of preneed funeral sellers to determine compliance with Missouri Chapter 436. He has conducted several seminars with the Missouri Funeral Directors Association on compliance with Chapter 436. Lock was asked to provide expert testimony on whether the trustees acted in compliance with the statutory requirements of Chapter 436 and if David Wulf acted as an independent investment advisor. Lock's qualifications meet the requirements of Rule 702 and match the opinion he has provided. Objections to his testimony can be probed on cross-examination.

*ii.     Jo Ann Howard*

The Court finds Jo Ann Howard's expert testimony is not admissible for the purpose she is designated as an expert witness. It is unquestionable Howard is qualified to testify on receiverships. However, it is clear from her report and deposition, she was retained to testify on the accuracy of the various amounts of damages incurred by the receivership estates such as the

5

expenses of administration of the receivership estates, insurance premiums collected, and others. Howard testified other people calculated the amounts stated in her report and she did not know how those amounts were calculated. She was retained to testify on the accuracy of these calculations but did not do anything to verify the numbers. Additionally, Plaintiffs have failed to establish her qualifications to verify the accuracy of these figures. If Howard were testifying on how receiverships operate, it would be a different matter. Here, she purports to give expert testimony on issues on which she is not qualified to opine. Howard is allowed to testify as a fact witness but the Court finds she is not qualified to testify as an expert on whether the figures used to calculate damages are accurate. Assuming other witnesses provide verification and authentication of the calculations, as receiver, Howard may testify as to the final amounts calculated as a fact witness.

      *iii.*      *Judge Kenneth Romines*

Judge Kenneth Romines is eminently qualified. He served as a Circuit Judge in St. Louis County, Missouri from 1986 until 2004, and was responsible for the Equity docket for eight of those years. He then served as a Judge on the Missouri's Court of Appeals for the Eastern District of Missouri until 2012. However, the Court finds him to be prescient when he says the Court will be making the legal conclusions. This Court will decide all issues of law to be presented to the jury. As Judge Romines opinion consists entirely of issues of law, his opinions will not be admissible.

      *iv.*      *Inadmissible Testimony by Any Expert*

None of the experts will be allowed to testify on the following topics as they are impermissible legal conclusions within the duties of the Court to provide to the jury:

1. Whether the actions of the Missouri Trustees, or anyone else, complied with Chapter 436;

2. Interpretations of Chapter 436;

3. Interpretations of the governing trust agreements;

4. Requirements of Chapter 436;

5. Duties imposed by Chapter 436;

6. Actions of a Missouri State Court;

7. Trustees' liability for the actions of the grantor;

8. Whether trustees lack authority and capability to oversee external business activities of trust grantors or beneficiaries;

9. Trustees' responsibilities or liability for investment decisions;

10. Duties and Responsibilities of the Independent Investment Advisor;

11. Interpretation of the meaning of "independent" in Chapter 436;

12. Whether applicable statutes require independence from seller or trustee, or both;

13. Prevailing trust customs and practices supersede Missouri law;

14. The appointment of Wulf Bates relieved the trustees completely of all liability for investment decisions;

15. The trustees could not monitor investment decisions of the investment advisor.

Experts will be allowed to testify as to the following:

1. Purpose of Chapter 436;

2. Reference the trust agreements and applicable statutes;

3. Purpose of a standard of care;

4. What trustees generally understand their responsibilities to be and their fiduciary duties but not what a specific trustee understood as their duties and responsibilities;

5. What the expert believes the purpose of the trust agreement and the statute were designed to achieve;

6. What the expert currently advises clients to do or not to do;

7. The responsibilities of trustees, in the practice of the expert;

8. Opinions as to independence of David Wulf;

9. Observations of what trustees did or did not do;

10. Whether trustees complied or did not comply with the standard of care;

11. Reference sections in the law and state if evidence was or was not presented to show the acts were done but cannot say the law requires certain actions;

12. How trustees did or did not control trust assets, keep records, or monitor trust distributions but not what the statute requires.

To the extent anything stated in this order conflicts with the Court's statements on what would or would not be admissible during the hearing held on November 24 and 25, 2014, this order prevails.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Exclude Expert Testimony [ECF No. 1749]; National City Bank and U.S. Bank's Motion to Strike in Part the Expert Testimony of Edgar M. Coster and Donald J. Fitzgerald [ECF No. 1755]; National City and U.S. Bank's Motion to Strike in Part the Expert Testimony of Jonathan Arnold [ECF No. 1758]; Missouri Trustee Defendants' Motion to Exclude Expert Testimony of Robert Lock [ECF No. 1771]; Comerica Bank and Trust's Motion to Exclude the Opinions and Testimony of Plaintiffs' Expert, Edgar M. Coster as Against It [ECF No. 1824]; Comerica's Motion to Exclude the Opinions and Testimony of Plaintiffs' Expert Jonathan I. Arnold, as Against It [ECF No. 1830]; and Richard

Markow's Motion for Joinder as it pertains to Motions 1771, 1758, 1748, and 1755 [ECF No. 1847] are **GRANTED, in part, and DENIED, in part**.

**IT IS FURTHER ORDERED** that National City Bank and U.S. Bank's Joinder in BMO Harris Bank's Motion to Exclude Expert Testimony of Jo Ann Howard [ECF No. 1753] is **GRANTED**.

So Ordered this 1st Day of December, 2014.

_____
**E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE**