UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon the Court's order granting "Plaintiff SDR's Motion for *In Camera* Review and to Compel Production of Non-Privileged Documents" [ECF No. 1915]. The Court has completed its in camera review. As part of the Court's review, the Court relied on information provided by National City, *ex parte*, only to discern the identity and role of the parties in the communications.

A given communication might not be protected from disclosure for several principal reasons, nine of which the Court has previously identified: (1) the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; (2) disclosure of the communication to a third party waived its protection; (3) no attorney was involved with the communication and the communication did not reflect privileged advice from an attorney; (4) any attorney involvement was merely acting as a passive recipient of the communication; (5) the attorney's advice was not legal in nature; (6) the communication was not made for the purpose of obtaining the attorney's legal advice; (7) the communication was made to an employee to whom the privilege does not extend; (8) the communication was not intended

to be confidential; and (9) the party seeking production has demonstrated that the communication is discoverable attorney work product.  <u>Monsanto Co. & Monsanto Tech. LLC v. E.I. Du Pont De Nemours & Co.</u>, 2011 WL 4408184 (E.D. Mo. Sept. 22, 2011).

Reviewing the disputed documents under the rubric of these nine principal reasons, the Court has classified the following numbered documents as either privileged or not privileged with the accompanying reasons.

1. Privileged – Attorney-client privilege.

2. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was made by an employee to whom the privilege does not extend.

3. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was made by an employee to whom the privilege does not extend.

4. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; and the communication was not made for the purpose of obtaining the attorney's legal advice.

5. Privileged – Attorney-client privilege

6. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; and the communication was not made for the purpose of obtaining the attorney's legal advice.

7. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; the communication was made to an employee to whom the privilege does not extend.

8. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; the communication was made to an employee to whom the privilege does not extend.

9. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was not intended to be confidential.

10. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the attorney's advice was not legal in nature; and the communication was not made for the purpose of obtaining the attorney's legal advice.

11. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; no attorney was involved with the communication and the communication did not reflect privileged advice from an

attorney; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was made to an employee to whom the privilege does not extend.

12. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; and the communication was not made for the purpose of obtaining the attorney's legal advice.

13. Privileged – Attorney-client privilege.

14. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; the attorney's advice was not legal in nature; and the communication was not made for the purpose of obtaining the attorney's legal advice.

15. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; the attorney's advice was not legal in nature; and the communication was not made for the purpose of obtaining the attorney's legal advice.

16. Privileged – Attorney-client privilege

17. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; no attorney was involved with the communication and the communication did not reflect privileged advice from an attorney; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was not intended to be confidential.

18. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; the communication was made to an employee to whom the privilege does not extend.
19. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; no attorney was involved with the communication and the communication did not reflect privileged advice from an attorney; the communication was not made for the purpose of obtaining the attorney's legal advice; the communication was made to an employee to whom the privilege does not extend.
20. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; the communication was made to an employee to whom the privilege does not extend.
21. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; the communication was made to an employee to whom the privilege does not extend.
22. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; no attorney was involved

with the communication and the communication did not reflect privileged advice from an attorney; the communication was not made for the purpose of obtaining the attorney's legal advice; the communication was made to an employee to whom the privilege does not extend.

23. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; the communication was made to an employee to whom the privilege does not extend.

24. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; the communication was made to an employee to whom the privilege does not extend.

25. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; the communication was made to an employee to whom the privilege does not extend.

26. Privileged in part. The message from Janice Sackley to Thomas Plant on February 23, 2004, at 1:28 pm is privileged – attorney-client privilege. The message from Thomas Plant to Janice Sackley on February 23, 2004, at 2:35 pm is privileged – attorney-client privilege. The message from Janice Sackley to Thomas Plant on February 23, 2004, at

15:13:50 is not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was made to an employee to whom the privilege does not extend.

27. Privileged – Attorney-client privilege.

28. Privileged in part.  The message from Janice Sackley to Thomas Plant on February 23, 2004, at 1:28 pm is privileged – attorney-client privilege.  The message from Thomas Plant to Janice Sackley on February 23, 2004, at 2:35 pm is privileged – attorney-client privilege.  The message from Janice Sackley to Thomas Plant on February 23, 2004, at 15:13:50 is not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was made to an employee to whom the privilege does not extend.

29. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was made to an employee to whom the privilege does not extend.

30. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was made to an employee to whom the privilege does not extend.

31. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was made to an employee to whom the privilege does not extend.

32. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was made to an employee to whom the privilege does not extend.

33. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was made to an employee to whom the privilege does not extend.

34. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; any attorney involvement was merely acting as a passive recipient of the communication; the communication was not made for the purpose of obtaining the attorney's legal advice; and the communication was made to an employee to whom the privilege does not extend.

35. Not privileged because the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice; no attorney was involved with the communication and the communication did not reflect privileged advice from an

attorney; the communication was not made for the purpose of obtaining the attorney's legal advice; the communication was made to an employee to whom the privilege does not extend; and the communication was not intended to be confidential.

Accordingly,

**IT IS HEREBY ORDERED** that National City shall produce the documents determined to be non-privileged to Plaintiffs within seven (7) days from the date of this order.

So Ordered this 3rd day of December, 2014.

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**