UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )    Case No. 4:09CV01252 ERW<br>) |
| J. DOUGLAS CASSITY, *et al.*, | )<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court upon "Defendant Herbert Morisse's Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment" [ECF No. 1746].

**I.   FACTUAL BACKGROUND**

The Court adopts the following statement of facts as well-pleaded allegations in Plaintiffs' Third Amended Complaint [ECF No. 916]. *Ginsburg v. Inbev NV/SA*, 623 F.3d 1229 n. 3 (8th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Plaintiffs have alleged Allegiant Bank breached their fiduciary duties as trustees, among other claims, for allowing the trust assets to be siphoned from the trust through a variety of investments and loans. Defendant Herbert Morisse ("Morisse") was Vice President and Trust Officer for Allegiant Trust Company from 1997 through 2004 [ECF No. 916 ¶ 84.2]. Morisse was responsible for the administration of Allegiant Bank's trust accounts including the NPS pre-need trusts [ECF No. 916 ¶ 84.2]. Morisse knew Allegiant was cited for violations of Missouri statutes regarding the NPS pre-need trust accounts by state examiners but failed to notify the

trust beneficiaries [ECF No. 916 ¶ 228.208, 228.209]. Morisse personally signed forms allowing funds deposited into the trusts to be offset by death benefits owed on other pre-need contracts [ECF No. 916 ¶ 228.211]. Morisse knew Allegiant Bank failed to take custody of the life-insurance policies making up the majority of trust assets, failed to take ownership and control of trust assets, and treated the trust accounts as custody accounts rather than trusts [ECF No. 916 ¶ 228.212-228.214]. Morisse also helped draft the "Custody Agreements" which gave custody of the life-insurance policies to NPS, rather than the trusts keeping custody of the policies [ECF No. 916 ¶ 228.216].

Morisse also knew of and allowed a variety of actions related to investment of trust assets including: trust assets were not invested in reasonably prudent investments, assets were not properly diversified, the trusts did not retain sufficient liquidity, and the investment advisor was not independent as required [ECF No. 916 ¶ 228.218-228.221]. In addition, Morisse did not monitor the investment advisor's actions or performance and took direction from NPS employees as to investment decisions [ECF No. 916 ¶ 228.223-228.225]. Morisse helped draft the "Wulf Letters," a series of letters signed by David Wulf on behalf of Wulf Bates & Murphy which instructed Allegiant Bank to take direction from any NPS employee in regards to depositing or distributing trust assets and investment decisions [ECF No. 916 ¶ 228.226].

Morisse approved improper distributions of trust income [ECF No. 916 ¶ 84.2]. He allowed the majority of trust assets be used to purchase life-insurance policies from Lincoln, a company he knew was poorly rated and shared common ownership and control with NPS [ECF No. 916 ¶ 228.231-228.234]. Morisse authorized Allegiant Bank to report the value of insurance policies as the face of the policies rather than the cash surrender value and was personally involved in the calculations of these values [ECF No. 916 ¶ 228.235-237]. He allowed policy

loans to be taken on the insurance policies and did not adjust the value of the trust assets to reflect the loans [ECF No. 916 ¶ 228.238-228.239]. In addition, Morisse allowed policy loans without security in exchange such as promissory notes [ECF No. 916 ¶ 228.240].

Morisse converted trust assets into other assets with little or no value upon request of NPS such as using $2.5 million in trust assets to purchase stock in Forever Enterprises, an NPS affiliate, at inflated prices [ECF No. 916 ¶ 228.244-228.245]. Once Bremen Bank was named as successor trustee, Morisse trained Bremen Bank employees of how to administer the trust accounts in the same manner and continued to provide instructions after Bremen Bank took control of the assets [ECF No. 916 ¶ 228.246-228.247]. Plaintiffs have alleged these actions by Morisse allowed the Cassitys to carry out their Ponzi-like scheme.

On May 3, 2012, Plaintiffs filed their Third Amended Complaint against Morisse, as well as other Defendants, asserting claims against Morisse for negligence (Count 39), breach of fiduciary duty (Count 40), and Participation in a Breach of Trust Duties (Count 41). Morisse filed his Motion for Judgment on the Pleadings contending Plaintiffs do not and cannot plead the requisite allegations to hold Morisse personally liable because Missouri law requires intentional misconduct or the breach of an independent duty owed directly to Plaintiffs by Morisse to hold him liable outside of his capacity as Allegiant's agent [ECF No. 1740].

## II. STANDARD

Generally, a Rule 12(c) motion for judgment on the pleadings is reviewed under the same standard as a 12(b)(6) motion to dismiss. *Ginsburg*, 623 F.3d at 1233, n. 3; *Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009); *Ashley County v. Pfizer*, 552 F.3d 659, 665 (8th Cir. 2009). The Court must view the allegations in the Complaint liberally and in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing

*Luney v. SGS Auto. Servs,*, 432 F.3d 866, 867 (8th Cir. 2005)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). A complaint must have "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). To prove the grounds for entitlement of relief, a plaintiff must provide more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F.Supp.2d 1137, 1140 (E.D. Mo. 2007).

