IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., SPECIAL DEPUTY RECEIVER OF LINCOLN MEMORIAL LIFE INSURANCE COMPANY, MEMORIAL SERVICE LIFE INSURANCE COMPANY, AND NATIONAL PREARRANGED SERVICES, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> J. DOUGLAS CASSITY; RANDALL K. SUTTON; BRENT D. CASSITY; J. TYLER CASSITY; RHONDA L. CASSITY; ET AL., <br><br> Defendants. | Case No. 09-CV-1252-ERW |

**PLAINTIFFS' MOTION TO DISMISS COMPLAINT AGAINST DEFENDANTS DAVID WULF AND WULF, BATES & MURPHY, INC. WITH PREJUDICE**

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs respectfully request an Order of the Court approving dismissal with prejudice of Plaintiffs' claims against Defendants David Wulf and Wulf, Bates & Murphy, Inc. As set forth below, dismissal will not prejudice any party and will streamline the issues at trial, thereby conserving judicial resources.

1. When determining whether to grant a Rule 41(a)(2) motion to dismiss, a court considers: (1) whether the party presents a proper explanation for its desire to dismiss; (2) whether a dismissal would result in a waste of judicial resources; (3) whether a dismissal will prejudice the opposing party; and (4) whether the party seeks dismissal merely to avoid an adverse decision or to seek a more favorable forum. *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213-14 (8th Cir. 2011) (quoting *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999)); *see also Allen on Behalf of Glens Falls Bldg. & Const. Trades Council v. Indeck*

1

1931187

*Corinth Ltd. P'ship*, 161 F.R.D. 233, 236 (N.D.N.Y. 1995) (applying factors relevant to dismissal without prejudice to a dismissal with prejudice).

2.  "A voluntary motion to dismiss with prejudice under Rule 41(a)(2) is very rarely denied." *TQP Dev., LLC v. Branch Banking & Trust Co.*, No. 2:12-CV-55-JRG-RSP, 2014 WL 4749073, at *2 (E.D. Tex. Sept. 22, 2014); *see Spring City Corp. v. Am. Bldgs. Co.*, No. CIV.A. 97-8127, 1999 WL 1212201, at *1 (E.D. Pa. Dec. 17, 1999) ("If the plaintiff moves under Rule 41(a)(2) for voluntary dismissal, specifically requesting dismissal with prejudice, it has been held that the district court must grant that request.") (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 (1995)).

3.  Dismissing the claims against Wulf and Wulf, Bates & Murphy will streamline the issues at trial. *See BMC-The Benchmark Mgmt. Co. v. Ceebraid-Signal Corp.*, No. 1:05-CV-1149WSD, 2007 WL 2126272, at *6 (N.D. Ga. July 23, 2007), *aff'd in part*, 292 F. App'x 784 (11th Cir. 2008) (noting that dismissal under Fed. R. Civ. P. 41(a)(2) would "simplify the case and save the parties the expense that would be associated with trying issues raised in the Counterclaim"). Considering the many complex issues that will be raised at trial, such narrowing of the scope of trial is necessary to focus the attention of the jury on relevant issues. Also, limiting the number of Defendants will limit the length of trial, thereby conserving judicial resources.

4.  Dismissal will not result in prejudice to Defendants David Wulf and Wulf, Bates & Murphy. "[W]hen a dismissal with prejudice is granted, it does not harm the defendant." *Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990) (quoting *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985)). By agreeing to dismiss these Defendants, Plaintiffs will be precluded

from suing them in the future. *Thatcher*, 659 F.3d at 1214 (quoting *Hamm*, 187 F.3d at 950); *see Shepard*, 767 F. Supp. at 1165 (discussing that when a defendant is dismissed with prejudice, he "receives all that he would have received had the case been completed") (quoting *Schwarz*, 767 F.2d at 129).

