UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.,* | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon Jane Carriker's "Motion to Quash Subpoena" [ECF No. 2081].

In her motion, Ms. Carriker, a non-party witness, asserts Federal Rule of Civil Procedure 45(d)(3) requires a court to quash a subpoena that requires disclosure of privileged matter [ECF No. 2081]. Ms. Carriker states she is a licensed attorney and represented at least seven of the parties to this lawsuit. Ms. Carriker invokes the attorney-client privilege and attorney-work product privilege. She also asserts her Fifth Amendment privilege due to the Plaintiffs' invocation of the federal RICO statutes. Plaintiffs argue Ms. Carriker cannot blanket assert the Fifth Amendment or the attorney-client privilege [ECF No. 2090]. Additionally, Plaintiffs state they are not seeking attorney-client communications.

Federal Rule of Civil Procedure 45(d)(3) requires a subpoena be quashed when it "(i) fails to allow reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in rule 45(c); (iii) requires disclosure of privilege or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." An

existential threat of possible disclosure of privileged material is not enough to satisfy the dictates of Rule 45. There is no indication in Plaintiffs' subpoena they are seeking testimony on privileged matters. If the situation arises, it can be decided for each specific question by the Court at the time of Ms. Carriker's testimony.

In non-criminal proceedings, a witness must specifically claim the privilege on a particular question. *Iron Workers St. Louis Dist. Council Annuity Trust v. DKW Constr. Co. Inc.*, No. 4:10-CV-00192 (JCH), 2007 WL 3620476 (E.D.Mo. Sept. 9, 2010) (citing *Capital Prod. Corp. v. Hernon*, 457 F.2d 541 (8th Cir. 1972)). The Court must determine if the witness is "confronted by substantial and real and not merely trifling or imaginary, hazards of incrimination." *Capital Prod. Corp.*, 457 F.2d at 543. Until a specific question is posed raising the possibility of incrimination, the Court cannot determine if the privilege may be claimed. The Court will determine if a question is outside the scope of allowable testimony during Ms. Carriker's testimony.

Accordingly,

**IT IS HEREBY ORDERED** that Jane Carriker's Motion to Quash Subpoena [ECF No. 2090] is **DENIED**.

So Ordered this 12th day of January, 2015.

                                              **E. RICHARD WEBBER**
                                              **SENIOR UNITED STATES DISTRICT JUDGE**