UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.,* | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court upon "Defendant U.S. Bank, National Association's Separate Motion for Summary Judgment" [ECF No. 1774].

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

This litigation arises out of proceedings instituted by the Texas Department of Insurance in Travis County, Texas, in which National Prearranged Services, Inc. ("NPS"), Lincoln Memorial Life Insurance Company ("Lincoln"), and Memorial Service Life Insurance Company ("Memorial") were placed in receivership and are currently in the process of being liquidated. Plaintiffs, in this litigation, are Jo Ann Howard and Associates, P.C., acting on behalf of NPS, Lincoln, and Memorial, as Special Deputy Receiver ("SDR") in connection with the Texas receivership proceedings; the National Organization of Life and Health Guaranty Associations ("NOLHGA")[1]; and the individual state life and health insurance guaranty associations of

---

[1] NOLHGA represents the interests of the state life and health insurance guaranty associations of Arizona, California, Colorado, the District of Columbia, Georgia, Idaho, Indiana, Iowa, Louisiana, Maryland, Michigan, Minnesota, Mississippi, Montana, Nebraska, Nevada, New Mexico, North Dakota, Ohio, Oregon, Rhode Island, South Dakota, Tennessee, Utah, Washington, West Virginia, Wisconsin, and Wyoming.

1

Arkansas, Illinois, Kansas, Kentucky, Missouri, Oklahoma, and Texas. These individual guaranty associations, as well as those represented by NOLHGA, are statutory entities created by state legislatures to provide protection for resident policyholders in the event that a member insurance company becomes insolvent. Plaintiffs represent that these state guaranty associations have been assigned or subrogated to the claims of funeral homes and consumers arising out of dealings with NPS through (1) each state guaranty association's enabling act; (2) the NPS / Lincoln / Memorial Liquidation Plan approved by the Texas Receivership Court on September 22, 2008; or (3) express assignments received from recipients of death benefits paid by a state guaranty association.

Prior to the institution of the Texas proceedings, NPS was in the business of selling pre-need funeral service contracts, which were sold to consumers through funeral homes. Lincoln and Memorial were issuers of life insurance policies. NPS marketed its pre-need contracts by assuring consumers that funds paid to NPS would be secured in pre-need trusts and backed by whole life insurance policies issued by Lincoln or Memorial for the full amount of the contract. NPS represented to these consumers that the necessary funds would be available when the pre-need beneficiary died and the funeral home's claim became due. In accordance with state law, this process was accomplished in certain states by requiring the purchaser to simultaneously apply for a life insurance policy issued by Lincoln or Memorial in an amount corresponding to the amount of the pre-need contract. In other states, the pre-need trust itself purchased the life insurance policies.

On May 3, 20, 2012, Plaintiffs herein filed their Third Amended Complaint, asserting a wide variety of claims against various defendants. The claims against U.S. Bank, for which it is seeking summary judgment, are breach of fiduciary duty and negligence [ECF No. 916].

The undisputed material facts for this summary judgment motion are as follows. Mark Twain/Mercantile served as trustees until July or August 1998, for pre-need trusts I-IV and until February or March 1999, for pre-need trust V [ECF No. 1775].[1] Statements of account for the trusts were sent regularly to NPS.[2] Final account statements were sent to NPS for the trusts at the end of Mark Twain/Mercantile's tenure as trustee.[3]

## II. SUMMARY JUDGMENT STANDARD

A court shall grant a motion for summary judgment only if the moving party shows "there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). By definition, material facts "might affect the outcome of the suit under the governing law," and a genuine dispute of material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The moving party bears the initial burden of proof in establishing "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). The moving party must show that "there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party must then set

---

[1] U.S. Bank is the successor in interest for Mark Twain Bank and Mercantile Bank.
[2] Plaintiffs deny these statements accurately reported the state of the trust accounts.
[3] Plaintiffs deny these statements accurately reported the state of the trust accounts.

forth affirmative evidence and specific facts that demonstrate a genuine dispute on that issue. *Anderson*, 477 U.S. at 250. When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine dispute of material fact exists. Fed. R. Civ. P. 56(c)(1); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must demonstrate sufficient favorable evidence that could enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.* The Court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Reed v. City of St. Charles*, 561 F.3d 788, 790 (8th Cir. 2009).

