UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.,* | ) ) ) | |
| Defendants. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon "Plaintiffs' Submission of Proposed Supplemental Interrogatories, or in the Alternative Motion for Contemporaneous Transmission of Trial Testimony, or in the Alternative Motion for the Issuance of a Writ of Habeas Corpus Ad Testificandum" [ECF No. 2087].

On January 6, 2015, this Court denied Plaintiffs' Motion for Leave to Conduct Trial Preservation Deposition of Brent Cassity. At the hearing on the Motion, the Court requested the parties submit proposed interrogatories as a possible alternative. After considering the parties' proposed interrogatories, the Court finds interrogatories are not an acceptable alternative. There are questions of admissibility of interrogatory answers and this method denies Defendants the right to cross-examine the witness. Plaintiffs have requested a writ of habeas corpus ad testificandum in the alternative.

The granting of a writ is in the sound discretion of the trial court. *U.S. v. Goldenstein*, 456 F.2d 1006, 1012 (8th Cir. 1972). Factors courts have considered in deciding to issue a writ include if the prisoner's physical presence will contribute significantly to a fair adjudication of

the claims, the costs and inconvenience of transporting a prisoner, and potential danger to the court. *Holt v. Pitts*, 619 F.2d 558, 561 (6th Cir. 1980); *see Goldstein*, 465 F.2d at 1012 (denying a writ of habeas corpus ad testificandum for James Earl Ray to testify at his brother's robbery trial due to the substantial security risk to Ray, the danger of escape, and the lack of materiality of Ray's testimony); *see also Bistram v. U.S.*, 248 F.2d 343, 347 (8th Cir. 1957) (denying a writ of habeas ad corpus ad testificandum due to the expense of producing the witness and the availability of alternative forms of testimony). The Court finds the testimony Plaintiffs are seeking from Brent Cassity is significant and material to the fair adjudication of Plaintiffs' claims. Danger to the Court or of Brent Cassity's escape is minimal. Although the cost and inconvenience of transporting Brent Cassity from Leavenworth, Kansas, where he is being imprisoned, is high, the significance of the testimony outweighs the costs. The Court will issue a writ of habeas ad testificandum for Brent Cassity to appear as a witness at trial.

Accordingly,

**IT IS HEREBY ORDERED** "Plaintiffs' Submission of Proposed Supplemental Interrogatories, or in the Alternative Motion for Contemporaneous Transmission of Trial Testimony, or in the Alternative Motion for the Issuance of a Writ of Habeas Corpus Ad Testificandum" [ECF No. 2087] is **GRANTED, in part, and DENIED, in part**.

So Ordered this 14th day of January, 2015.

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**