UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Cause No. 4:09-CV-01252-ERW |
| | ) |
| J. DOUGLAS CASSITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# THE MISSOURI TRUSTEES'[1] MOTION *IN LIMINE* TO EXCLUDE EXPERT OPINIONS OF ROBERT HIPSKIND

The Missouri Trustees anticipate that Plaintiffs will attempt to introduce opinions of PNC employee Robert Hipskind that are disallowed by Rule 701.[2] Rule 701 was amended in 2000 to prevent parties from evading expert witness disclosure requirements by "simply calling an expert witness in the guise of a lay person."[3] Rule 701 thus disallows opinion testimony based on scientific, technical, or other specialized knowledge from undisclosed experts. The reason for this rule is clear—because "an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation," they are subject to rigorous review by the Court which ensures that the expert is qualified and that their opinions are reliable and based on sound methodology. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993).

---

[1] The "Missouri Trustees" include National City Bank, PNC Bank, N.A., and U.S. Bank, National Association.

[2] The Missouri Trustees also filed a motion *in limine* to exclude all of Mr. Hipskind's testimony as his testimony relates solely to National City's due diligence during the merger with Allegiant Bank. If the Court grants that motion, then the Court need not consider the present motion.

[3] Fed. R. Evid. 701 Advisory Committee Notes, 2000 Amendment.

During Mr. Hipskind's deposition, however, Plaintiffs asked questions designed to elicit testimony requiring knowledge and skill well beyond that of the average lay person. Moreover, Plaintiffs did so without providing Mr. Hipskind with sufficient background factual information necessary to form reasoned opinions on Allegiant's books and records. Plaintiffs have indicated in their pre-trial submission that they wish to play some of these deposition segments at trial. These deposition questions (and many others) called for opinions based on the specialized knowledge and skills Mr. Hipskind gained during his years working as a bank auditor. Moreover, Mr. Hipskind lacked sufficient foundation to render the opinions sought.

Mr. Hipskind was not disclosed as an expert, was not provided sufficient background information to make these opinions, and will not be properly screened by this Court as required by Rule 702. Because Plaintiffs did not disclose Mr. Hipskind as an expert, this Court should bar the introduction of Mr. Hipskind's deposition testimony that is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

## **ARGUMENT**

**I.  Federal Rule of Evidence 701 Prohibits Expert Opinions of Lay Witnesses.**

"Federal Rule of Civil Procedure 26(a)(2)(B) requires that any witness retained to provide expert testimony in a case provide a written report containing a statement of all opinions to be expressed and the basis and reasons therefor." *Am. Log Homes Inc. v. Bosse*, No. 4:07CV1339 AGF, 2008 WL 5504707, at *1 (E.D. Mo. Aug. 5, 2008). In 2000, Federal Rule of Evidence 701 was amended to make plain that "these reliability and disclosure requirements cannot be avoided simply by calling the witness a lay witness." *Id*. Thus, Rule 701 states that:

> If a witness is not testifying as an expert, testimony in the form of an opinion is
> limited to one that is:

> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. As the advisory committee noted, "Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 701, Advisory Committee Notes, 2000 Amendment. Rule 702 "require[s] a high degree of reliability for expert testimony, because it may be based on inadmissible evidence." *Montoya v. Sheldon*, 286 F.R.D. 602, 615 (D.N.M. 2012). Thus, "[b]efore allowing expert testimony, the Court must ensure that the testimony meets the standards the Supreme Court of the United States set forth in *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)—often done by a hearing on whether the expert and the expert report, disclosed pursuant to Rule 26(a)(2), meet this standard." *Id*. Allowing a lay witness "to testify in the same capacity and to the same extent as an expert" without requiring a disclosure "would undermine both the *Daubert v. Merrell Dow Pharms., Inc.* analysis and rule 702 requirements." *Id*.

Thus, under Rule 701 a lay witness – such as a treating physician – "who has not been identified as an expert witness pursuant to Rule 26(a)(2) may not provide testimony" beyond the scope of his or her personal knowledge. *Montoya*, 286 F.R.D. at 613. "[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning

which can be mastered only by specialists in the field." Fed. R. Evid. 701, Advisory Committee Notes, 2000 Amendment (internal quotations omitted).

## II. Testimony Elicited from Mr. Hipskind Qualifies as Expert Opinion and Should be Excluded.

Robert Hipskind has worked for PNC or one if its predecessors for over thirty years. Mr. Hipskind has had several titles in that time period, but all of his work has been audit-related. Mr. Hipskind is a certified internal auditor and formerly a certified fraud examiner. Plaintiffs deposed Mr. Hipskind on May 13, 2014 to discover Mr. Hipskind's participation in National City's merger with Allegiant Bank. During the deposition, Mr. Hipskind testified that it was his department that was tasked with the job of conducting a "targeted review" of the pre-need trust accounts held by Allegiant prior to the merger. The "targeted review" of the accounts was narrow in scope and, by all accounts, was not an audit.

