UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) Cause No. 4:09-CV-01252-ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) |

**THE MISSOURI TRUSTEES'[1] MOTION *IN LIMINE* TO EXCLUDE EXPERT OPINIONS OF JANICE SACKLEY**

The Missouri Trustees anticipate that Plaintiffs will attempt to introduce opinions of certain witnesses, including former National City employee Janice Sackley, that are disallowed by Rule 701.[2] Rule 701 was amended in 2000 to prevent parties from evading expert witness disclosure requirements by "simply calling an expert witness in the guise of a lay person."[3] Rule 701 thus disallows opinion testimony based on scientific, technical, or other specialized knowledge from non-experts. The reason for this rule is clear—because "an expert is permitted wide latitude to offer opinions, including those that are not based on firsthand knowledge or observation," they are subject to rigorous review by the Court which ensures that the expert is qualified and that their opinions are reliable and based on sound methodology. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592 (1993).

---

[1] The "Missouri Trustees" include National City Bank, PNC Bank, N.A., and U.S. Bank, National Association.

[2] The Missouri Trustees also filed a motion *in limine* to exclude all of Ms. Sackley's testimony as her testimony relates solely to National City's due diligence during the merger with Allegiant Bank. If the Court grants that motion, then the Court need not consider the present motion.

[3] *See* Fed. R. Evid. 701 Advisory Committee Notes, 2000 Amendment.

During Ms. Sackley's depositions, however, Plaintiffs repeatedly asked questions designed to elicit testimony requiring knowledge and skill well beyond that of the average lay person. Plaintiffs have indicated in their pre-trial submission that they wish to play some of these deposition segments at trial. For example, Plaintiffs wish to play portions of Ms. Sackley's deposition testimony in which she opined on the procedures she would expect a trust company have in place when handling accounts with insurance assets. These questions (and many others) called for opinions based on the specialized knowledge and skills Ms. Sackley gained during her years working in risk management for banks. Yet Ms. Sackley was not disclosed as an expert and thus will not be properly screened by this Court as required by Rule 702. Because Plaintiffs did not disclose Ms. Sackley as an expert, this Court should bar the introduction of any opinion testimony elicited from Ms. Sackley that is based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

## **ARGUMENT**

**I.     Federal Rule of Evidence 701 Prohibits Expert Opinions of Lay Witnesses.**

"Federal Rule of Civil Procedure 26(a)(2)(B) requires that any witness retained to provide expert testimony in a case provide a written report containing a statement of all opinions to be expressed and the basis and reasons therefor." *Am. Log Homes Inc. v. Bosse*, No. 4:07CV1339 AGF, 2008 WL 5504707, at *1 (E.D. Mo. Aug. 5, 2008). In 2000, Federal Rule of Evidence 701 was amended to make plain that "these reliability and disclosure requirements cannot be avoided simply by calling the witness a lay witness." *Id*. Thus, Rule 701 states that:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. As the advisory committee noted, "Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." FED. R. EVID. 701, Advisory Committee Notes, 2000 Amendment. Rule 702 "require[s] a high degree of reliability for expert testimony, because it may be based on inadmissible evidence." *Montoya v. Sheldon*, 286 F.R.D. 602, 615 (D.N.M. 2012). Thus, "[b]efore allowing expert testimony, the Court must ensure that the testimony meets the standards the Supreme Court of the United States set forth in *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993)—often done by a hearing on whether the expert and the expert report, disclosed pursuant to rule 26(a)(2), meet this standard." *Id*. Allowing a lay witness "to testify in the same capacity and to the same extent as an expert" without requiring a disclosure "would undermine both the *Daubert v. Merrell Dow Pharms., Inc.* analysis and rule 702 requirements." *Id*.

Thus, under Rule 701 a lay witness – such as a treating physician – "who has not been identified as an expert witness pursuant to Rule 26(a)(2) may not provide testimony" beyond the scope of his or her personal knowledge. *Montoya*, 286 F.R.D. at 613. "[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field." Fed. R. Evid. 701, Advisory Committee Notes, 2000 Amendment (internal quotations omitted).

## II. Testimony Elicited from Ms. Sackley Qualifies as Expert Opinion and Should be Excluded.

Janice Sackley has had a long career in financial and fiduciary services. In her early career, Ms. Sackley worked in the insurance and brokerage industries. She was then employed by First American Bank as a fiduciary risk manager and senior vice president for a number of years before the bank merged with National City. Ms. Sackley then remained with National City until 2009, performing the same risk management functions. When National City merged with Allegiant Bank in 2004, Ms. Sackley traveled to St. Louis to meet with Herb Morisse and learn about Allegiant's trust business. It was during this trip that Ms. Sackley learned that Allegiant held the NPS Pre-Need Trust accounts and about their operation. Ms. Sackley is currently a certified fraud examiner and owns and operates her own consulting firm, Fiduciary Foresight, LLC, which consults with financial institutions on risk management.

Plaintiffs deposed Ms. Sackley on February 7, 2014 ostensibly to discover Ms. Sackley's participation in National City's merger with Allegiant. Plaintiffs, however, strayed far beyond Ms. Sackley's personal knowledge and focused much of their efforts on attempting to elicit expert opinions.[4] Below are just two examples of Plaintiffs' efforts:

1. **Questions regarding trust department due diligence review of insurance companies when the trust contains insurance policies.** (*See, e.g.,* Ex. 1, J. Sackley Depo. Tr. at 79, opining that having affiliated insurance companies issuing policies held by the trust would raise a red flag).

