UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>J. DOUGLAS CASSITY, *et al.*,<br><br>    Defendants. | Cause No. 4:09-CV-01252-ERW |

### THE MISSOURI TRUSTEES'[1] MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OR REFERENCE TO FBI FORM 302 REPORTS

Plaintiffs should be precluded from introducing evidence of, or referring to, FBI Form 302 Reports or similar reports at trial. The reports, which are summaries that FBI agents or other government investigators drafted after interviewing witnesses, are double hearsay. They are not transcripts or signed statements. The witnesses interviewed neither prepared nor adopted the reports. The reports may not be introduced as admissions of a party opponent (in cases in which the interviewees are parties in this case), as prior statements of the witnesses who were interviewed, or as recorded recollections of those witnesses. They may not be used for impeachment or to refresh the recollection of witnesses who were interviewed. Finally, even if otherwise admissible, any reference to the reports should be precluded because it would be unduly prejudicial and used for the sole purpose of inflaming the jury.

### BACKGROUND

The Missouri Trustees anticipate that Plaintiffs will seek to refer to or introduce evidence of FBI Form 302 Reports at trial. *See, e.g.*, Pls.' Exhibit List, at P-1217, P-1221, P-1222, P-

---

[1] The "Missouri Trustees" include National City Bank, PNC Bank, N.A., and U.S. Bank, National Association.

1225, P-1226, and P-1227.  The 302 reports are merely memoranda summarizing witness interviews that FBI agents or other government investigators conducted.  The interviews were not conducted under oath.  The reports are not transcripts.  They were signed by the FBI agent who conducted the interview.  They were not, however, signed or otherwise acknowledged by the witness being interviewed.

Plaintiffs repeatedly referred to the reports in the depositions of the witnesses who were interviewed by the FBI or other government investigators.  The Missouri Trustees anticipate that Plaintiffs will attempt to use the reports at trial.  They may seek to introduce the reports as evidence, use the reports for impeachment purposes, or attempt to refresh witness recollection with the reports.  None of these uses are permissible.

## ARGUMENT

### I. FBI Form 302 Reports Are Inadmissible Hearsay.

Federal Rule of Evidence 801 defines "hearsay" as a "statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted."  Hearsay is inadmissible unless it meets the requirements of non-hearsay under Rule 801(d) or is subject to an exception identified in federal statutes or rules.  Fed. R. Evid. 801(d), 802.  Hearsay within hearsay, or double hearsay, is inadmissible unless "each part of the combined statements conforms with an exception to the rule" against hearsay.  Fed. R. Evid. 805; *Glaze v. Byrd*, 721 F.3d 528, 533 (8th Cir. 2013).

Here, the FBI Form 302 Reports contain hearsay within hearsay.  The reports consist of out-of-court statements made by the FBI agents or other government investigators who conducted the interviews (hearsay) about statements purportedly made by the witnesses being interviewed (hearsay).  The reports are also being offered for the truth of the matter asserted —

2

specifically, for the truth of what the witnesses supposedly said in their interviews.  Thus, the reports are only admissible if both levels of hearsay are outside the definition of hearsay or are subject to a hearsay exception.  No such exception applies here, particularly with regard to the statements that the interviewees allegedly made to the government investigators.

First, the 302 Reports are not admissible as admissions of party-opponents even though some relate to interviews of witnesses who are also parties in the case.  A statement of an opposing party is only an admission of that party if the party actually made the statement or adopted it as true.  Fed. R. Evid. 801(d)(2).  The 302 Reports are statements by FBI agents or other government investigators based on their recollection of their interviews.  They are not statements of interviewees who are now parties to this case.  The 302 Reports are not verbatim transcripts of what the interviewees said.  They are not signed or otherwise acknowledged by the persons being interviewed.  Plaintiffs cannot establish that the interviewees made or adopted any statements in the 302 Reports such that they could qualify as admissions of party-opponents.

Second, the 302 Reports do not qualify as prior inconsistent statements of witnesses under Rule 801(d)(1).  Prior statements of a witness who testifies at trial are not hearsay if the prior statement is inconsistent with the witness's trial testimony and "was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition."  Fed. R. Evid. 801(d)(1); *United States v. Cervantes*, 646 F.3d 1054, 1060 (8th Cir. 2011).  As discussed above, the 302 Reports do not contain "statements" of the persons being interviewed.  Instead, they consist of statements of government investigators summarizing interviews with witnesses.  And the interviews summarized in the 302 Reports did not occur under oath or at a hearing, trial, or deposition.  They do not meet the requirements of Rule 801(d)(1) for that reason as well.

