UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JO ANN HOWARD AND ASSOCIATES, )
    P.C., *et al.*, )
           )
    Plaintiffs, )
           )     Cause No. 4:09-CV-01252-ERW
v. )
           )
J. DOUGLAS CASSITY, *et al.*, )
           )
    Defendants. )

### NATIONAL CITY BANK'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF SHAUN R. HAYES'S POST-ALLEGIANT CONDUCT

Defendant National City Bank ("National City") moves the Court *in limine* to exclude any evidence regarding Shaun R. Hayes's conduct after leaving Allegiant Bank ("Allegiant"), including evidence related to a consent order prohibiting Mr. Hayes from working in the banking industry related to his subsequent employment at another bank. *See* Plaintiffs' Exhibit P-0149, Order of Prohibition from Further Participation, *In the Matter of Shaun R. Hayes*, FDIC-13-355e (Dec. 30, 2013) ("Order of Prohibition" or "Order"). This evidence, on a wholly collateral matter, is not relevant to Plaintiffs' claims, is highly prejudicial to National City, and will waste time and confuse the jury. Even if it were relevant—which it is not—this evidence violates Rule 404(b)'s prohibition on evidence of other bad acts to show a person's character or conduct in accordance with the character.

### BACKGROUND

Plaintiffs stated in their Trial Witness List that they intend to call Shaun Hayes. Pls.' Trial Witness List (ECF No. 2121) ("Witness List") at 1. Additionally, Plaintiffs indicated on

their Trial Exhibit List that they may use the Order of Prohibition.  Pls.' Trial Exhibit List & Ex. A (ECF No. 2116) ("Exhibit List") at 7.

Mr. Hayes served as the President and Chief Executive Officer of Allegiant from 1992 to 2004.  Ex. A at 12:6-15 (Dep. Tr. of Shaun Hayes).  Allegiant Bank had both a commercial lending department and a trust department.  *Id*. at 19:5-8.  Mr. Hayes' responsibilities centered on Allegiant's lending side, and it is undisputed that his role relating to the day-to-day operations of the trust department was "virtually non-existent."  *Id*. at 21:14-17.  Following National City's acquisition of Allegiant in 2004, Mr. Hayes remained on the lending side, and worked in corporate banking in the St. Louis area.  *Id*. at 39:22-40:20.  Mr. Hayes left National City in 2008, and went on to work for a series of unrelated financial institutions.  *Id*.

In 2013, Mr. Hayes was the subject of an action by the FDIC related to his work for Excel Bank of Sedalia, Missouri after he left National City in 2008.  The FDIC action resulted in a consent judgment prohibiting Mr. Hayes from working for a financial institution.  It is clear from the face of that order that the FDIC action has nothing whatsoever to do with Mr. Hayes's work at Allegiant or National City, much less any relationship to this case.  The caption of the FDIC's order states: "In the Matter of Shaun R. Hayes individually and as *an institution-affiliated party of Excel Bank, Sedalia, Missouri*."  Order at 1 (emphasis added).  This document is dated December 30, 2013, *id.* at 4, and is expressly limited to alleged "violations, practices, and/or breaches" which the FDIC had "reason to believe" occurred while Mr. Hayes was "an institution-affiliated party of Excel Bank, Sedalia, Missouri."  *Id*. at 2.  While the Order does not describe with any specificity what the FDIC "had reason to believe" Mr. Hayes had done, it is perfectly clear that this relates solely to his conduct at another bank long after his time at

Allegiant.   The order nowhere mentions Allegiant, National City, let alone the trusts at issue here.  *See id*.

## <u>LEGAL STANDARD</u>

In order for evidence to be admissible at trial, it must be relevant.  Fed. R. Evid. 402; *Williams v. City of Kansas City*, 223 F.3d 749, 755 (8th Cir. 2000); *Sphere Drake Ins. PLC v. Trisko*, 226 F.3d 951, 955 (8th Cir. 2000).  Evidence is not relevant unless it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 834 (8th Cir. 2000); *Ventura v. Titan Sports, Inc.*, 65 F.3d 725, 733 (8th Cir. 1995); Fed. R. Evid. 401.

