IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., SPECIAL DEPUTY RECEIVER OF LINCOLN MEMORIAL LIFE INSURANCE COMPANY, MEMORIAL SERVICE LIFE INSURANCE COMPANY, AND NATIONAL PREARRANGED SERVICES, INC., ET AL., ) ) ) ) ) ) ) | |
| Plaintiffs, ) | Case No. 09-CV-1252-ERW |
| v. ) ) | |
| J. DOUGLAS CASSITY; RANDALL K. SUTTON; BRENT D. CASSITY; J. TYLER CASSITY; RHONDA L. CASSITY; ET AL., ) ) ) ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO EXCLUDE UNTIMELY WITNESSES
DISCLOSED BY DEFENDANT NATIONAL CITY BANK**

On January 12, 2015, Defendants National City Bank and PNC Bank, N.A. (collectively, "National City") submitted their pretrial witness list, naming individuals they intend to call or may call to testify at trial. [ECF No. 2109]. Included on National City's witness list were four witnesses that National City had never previously disclosed to Plaintiffs: Tom Fitzsimmons, Joseph Hoffmeyer, Patricia Steinbach, and Ken Walls ("New Witnesses").

On the same evening, National City served Plaintiffs a Second Supplemental Initial Disclosures, disclosing these same four witnesses as individuals who "may have knowledge of discoverable information that National City may use to support its defenses in this matter . . . ." *See* Ex. A at 2. Each of the witnesses is identified as having discoverable information regarding the "[e]mployment history of Plaintiffs' expert witness Don Fitzgerald." *Id.* at 2-3. National

1933225

City further stated that two of the witnesses, Hoffmeyer and Steinbach, also have discoverable information regarding "First Bank's review of NPS pre-need trusts," a topic about which Fitzgerald testified. *Id.* at 3.

National City's untimely disclosure leaves no time for Plaintiffs to depose the new witnesses or otherwise prepare for the witnesses' potential testimony, the substance of which is unknown to Plaintiffs. Plaintiffs respectfully move this Court to exclude the New Witnesses disclosed by National City just three weeks before trial and almost four months after the close of discovery.

## STATEMENT OF CONFERRAL

On January 19, 2015, Plaintiffs' counsel and counsel for National City conferred via e-mail regarding this motion. National City stated that the witnesses were being used for impeachment of Fitzgerald and stated their position that no disclosure was therefore necessary. Plaintiffs sent another e-mail at 10:22 a.m. CST on January 22, 2015, asking whether the witnesses were being offered solely for impeachment, since National City's supplemental disclosures expressly stated that they were not being offered for impeachment. Plaintiffs also renewed their earlier request that National City provide telephone numbers for the witnesses and a description of what the witnesses will testify to. National City has not responded to the January 22 e-mail as of the time this motion was filed. Based on the January 19 correspondence, Plaintiffs understand that National City opposes the motion and the relief requested by Plaintiffs.

## LEGAL STANDARD

"One of the purposes of discovery is to eliminate unfair surprise." *Certain Underwriters at Lloyd's v. SSDD, LLC*, 301 F.R.D. 391, 393 (E.D. Mo. 2014) (quoting *Doe v. Young*, 664 F.3d

727, 734 (8th Cir. 2011)); *see also Pioneer Hi-Bred Int'l, Inc. v. Monsanto Co.*, No. 4:97CV01609 ERW, 2001 WL 170410, at *7 (E.D. Mo. Jan. 2, 2001) (Webber, J.) ("pre-trial development of the facts is preferred to trial by ambush"). For this reason, Rule 26(a)(1) requires the initial disclosure of "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i); *accord Tribble v. Evangelides*, 670 F.3d 753, 759 (7th Cir. 2012); *see also Rhodes v. Sutter Health*, 949 F. Supp. 2d 997, 1010 (E.D. Cal. 2013) (noting that opposing counsel "should be able to rely on Rule 26 disclosures and not be required to second guess whether a disclosing party has purposefully omitted a potential witness or done so accidently").

Rule 26(e) requires that parties "supplement or correct" their disclosures "in a timely manner." *Certain Underwriters*, 301 F.R.D. at 393 (quoting Fed. R. Civ. P. 26(e)). "[T]he 'timely manner' inquiry of Rule 26(e) considers when the new facts were supplemented relative to when the new facts were discovered by the supplementing party." *Hysitron Inc. v. MTS Sys. Corp.*, No. 07-1533 (ADM/AJB), 2010 WL 55987, at *6 (D. Minn. Jan. 4, 2010). A disclosure is untimely if "there is an untimely delay between finding the new facts and disclosing them through supplementation." *Id.*; *see Kendall Lakes Towers Condo. Ass'n v. Pac. Ins. Co.*, No. 10-24310-CIV, 2011 WL 6190160, at *4 (S.D. Fla. Dec. 2, 2011) (referring to Fed. R. Civ. P. 26(a)(1)(A)(i) as the source of an "underlying duty to disclose witnesses with relevant information").

