UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION


JO ANN HOWARD & )
ASSOCIATES, P.C., *et al.*, )
 )
 Plaintiffs, )
 )
 vs. ) Case No. 4:09CV01252 ERW
 )
J. DOUGLAS CASSITY, *et al.,* )
 )
 Defendants. )


## <u>MEMORANDUM AND ORDER</u>

This matter comes before the court upon Plaintiffs' Motion to Dismiss Complaint against

Defendants David Wulf and Wulf Bates & Murphy, Inc. with Prejudice [ECF No. 2089].

Plaintiffs request an order of the Court approving dismissal with prejudice of Plaintiffs'

claims against Defendants David Wulf ("Wulf") and Wulf, Bates & Murphy, Inc. ("WBM").

Plaintiffs assert dismissing the claims will streamline the issues at trial and will not prejudice any

of the remaining defendants.  Further, Plaintiffs argue dismissal does not alter the liability of the

remaining Defendants for their own alleged actions.

National City Bank opposes the dismissal as an improper attempt to prevent the jury from

allocating fault to Wulf or WBM and increase recovery against "deep pocketed" defendants.

National City argues if Wulf and WBM are dismissed it prevents the jury from allocating fault

between the defendants under joint and several liability.  National City claims Plaintiffs have

offered no explanation for the dismissal as is required.

Under Federal Rule of Civil Procedure 41(a)(2), an action may be dismissed at a

plaintiff's request on court order.  It is within the sound discretion of the court to decide if

dismissal should be allowed.  *Thatcher v. Hanover Ins. Grp, Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011).  Factors the court should consider are "whether the party has presented a proper explanation; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants."  *Id.* at 1213-14.  A non-settling defendant lacks standing to object to a partial settlement.  *Alumax Mill Products, Inc. v. Congress Fin. Corp.*, 912 F.2d 996, 1001 (8th Cir. 1990).  An exception is when the non-settling defendant can show formal legal prejudice because of the settlement.  *Id*. at 1003.  A settlement which removes a legal claim or cause of action, or an action for indemnity or contribution constitutes formal legal prejudice.  *Id*.

The District of Minnesota addressed a similar issue in *Hawes v. Blast-Tex, Incorporated*, where a non-settling defendant opposed the dismissal of a settling defendant because it would eliminate the jury's ability to apportion liability between the defendants.  The Court found "that concern appears to be somewhat illusory since it has not cross-claimed against [the non-settling defendants]."  Civ. No. 09-365 (RHK/AJB), 2010 WL 2680778 at * 1 (D. Minn. Jul. 2, 2010). The situation presently before this Court is the same.  National City has not cross-claimed against Wulf or WBM.  Eliminating the ability to apportion damages between defendants has not been found to constitute formal legal prejudice.  "Mere allegations of injury in fact or tactical disadvantage as a result of a settlement simply do not rise to the level of plain legal prejudice." *Agretti v. ANR Freight Sys. Inc.*, 982 F.2d 242, 247 (7th Cir. 1992).  National City has not established standing to oppose Plaintiffs' dismissal of Wulf and WBM.

The Court finds Plaintiffs' reasoning for the dismissal is sufficient, dismissal will not result in a waste of judicial time or resources because it is with prejudice, and the remaining defendants will not suffer formal legal prejudice as a result of the dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss Complaint against

Defendants David Wulf and Wulf Bates & Murphy, Inc. with Prejudice [ECF No. 2089] is

**GRANTED**.

So Ordered this 23rd day of January, 2015.

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**