UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court on National City's Motion for Partial Reconsideration of Ruling on Missouri Trustees' Motions for Summary Judgment [ECF No. 2140].

In its summary judgment motion, National City[1] argued Plaintiffs could not recover $94.5 million in damages from National City for the amount the Texas Life and Health Guaranty Association ("TLHGA") paid another insurer to assume the obligations of Memorial Life Insurance. The Court found National City could not be liable for the amount if the trusts never held Memorial policies or any payments from Memorial policy holders. The Court ruled there was a genuine dispute of material fact as to whether Memorial policies were held by Missouri trusts [ECF No. 2092]. National City requests the Court reconsider its ruling because there is no genuine dispute of material fact as the Plaintiffs have admitted the trusts held no Memorial life insurance policies.

Plaintiffs contend a mistake of fact is not a basis of reconsideration. Additionally, Plaintiffs claim the Court's ruling applies only to the claims against the State Guaranty

---

[1] PNC Bank, N.A. is the successor-in-interest to National City Bank and Allegiant Bank and Trust Company.

Associations ("SGAs"), not the SDR. According to Plaintiffs, the SDR may still collect the amount because the THLGA is a creditor of NPS and the SDR is bringing claims on behalf of NPS and its creditors. In response, National City asserts the THLGA cannot create a liability by filing a proof of claim against the NPS estate; this circumvents the Court's ruling.

The Federal Rules of Civil Procedure do not explicitly mention motions for reconsideration. *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006). Most motions for reconsideration are construed either as Rule 59(e) motion to alter or amend the judgment, or a Rule 60(b) motion for relief from a final judgment, order, or proceeding. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). "Motions for reconsideration are nothing more than Rule 60(b) motions when directed at non-final orders." *Elder-Keep*, 460 F.3d at 984 (internal quotations and citations omitted); *see also Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003); *Broadway*, 193 F.3d at 989 (holding that motions for reconsideration on non-final orders are reviewed for an abuse of discretion). Rule 60(b) provides that a court may reconsider a prior ruling for one of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Rule 60(b) relief is an "extraordinary remedy" that is justified only in "exceptional circumstances," *Prudential Ins. Co. of America v. Nat'l Park Med. Ctr., Inc.*, 413 F.3d 897, 903

(8th Cir. 2005), and "[e]xceptional circumstances are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at." *Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994) (internal quotations omitted). A motion to reconsider may also be brought under Rule 54(b) to correct any "clearly or manifestly erroneous findings of facts or conclusions of law." *Prosser v. Nagaldinne*, No. 4:09CV2117 JAR, 2013 WL 308770 at *1 (E.D.Mo. Jan. 25, 2013) (quoting *Jones v. Casey's Gen. Stores*, 551 F.Supp.2d 848, 854 (S.D.Iowa 2008)). A motion to reconsider under Rule 54(b) cannot be used to identify facts or legal arguments not raised in the original motion. *Id*.

National City's Motion is better suited to a Rule 54(b) motion because National City is asking the Court to correct an allegedly clearly erroneous finding of fact. The Court grants National City's Motion as it applies to the SGAs. The Court's ruling was erroneous as to the presence of a genuine dispute of fact regarding Memorial's policies held in the trusts. Plaintiffs have stated in their pleadings and again in their response to this motion there were no Memorial policies held in the Missouri trusts. Money flowing out of the trusts to pay for Memorial premium payments does not create a duty. The policies or payments must have been going into the trusts to create a duty. Therefore, there is no genuine dispute of material fact and the Court grants National City's motion as it applies to the SGAs.

Plaintiffs contend they can still recover the amount because THLGA is a creditor of NPS. An explanation of the Court's understanding of the flow of money at this time is necessary to understand the relationship of the parties at issue. A consumer purchases a pre-need contract from NPS and pays NPS either in full or in payments. NPS deposits eighty percent of the contract amount into the pre-need trust. The money in the trust was used to purchase life insurance policies from Lincoln and Memorial. When Lincoln and Memorial became insolvent,

the SGAs stepped in to pay the life insurance policies. When a death of a consumer occurs, NPS pays for the services. NPS then requests the amount from the trust. The trust would then receive the amount of the life insurance policy placed in the consumer's name. The trusts would expect to receive payment from Lincoln and Memorial. This would mean the SGAs are creditors of Lincoln and Memorial, not NPS. However, Plaintiffs have submitted an exhibit of a proof of claim from the SGAs against NPS. The Court does not have the facts necessary to determine if this claim has been adjudicated by the receivership court or has been paid by the SDR to determine if the SGAs are creditors of NPS. Plaintiffs are required to show the SGAs truly are a creditor of the NPS estate to recover these damages at trial. At this time, there is a dispute of fact as to whether the SGAs are a creditor of NPS. The Court denies National City's Motion for Reconsideration as it relates to the claims brought by the SDR.

Accordingly,

**IT IS HEREBY ORDERED** that National City's Motion for Partial Reconsideration of Ruling on Missouri Trustees' Motions for Summary Judgment [ECF No. 2140] is **GRANTED in part, and DENIED, in part**.

So Ordered this 29th day of January, 2015.

                                          **E. RICHARD WEBBER**
                                          **SENIOR UNITED STATES DISTRICT JUDGE**