UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter comes before the court upon Trustee Defendants' Motion to Dismiss National City Bank [ECF No. 2208].

National City Bank ("National City") and PNC Bank, N.A. ("PNC") move to substitute PNC for National City and dismiss all claims against National City pursuant to Federal Rule of Civil Procedure 25(c). National City and PNC assert this will not prejudice Plaintiffs and will simplify an already complex trial. National City and PNC claim application of Rule 25(c) is appropriate because PNC is the successor-in-interest to National City and National City is now a defunct corporation.

Plaintiffs contend Rule 25(c) does not allow a co-defendant to dismiss another co-defendant; it only allows a substitution or joinder of a new party. Further, Plaintiffs argue this will prejudice Plaintiffs because they have built their trial strategy around both defendants and all of the documents and pleadings refer to National City as a separate party. Lastly, Plaintiffs claim

1

dismissing National City will only confuse the jury because further explanation will need to be made as to why National City is no longer a party.

Federal Rule of Civil Procedure 25 provides for substitution of parties in certain situations. Subsection c permits a substitution of a party if an interest is transferred. Fed. R. Civ. Pro. 25(c). The rule provides the action may be continued against the original party or the transferee may be substituted or joined with the original party. *Id.* The purpose of Rule 25 is to allow a lawsuit to continue rather than require an entirely new lawsuit be filed when an interest transfers. *ELCA Enter., Inc. v. Sisco Equip. Rental & Sales, Inc.*, 53 F.2d 186, 191 (8th Cir. 1995). Rule 25(c) does not require dismissal of claims against the original party. *Residential Funding Co., LLC v. Mortg. Outlet, Inc.*, No. 13-CV-3447 (PJS/JSM), 2014 WL 4954645 at *7 (D. Minn. Oct. 1, 2014). A motion under Rule 25(c) is within the sound discretion of the court, "taking into account all the exigencies of the situation." *Fed. Deposit. Ins. Corp. v. Tisch*, 89 F.R.D. 446, 448 (E.D.N.Y. 1981) (citing *McComb v. Raw River Lumber Co.*, 177F.2d 129 (9th Cir. 1949)).

A lengthy, complex trial begins in three days. The parties are immersed in trial prep. A substitution or dismissal at this late date will prejudice Plaintiffs as some change in trial strategy may be necessary. Allowing the substitution will not simplify the trial. A determination as to whether Defendants are allowed to substitute one co-defendant for another under Rule 25(c) is not necessary because the substitution will prejudice Plaintiffs and will not be allowed even if permitted by the rule. After a careful consideration of the parties' arguments and the circumstances of the litigation, the Court denies the motion.

Accordingly,

**IT IS HEREBY ORDERED** that Trustee Defendants' Motion to Dismiss National City Bank [ECF No. 2208] is **DENIED**.

So Ordered this 30th day of January, 2015.

                                         **E. RICHARD WEBBER**
                                         **SENIOR UNITED STATES DISTRICT JUDGE**