UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.,* | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiffs' counsel requested clarification of the Court's prior ruling on Plaintiffs' Motion in Limine regarding evidence or argument relating to the fault of non-parties. In the prior ruling, the Court held evidence of the fault of non-parties is admissible for the purpose of asserting Defendants did not proximately cause Plaintiffs' injuries.

After reviewing the authorities raised by the parties, the Court stands on its prior ruling. Defendants are permitted to introduce evidence and argue the fault of non-parties.[1] Missouri courts have held there is a difference between arguing apportionment of fault with non-parties and arguing a non-party was the sole cause of the injury at issue. *Oldaker v. Peters*, 817 S.W.2d 245, 252-253 (Mo. 1991). The Missouri Court of Appeals summarized the difference in *Mengwasser v. Anthony Kempker Trucking Inc.* 312 S.W.3d 368, 375 (Mo. Ct. App. 2010).

> "A defendant seeking an apportionment instruction asks the jury, if it finds him or her at fault, to compare his or her fault to that of another and to apportion it accordingly. The phrase does not apply to the defendant's

---

[1] Plaintiffs' assertion the Court has already decided the Cassity family's conduct is not an intervening or superseding cause is not accurate. The Court's prior ruling applied solely to Comerica's summary judgment motion. As National City and PNC did not participate in those arguments, the ruling does not apply to them.

> claim that he or she was *not* negligent and/or that his or her conduct did *not* proximately cause the plaintiff's injuries. When such is the defendant's argument, the jury is not asked to 'apportion' fault between the third person and the defendant because the jury is asked to find that the defendant was not at fault *at all*."

*Id*. at 375.

Defendants are permitted to introduce arguments and evidence regarding the fault of non-parties, for the purposes of disputing proximate cause.

Accordingly, the Court's prior ruling stands.

So Ordered this 30th day of January, 2015.

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**