IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., SPECIAL DEPUTY RECEIVER OF LINCOLN MEMORIAL LIFE INSURANCE COMPANY, MEMORIAL SERVICE LIFE INSURANCE COMPANY, AND NATIONAL PREARRANGED SERVICES, INC., ET AL., <br><br> Plaintiffs, <br> v. <br><br> J. DOUGLAS CASSITY; RANDALL K. SUTTON; BRENT D. CASSITY; J. TYLER CASSITY; RHONDA L. CASSITY; ET AL., <br><br> Defendants. | Case No. 09-CV-1252-ERW |

**PLAINTIFFS' OBJECTIONS TO NATIONAL CITY'S PRIORITY EXHIBITS**

Pursuant to the Court's January 29, 2015 Order [ECF No. 2213], Plaintiffs submit their objections to the priority exhibits designated by National City Bank and PNC Bank, N.A. (together, "National City"). The Court has already ruled on the Plaintiffs' original priority exhibits either at the January 29 hearing or through motion in limine rulings.[1]

**I.   Plaintiffs' Objections to National City's Priority Exhibits**

 1.   *A D-13 (Memorandum filed in the Circuit Court of Cole County, State of Missouri in the matter of State of Missouri ex rel., et al. v. National Prearranged Services, Inc., Case No. CV192-1369CC, and Affidavit of David Wulf dated June 9, 1993)*

Plaintiffs object to Exhibit A D-13 as inadmissible hearsay to which no hearsay exception applies. A statement does not constitute hearsay if it "is offered against a party" and is "the

---

[1] To the extent the parties have any dispute over how a motion in limine ruling applies to Plaintiffs' exhibits, Plaintiffs will bring those issues to the Court's attention separately.

1

party's own statement." Fed. R. Evid. 801(d)(2)(A). However, the SDR is not a party to this litigation. Therefore, even if (as National City has argued), Exhibit A D-13 contained adoptive admissions of NPS, A D-13 is not admissible as against the SDR or the guaranty associations.

Further, National City's attempt to bind the SDR to statements made by the receivership entities also runs afoul of this Court's prior ruling regarding "authorization" and *in pari delicito* defenses. In denying National City's summary judgment motion, the Court ruled that these defenses were unavailable against the SDR. [ECF No. 2092 at 23]. It reasoned that "[i]f the authorization defense and the *in pari delicto* defense were permitted against receivers of fraudulent companies, the receiver would never be able to bring suit against any parties because the opposing party would always have the defense of the company consented to the actions or took part in the actions." [*Id.*] Additionally, the Court noted that "the SDR is bringing claims on behalf of the public, who are entirely innocent from the scheme and will have to bear the consequences if the SDR is not allowed to bring its claims." [*Id.*]

In the same way that the SDR is not bound by the wrongful conduct of NPS, Lincoln, and Memorial, it should not be bound by their prior statements. *See* TEX. INS. CODE ANN. § 443.011(b) ("a prior wrongful or negligent action of any present or former officer, manager, director, trustee, owner, employee, or agent of the insurer may not be asserted as a defense to a claim by the receiver . . ."). NPS, Lincoln, and Memorial are not parties to this litigation. The SDR, acting on behalf of the public and innocent creditors, is the plaintiff. Under the Court's prior ruling and the plain language of Rule 801(d)(2)(A), National City cannot get around its evidentiary hurdles by trying to impute statements made by agents of NPS, Lincoln, and

2

Memorial—the very wrongdoers who Plaintiffs sued—to the SDR. Exhibit A D-13 should be excluded.

To the extent National City argues that the affidavit reflects statements of belief or mental impression, Rule 803(3) makes clear that the exception does not include "a statement of memory or belief *to prove the fact* remembered or believed unless it relates to the validity or terms of the declarant's will."[2]

Plaintiffs also object to Exhibit A D-13 as irrelevant. This affidavit was executed over five years before Allegiant took over as trustee of the NPS Trusts. Allegiant had no knowledge of this affidavit, nor did it impact Allegiant's duties and responsibilities as trustee in any way. Plaintiffs further object to Exhibit A D-13 under Fed. R. Evid. 403. Any probative value of this exhibit will be outweighed by the resulting undue prejudice, and this evidence will primarily serve to confuse and mislead the jury. David Wulf testified that he did not draft this affidavit or believe that all life insurance policies qualified as "appropriate." [Wulf Dep. Tr. 486:2-488:23]. This affidavit has no relation to the life insurance policies that were held by Allegiant over five years after this affidavit was executed, and would serve only to confuse and mislead the jury.

