IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) Cause No. 4:09-CV-01252-ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF
PNC BANK'S[1] MOTION SEEKING JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, PNC Bank hereby requests that the Court take judicial notice of a printout from the National Organization of Life & Health Insurance Guaranty Associations ("NOLHGA") website obtained on January 30, 2015 at 4:59 PM, accessible at https://www.nolhga.com, which is attached as Exhibit A.

NOLHGA is a plaintiff in this case. NOLHGA is a voluntary association of its members, which are all of the life and health insurance guaranty associations of the states of the United States of America, the District of Columbia, and Puerto Rico. D.E. #2127-1 at 1. The guaranty associations are statutory entities created by their respective state legislatures to provide protection to their respective states' resident policyholders in the event of an insolvency of a member insurance company. *Id*. at 2.

NOLHGA maintains a website, https://www.nolhga.com, that provides information about what NOLHGA is, what it does, and a variety of facts about its activities. Notably, the website

---

[1] "PNC Bank" refers to PNC Bank, N.A. and National City Bank, which are successors in interest to Allegiant Bank.

1

characterizes NOLHGA as a "national safety net" that protects insurance consumers. *See* Ex. A. Pursuant to the Court's Memorandum and Order on the Missouri Trustees' Motion *in limine* to exclude evidence and argument of taxpayers or consumers bearing the cost of the guaranty associations' payments under the liquidation plan, "[e]vidence and testimony explaining the SGAs is admissible." D.E. #2215 at 10.

The Court may take judicial notice of any fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). A court "*must* take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c) (emphasis added).

Courts routinely take judicial notice of printouts of websites available via the internet because they are publicly available and not subject to reasonable dispute. *See Enter. Rent-A-Car Co. v. U-Haul Int'l, Inc.*, 327 F. Supp. 2d 1032, 1042 (E.D. Mo. 2004) (taking judicial notice of a corporation's website). Of particular import is who owns and maintains the website. Where a website is the official page of a private association or government agency, courts routinely find the website sufficiently authentic and reliable to be the subject of judicial notice. *See City of Monroe Employees Ret. Sys. v. Bridgestone Corp.*, 399 F.3d 651, 655 n. 1 (6th Cir. 2005) (taking judicial notice of a term defined on the website of the National Association of Securities Dealers, Inc.); *In re Amgen Inc. Sec. Litig.*, 544 F. Supp. 2d 1009, 1023 (C.D. Cal. 2008) (taking judicial notice of information posted on the Food and Drug Administration website).

It is particularly appropriate to take judicial notice of the website of a party because the entity responsible for its content cannot reasonably be in dispute. *See Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (citing *Blue Lake Rancheria v.*

*United States*, 2010 WL 144989 at *2 n. 4 (N.D. Cal. Jan. 8, 2010), *rev'd on other grounds*, 653 F.3d 1112 (9th Cir. 2011)); *see also Enter. Rent-A-Car Co.*, 327 F. Supp. 2d at 1042 (taking judicial notice of a party's website in analyzing whether the court had personal jurisdiction over the party).

The NOLHGA website is the proper subject of judicial notice. This website is publicly available online, it is managed by a plaintiff in this litigation, and its authenticity is not in dispute. PNC Bank therefore requests that the Court take judicial notice of the printout from the NOLHGA website that is attached as Exhibit A.

Dated: January 30, 2015

Respectfully submitted,

By: /s/ Teagan James Gregory
Stephen D. Raber (Admitted *pro hac vice*)
J. Andrew Keyes (Admitted *pro hac vice*)
Amy Mason Saharia (Admitted *pro hac vice)*
Mary Beth Hickcox-Howard (Admitted *pro hac vice*)
Teagan J. Gregory (Admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)
tgregory@wc.com

Mike W. Bartolacci, Bar No. 29110
**THOMPSON COBURN LLP**
One U.S. Bank Plaza, Suite 2600
St. Louis, MO 63101
(314) 552-6000 (telephone)
(314) 552-7000 (facsimile)
mbartolacci@thompsoncoburn.com

*Attorneys for Defendant PNC Bank, N.A.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on January 30, 2015, the foregoing MEMORANDUM IN SUPPORT OF PNC BANK'S MOTION SEEKING JUDICIAL NOTICE was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

       I hereby further certify that the foregoing was mailed by United States Postal Service to the following non-participants in Electronic Case Filing:


Sharon Nekol Province
Register Number 36759-044
FMC Carswell
Federal Medical Center
P.O. Box 27137
Fort Worth, TX 76127
*Pro se*


                                      /s/ Teagan James Gregory
                                      Teagan James Gregory
                                      (Admitted *Pro Hac Vice*)