IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., SPECIAL DEPUTY RECEIVER OF LINCOLN MEMORIAL LIFE INSURANCE COMPANY, MEMORIAL SERVICE LIFE INSURANCE COMPANY, AND NATIONAL PREARRANGED SERVICES, INC., ET AL., <br><br> Plaintiffs, <br> v. <br><br> J. DOUGLAS CASSITY; RANDALL K. SUTTON; BRENT D. CASSITY; J. TYLER CASSITY; RHONDA L. CASSITY; ET AL., <br><br> Defendants. | Case No. 09-CV-1252-ERW |

**PLAINTIFFS' BRIEF ADDRESSING THE ADMISSIBILITY OF EVIDNCE REGARDING THE FACT OF SETTLEMENT WITH NON-PARTIES**

In response to Defendant National City Bank's arguments and solicitation of testimony regarding the fault of non-parties, including non-party trustee banks, Plaintiffs seek to introduce evidence that the non-parties were at one time parties to this action, and evidence of the fact—but not the amount—of settlement with these non-parties.

**I.     Evidence of the Fact of Settlement Is Admissible to Protect Against Jury Confusion**

Where a plaintiff settles with some but not all defendants, evidence of the fact of settlement (but not the amount or terms of the settlement) is admissible to explain to the jury the absence of the settling defendants at trial. *See, e.g.*, *Ahart v. Micro Switch Mfg. Co.*, 798 F.2d 291, 292–95 (8th Cir. 1986) (finding no error where trial court "instructed the jury of the fact of settlement, but denied the plaintiff's request to present the settlement terms to the jury");

*Kennon v. Slipstreamer, Inc.*, 794 F.2d 1067, 1070 (5th Cir. 1986) ("[R]evealing the fact of settlement explains the absence of the settling defendants and thus tends to reduce jury confusion."); *Pioneer Hi-Bred Int'l v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 144 (N.D. Iowa 2003) ("[I]t may be appropriate to inform the jury that the plaintiff has settled with other defendants, to explain their absence from proceedings against the remaining defendant.").

Fact of settlement evidence is admissible where a defendant argues that the plaintiff's injuries were caused by non-parties that have already settled with plaintiff. *See Belton v. Fibreboard Corp.*, 724 F.2d 500, 505 (5th Cir. 1984). In *Belton*, the plaintiffs brought suit against defendant Pittsburgh Corning and fifteen other defendants, alleging damages from exposure to asbestos-containing products. *Id.* at 501. Prior to trial Plaintiffs settled with the fifteen co-defendants. *Id.* At a pre-trial conference the trial court ruled that if Pittsburgh Corning offered evidence of the settling co-defendants' liability, "then the plaintiffs could explain to the jury that the other defendants were not at trial because they had theretofore settled out of court." *Id.* Plaintiffs advised the jury of the settlement with the co-defendants during opening statements. *Id.*

Prior to deliberations, the trial court instructed the jury not to consider the settlement in its deliberations, and that the jury must "not reduce or diminish or deduct any monies for any settlement that [plaintiffs'] might have made for other Defendants, because this will be a matter that the Court will be required to pass upon." *Id.* at 502. On appeal, the Fifth Circuit addressed Pittsburgh Corning's challenge to the admission of evidence of the fact of settlement, holding that:

> The trial court's ruling that the fact of settlement by fifteen co-defendants was admissible did not violate Rule 408 because the evidence was not offered to prove

2

> liability or the amount of damages. Because Pittsburgh Corning intended to prove that [plaintiffs] had been exposed to the products of the other defendants, the trial court decided that the settlement evidence was necessary for the purpose of explaining why those parties were not in court. The court duly charged the jury that it was not to consider the evidence in reaching a verdict. . . . [W]e hold that the trial court's admission of the evidence to prevent confusion of the jury was not an abuse of discretion.

