UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) | Cause No. 4:09-CV-01252-ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### PNC BANK'S[1] MOTION TO STRIKE EXHIBIT P-1482C AND PRECLUDE ADMISSION OF EXPERT REPORTS

On February 24, 2015, Plaintiffs moved into evidence Exhibit P-1482C, a chart from the July 2014 expert report prepared by Andrew Dalton, over the objection of PNC Bank's counsel.[2] Trial Tr. Vol. 14B at 106–07. PNC Bank respectfully requests that the Court strike Exhibit P-1482C as improper hearsay evidence and preclude Plaintiffs from introducing additional exhibits excerpted from the reports of their expert witnesses.[3]

During the direct examination of Mr. Dalton, Plaintiffs' actuarial expert, Mr. Pozner asked the witness to identify Exhibit P-1482C as a "table showing the results of [his] analysis of the cash [surrender] values [of the life insurance policies held in trust] at various points in time." Trial Tr. Vol. 14B at 105–06. Mr. Dalton confirmed that this table was extracted from his expert

---

[1] "PNC Bank" includes PNC Bank, N.A. and National City Bank.

[2] Trial Exhibit P-1482C is attached as Exhibit A to this motion.

[3] Plaintiffs have identified a number of expert reports and excerpts thereof on their exhibit list, including several exhibits drawn from reports submitted by Plaintiffs' damages expert, Jonathan Arnold, who is scheduled to testify on February 27, 2015. In addition to striking Exhibit P-1482C, PNC Bank asks that the Court bar Plaintiffs from introducing exhibits taken from the reports of Dr. Arnold or any of their other expert witnesses.

report, and Mr. Pozner sought to move the chart into evidence. *Id.* at 106. At the ensuing bench conference, counsel for PNC Bank objected to the admission of Exhibit P-1482C:

> MR. KEYES: This is being used as a demonstrative, but this is his opinion. I don't think opinions can be admitted as substantive evidence. They can hear the witness say what his opinions are. They are just opinions.
>
> MR. POZNER: This is the computation of the cash value using actuarial science. It is the evidence.
>
> MR. KEYES: But it's an opinion based on his work as an expert.
>
> THE COURT: This is, as I understand it, a computation of his work to get to his opinion. Is that correct?
>
> MR. POZNER: Yes, and it's showing the values at set periods of time.
>
> MR. KEYES: So it's his work product. So it's fine to show to the jury, but we don't think it can be admitted as evidence.

*Id.* at 106–07. The Court then overruled PNC Bank's objection and received Exhibit P-1482C. *Id.* at 107.

## **ARGUMENT**

The Federal Rules of Evidence define hearsay as a "statement that . . . the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Such evidence is inadmissible unless the statement falls within an established exception to the hearsay rule. Fed. R. Evid. 802. An expert report prepared by a party's own witness—necessarily a statement made outside "the current trial or hearing" pursuant to the disclosure requirements of Rule 26(a)(2)—is quintessential hearsay. Exhibit P-1482C thus was improperly admitted into evidence and should be stricken.

It is well understood that expert reports and segments thereof constitute inadmissible hearsay. *See, e.g., Hunt v. City of Portland*, No. 11-35600, 2013 WL 5693830, at *2 (9th Cir.

2

Oct. 21, 2013) ("With respect to the expert's written report, we conclude that the report is hearsay to which no hearsay exception applies. The district court did not explain its basis for admitting the report at trial. Therefore, we conclude that it was error for the district court to admit the inadmissible report."); *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 729 (6th Cir. 1994) ("[T]he District Court's conclusion that Rules 702 and 703 permit the admission of the reports was erroneous."); *United States v. Lasley*, No. 14-CR-45-LRR, 2014 WL 6775539, at *6 (N.D. Iowa Dec. 2, 2014) ("The jury will have the opportunity to hear Defendant's experts' live testimony . . . Because this testimony is admissible, the court finds no basis to allow the hearsay contained in the experts' reports to be admitted into evidence . . . ."); *Sargent v. Farmers Ins. Exch.*, No. 4:06CV001173 JMM, 2008 WL 2384907, at *1 (E.D. Ark. June 9, 2008) (noting that proposed expert's "report is hearsay and not admissible"); *Herrin v. Ensco Offshore Co.*, No. CIV.A. 00-3051, 2002 WL 465199, at *3 (E.D. La. Mar. 25, 2002) (sustaining objections to expert reports offered as exhibits on basis of hearsay); *Ake v. Gen. Motors Corp.*, 942 F. Supp. 869, 878 (W.D.N.Y. 1996) ("[T]he report is not admissible as a basis for [the witness's] expert opinion. The report *is* his opinion. [The witness] may testify about some things in the report, but the report itself is inadmissible.").

Indeed, this Court has previously recognized that expert reports pose precisely this evidentiary problem. In *Rainey v. McWright*, No. 4:07CV00355 ERW, 2008 WL 5377848 (E.D. Mo. Dec. 19, 2008), the Court considered a motion to strike an expert report attached as an exhibit to a response to a motion for summary judgment. *Id.* at *3. The Court observed that "[u]nder Rule 56(e), the facts set forth to support or oppose a motion for summary judgment must be admissible" and noted that "[e]vidence is admissible for the purpose of a summary

judgment motion if it is in the form of either admissible documents or attested testimony." *Id.* The Court then ruled that it could not consider the report:

> [The expert report] is inadmissible for the purpose of this summary judgment motion for two reasons. First, the Report is inadmissible hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." While a document containing attested testimony is admissible for the purpose of summary judgment, an unsworn statement is hearsay and is not cognizable on a summary judgment motion.

*Id.* (internal citation omitted).

Here, Plaintiffs offered the table found in Exhibit P-1482C for a clear hearsay purpose—to suggest the truth of the calculations conveyed in that document. *See* Trial Tr. Vol. 14B at 108–14, 117–19. Mr. Dalton, of course, was entitled to and did *testify* about his actuarial work. *See Lasley*, 2014 WL 6775539, at *6. His expert report, however, is an inadmissible out-of-court statement under Rule 802 as offered by Plaintiffs, it should not have been allowed into evidence, and it should not be provided to the jury.

## **CONCLUSION**

For the reasons discussed above, the Court should strike Exhibit P-1482C and bar Plaintiffs from introducing additional exhibits taken from the reports of their expert witnesses.

4

Dated:  February 25, 2015	Respectfully submitted,

By:    /s/ Teagan James Gregory
Stephen D. Raber (Admitted *pro hac vice*)
J. Andrew Keyes (Admitted *pro hac vice*)
Amy Mason Saharia (Admitted *pro hac vice)*
Mary Beth Hickcox-Howard (Admitted *pro hac vice*)
Teagan J. Gregory (Admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)
tgregory@wc.com

Mike W. Bartolacci, Bar No. 29110
**THOMPSON COBURN LLP**
One U.S. Bank Plaza, Suite 2600
St. Louis, MO 63101
(314) 552-6000 (telephone)
(314) 552-7000 (facsimile)
mbartolacci@thompsoncoburn.com

*Attorneys for Defendants National City Bank and PNC Bank, N.A.*

**CERTIFICATE OF SERVICE**

       I hereby certify that on February 25, 2015, the foregoing PNC BANK'S MOTION TO STRIKE EXHIBIT P-1482C AND PRECLUDE ADMISSION OF EXPERT REPORTS was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

       /s/ Teagan James Gregory
Teagan James Gregory
(Admitted *Pro Hac Vice*)

*Attorney for Defendants National City Bank and PNC Bank, N.A.*