"[T]he Court generally must ignore materials outside the pleadings, but it may consider 'some materials that are part of the public record or do not contradict the complaint.'" *State ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1107 (8th Cir. 1999). Additionally, the Court may consider materials that are "necessarily embraced by the pleadings." *Piper Jaffray Cos. v. National Union Fire Ins. Co.*, 967 F.Supp. 1148, 1152 (D.Minn. 1997); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

### III. DISCUSSION

The Court interprets the forum state's laws when it has power under supplemental jurisdiction. *Felder v. Casey*, 487 U.S. 131, 151 (1988). In this case, Missouri law applies. Accordingly, the Court shall resolve the issues by attempting to predict how the highest court in Missouri would resolve the issues. *Nordyne, Inc. v. Int'l Controls & Measurements Corp.*, 262 F.3d 843, 846 (8th Cir. 2001).

Morisse asserts he was merely an employee of a trustee, Allegiant, and he cannot be held liable for the misdeeds of the company. Morisse argues to hold an individual liable, Plaintiffs

need to show actual or constructive knowledge of an actionable wrong and actively participated in it, which Plaintiffs have not done.

Under Missouri law, a corporate officer cannot be held liable for the actions of the corporation if the officer "acts in good faith to protect the corporation and does not act for his own benefit." *Lynch v. Blanke Baer & Bowey Krimko, Inc.*, 901 S.W.2d 147, 153 (Mo. Ct. App. 1995) *abrogated on other grounds by Fleshner v. Pepose Vision Inst., P.C.*, 304 S.W.3d 81 (Mo. 2010). If an officer has actual or constructive knowledge of, and participated in, an actionable wrong, the officer may be held liable. *Id*. *See also Wolfsberger v. Miller*, 39 S.W.2d 758, 764 (Mo. 1931); *State ex rel. Doe Run Resources Corp. v. Neill*, 128 S.W.3d 502, 505 (Mo. 2004). An officer may also be held liable for tortious conduct if he owes a duty to plaintiffs separate from his duty to his employer. *State ex rel. William Ranni Assoc., Inc. v. Hartenbach*, 742 S.W.2d 134, 139-40 (Mo. 1987).

The facts alleged in Plaintiffs' Third Amended Complaint, which the Court must accept as true for the purposes of Morisse's Motion, are acts of intentional misconduct on the part of Morisse. He knowingly took actions subverting the protections of the trusts. He treated the trusts as if they were custodial accounts for NPS rather than trusts meant to protect the assets for the beneficiaries. Each action alone could be seen as mere negligence, but taken as a whole, his actions cannot be viewed as anything but intentional. Morisse's role as trust administrator spanned six years during which it was foreseeable his actions would eviscerate the protections of the trusts and harm the beneficiaries. Morisse allowed policy loans to be taken on trust assets without receiving promissory notes or other security; he allowed improper distributions of trust income; he participated in drafting documents which allowed for NPS and the Cassity family to

loot the trust assets of their value; and in taking these steps, he failed to protect the trust assets as he was required to do.

Plaintiffs have alleged sufficient factual matter to state a claim for breach of fiduciary duty and participation in a breach of trust duties. Missouri law does not explicitly provide a corporate trust officer owes fiduciary duties to a beneficiary as other jurisdictions have held. *See Jenkins v. Macatawa Bank Corp.*, Nos. 1:03-CV-321, 1:05-CV-460, 1:05-CV-499, 2006 WL 3253305 at *11 (W.D. Mich. Nov. 9, 2006) ("[defendant] was a fiduciary in his capacity as a trust officer . . . "); *Griffin v. JPMorgan Chase & Co*, No. 06-1589, 2009 WL 935954 at *4 (W.D. La. Apr. 7, 2009) (applying the Louisiana Trust Code to a trust officer and finding the source of fiduciary duties between the trust officer and the beneficiaries arose from the beneficiary-trustee relationship). However, Missouri law does provide a fiduciary duty may arise as a result of the special circumstances of the parties' relationship. *Shervin v. Huntleigh Securities Corp.*, 85 S.W.3d 737, 740-41 (Mo. Ct. App. 2002). The question is whether or not trust is reposed with respect to property or business affairs of the other. *Id.*

This Court has addressed this issue previously in an order denying Defendant Richard Markow's Motion to Dismiss [ECF No. 1123]. The Court held "Plaintiffs have alleged sufficient factual matter, accepted as true, to state a claim for breach of fiduciary duty and participation in a breach of trust duties." The claims alleged against Morisse are substantially similar to the claims against Richard Markow. Plaintiffs have pled sufficient facts to maintain causes of action for breach of fiduciary duty and participation in a breach of trust duties.

Accordingly,

**IT IS HEREBY ORDERED** that "Defendant Herbert Morisse's Motion for Judgment on the Pleadings or in the Alternative, Motion for Summary Judgment" [ECF No. 1746] is **DENIED**.

So Ordered this 29th Day of December, 2014.

*(signature)*
_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**