5. Similarly, "[a] dismissal with prejudice operates as a decision on the merits." *Baker v. City of Columbia*, No. 11-4294-CV-C-FJG, 2012 WL 219560, at *3 (W.D. Mo. Jan. 25, 2012). For this reason, Plaintiffs do not seek dismissal merely "to seek a more favorable forum." *See S.E.C. v. O'Hagan*, 901 F. Supp. 1461, 1465 (D. Minn. 1995) ("[A] party may not relitigate an issue that has been decided on the merits in an earlier proceeding.").

6. The remaining Defendants will not be prejudiced by dismissal. All Defendants had the opportunity to depose these Defendants, and Defendants have deposed David Wulf in this matter.

7. Further, Plaintiffs are pursuing claims against the remaining Defendants based on their own conduct. The dismissal of other Defendants does not alter the liability of the remaining Defendants for their own alleged actions. *Cf. Milligan v. Chesterfield Vill. GP, LLC*, 239 S.W.3d 613, 623 (Mo. Ct. App. 2007) (noting that "[a]n agreement to release one person's tort liability" does not "discharge[]" the liability of any other person).

## CONCLUSION

Plaintiffs respectfully request that all claims against David Wulf and Wulf, Bates & Murphy, Inc. be dismissed with prejudice.

1931187

Dated this 11th day of January, 2015.

Respectfully submitted,

    *s/ Wendy B. Fisher*
Daniel M. Reilly (Admitted *Pro Hac Vice*)
Larry S. Pozner, E.D. Missouri Bar No. 2792CO
Wendy B. Fisher (Admitted *Pro Hac Vice*)
Glenn E. Roper (Admitted *Pro Hac Vice*)
Clare S. Pennington (Admitted *Pro Hac Vice)*
Farrell A. Carfield (Admitted *Pro Hac Vice*)
Lauren G. Jaeckel (Admitted *Pro Hac Vice*)
Sean Connelly (Admitted *Pro Hac Vice*)
Michael P. Robertson (Admitted *Pro Hac Vice*)
Michael T. Kotlarczyk (Admitted *Pro Hac Vice*)
Dru R. Nielsen (Admitted *Pro Hac Vice*)
Ashley D. Morgan (Admitted *Pro Hac Vice*)

Reilly Pozner LLP
1900 16th Street, Suite 1700
Denver, CO 80202
(303) 893-6100

Maurice B. Graham, Bar No. 3257
Morry S. Cole, Bar No. 77854
Gray, Ritter & Graham, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101
(314) 241-5620

Attorneys for Plaintiffs Jo Ann Howard and Associates, P.C., in its capacity as Special Deputy Receiver of Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc.; the National Organization of Life and Health Insurance Guaranty Associations; the Missouri Life & Health Insurance Guaranty Association; the Texas Life & Health Insurance Guaranty Association; the Illinois Life & Health Insurance Guaranty Association; the Kansas Life & Health Insurance Guaranty Association; Oklahoma Life & Health Insurance Guaranty Association; the Kentucky Life & Health Insurance Guaranty Association; and the as Life & Health Insurance Guaranty Association

**CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2015, the foregoing **PLAINTIFFS' MOTION TO DISMISS COMPLAINT AGAINST DEFENDANTS DAVID WULF AND WULF, BATES & MURPHY, INC. WITH PREJUDICE** was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

I hereby further certify that on January 12, 2015, the foregoing was sent by United States Postal Service or by electronic means, as indicated below, to the following non-participants in Electronic Case Filing:

| | |
|---|---|
| Tony B. Lumpkin, III<br>2806 Horseshoe Bend Cove<br>Austin, TX  78704<br>*Pro se* | David R. Wulf, *Pro se*<br>Register # 38227-044<br>FCI Terre Haute<br>Federal Correctional Institution<br>Satellite Camp<br>P.O. Box 33<br>Terre Haute, IN 47808 |
| Sharon Nekol Province, *Pro se*<br>Register # 36759-044<br>FMC Carswell<br>Federal Medical Center<br>P.O. Box 27137<br>Fort Worth,  TX 76127 | |

                                        *s/ Wendy B. Fisher*
                                        Wendy B. Fisher
                                        (Admitted *Pro Hac Vice)*
                                        Attorney for Plaintiffs