## III. DISCUSSION

U.S. Bank asserts Plaintiffs' claims are barred by the Missouri Uniform Trust Code ("MUTC") [ECF No. 1775]. U.S. Bank argues claims against a trustee are barred if brought more than five years after the resignation of the trustee. U.S. Bank claims the MUTC, effective

4

January 1, 2005, applies because it applies to all trusts created before, on, or after the effective date. Additionally, U.S. Bank states Plaintiffs do not qualify for the savings clause because Plaintiffs did not acquire a right to sue until after January 1, 2005. Plaintiffs assert their claims are governed by the five year statute of limitations found in Section 516.120 because breach of fiduciary duty and negligence are torts [ECF No. 1942]. Plaintiffs also argue, even if the MUTC statute of limitations applies, their claims are still timely because they qualify for the savings clause.

### A. *MUTC v. Section 516.120*

U.S. Bank asserts the MUTC applies to Plaintiffs' claims because although styled differently, they are breaches of trust and the MUTC applies to all breaches of trusts. Plaintiffs argue their claims are negligence and breach of fiduciary duty which are governed by Section 516.120 of the Missouri Revised Statutes.

Under Missouri choice of law principles, the applicable statute of limitations is a procedural matter, meaning that the forum state's law applies. *See Nettles v. American Tel. & Tel. Co.*, 55 F.3d 1358, 1362 (8th Cir. 1995). Missouri state law applies here.

The Missouri Court of Appeals for the Western District of Missouri addressed a similar issue to the one presented here, in 2007. *Honsinger v. UMB Bank, N.A.*, No. 06-0018-CV-W-ODS, 2007 WL 4287683 (Mo. Ct. App. Dec. 4, 2007). In *Honsinger*, the plaintiffs were the beneficiaries of the trust and the defendants were the trustees. *Id*. If the Court applied the MUTC statute of limitations, plaintiffs' claims would be timely. *Id.* at *3. If the Court applied the general limitation period found in Section 516.120, plaintiffs' claims would be barred. *Id*. Defendants argued breach of trust and breach of fiduciary duty are treated as the same cause of action and governed by section 516.120. The Court found Plaintiffs' claims were governed by

the MUTC statute of limitations. *Id.* at *4. In its opinion, the Court stated, "the failing in Defendants' argument is that in treating the causes of action the same all Missouri courts have done is recognize the *elements* are the same. This does not mean that a suit by a beneficiary against a trustee is, for all purposes, treated the same as any other claim against a fiduciary." *Id.* at *3. The Court further went on to state, "the Missouri Supreme Court held section 456.220 provided the applicable limitation period because the suit involved defendant's actions in his capacity as trustee." *Id*.

Plaintiffs assert Missouri courts have applied Section 516.120 to breach of fiduciary duty claims for trustees, citing *Twin Chimneys Homeowners Association v. J.E. Jones Construction Company*, 168 S.W.3d 488 (Mo. Ct. App. 2005).[4] In *Twin Chimneys*, the Court did apply section 516.120 to a breach of fiduciary duty claim brought against a trustee. *Id*. However, the Court did not analyze whether the general limitations period applied or the trust specific limitations period as was done in *Honsinger*. *Id*. at 501. The analysis in *Honsinger* is on point with the issue raised in this motion. As such, the Court will apply the MUTC specific limitations period to Plaintiffs' breach of fiduciary duty claim because this suit involves U.S. Bank's actions in its capacity as trustee.[5]

### B.     *Application of the MUTC*

The current MUTC went into effect January 1, 2005. Mo. Rev. Stat. § 456.11-1106. It provides a beneficiary must begin a suit against a trustee for breach of trust within five years of (1) the removal, death, or resignation of the trustee; (2) the termination of the beneficiary's

---

[4] Plaintiffs also cited to the Court's Memorandum and Opinion [ECF No. 449] when the Court applied section 516.120 in deciding Bank of America and American Stock Transfer and Trust Company's Motion to dismiss. However, the parties agreed section 516.120 applied.

[5] Section 516.120 does apply for Plaintiffs' negligence claim. The five-year statute of limitations was tolled until 2008, under the adverse domination doctrine.

interest; or (3) the termination of the trust. Mo. Rev. Stat. § 456.10-1005. The MUTC also provides it applies to all trusts created before, on, or after January 1, 2005, and shall apply to all judicial proceedings concerning trusts commenced on or after January 1, 2005. Mo. Rev. Stat. § 456.11-1106. The MUTC further states, "if a right is acquired, extinguished, or barred upon the expiration of a prescribed period that has commenced to run under any other statute before January 1, 2005, that statute continues to apply to the right even if it has been appealed or superseded." Mo. Rev. Stat. § 456.11-1106.2. The issue is whether Plaintiffs acquired a right before January 1, 2005. If Plaintiffs acquired a right before 2005, the statute of limitations in section 456.220 applies, which was the applicable law prior to the MUTC.