Thomas Jurmanovich was assigned to conduct the "targeted review" of Allegiant's pre-need accounts. In contrast to Mr. Jurmanovich's work, Mr. Hipskind did not conduct the targeted review, did not travel to St. Louis to review materials or conduct interviews, and did not meet with Allegiant Bank representatives outside of one introductory phone call. At most, Mr. Hipskind may have reviewed a subset of the information Mr. Jurmanovich gathered, though he does not recall exactly what he reviewed. In short, Mr. Hipskind had no personal knowledge of how Allegiant administered the NPS Pre-Need Trusts, what books and records Allegiant maintained, or any other aspect of the accounts. Nor did the Plaintiffs provide Mr. Hipskind with sufficient background data and information during his deposition to render opinions on Allegiant's practices. Nonetheless, Plaintiffs used Mr. Hipskind's deposition as an opportunity to elicit expert opinions from Hipskind and now seek to introduce those opinions to the jury.

To cite an example of Plaintiffs' improper questioning, Plaintiffs repeatedly asked Mr. Hipskind if Allegiant's documentation and record-keeping presented "red flags" to him. *See, e.g.,* Ex. 1, R. Hipskind Depo. Tr., at 120 ("Q. And Mr. Morisse, not being able to even identify anybody who could give support for this 13 and a half million dollar supposed asset in Trust IV is another red flag, correct?"), 121 ("Q. And that's two more red flags as to this particular supposed asset in the Allegiant NPS Trust IV, correct?"). Mr. Hipskind was also asked to opine on the duties of Allegiant Bank to reveal its books and records to National City during the merger period. These are just two examples of the several questions Plaintiffs asked Mr. Hipskind that had nothing to do with his personal knowledge of the pre-need accounts or National City's due diligence related to the accounts. Appended to this Memorandum is a document containing other examples of the questions Plaintiffs asked Mr. Hipskind that sought expert testimony and which Plaintiffs have designated to play at trial. *See* Ex. 1. All of these designations should be excluded from evidence.[4]

The questions listed above clearly required Mr. Hipskind to "apply knowledge and familiarity . . . well beyond that of the average lay person." *United States v. White*, 492 F.3d 380, 403 (6th Cir. 2007). They do so without providing Mr. Hipskind with the background information he needs to render unbiased opinions. Thus, allowing Plaintiffs to bypass the expert disclosure procedures in this instance will destroy the gatekeeper function of *Daubert*. In sum, the Court should exclude the deposition designations of Robert Hipskind that offer expert opinions.

---

[4] *See* National City's Objections to Plaintiffs' deposition designations for a complete list of designations subject to this Motion.

## CONCLUSION

For the foregoing reasons, the Missouri Trustees request that the Court exclude *in limine* the expert opinions of Robert Hipskind**.**

Dated: January 20, 2015              Respectfully submitted,


By: /s/ Mary Beth Hickcox-Howard
Stephen D. Raber (Admitted *pro hac vice*)
J. Andrew Keyes (Admitted *pro hac vice*)
Amy Mason Saharia (Admitted *pro hac vice)*
Mary Beth Hickcox-Howard (Admitted *pro hac vice*)
Teagan J. Gregory (Admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)
mhickcox-howard@wc.com

Mike W. Bartolacci, Bar No. 29110
**THOMPSON COBURN LLP**
One U.S. Bank Plaza, Suite 2600
St. Louis, MO 63101
(314) 552-6000 (telephone)
(314) 552-7000 (facsimile)
mbartolacci@thompsoncoburn.com


By: /s/ Sandra Jane Wunderlich (by consent)
Sandra Jane Wunderlich, Bar No. 39019
**STINSON LEONARD STREET LLP**
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800 (telephone)
(314) 863-9388 (facsimile)
swunderlich@stinsonleonard.com

*Attorney for Defendant U.S. Bank, National Association*

# CERTIFICATE OF SERVICE

       I hereby certify that on January 20, 2015, the foregoing MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF ROBERT HIPSKIND was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

       I hereby further certify that the foregoing was mailed by United States Postal Service to the following non-participants in Electronic Case Filing:

Wulf, Bates & Murphy, Inc.
c/o David R. Wulf
2714 Hillcroft Drive
Chesterfield, MO 63017

David R. Wulf
Register # 38227-044
FCI Terre Haute
Federal Correctional Institution
Satellite Camp
P.O. Box 33
Terre Haute, IN 47808
*Pro se*

Sharon Nekol Province
Register Number 36759-044
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, TX 76127
*Pro se*

      /s/ Mary Beth Hickcox-Howard
      Mary Beth Hickcox-Howard
      (Admitted *Pro Hac Vice*)