2. **Questions regarding how trust companies should handle payment and recording of insurance premiums.** (*See, e.g.*, Ex. 1, J. Sackley Depo. Tr. at 101, "Q. So going back

---

[4] This is not surprising because Plaintiffs had previously sought out Ms. Sackley as a potential expert witness in this very case. Ms. Sackley declined due to a clear conflict of interest.

to the – the premiums. Where you have multiple insurance policies held in a single trust, in your experience as part of record keeping and accounting, would the trustee need to know the amount of premium that had been paid on a per policy basis?").

These are just a few examples of the myriad questions Plaintiffs asked Ms. Sackley that had nothing to do with her personal knowledge of the pre-need accounts or National City's due diligence related to the accounts. Appended to this Memorandum is a document containing other examples (underlined) of the questions Plaintiffs asked Ms. Sackley that sought expert testimony and which Plaintiffs have designated to play at trial. *See* Ex. 1. All of the opinions elicited on Exhibit 1 should be precluded.[5]

The questions listed above clearly required Ms. Sackley to "apply knowledge and familiarity . . . well beyond that of the average lay person." *United States v. White*, 492 F.3d 380, 403 (6th Cir. 2007). In *White* the Sixth Circuit concluded that testimony elicited from a lay person regarding Medicare reimbursement procedures improperly sought expert opinions. This is because the witness "relied to a significant degree on specialized knowledge acquired over years of experience as Medicare auditors in testifying to the structure and procedures inherent in the Medicare program, as well as their understanding of various terms." *Id*. at 404. Because the Medicare program operates within a "complex and intricate regulatory scheme," the average lay person is incapable of making sense of the exhibits offered and the "reasoning process" employed by the witness. *Id*. at 403-04.

Like the witness in *White*, Ms. Sackley has operated in a highly specialized industry her entire career and the opinions and conclusions she has reflect her specialized knowledge, skill and experience. The average lay person does not experience questions of fiduciary obligation or

---
[5] See National City's Objections to Plaintiffs' deposition designations for a complete list of designations subject to this Motion.

trust management and operation and could not opine on any aspect thereof. Ms. Sackley's opinions on fiduciary obligations, proper trust procedures, and proper due diligence clearly result from the knowledge and process of reasoning she gained in the financial services industry and can only be mastered by a specialist in the field. Because Ms. Sackley's opinions, as outlined above, are clearly outside the realm of lay testimony, they should be excluded. *See* Fed. R. Evid. 701, Advisory Committee Notes, 2000 Amendment ("[T]he distinction between lay and expert witness testimony is that lay testimony results from a process of reasoning familiar in everyday life, while expert testimony results from a process of reasoning which can be mastered only by specialists in the field.").

## CONCLUSION

In sum, this Court should exclude any testimony offered by Plaintiffs that contain specialized knowledge falling under Rule 702. Plaintiffs will attempt to introduce statements of former National City employee, Janice Sackley, that qualify as expert opinions because the opinions result from Ms. Sackley's specialized knowledge of the fiduciary industry. Plaintiffs should not be allowed to introduce such testimony, as doing so would violate Rule 701.

Dated: January 20, 2015

Respectfully submitted,

By: /s/ Mary Beth Hickcox-Howard
Stephen D. Raber (Admitted *pro hac vice*)
J. Andrew Keyes (Admitted *pro hac vice*)
Amy Mason Saharia (Admitted *pro hac vice*)
Mary Beth Hickcox-Howard (Admitted *pro hac vice*)
Teagan J. Gregory (Admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)

mhickcox-howard@wc.com

Mike W. Bartolacci, Bar No. 29110
**THOMPSON COBURN LLP**
One U.S. Bank Plaza, Suite 2600
St. Louis, MO 63101
(314) 552-6000 (telephone)
(314) 552-7000 (facsimile)
mbartolacci@thompsoncoburn.com


By: /s/ Sandra Jane Wunderlich (by consent)
Sandra Jane Wunderlich, Bar No. 39019
**STINSON LEONARD STREET LLP**
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800 (telephone)
(314) 863-9388 (facsimile)
swunderlich@stinsonleonard.com

*Attorney for Defendant U.S. Bank, National Association*

**CERTIFICATE OF SERVICE**

       I hereby certify that on January 20, 2015, the foregoing MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF JANICE SACKLEY was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

       I hereby further certify that the foregoing was mailed by United States Postal Service to the following non-participants in Electronic Case Filing:

Wulf, Bates & Murphy, Inc.
c/o David R. Wulf
2714 Hillcroft Drive
Chesterfield, MO 63017

| | |
|---|---|
| David R. Wulf | Sharon Nekol Province |
| Register # 38227-044 | Register Number 36759-044 |
| FCI Terre Haute | FMC Carswell |
| Federal Correctional Institution | Federal Medical Center |
| Satellite Camp | P.O. Box 27137 |
| P.O. Box 33 | Fort Worth, TX 76127 |
| Terre Haute, IN 47808 | *Pro se* |
| *Pro se* | |

                                        /s/ Mary Beth Hickcox-Howard
                                        Mary Beth Hickcox-Howard
                                        (Admitted *Pro Hac Vice*)