3

Finally, the reports do not meet the requirements for the "recorded recollection" hearsay exception. A recorded recollection is "[a] record that: (A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge." Fed. R. Evid. 803(5). "Thus," among other requirements, "Rule 803(5) requires that the records be made or adopted by the witness." *United States v. Hawley*, 562 F. Supp. 2d 1017, 1050 (N.D. Iowa 2008).

Plaintiffs cannot establish that the witnesses interviewed by FBI agents or other government investigators made or adopted the statements in the 302 Reports. The reports are not verbatim transcripts. They were not signed by the interviewees. They cannot be admitted as the recorded recollection of the witnesses who were interviewed. *See United States v. Benson*, 961 F.2d 707, 709 (8th Cir. 1992) (holding that it was error for a district court to admit an "unsigned and unsworn" report of an FBI agent's witness interview under Rule 803(5)).[2]

## II.     FBI Form 302 Reports May Not Be Used for Impeachment.

FBI Form 302 Reports may not be used for impeachment for essentially the same reason that they may not be used as substantive evidence: the reports do not contain prior statements of the witnesses but instead, the recollection of FBI agents or government investigators. As courts have recognized when evaluating 302 Reports and similar records, while "[t]he Federal Rules of Evidence allow the introduction of a prior inconsistent statement to impeach a witness's testimony," such impeachment is only permissible if the prior statement was actually a prior statement of the witness. *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992). When the

---

[2] The 302 Reports also do not meet Rule 803(5)'s requirement that the record be made "when the matter was fresh in the witness's memory" since the interviews documented in the reports took place long after the events in question.

4

evidence of the prior statement is in the form of a "third party's characterization" of a witness statement, that statement "does not constitute a prior statement of that witness unless the witness has subscribed to that characterization." *Id*. "Thus, in the absence of endorsement by the witness, a third party's notes of a witness's statement may not be admitted as a prior inconsistent statement unless they are a verbatim transcript of the witness's own words." *Id*.

The reason for this rule is that a party should not be impeached on prior statements that were not in fact the party's own statements.

> The problem, in essence, is one of relevancy. If a third party's notes reflect only that note-taker's summary characterization of a witness's prior statement, then the notes are irrelevant as an impeaching prior inconsistent statement, and thus inadmissible.

*Id*. It is for precisely this reason that courts have repeatedly held that interview reports such as 302 Reports cannot be used to impeach witnesses. *See id*. (holding that evidence of an Assistant U.S. Attorney's notes regarding a witness interview could not be used to impeach the witness); *see also United States v. Brika*, 416 F.3d 514, 529 (6th Cir. 2005) (recognizing that FBI 302 reports have been "deemed inadmiss[i]ble for impeaching witnesses on cross-examination"); *United States v. Brook*, 1998 WL 228197, at *2 (4th Cir. May 8, 1998) (holding that a "FBI Form 302 was not admissible as a prior statement because it was not a prior statement made by the witness, but a summary of an interview prepared by an FBI agent"); *United States v. Leonardi*, 623 F.2d 746, 757 (2d Cir. 1980) ("[A] witness may not be charged with a third party's characterization of his statements unless the witness has subscribed to them.").

The 302 Reports at issue are subject to the same analysis. They are not verbatim transcripts. They were not signed or acknowledged by the witnesses being interviewed. The reports are instead nothing more than the "investigator's selections, interpretations and

5

interpolations." *Brika*, 416 F.3d at 529 (quoting *United States v. Nathan*, 816 F.2d 230, 236 (6th Cir. 1987)). The reports cannot be used for impeaching witnesses who were interviewed.

### III.     FBI Form 302 Reports May Not Be Used to Refresh the Recollection of Witnesses.

Because the witnesses did not author or adopt the 302 Reports as their own statements, the reports may not be used to refresh the recollection of the witnesses. When a party seeks to use a document that was not authored by a witness to refresh the witness's recollection, the party must establish "that the witness's recollection … be exhausted, and that the time, place and person to whom the statement was given be identified." *United States v. Hawley*, 562 F. Supp. 2d 1017, 1051 (N.D. Iowa 2008). In addition, and importantly, the court must be "satisfied that the memorandum on its face reflects the witness's statement or one the witness acknowledges." *Id*. (holding that government would be required to lay a proper foundation before attempting to use memoranda of witness interviews prepared by government agents to refresh the recollection of witnesses). It is only when such a foundation is laid that a document authored by someone other than the witness may be used to refresh the witness's memory. *See id.*; *see also United States v. Thompson*, 708 F.2d 1294, 1304 (8th Cir. 1983) (permitting a party to use an FBI agent's memorandum of an interview with a witness to refresh that witness's recollection after the witness "adopted [the memorandum as his present recollection revived").