 "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in conformity with the character."  Fed. R. Evid. 404(b); *see also United States v. Williams*, 308 F.3d 833, 837 (8th Cir. 2002).  Courts routinely exclude evidence of civil investigations and penalties pursuant to Rule 404(b). *See, e.g., Martinez v. Gabriel*, No. 10-CV-02079-CMA-MJW, 2013 WL 798236, at *2 (D. Colo. Mar. 5, 2013) (granting defendant's motion *in limine* to exclude administrative investigation summaries for noncompliance with Rule 404(b)); *Hasher v. City of Rochester*, No. CIV. 04-2979 (PAM/RL, 2005 WL 1925856, at *6 (D. Minn. Aug. 11, 2005) (noting that evidence of defendant police officer's prior suspension for unauthorized use of force was inadmissible propensity evidence under Rule 404(b) in civil assault and battery case).

Evidence of "crimes, wrongs, or other acts" is admissible for other purposes pursuant to Rule 404(b)(2), such as proving motive or intent.   But even if such evidence is offered for a permissible purpose pursuant to Rule 404(b)(2), it is only admissible if it passes the Eighth

Circuit's four-part test.  In order to be admissible, Rule 404(b)(2) evidence: "must be 1) relevant to a material issue; 2) similar in kind and not overly remote in time to the charged crime; 3) supported by sufficient evidence; and 4) such that its potential prejudice does not substantially outweigh its probative value."  *Am. Family Mut. Ins. Co. v. Miell*, 569 F. Supp. 2d 841, 848 (N.D. Iowa 2008) (citing *Williams*, 308 F.3d at 837); *see also* Fed. R. Evid. 403 (relevant evidence may be excluded if the probative value is "substantially outweighed by a danger of . . . unfair prejudice, confusion of the issues, [or] misleading the jury . . . .")  Although this four-part test originated in a criminal case and references "the charged crime," it applies equally in civil cases.  *Berry v. Oswalt*, 143 F.3d 1127, 1132-33 (8th Cir. 1998) (applying the four-part test to a Rule 404(b) issue in a civil case); *Am. Family Mut. Ins. Co.*, 569 F. Supp. 2d at 848 (same).

## ARGUMENT

Any evidence regarding Mr. Hayes's conduct after leaving Allegiant, and in particular about the Order, is irrelevant to Plaintiffs' claims and would be unduly prejudicial to National City.  Mr. Hayes had limited involvement in Allegiant's trust company and he was not the administrator on the trust accounts.  Given his peripheral role as to the trust accounts at issue in this case, and that the conduct giving rise to the Order was wholly unrelated to anything Mr. Hayes did while at Allegiant, it is hard to see any reason Plaintiffs would use the Order *other* than to attempt to impermissibly show conformity with character.  Plaintiffs presumably seek to introduce this evidence of Hayes's other "bad acts" while later working at another bank to tarnish Allegiant.  However, this evidence has no bearing here.

Even if Plaintiffs had a reason to prove something other than "conformity with character"—and as to Mr. Hayes, they do not—this evidence flunks the Eighth Circuit's four-part test for Rule 404(b)(2) evidence.   First, it is not relevant to a material issue.  After ending

4

his employment with Allegiant, Mr. Hayes's actions would have no bearing on whether Allegiant fulfilled its fiduciary duties with respect to the trust at issue.  Whether Allegiant did so is measured by an objective standard based on the contemporaneous conduct of the administrators of the trusts, not by the actions of a former bank officer who never administered the trusts at issue, several years later, while working for another bank.