3

1933225

If a party fails to identify a witness in a timely manner, the party may not use that witness at trial, unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "The burden is on the nondisclosing party to show harmlessness or justification." *Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 478 (W.D. Va. 2010).

## ARGUMENT

**I.     National City Did Not Supplement in a Timely Manner When It Disclosed the New Witnesses on the Pre-Trial Compliance Deadline**

   A.   <u>National City Should Have Disclosed These Witnesses to Plaintiffs Before the Pre-Trial Deadline</u>

A party may not "get around the obligations imposed by Rule 26(a)(1) and Rule 26(e) by adding a name to its pretrial disclosure that has not previously been disclosed." *Mitchell v. Iowa Interstate RR Ltd.*, No. 07-1351, 2010 WL 2089305, at *2 (C.D. Ill. May 25, 2010); *see also Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*, No. 1:05-CV-64 TS, 2010 WL 3239331, at *1 (D. Utah Aug. 16, 2010) (concluding that a party's "Rule 26(a)(3) [pre-trial] disclosure is not a substitute for a timely Rule 26(a)(1) [initial] disclosure or supplement because it comes well after the close of fact discovery and shortly before trial"); *Quesenberry*, 267 F.R.D. at 480 ("They had a duty under Rule 26(a)(1) and (e)(1) to make and supplement initial disclosures in a timely manner, and twenty-eight days before trial, four months after the close of fact discovery, is not timely."). Doing so would undermine the purpose of initial disclosure under Rule 26. *See Kullman v. New York*, No. 07-CV-716 (GLS/DRH), 2009 WL 1562840, at *5 (N.D.N.Y. May 20, 2009) ("A primary purpose of the requirements for initial disclosure of witnesses and supplementation is to afford notice to opposing parties at the earliest possible time so that opposing parties may prepare to defend against such testimony by, for example, taking the depositions of such witnesses.").

1933225

Here, National City disclosed the four new witnesses for the first time in their pretrial disclosures on January 12, 2015, even though Fitzgerald was first disclosed by Plaintiffs on April 25, 2014.  Ex. B at ¶ 85.  In that disclosure, Plaintiffs provided the following detailed description of Fitzgerald and the subject of his testimony:

> Fitzgerald is a former trust officer for First Bank in St. Louis who met in approximately 2006 with Defendants Brent Cassity, Randall Sutton, Nekol Province and Erin Province on behalf of NPS regarding their request that First Bank take over as successor trustee of the NPS trust accounts.  Fitzgerald has knowledge regarding the meeting, First Bank's criteria before it would take on new trust business, and the reasons First Bank did not take over the trust accounts on behalf of First Bank.

Plaintiffs further disclosed Fitzgerald as an expert witness on July 1, 2014, as required by the Court.  [ECF No. 1188].  Fitzgerald was deposed by National City on July 31-August 1, 2014.  He was extensively questioned on his employment history and First Bank's review of the NPS trusts during these two days of depositions.

National City claims that the New Witnesses have "knowledge of discoverable information" regarding "First Bank's review of NPS pre-need trusts" and the "[e]mployment history of Plaintiffs' expert witness Don Fitzgerald."  Ex. A at 2-3.  Yet, despite knowing about Fitzgerald's involvement in First Bank's review of the NPS trusts since April 2014, and his full employment history since at least July 2014, National City did not identify its new witnesses until the evening that pre-trial compliance was due, more than five months later.  National City has provided no excuse for this delay.  By not disclosing the New Witnesses until the pre-trial compliance deadline, National City inexcusably has failed to supplement its initial disclosures in a timely manner.

5

1933225

B.  National City Cannot Excuse Its Noncompliance by Claiming the Witnesses Are Merely Impeaching Witnesses

In the conferral process, National City claims that it had no obligation to disclose these four witnesses because these witnesses intend to offer only evidence that impeaches Fitzgerald. National City seeks to rely on a narrow exception to the disclosure requirements of the Federal Rules that "only covers witnesses whose testimony is offered *solely* to impeach, and does not apply to those who provide any substantive testimony." *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1354 (11th Cir. 2004) (citing Fed. R. Civ. P. 26(a)(1)(A)(i)); *see Newsome v. Penske Truck Leasing Corp.*, 437 F. Supp. 2d 431, 436 (D. Md. 2006) ("Impeachment evidence which also possesses a substantive quality cannot be said to fit the *solely for impeachment* classification.") (footnote omitted). Unless the only purpose of a potential witness's testimony is to discredit another witness, the potential witness must be disclosed. *See McDaid v. Stanley Fastening Sys., LP*, No. 07-709, 2008 WL 2928387, at *2 (E.D. Pa. July 28, 2008) ("The impeachment-evidence exception allows parties to withhold some of their evidence, but only that which they will use solely to discredit a witness, not to bolster the substance of their own case."); *Newsome*, 437 F. Supp. 2d at 436 ("[I]f evidence enjoys the classifications of being both substantive and impeachment, such evidence should be treated as substantive for the purposes of Rule 26(a)(1) and (a)(3).").