2. *A D-15 (Affidavit of D. Wulf)*

Plaintiffs object to Exhibit A D-15 on hearsay, relevance, and Fed. R. Evid. 403 grounds, and incorporate Plaintiffs' arguments in opposition to Exhibit A D-13, above.

---

[2] Plaintiffs assert this argument against all exhibits on which Plaintiffs object on hearsay and National City claims the exhibit simply reflects the declarant's belief.

3

3. *A D-30 (Letter from McBride, Lock & Associates to The Hon. G. Hamilton re Case No. 94-CCO-55012) and A D-31 (Letter from McBride, Lock & Associates to Hon. G. Hamilton re Case No. 94-CCO-55012)*

Plaintiffs object to Exhibits A D-30 and A D-31 (duplicate letters from Bob Lock dated May 26, 1994) as irrelevant. There is no evidence that Allegiant had any knowledge of the Consent Judgment, Bob Lock, Bob Lock's monitoring engagement, or these exhibits, which were created over four years before Allegiant took over as trustee of the NPS Trusts. Neither Bob Lock's monitoring nor his reporting to the Court have any relevance toward Allegiant's performance of its duties as trustee.[3]

Plaintiffs also object to these exhibits under Fed. R. Evid. 403. Any probative value of Exhibits A D-30 and A D-31 would be outweighed by the resulting undue prejudice, and this evidence would primarily serve to confuse and mislead the jury. Bob Lock had no duty to Allegiant Bank or the trust beneficiaries (unlike Allegiant). Exhibits A D-30 and A D-31 would confuse and mislead the jury regarding the significance of the Missouri Attorney General's knowledge of the information contained in these exhibits. This Court has already ruled that no party may argue or suggest that "the regulators' conduct was improper" or that "regulators' actions caused the harm at issue." [ECF No. 2215 at 13]. The introduction of these exhibits would likely result in the jury being misled into believing the State of Missouri was at fault for not intervening at the time or sharing this information with Allegiant.

Plaintiffs further object to Exhibits A D-30 and A D-31 as inadmissible hearsay. These exhibits represent out-of-court statements being offered for their truth, and do not fall within any

---

[3] As National City noted at the January 29 hearing, Plaintiffs originally listed some Bob Lock documents on their trial exhibit list. Plaintiffs have now withdrawn all such exhibits from their list and, as explained by Plaintiffs' counsel at the hearing, the settlement with U.S. Bank from this case makes these documents irrelevant to the issues for trial.

4

1937550

of the hearsay exceptions. Plaintiffs also object that Exhibits A D-30 and A D-31 lack foundation and authenticity.

    4.    *A D-46 (Report on status of Lincoln Memorial Life Insurance Company examination as of 12/31/1997)*

Plaintiffs object to Exhibit A D-46 as irrelevant. Information known by regulatory authorities such as the Texas Department of Insurance ("TDI"), Texas Department of Banking ("TDOB"), and Missouri Division of Insurance ("MODOI") has no relevance toward Allegiant's conduct as trustee over the NPS Trusts. Further, regulators from the TDI, TDOB, and MODOI had no responsibility or obligation to share the information in Exhibit A D-46 with Allegiant.

Plaintiffs also object to Exhibit A D-46 under Fed. R. Evid. 403. Any probative value of this exhibit would be outweighed by the resulting undue prejudice, and this evidence would primarily serve to confuse and mislead the jury regarding the significance of certain regulators' knowledge of the information contained in this exhibit. This Court has already ruled that no party may argue or suggest that "the regulators' conduct was improper" or that "regulators' actions caused the harm at issue." [ECF No. 2215 at 13]. Exhibit A D-46 would only serve to mislead or confuse the jury into believing the regulators were at fault for either not recognizing the fraud, not shutting down NPS, or not sharing certain information with Allegiant.

Plaintiffs further object to Exhibit A D-46 as inadmissible hearsay constituting an out-of-court statement being offered for its truth. This exhibit does not fall under any hearsay exception. Plaintiffs object to Exhibit A D-46 as lacking foundation. Plaintiffs also object that Exhibit A D-46 has not been authenticated and National City has not designated any witness with the ability to authenticate this exhibit.