*Id.* at 505. Numerous other federal courts similarly have held the Federal Rules of Evidence "allow admission of the fact that a settlement occurred in order to educate the jury of the prior matters." *Cooper Tire & Rubber Co. v. Farese*, No. 3:02CV210-SA, 2008 WL 4285546, at *2 (N.D. Miss. Sept. 12, 2008); *Kennon*, 794 F.2d at 1070 ("In a case such as this one, where the absence of defendants previously in court might confuse the jury, the district court may, in its discretion, inform the jury of the settlement in order to avoid confusion."). In *Dahlgren v. First Nat'l Bank of Holdrege*, 533 F.3d 681, 699 (8th Cir. 2008), the court held Rule 408 did not prohibit evidence of the fact of settlement, because "Rule 408 as written only applies to evidence of compromise offered to prove liability for or the amount of the claim that was compromised, whereas here evidence that the Bank settled claims by its successor lenders was offered to refute the Bank's claim that it was not liable for plaintiffs' tort claims."

Here, permitting evidence of the fact of settlement is consistent with the Court's earlier rulings regarding settlement evidence. At the beginning of trial, the Court stated: "[M]y view is that if, in fact, Plaintiffs or Defendant Bank PNC offers evidence of -- that others caused the injury, damages, that -- I do believe that Plaintiffs should be entitled to rebut that with evidence of their pursuit of those other defendants and even submit the amount of damages." Tr. 2/2/2015 Vol. 1-A at 19:22–20:2. The Court later added, "[D]uring closing argument plaintiffs' counsel would be entitled to argue that the other -- as to the jurors wondering where the other persons that have been accused of wrongdoing or cause or fault that there have been settlements

3

with those other parties, and it's up to the Court to apportion fault if any." Tr. 2/2/2015 Vol. 1-B at 85:22–86:13.

By soliciting testimony regarding the liability of non-parties, including the non-party bank trustees, National City has necessitated the admission of the fact of settlement. During opening statements National City's counsel made statements implying that National City was not the only bank who should be held liable. *See* Tr. 2/2/2015 Vol. 2-B at 3:13–17 ("The Missouri trust, I'm going to show you, operated for 25 years, from 1983 to 2008. Allegiant Bank served as the trustee for six of those years. Two banks had the job before Allegiant, and two banks had the job after Allegiant resigned in 2004."). Later, in National City's cross-examination of Richard Markow, counsel solicited testimony attempting to demonstrate that like Allegiant, the other bank trustees also failed to warn of problems in the trusts. *See* Tr. 2/18/2015 Vol. 10-A at 12:16–19 ("And when Bremen took the NPS Illinois trust from whoever that trustee was, did that Illinois trustee warn Bremen or tell Bremen about any problems in the NPS trusts in Illinios?"); *id.* at 15:12–14 ("Now did you or anyone at Bremen tell M & I about any problems or red flags that you had seen in the NPS trusts during that two-year period?"); *id.* at 16:6–16 ("Now when these trusts came back to Bremen from M & I . . . . Did the trustee tell you or warn you about any red flags or problems in the NPS trusts? . . . Did the trustee in Iowa of the NPS trusts in Iowa, tell you or warn you about any red flags that they had seen in the Iowa trusts?"); *id.* at 17:14–16 ("And when M & I transferred these trust back, they didn't tell you about any problems that they had seen in the NPS trusts in Missouri, did they?"). Consistent with the Court's prior rulings and statements, Plaintiffs should be allowed to inform the jury of the fact of settlement with the other former defendants, including bank trustees.

## II.    Evidence of the Amount or Terms of Settlement Is Inadmissible Under Rules 408 and 403

While evidence of the fact of settlement is admissible, evidence of the amount or terms of a settlement should be excluded under Rule 408.  In *Pioneer Hi-Bred*, the court held that "[a]lthough it may be appropriate to inform the jury that the plaintiff has settled with other defendants, to explain their absence from proceedings against the remaining defendant, the details of any settlement with other defendants is not ordinarily admissible, and the jury should ordinarily be cautioned that they should not consider the settlement with other defendants in considering the claim against a remaining defendant."  219 F.R.D. at 144.  The court held that the terms or amount of settlement is inadmissible under Rules 408 and 403 because the admission of such evidence would "invite a 'mini-trial' on similarities and differences in the facts regarding the 'same' claims against the other defendants to determine what, if any, light the [settlement document] sheds on the value of the claim against [the remaining defendant]." *Id.* at 144–45; *see also Cooper Tire & Rubber Co.*, 2008 WL 4285546 at *2 ("[E]ven if the settlement amount was held to be admissible under Rule 408, any possible probative value would be far outweighed by its potential prejudice."); *Dahlgren*, 533 F.3d at 700 ("The district court took steps to avoid unfair prejudice by excluding the amounts of the settlements and the settlement documents.").