There is no dispute U.S. Bank's tenure ended before the MUTC went into effect. U.S. Bank argues Plaintiffs did not acquire a right before 2005, because a cause of action did not arise against U.S. Bank until 2008. Plaintiffs contend they did acquire a right before 2005, even though damages were not capable of ascertainment until 2008. Both parties rely on *Gould v. Gould*, 280 S.W.3d 137 (Mo. Ct. App. 2009). The issue in *Gould* was whether the savings clause of the MUTC applied. *Id.* at 141-142. The Court held Plaintiffs acquired a right of action before 2005, triggering the savings clause. *Id*. at 142. *Gould* is not helpful to this Court because all of the acts occurred well before 2005, and there was no question if the right had accrued after 2005. *Id*. Here, the parties dispute whether a right accrued before 2005.

A plaintiff does not have a right to maintain a suit until a cause of action accrues. *Baugher v. Gates Rubber Co., Inc.*, 863 S.W.2d 905, 913 (Mo. Ct. App. 1993). A cause of action accrues when the plaintiff suffers an injury and damages are capable of ascertainment. *Id*. *See also Bus. Men's Assur. Co. of Am. V. Graham*, 984 S.W.2d 501, 507 (Mo. 1999). Capable of ascertainment refers to "the fact of damage, rather than to the exact amount of damage. It has

7

been construed to mean "the moment that plaintiff's damages are substantially complete." *Graham*, 984 S.W.2d at 507.

Plaintiffs rely on *Foshee v. Forethought Federal Savings Bank*, to assert their damages occurred during U.S. Bank's tenure when the trust assets were depleted. No. 09-2674-JPM-dkv, 2010 WL 2650733 (W.D. Tenn. Jul. 1, 2010) (finding depletion of the trust assets is damage for purposes of creating a cause of action establishing standing to bring suit). It is incongruent for Plaintiffs to assert in response to numerous other motions their damages are not for depletion of the trust corpus and then assert in this motion the depletion is their damages. However, Plaintiffs right to sue may have arisen before 2005. There is evidence in the record to suggest if NPS had been forced to stop at any point in time, contracts would have gone unpaid. Thus, damage occurred when the "overhang" between contracts NPS was able to pay and contracts NPS had promised to pay began. If the beneficiaries of the trusts had brought suit in 2000, for example, shortly after U.S. Bank's tenure ended, they would have had injury and damages. Because the scheme did not stop until 2008, does not mean the beneficiaries could not have brought suit sooner had they known of the damages, it simply means the damages continued to accumulate. When Plaintiffs suffered damages is a genuine dispute of material fact. If Plaintiffs prove damages were sustained before 2005, then a right was acquired. If they cannot prove damages before 2005, then the MUTC five-year limitation will apply and Plaintiffs suit will be barred.

If Plaintiffs qualify for the MUTC savings clause, the now repealed section 456.220 will apply. Section 456.220 requires a suit be brought within five years after the receipt by the beneficiary of the final account or statement fully disclosing the matter and showing termination of the trust relationship. Mo. Rev. Stat. § 456.220.1. If a final account statement is not sent, all

causes of action must be brought within twenty-two years after the date of final termination of the trust. Mo. Rev. Stat. § 456.220.2.

U.S. Bank argues full disclosure on the account statements is useless for NPS because NPS was authorizing and consenting to the actions forming the basis of this suit. The statute does not require the trustee to fully disclose only those matters about which the beneficiaries did not know. It requires full disclosure without any regards to the beneficiaries' knowledge or consent in any actions. Mo. Rev. Stat. § 456.220.1. The parties disagree as to whether the final account statement fully disclosed the matter as to NPS. Summary judgment is not proper in this case.

Additionally, there is no question a final account statement was never sent to consumers and funeral homes, thus, any claims brought on behalf of consumers and funeral homes is timely as it was brought within twenty-two years.

Accordingly,

**IT IS HEREBY ORDERED** that "Defendant U.S. Bank, National Association's Separate Motion for Summary Judgment" [ECF No. 1774] is **DENIED**.

So Ordered this 13th Day of January, 2015.

*E. Richard Webber*
_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**