The involved 302 Reports were not prepared or signed by the witnesses that were being interviewed. Nor have the statements in those reports been adopted by the witnesses. Thus, the 302 reports cannot be used to refresh the recollection of the witnesses who were interviewed.[3]

---

[3] Even if plaintiffs are allowed to use the reports to refresh the recollection of a witness, they still cannot offer the reports into evidence or read them to the jury. When used to refresh the recollection of a witness, "the court must use care to prevent the writing from creating a false memory." *Hawley*, 562 F. Supp. 2d at 1052. "Rule 612 requires a witness whose memory has been refreshed to testify from his present recollection, rather than to merely restate the contents

**IV.     Evidence of FBI Form 302 Reports Is Unduly Prejudicial.**

Even if the Court determined that that the FBI Form 302 Reports were otherwise admissible or could be used for impeachment purposes, such evidence or references should still be prohibited because of the undue prejudice it would cause.  Rule 403 allows a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  The FBI Form 302 Reports have little, if any, probative value.  The 302 Reports were prepared in the context of a criminal investigation, not in the investigation of this civil lawsuit.  Moreover, evidence of what an FBI agent or other government investigator recalled or wrote down following an interview with a witness is not particularly probative of the occurrence or non-occurrence of events years earlier, of which the investigators have no personal knowledge.

In contrast, the Missouri Trustees will be subject to significant and unfair prejudice if Plaintiffs are allowed to refer to or introduce evidence of the 302 Reports.  By referring to the reports, even if they were not introduced into evidence, Plaintiffs would be allowed to imply to the jury that the reports contain statements of witnesses which are somehow inconsistent with trial testimony.  This prejudice would be particularly acute given that the mere mention of an "FBI" or similar government investigation could be used to give undue weight to the reports or to suggest that the witnesses were guilty of criminal or civil wrongs.  The jury could also be confused about the role of the FBI in this civil suit.  It could be misled into believing that the government is involved in this case.

---

of the writing."  *Id*.  When a document is used in this way, "[t]he contents of such a writing may not even be read into evidence."  *Id.* at 1051.

Introduction of, or reference to, 302 reports would also result in undue delay.  If plaintiffs are permitted to use the reports in questioning witnesses who were interviewed by the FBI, disputes could arise as to the veracity or completeness of the 302s.  In that case, Plaintiffs or even the Missouri Trustees could be forced to call the FBI agents or other investigators who authored the reports, thus leading to undue delay on what is at best a collateral matter in this case.  For all of these reasons, evidence of, or references to, 302 reports should be excluded under Rule 403 as unduly prejudicial even if they were otherwise admissible, which they are not.

## CONCLUSION

Because FBI Form 302 reports and similar documents do not contain statements of witnesses but instead contain only the recollection or interpretations of FBI agents or other government investigators, the Court should prohibit Plaintiffs from using them at trial, including introducing them into evidence, using them to impeach witnesses who were interviewed, or using them to refresh the recollection of witnesses who were interviewed.

Dated: January 20, 2015

Respectfully submitted,

By: /s/ Mary Beth Hickcox-Howard
Stephen D. Raber (Admitted *pro hac vice*)
J. Andrew Keyes (Admitted *pro hac vice*)
Amy Mason Saharia (Admitted *pro hac vice)*
Mary Beth Hickcox-Howard (Admitted *pro hac vice*)
Teagan J. Gregory (Admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)
mhickcox-howard@wc.com

Mike W. Bartolacci, Bar No. 29110
**THOMPSON COBURN LLP**

8

        One U.S. Bank Plaza, Suite 2600
St. Louis, MO 63101
(314) 552-6000 (telephone)
(314) 552-7000 (facsimile)
mbartolacci@thompsoncoburn.com


By: /s/ Sandra Jane Wunderlich (by consent)
Sandra Jane Wunderlich, Bar No. 39019
**STINSON LEONARD STREET LLP**
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105
(314) 863-0800 (telephone)
(314) 863-9388 (facsimile)
swunderlich@stinsonleonard.com

*Attorney for Defendant U.S. Bank, National Association*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on January 20, 2015, the foregoing MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OR REFERENCE TO FBI FORM 302 REPORTS  was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

       I hereby further certify that the foregoing was mailed by United States Postal Service to the following non-participants in Electronic Case Filing:

Wulf, Bates & Murphy, Inc.
c/o David R. Wulf
2714 Hillcroft Drive
Chesterfield, MO 63017

| | |
|---|---|
| David R. Wulf | Sharon Nekol Province |
| Register # 38227-044 | Register Number 36759-044 |
| FCI Terre Haute | FMC Carswell |
| Federal Correctional Institution | Federal Medical Center |
| Satellite Camp | P.O. Box 27137 |
| P.O. Box 33 | Fort Worth, TX 76127 |
| Terre Haute, IN 47808 | *Pro se* |
| *Pro se* | |

                /s/ Mary Beth Hickcox-Howard
                Mary Beth Hickcox-Howard
                (Admitted *Pro Hac Vice*)