And even assuming Plaintiffs could establish "relevance to a material issue," Mr. Hayes's actions after leaving Allegiant fail to satisfy the second prong of the test, which requires the other act to be "similar in kind and not overly remote in time." *See Williams*, 308 F.3d at 837. The FDIC Order is five years removed from Hayes's time at National City and nine years removed from his time at Allegiant.  Additionally, the Order merely reflects the FDIC's "reason to believe" that Hayes engaged in questionable or unlawful conduct.  It does not constitute either an admission or a finding of wrongdoing by Mr. Hayes, much less evidence of wrongdoing "similar in kind" to anything at issue in this case.  Because the Order does not even explain the alleged wrongdoing, much less make any final adjudication of whether it occurred, it also necessarily fails the third prong of the test, which requires the crime, wrong, or other act to be supported by sufficient evidence.  *See Williams*, 308 F.3d at 837.

The Order and testimony regarding Hayes' post-Allegiant conduct also has the potential to be unduly prejudicial to National City, thus failing the fourth prong of the test, *see Williams*, 308 F.3d at 837.  Presenting evidence about an FDIC investigation into misconduct "may . . . raise extraneous controversial points, lead to a confusion of issues, and present undue prejudice disproportionate to its usefulness." *See Drabik v. Stanley-Bostich, Inc.*, 997 F.2d 496, 508 (8th Cir. 1993); *accord J.B. Hunt Transp. Inc. v. General Motors Corp.*, 243 F.3d 441, 445 (8th Cir. 2001).  The Order discusses alleged "violations of law or regulation, unsafe or unsound

5

practices, and breaches of fiduciary duty" at an unrelated financial institution.  Order at 2.  Mr. Hayes, as explained in the order, consented to being banned from working at any FDIC-insured institution without admitting wrongdoing.  This evidence, relating to a peripheral witness on circumstances that are wholly collateral to this case, must be balanced against the risks that the jury will be confused or inflamed by it, and that time will be wasted.  Most important, the Court must weigh the risk that such evidence will lead the jury to a decision based not on facts, but on emotion.  Under the Eighth Circuit's test for admissibility of Rule 404(b)(2) evidence as well as Rule 403, exclusion is appropriate.

## CONCLUSION

For the foregoing reasons, National City requests that the Court exclude the Order of Prohibition and any testimony regarding Shaun R. Hayes's conduct after leaving Allegiant.


Dated: January 20, 2015                              Respectfully submitted,

By: /s/ Mary Beth  Hickcox-Howard
Stephen D. Raber (Admitted *pro hac vice*)
J. Andrew Keyes (Admitted *pro hac vice*)
Amy Mason Saharia (Admitted *pro hac vice*)
Mary Beth Hickcox-Howard (Admitted *pro hac vice*)
Teagan J. Gregory (Admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)
mhickcox-howard@wc.com

Mike W. Bartolacci, Bar No. 29110
**THOMPSON COBURN LLP**
One U.S. Bank Plaza, Suite 2600
St. Louis, MO 63101
(314) 552-6000 (telephone)
(314) 552-7000 (facsimile)
mbartolacci@thompsoncoburn.com

6

*Attorneys for Defendants National City Bank*
*and PNC Bank, N.A.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 20, 2015, the foregoing MOTION *IN LIMINE* TO EXCLUDE FDIC ORDER 13-355e AND RELATED TESTIMONY was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

I hereby further certify that the foregoing was mailed by United States Postal Service to the following non-participants in Electronic Case Filing:


Wulf, Bates & Murphy, Inc.
c/o David R. Wulf
2714 Hillcroft Drive
Chesterfield, MO 63017


David R. Wulf
Register # 38227-044
FCI Terre Haute
Federal Correctional Institution
Satellite Camp
P.O. Box 33
Terre Haute, IN 47808
*Pro se*

Sharon Nekol Province
Register Number 36759-044
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, TX 76127
*Pro se*


 /s/ Mary Beth Hickcox-Howard
Mary Beth Hickcox-Howard
(Admitted *Pro Hac Vice*)