National City's own disclosures demonstrate that these are not impeachment witnesses. In its January 12, 2015 supplemental disclosures, National City expressly denied that the New Witnesses were being offered solely for impeachment. Ex. A at 1 ("These supplemental disclosures do not include information that may be used solely for impeachment purposes."). National City further stated that it "believes that the [New Witnesses] may have knowledge of

6

1933225

discoverable information that National City may use to support its defenses in this matter, *not including information used solely for impeachment*." *Id.* at 2 (emphasis added). Evidence that relates to the substance of a party's case and defenses must be disclosed, regardless of whether it also can be used for impeachment. *See Newsome*, 437 F. Supp. 2d at 435 ("Substantive evidence can absolve a defendant of liability either by showing a defect in the plaintiff's *prima facie* case or in giving support to an affirmative defense by raising matters extraneous to the plaintiff's *prima facie* case.") (quotations and citation omitted); *Wilson v. AM Gen. Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (disagreeing that proposed testimony was "solely for impeachment purposes" because the testimony in question was relevant to the defendant's "line of defense").

Even had National City not represented that they intend to offer the New Witnesses for substantive purposes, the subjects of the New Witnesses' testimony is substantive. "Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact." *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993). Here, at least two of the New Witnesses allegedly have discoverable information regarding "First Bank's review of NPS pre-need trusts," a topic on which Fitzgerald testified. Ex. A at 3. How another bank considered, reviewed, and analyzed the very trusts at issue in this case is relevant to the issues that will be before a jury. Matters related to Fitzgerald's employment history may also be related to issues that will be determined by a jury, though National City has refused Plaintiffs' requests to inform Plaintiffs of the matters about which these witnesses intend to testify. To the extent this also could be used to impeach Fitzgerald, the anticipated testimony "cannot be realistically confined to use for impeachment purposes," so it "must be disclosed." *McDaid*, 2008 WL 2928387, at *3.

7

### II.   As a Sanction for Its Untimely Disclosure, National City Should Be Prohibited from Introducing the Testimony of the Newly Disclosed Witnesses at Trial

"When a party fails to . . . identify a witness in compliance with Rule 26(a) or (e) . . . [t]he district court may exclude the . . . testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed. R. Civ. P. 37(c)(1)). "When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Wegener*, 527 F.3d at 692.

Eighth Circuit precedent and district courts around the country agree that disclosing witnesses for the first time on a Rule 26(a)(3) witness list shortly before trial justifies Rule 37 sanctions, including exclusion of the witnesses' testimony. *See Troknya v. Cleveland Chiropractic Clinic*, 280 F.3d 1200, 1205 (8th Cir. 2002) (affirming Rule 37 sanctions where litigant disclosed witnesses for the first time after discovery closed and shorty before trial); *Life Plus Int'l v. Brown*, 317 F.3d 799, 803-04 (8th Cir. 2003) (affirming Rule 37 sanctions where litigant disclosed witness for the first time eight months after discovery closed and shortly before trial); *Patterson v. Balsamico*, 440 F.3d 104, 118 (2d Cir. 2006) ("It is also clear that [plaintiff] would have been prejudiced had the testimony of four witnesses only identified ten days before trial been allowed."); *Certain Underwriters*, 301 F.R.D. at 395-97 (ordering Rule 37 sanctions where litigant disclosed witnesses for the first time four and half months after discovery closed and seven weeks before trial); *CNH Capital Am., LLC v. Kramer*, No. C06-0046, 2008 WL 877636, at *1-2 (N.D. Iowa Mar. 31, 2008) (ordering Rule 37 sanctions where litigant disclosed witness for the first time

8

after discovery closed and 30 days before trial); *CNH Capital Am. LLC v. Kramer*, No. C05-2087, 2007 WL 1830819, at *3-4 (N.D. Iowa June 22, 2007) (ordering Rule 37 sanctions where litigant disclosed two witnesses for the first time after discovery closed and 18 days before trial).

National City offers no reason for waiting until three weeks before trial to disclose witnesses relating to a witness who was first disclosed over eight months ago.  National City could have looked into Fitzgerald's employment history and First Bank's involvement with the NPS trusts when Plaintiffs named Fitzgerald as a fact witness on April 25, 2014.  See Ex. B, at ¶ 85.  At the very latest, National City could have located these witnesses when Plaintiffs classified Fitzgerald as an expert witness on July 1, 2014.