5

5. *A D-56 (Letter from McBride, Lock & Associates to The Hon. G. Hamilton re Case No. 94-CCO-55012 with attached copy of envelope addressed to H. Wittner) and A D-57 (Letter from McBride, Lock & Associates to The Hon. G. Hamilton re Case No. 94-CCO-55012 with attached copy of envelope addressed to H. Wittner)*

Plaintiffs object to Exhibits A D-56 and A D-57 (duplicate letters from Bob Lock dated December 17, 1998) as irrelevant. There is no evidence that Allegiant had any knowledge of the Consent Judgment, Bob Lock, Bob Lock's monitoring engagement, or these exhibits. Neither Bob Lock's monitoring nor his reporting to the Court has any relevance toward Allegiant's performance of its duties as trustee.

Plaintiffs also object to these exhibits under Fed. R. Evid. 403. Any probative value of these exhibits will be outweighed by the resulting undue prejudice, and this evidence will primarily serve to confuse and mislead the jury. Bob Lock had no duty to Allegiant Bank or the trust beneficiaries (unlike Allegiant). Further, Exhibits A D-56 and A D-57 will likely confuse and mislead the jury regarding the significance of the Missouri Attorney General's knowledge of the information contained in this exhibit. This Court has already ruled that no party may argue or suggest that "the regulators' conduct was improper" or that "regulators' actions caused the harm at issue." [ECF No. 2215 at 13]. Exhibits A D-56 and A D-57 would only serve to mislead or confuse the jury into believing the State of Missouri was at fault for not intervening at the time or sharing this information with Allegiant.

Plaintiffs further object to Exhibits A D-56 and A D-57 as inadmissible hearsay. These exhibits represent out-of-court statements being offered for their truth, and do not fall within any

of the hearsay exceptions. Plaintiffs object to Exhibits A D-56 and A D-57 as lacking foundation and authenticity.

6.  *A D-63 (Uniform Interagency Trust Rating System)*

Plaintiffs object to Exhibit A D-63 as inadmissible hearsay. This exhibit is comprised of out-of-court statements being offered for their truth and does not fall within any of the hearsay exceptions. Exhibit A D-63 also lacks foundation and authenticity, and National City has not designated any witness with the ability to authenticate this exhibit.

Plaintiffs object to Exhibit A D-63 as irrelevant. National City is presumably seeking to offer this exhibit into evidence for the purpose of highlighting Allegiant's rating received during the January 1999 Division of Finance examination. This rating is not applicable to the matters at issue in this lawsuit and does not represent an attempt to grade Allegiant's conduct as trustee over the NPS Trusts. The examiners for the State of Missouri were not appropriate parties—nor did they purport to be appropriate parties—to determine whether Allegiant was fulfilling its responsibilities under Missouri law with respect to the NPS Trusts.

Plaintiffs also object to Exhibit A D-63 under Fed. R. Evid. 403. Any probative value of Exhibit A D-46 will be outweighed by the resulting undue prejudice, and this evidence will primarily serve to confuse and mislead the jury.

7.  *A D-65 (Letter from L. Clos to Allegiant Bank Board of Directors enclosing a copy of the report of examination of the trust department conducted by Examiner Terry Rialti as of January 4, 1999)*

Plaintiffs object to Exhibit A D-65 as inadmissible hearsay. This exhibit consists of out-of-court statements being offered for their truth and does not fall within any of the hearsay exceptions. Exhibit A D-65 also lacks foundation.

7

Plaintiffs object to Exhibit A D-65 as irrelevant. National City is presumably seeking to offer this exhibit into evidence for the purpose of highlighting Allegiant's rating received during the January 1999 Division of Finance examination. This rating is not applicable to the matters at issue in this lawsuit and does not represent an attempt to grade Allegiant's conduct as trustee over the NPS Trusts. The examiners for the State of Missouri were not appropriate parties—nor did they purport to be appropriate parties—to determine whether Allegiant was fulfilling its responsibilities under Missouri law with respect to the NPS Trusts. Whether or not the examiners identified concerns related to Allegiant's administration of the NPS Trusts is irrelevant to Plaintiffs' claims against National City.