In *Kennon*, the court of appeals held that the "district court did not abuse its discretion in revealing the fact of settlement," however, the "district court's disclosure of the *amount* of settlement . . . is a different matter."  794 F.2d at 1070 (emphasis added).  The *Kennon* court held that "[w]hile revealing the fact of settlement explains the absence of the settling defendants and thus tends to reduce jury confusion, disclosing the amount of settlement serves no such purpose

. . . and therefore it violated Rule 408." *Id.* Likewise, in *Ahart*, the Eighth Circuit rejected the plaintiffs' argument that the trial court erred by admitting the fact but not the amount of settlement. 798 F.2d at 295. The court held that the amount of settlement is inadmissible, because a party "choosing to settle with one or more joint tortfeasors should not be permitted to use the settlement as a club to hold over the head of the nonsettling tortfeasor," and that "[t]o permit [the plaintiff] to place the settlement terms before the jury over the objection of [the nonsettling defendant] would have been unfair to the nonsettling defendant [] who had been given no choice in the plaintiffs' decision to settle." *Id.*

### III. Missouri Law Does Not Permit the Apportionment of Fault to Non-Parties Regardless of Whether the Fact of Settlement Is Known to the Jury

Missouri case law is clear and unequivocal: "[F]ault is only to be apportioned among those at trial and Missouri courts have rejected invitations to change to a total fault apportionment." *Jensen v. Ara Servs., Inc.*, 736 S.W.2d 374, 377 (Mo. 1987); *see also RTC v. Gibson*, 829 F. Supp. 1103, 1107 (W.D. Mo. 1993) (holding that defendants may "seek to have their fault compared with that of the other defendants," but cannot "compare their fault with a non-party"); *Kansas City Power & Light Co. v. Bibb & Assocs., Inc.*, 197 S.W.3d 147, 159 (Mo. Ct. App. 2006) (upholding trial court's denial of jury instruction that would have permitted allocation of fault to non-parties). Consistent with Missouri law, the Court has recognized that "there is a difference between arguing apportionment of fault with non-parties and arguing a non-party was the sole cause of the injury at issue." [ECF No. 2224 Mem. & Order re Prior Ruling on Plaintiffs' Mot. in Limine at 1 (citing *Oldaker v. Peters*, 817 S.W.2d 245, 252–53 (Mo. 1991)].

6

Notwithstanding the Court's prior order and the extensive body of case law prohibiting allocation of fault to non-parties, National City argues that should the jury learn of the fact of settlements with non-parties, it should allocate fault and damages to the settling, non-parties. *See, e.g.*, Tr. 02/18/2015 Vol. 10-A at 23:4–14 ("If we open the door to these other settlements but we're not allowed to allocate damages with people that are not present, that's a very one-sided fact. You know, it's like one of these things; you can't just let in part of it to cure what we think -- what Plaintiffs think is some prejudicial impact, and then say, 'Well, there's all these people that got sued, but you, the jury, you're not allowed to allocate and decide who bears what fault.'"); *id.* at 35:11–16 ("Our position on that, Your Honor, is if [the jury is] told that there are other people that settled, then we need to be able to have the jury allocate fault because just telling them there's been a settlement and then -- and then not giving them an opportunity to allocate fault, then that's prejudicial to the Defendants.").

National City has not cited to, and Plaintiffs have not located, *any* case law indicating that there are *any* exceptions to the Missouri rule that "fault is only to be apportioned among those at trial." *Id.* National City has not cited, and Plaintiffs have not located, any case law supporting the idea that where co-defendants settle and are dismissed prior to trial, the remaining defendant may seek to have fault apportioned to the settling co-defendants if the jury is informed of the fact of settlement.