Plaintiffs are substantially prejudiced by the late disclosure in light of the impending trial date.  As another court in the Eastern District of Missouri recognized in excluding a witness who was first disclosed seven weeks before trial, "the short period of time between [the litigant's] belated disclosure and the trial date is unduly prejudicial to [the moving party], because there is insufficient time for it to prepare to refute the evidence at trial."  *Certain Underwriters*, 301 F.R.D. at 396.  Here, Plaintiffs have only three weeks between the disclosures and the trial date.  This late disclosure fails to give Plaintiffs adequate time to prepare for the testimony, particularly given that Plaintiffs do not even know the substance of their testimony.  Discovery exists so a party does not have to learn for the first time at trial what a witness will say.

With respect to the importance of the testimony and its effect on the trial, National City has refused Plaintiffs' requests to tell Plaintiffs the substance of the proposed testimony and so Plaintiffs cannot speak to these matters.  However, assuming that National City would not have violated its disclosure obligations except for what it believes will be important testimony, any

9

1933225

such assertion by National City would only increase the prejudice to Plaintiffs and the need to exclude the testimony. *See Roederer v. J. Garcia Carrion, S.A.*, No. 06-213 (JNE/SRN), 2010 WL 489529, at *7 (D. Minn. Feb. 4, 2010) (granting motion to exclude where, due to "the importance of [the witness], . . . [the opposing party] would be significantly prejudiced at trial if [the witness] were permitted to testify because [the opposing party] has not had the opportunity to depose [the witness] . . . .").

National City's untimely disclosure is neither substantially justified nor harmless. Don Fitzgerald was timely disclosed as both a fact and expert witness during the spring and summer of 2014. National City cannot now, on the eve of trial, seek to present new witnesses who will testify about matters about which it has been on fair notice. Plaintiffs should not be subject to trial by ambush.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request the Court exclude the testimony of Tom Fitzsimmons, Joseph Hoffmeyer, Patricia Steinbach, and Ken Walls at trial.

1933225

Dated this 22nd day of January, 2015.

Respectfully submitted,

    *s/ Wendy B. Fisher*
Daniel M. Reilly (Admitted *Pro Hac Vice*)
Larry S. Pozner, E.D. Missouri Bar No. 2792CO
Wendy B. Fisher (Admitted *Pro Hac Vice*)
Glenn E. Roper (Admitted *Pro Hac Vice*)
Clare S. Pennington (Admitted *Pro Hac Vice)*
Farrell A. Carfield (Admitted *Pro Hac Vice*)
Lauren G. Jaeckel (Admitted *Pro Hac Vice*)
Sean Connelly (Admitted *Pro Hac Vice*)
Michael P. Robertson (Admitted *Pro Hac Vice*)
Michael T. Kotlarczyk (Admitted *Pro Hac Vice*)
Dru R. Nielsen (Admitted *Pro Hac Vice*)
Ashley D. Morgan (Admitted *Pro Hac Vice*)

Reilly Pozner LLP
1900 16th Street, Suite 1700
Denver, CO 80202
(303) 893-6100

Maurice B. Graham, Bar No. 3257
Morry S. Cole, Bar No. 77854
Gray, Ritter & Graham, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101
(314) 241-5620

Attorneys for Plaintiffs Jo Ann Howard and Associates, P.C., in its capacity as Special Deputy Receiver of Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc.; the National Organization of Life and Health Insurance Guaranty Associations; the Missouri Life & Health Insurance Guaranty Association; the Texas Life & Health Insurance Guaranty Association; the Illinois Life & Health Insurance Guaranty Association; the Kansas Life & Health Insurance Guaranty Association; Oklahoma Life & Health Insurance Guaranty Association; the Kentucky Life & Health Insurance Guaranty Association; and the Arkansas Life & Health Insurance Guaranty Association

1933225

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2015, the foregoing **PLAINTIFFS' MOTION TO EXCLUDE UNTIMELY WITNESSES DISCLOSED BY DEFENDANT NATIONAL CITY BANK** was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

I hereby further certify that on January 22, 2015, the foregoing was sent by United States Postal Service or by electronic means, as indicated below, to the following non-participants in Electronic Case Filing:

| | |
|---|---|
| Sharon Nekol Province, *Pro se* | David R. Wulf, *Pro se* |
| Register # 36759-044 | Register # 38227-044 |
| FMC Carswell | FCI Terre Haute |
| Federal Medical Center | Federal Correctional Institution |
| P.O. Box 27137 | Satellite Camp |
| Fort Worth, TX 76127 | P.O. Box 33 |
| | Terre Haute, IN 47808 |

                                          *s/ Wendy B. Fisher*
                                        Wendy B. Fisher
                                        (Admitted *Pro Hac Vice)*
                                        Attorney for Plaintiffs

1933225