Plaintiffs also object to Exhibit A D-65 under Fed. R. Evid. 403. Any probative value of Exhibit A D-65 will be outweighed by the resulting undue prejudice, and this evidence will primarily serve to confuse and mislead the jury.

8. *A D-70 (Letter from R. Lock to D. Ommen)*

Plaintiffs object to Exhibit A D-70 as irrelevant. There is no evidence that Allegiant had any of the Consent Judgment, Bob Lock, Bob Lock's monitoring engagement, or this exhibit. Neither Bob Lock's monitoring nor his reporting to the Missouri Attorney General have any relevance toward Allegiant's performance of its duties as trustee.

Plaintiffs also object to Exhibit A D-70 under Fed. R. Evid. 403. Any probative value of this exhibit would be outweighed by the resulting undue prejudice, and this evidence would primarily serve to confuse and mislead the jury. Bob Lock had no duty to Allegiant Bank or the trust beneficiaries (unlike Allegiant). Further, Exhibit A D-70 will likely confuse and mislead the jury regarding the significance of the Missouri Attorney General's knowledge of the information

8

contained in this exhibit. This Court has already ruled that no party may argue or suggest that "the regulators' conduct was improper" or that "regulators' actions caused the harm at issue." ECF No. 2215 at 13. Exhibit A D-70 would only serve to mislead or confuse the jury into believing the State of Missouri was at fault for not intervening at the time or sharing this information with Allegiant.

Plaintiffs further object to Exhibit A D-70 on hearsay grounds. This exhibit is comprised of out-of-court statements being offered for their truth, and does not fall within any of the hearsay exceptions. Plaintiffs also object to Exhibit A D-70 as lacking foundation and authenticity.

9. *A D-71 (Letter from D. Drummond to Lincoln Memorial Life Insurance Company re Missouri Market Conduct Examination #2105-0199-LAH, enclosing a copy of the examiners' market conduct report dated 5/24/1999)*

Plaintiffs object to Exhibit A D-71 as inadmissible hearsay. This exhibit is comprised of out-of-court statements being offered for their truth, and Exhibit A D-71 does not fall within any of the hearsay exceptions. Plaintiffs also object that Exhibit A D-71 lacks foundation.

Plaintiffs further object to Exhibit A D-71 as irrelevant. Information known by regulatory authorities such as the TDI, TDOB, and MODOI has no relevance toward Allegiant's conduct as trustee over the NPS Trusts. In addition, these regulators had no responsibility or obligation to share the information in Exhibit A D-71 with Allegiant.

Plaintiffs also object to Exhibit A D-71 under Fed. R. Evid. 403. Any probative value of Exhibit A D-71 would be outweighed by the resulting undue prejudice, and this evidence would primarily serve to confuse and mislead the jury regarding the significance of the information contained or not contained in this exhibit. This Court has already ruled that no party may argue

9
1937550

or suggest that "the regulators' conduct was improper" or that "regulators' actions caused the harm at issue." ECF No. 2215 at 13. Exhibit A D-71 would only serve to mislead or confuse the jury into believing the regulators were at fault for either not recognizing the fraud, not shutting down NPS, or not sharing certain information with Allegiant.

10. *A D-98 (Letter from McBride, Lock & Associates to The Hon. G. Hamilton re Case No. 94-CCO-55012)*

Plaintiffs object to Exhibit A D-98 as irrelevant. There is no evidence that Allegiant had any knowledge of the Consent Judgment, Bob Lock, Bob Lock's monitoring engagement, or this exhibit. Neither Bob Lock's monitoring nor his reporting to the Court has any relevance toward Allegiant's performance of its duties as trustee.

Plaintiffs also object to this exhibit under Fed. R. Evid. 403. Any probative value of this exhibit would be outweighed by the resulting undue prejudice, and this evidence would primarily serve to confuse and mislead the jury. Bob Lock had no duty to Allegiant Bank or the trust beneficiaries (unlike Allegiant). Further, Exhibit A D-98 would likely confuse and mislead the jury regarding the significance of the Missouri Attorney General's knowledge of the information contained in this exhibit. This Court has already ruled that no party may argue or suggest that "the regulators' conduct was improper" or that "regulators' actions caused the harm at issue." ECF No. 2215 at 13. Exhibit A D-98 would only serve to mislead or confuse the jury into believing the State of Missouri was at fault for not intervening at the time or sharing this information with Allegiant.