The numerous Missouri and federal courts that have addressed allocation of fault have universally held that neither a jury, nor the court, may apportion or allocate fault or damages to non-parties. *See, e.g.*, *Jensen*, 736 S.W.2d at 377; *Gibson*, 829 F. Supp. at 1107; *Kansas City Power & Light Co.*, 197 S.W.3d at 159. In *Jensen*, the Missouri Supreme Court stressed that in Missouri

7

"fault is only to be apportioned among those at trial and Missouri courts have rejected invitations to change to a total fault apportionment." 736 S.W.2d at 377.  It further stated:  "Missouri's verdict director does not apportion the total fault but, instead only apportions fault between the trial parties." *Id.*  There simply is no support for National City's urged exception to Missouri's allocation of fault rule if the jury is informed of the fact of settlement by non-parties.

Moreover, such exception, if recognized, would put plaintiffs in an untenable position and effectively negate Missouri law prohibiting apportionment of fault to non-parties.  In the numerous cases where a co-defendant settles, and a defendant like National City is allowed to blame that non-party, the plaintiff must either suffer prejudice by remaining silent as to the fact of settlement or engage in a "'mini-trial' on similarities and differences in the facts regarding the 'same' claims against the other defendants." *Pioneer Hi-Bred*, 219 F.R.D. at 144–45.

National City created the need to inform the jury of the fact of settlements with the other trustees by directly comparing Allegiant's conduct with the conduct of the non-party bank trustees.  *See* Tr. 2/18/2015 Vol. 10-A at 12:16–19 (comparing Bremen's conduct in passing on the trusts), 15:12–14 (same), 16:6–16 (comparing M&I's conduct in passing on the trusts), 17:14–16 (same).  In so doing, National City has put the fault of the non-party bank trustees at issue. National City now seeks to compound the prejudice to Plaintiffs by urging the Court to violate Missouri law prohibiting allocation of fault to non-parties.  National City's position that the jury should be permitted to allocate fault to the settling, non-parties is in direct contravention of both Missouri law and Rule 408.  Plaintiffs respectfully request that the jury be apprised of the fact of settlement between Plaintiffs and the non-party former defendants, including the bank trustees, and that the Court instruct the jury that it may not consider the fault of non-parties or the impact

8

of the pre-trial settlements in determining the liability of National City or the damages suffered by Plaintiffs.

Dated this 24th day of February, 2015.

Respectfully submitted,

*s/ Wendy B. Fisher*
Daniel M. Reilly (Admitted *Pro Hac Vice*)
Larry S. Pozner, E.D. Missouri Bar No. 2792CO
Wendy B. Fisher (Admitted *Pro Hac Vice*)
Glenn E. Roper (Admitted *Pro Hac Vice*)
Clare S. Pennington (Admitted *Pro Hac Vice)*
Farrell A. Carfield (Admitted *Pro Hac Vice*)
Lauren G. Jaeckel (Admitted *Pro Hac Vice*)
Sean Connelly (Admitted *Pro Hac Vice*)
Michael P. Robertson (Admitted *Pro Hac Vice*)
Michael T. Kotlarczyk (Admitted *Pro Hac Vice*)
Dru R. Nielsen (Admitted *Pro Hac Vice*)

Reilly Pozner LLP
1900 16th Street, Suite 1700
Denver, CO 80202
(303) 893-6100

Maurice B. Graham, Bar No. 3257
Morry S. Cole, Bar No. 77854
Gray, Ritter & Graham, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101
(314) 241-5620

Attorneys for Plaintiffs Jo Ann Howard and Associates, P.C., in its capacity as Special Deputy Receiver of Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc.; the National Organization of Life and Health Insurance Guaranty Associations; the Missouri Life & Health Insurance Guaranty Association; the Texas Life & Health Insurance Guaranty Association; the Illinois Life &

                              Health Insurance Guaranty Association; the Kansas Life &
                              Health Insurance Guaranty Association; Oklahoma Life &
                              Health Insurance Guaranty Association; the Kentucky Life
                              & Health Insurance Guaranty Association; and the as Life
                              & Health Insurance Guaranty Association

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 24, 2015, the foregoing PLAINTIFFS' BRIEF ADDRESSING THE ADMISSIBILITY OF EVIDENCE REGARDING THE FACT OF SETTLEMENT WITH NON-PARTIES was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

                                                *s/ Wendy B. Fisher*
                                                Wendy B. Fisher
                                                (Admitted *Pro Hac Vice)*
                                                Attorney for Plaintiffs