Plaintiffs further object to Exhibit A D-98 as inadmissible hearsay. This exhibit represents an out-of-court statement being offered for its truth, and it does not fall within any of

10

the hearsay exceptions. Plaintiffs also object to Exhibit A D-98 as lacking foundation and authenticity.

11. *A D-128 (Missouri Division of Finance Report of Trust Examination to Allegiant)*

Plaintiffs object to Exhibit A D-128 as inadmissible hearsay. This exhibit is comprised of out-of-court statements being offered for their truth and does not fall within any of the hearsay exceptions. Exhibit A D-128 also lacks foundation.

Plaintiffs further object to Exhibit A D-128 as irrelevant. National City is presumably seeking to offer this exhibit into evidence for the purpose of highlighting Allegiant's rating received during this examination. This rating is not applicable to the matters at issue in this lawsuit and does not represent an attempt to grade Allegiant's conduct as trustee over the NPS Trusts. The examiners for the State of Missouri were not appropriate parties—nor did they purport to be appropriate parties—to determine whether Allegiant was fulfilling its responsibilities under Missouri law with respect to the NPS Trusts. Whether or not the examiners identified concerns related to Allegiant's administration of the NPS Trusts is irrelevant to Plaintiffs' claims against National City.

Plaintiffs also object to Exhibit A D-128 under Fed. R. Evid. 403. Any probative value of Exhibit A D-128 would be outweighed by the resulting undue prejudice, and this evidence would primarily serve to confuse and mislead the jury.

12. *A D-191 (MO DOF Report of Trust Examination of Bremen Bank)*

Plaintiffs object to Exhibit A D-191 as inadmissible hearsay. This exhibit is comprised of out-of-court statements being offered for their truth and does not fall within any of the hearsay exceptions. Exhibit A D-191 also lacks foundation.

Plaintiffs further object to Exhibit A D-191 as irrelevant. National City is presumably seeking to offer this exhibit into evidence for the purpose of highlighting Bremen's rating received during this examination. This rating is not applicable to the matters at issue in this lawsuit and does not represent an attempt to grade Bremen's conduct as trustee over the NPS Trusts. The examiners for the State of Missouri were not appropriate parties—nor did they purport to be appropriate parties—to determine whether Bremen was fulfilling its responsibilities under Missouri law with respect to the NPS Trusts. Whether or not the examiners identified concerns related to Bremen's administration of the NPS Trusts is irrelevant to Plaintiffs' claims against National City.

Plaintiffs also object to Exhibit A D-191 under Fed. R. Evid. 403. Any probative value of Exhibit A D-191 will be outweighed by the resulting undue prejudice, and this evidence will primarily serve to confuse and mislead the jury.

13. *A D-223 (Second Superseding Indictment in U.S. v. Randall K. Sutton, et al., Case No. 4:09-cr-00509)*

Plaintiffs object to Exhibit A D-223 as inadmissible hearsay. This exhibit is comprised of out-of-court statements being offered for their truth and does not fall within any of the hearsay exceptions. Exhibit A D-223 also lacks foundation and authentication and National City has designated no witness with the ability to authenticate this exhibit.

Plaintiffs further object to Exhibit A D-223 as irrelevant. This Second Superseding Indictment represents allegations made against Randall Sutton, Sharon Nekol Province, James Douglas Cassity, Brent Cassity, Howard Wittner, and David Wulf. Allegations against these individuals, none of whom are parties to this lawsuit, do not constitute evidence in a civil matter.

Exhibit A D-223 also constitutes inadmissible character evidence under Fed. R. Evid. 404. Evidence of a crime "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Plaintiffs also object to Exhibit A D-223 under Fed. R. Evid. 403. Any probative value of Exhibit A D-223 would be outweighed by the resulting undue prejudice and jury confusion.

14. *A D-233 (Judgment in a Criminal Case entered in USA v. Howard Wittner, case no. 4:09-CR-00509-JCH-5 against Howard Wittner), A D-234 (Judgment in a Criminal Case entered in USA v. Sharon Nekol Province, case no. 4:09-CR-00509-JCH-2 against Sharon Nekol Province), A D-235 (Amended Judgment in a Criminal Case entered in USA v. James Douglas Cassity, case no. 4:09-CR-00509-JCH-3 against James Douglas Cassity), A D-236 (Amended Judgment in a Criminal Case entered in USA v. Randall K. Sutton, case no. 4:09-CR-00509-JCH-1 against Randall K. Sutton), A D-237 (Amended Judgment entered against David Wulf in U.S. v. David Wulf, Case Number 4:09CR00509), and A D-238(Amended Judgment in a Criminal Case entered in USA v. Brent Douglas Cassity, case no. 4:09-CR-00509-JCH-4 against Brent Douglas Cassity)*

Plaintiffs object to Exhibits A D-233, A D-234, A D-235, A D-236, A D-237, and A D-238 (collectively the "Criminal Plea Agreements") as inadmissible hearsay. The Criminal Plea Agreements are comprised of out-of-court statements being offered for their truth and does not fall within any of the hearsay exceptions. These exhibits also lack foundation.

Plaintiffs further object to the Criminal Plea Agreements as irrelevant to the civil claims brought against National City. The Criminal Plea Agreements represent contracts negotiated and agreed to between non-parties to this civil lawsuit that include an admissions of violations of a criminal statute. Conversely, the Criminal Plea Agreements do not include admissions related

13

to proximately causing any civil injuries. The Criminal Plea Agreements are also inadmissible under Fed. R. Evid. 404, as evidence of a crime "is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Plaintiffs further object to these exhibits under Fed. R. Evid. 403. Any probative value of the Criminal Plea Agreements would be substantially outweighed by the resulting undue prejudice, and the exhibits would serve to confuse and mislead the jury as to what is at issue in this civil case.

15. *A D-244 (Copy of Chapter 436 annotated by Herb Morisse)*

Plaintiffs object to Exhibit A D-244 as inadmissible hearsay. This exhibit is comprised of out of court statements, including numerous handwritten notations, which are being offered for their truth. These statements do not fall within any of the hearsay exceptions. Exhibit A D-244 also lacks foundation and authenticity.

Dated this 30th day of January, 2015.

Respectfully submitted,

*s/ Wendy B. Fisher*
Daniel M. Reilly (Admitted *Pro Hac Vice*)
Larry S. Pozner, E.D. Missouri Bar No. 2792CO
Wendy B. Fisher (Admitted *Pro Hac Vice*)
Glenn E. Roper (Admitted *Pro Hac Vice*)
Clare S. Pennington (Admitted *Pro Hac Vice*)

14

1937550

Farrell A. Carfield (Admitted *Pro Hac Vice*)
Lauren G. Jaeckel (Admitted *Pro Hac Vice*)
Sean Connelly (Admitted *Pro Hac Vice*)
Michael P. Robertson (Admitted *Pro Hac Vice*)
Michael T. Kotlarczyk (Admitted *Pro Hac Vice*)
Dru R. Nielsen (Admitted *Pro Hac Vice*)
Ashley D. Morgan (Admitted *Pro Hac Vice*)

Reilly Pozner LLP
1900 16th Street, Suite 1700
Denver, CO 80202
(303) 893-6100

Maurice B. Graham, Bar No. 3257
Morry S. Cole, Bar No. 77854
Gray, Ritter & Graham, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101
(314) 241-5620

Attorneys for Plaintiffs Jo Ann Howard and Associates, P.C., in its capacity as Special Deputy Receiver of Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc.; the National Organization of Life and Health Insurance Guaranty Associations; the Missouri Life & Health Insurance Guaranty Association; the Texas Life & Health Insurance Guaranty Association; the Illinois Life & Health Insurance Guaranty Association; the Kansas Life & Health Insurance Guaranty Association; Oklahoma Life & Health Insurance Guaranty Association; the Kentucky Life & Health Insurance Guaranty Association; and the as Life & Health Insurance Guaranty Association

1937550

# CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2015, the foregoing **PLAINTIFFS' OBJECTIONS TO NATIONAL CITY'S PRIORITY EXHIBITS** was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

I hereby further certify that on January 30, 2015, the foregoing was sent by United States Postal Service or by electronic means, as indicated below, to the following non-participants in Electronic Case Filing:

Sharon Nekol Province, *Pro se*
Register # 36759-044
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, TX 76127

                              *s/ Wendy B. Fisher*
                              Wendy B. Fisher
                              (Admitted *Pro Hac Vice*)
                              Attorney for Plaintiffs