IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., SPECIAL DEPUTY RECEIVER OF LINCOLN MEMORIAL LIFE INSURANCE COMPANY, MEMORIAL SERVICE LIFE INSURANCE COMPANY, AND NATIONAL PREARRANGED SERVICES, INC., ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> J. DOUGLAS CASSITY; RANDALL K. SUTTON; BRENT D. CASSITY; J. TYLER CASSITY; RHONDA L. CASSITY; ET AL., <br><br> Defendants. | Case No. 09-CV-1252-ERW |

**PLAINTIFFS' SUPPLEMENTAL BRIEF AS TO NATIONAL CITY'S MOTION FOR JUDGMENT AS A MATTER OF LAW ON PUNITIVE DAMAGES**

The longstanding law in Missouri is that punitive damages are available for breach of fiduciary duty claims, including when the fiduciary is a trustee. There is no contrary authority or heightened standard for fiduciary breaches. Rather, Restatement (Second) of Torts § 908—as adopted in Missouri—applies equally to both negligence and fiduciary breach claims and requires evil motive or reckless indifference. As detailed in Plaintiffs' response brief, Plaintiffs have put forth a wealth of evidence satisfying *both* evil motive and reckless indifference and instructions as to both theories of punitive damages should be sent to the jury. [ECF No. 2289].

### Missouri Courts Have Repeatedly Held that Punitive Damages Are Available for Breach of Fiduciary Duty Claims

In Missouri, as set forth in Restatement section § 908: "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive *or* reckless

1

1947603

indifference to the rights of others." *Burnett v. Griffith*, 769 S.W.2d 780, 787 (Mo. 1989) (emphasis added) (quoting Restatement (Second) of Torts § 908). For decades, Missouri courts have both approved and awarded punitive damages for breach of fiduciary duty claims. The Missouri Court of Appeals has unequivocally held: "Punitive damages may be awarded for breach of a fiduciary duty upon a clear and convincing showing that the defendant acted with evil motive and reckless indifference to the plaintiff's rights." *Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 508 (Mo. Ct. App. 2005) (citing, *inter alia*, *Norber v. Marcotte*, 134 S.W.3d 651, 662 (Mo. Ct. App. 2004); *Gibson v. Adams*, 946 S.W.2d 796, 804 (Mo. Ct. App. 1997)).[1]

In *Grewell*, the appellate court reversed a trial court's ruling that there were insufficient facts to support an award of punitive damages for breach of fiduciary duty, finding there was a genuine issue of fact on this issue. *Id.* at 508-09. Two of the cases relied on by *Grewell* for the Missouri rule authorizing punitive damages for fiduciary breaches reached similar outcomes. In *Norber*, the court of appeals affirmed the trial court's award of "$120,000 actual damages and $75,000 punitive damages for Count III, breach of fiduciary duty." 134 S.W.3d at 661-62. In *Adams*, the appellate court affirmed punitive damages against two defendants liable for breach of fiduciary, reasoning: "Based upon the evidence presented, we cannot say the trial court abused its discretion in finding Adams' and Murphy's conduct rose to the level of maliciousness or wantonness." 946 S.W.2d at 804.

---

[1] National City cites the Missouri Supreme Court's decision in *Alcorn v. Union Pacific Railroad Co.* to suggest that the supreme court has somehow changed or elevated the standard for punitive damages. 50 S.W.3d 226, 249 (Mo. 2001) (quoted in ECF No. 2286 at 10 n.8). That is incorrect. *Alcorn* set out no new standard for punitive damages and is not a fiduciary duty case and so says nothing about such cases.

Consistent with such well-established Missouri law, the Missouri Supreme Court has affirmed a punitive damages award against a trustee for breach of fiduciary duty, holding:

> As trustee holding legal title in favor of the lot purchasers, defendant acted with the intent to defraud the lot purchasers.  It kept them ignorant of the liens filed against their land and continued to collect on the notes despite its knowledge that the deeds were worthless.  The court holds that plaintiffs are not only entitled to actual damages as a result of defendant's failure to convey clear title but also punitive damages as a result of defendant's intent to defraud the plaintiffs.

*Senn v. Manchester Bank of St. Louis,* 583 S.W.2d 119, 131-32 (Mo. 1979), *disavowed on other grounds*, *Haarman v. Davis*, 651 S.W.2d 134 (Mo. 1983); *see Symon v. Vinicombe*, 83 F.3d 425 (unpubl'd), 1996 WL 173149, at *1 (8th Cir. 1996) (affirming award of punitive damages on breach of fiduciary duty claim brought by trustee "against [defendant] for misappropriation of the Trust property").  Missouri appellate courts have not applied a different or heightened standard in analyzing the availability of punitive damages for breach of fiduciary duty claims.  Rather, those cases cite the same standard of evil motive or reckless indifference and apply the same law.

Other Missouri courts have held the same.  *See, e.g.*, *McKeehan v. Wittels*, 508 S.W.2d 277, 284 (Mo. Ct. App. 1974) (affirming award of punitive damages for breaches of fiduciary duty; "We hold that the evidence in the record is sufficient to sustain the trial court's finding of legal malice with respect to the wrongdoings committed by Malcolm and Jacob Wittels and Wittels Investment Company.  Accordingly, we affirm the trial court's judgment in awarding punitive damages for plaintiff against these defendants."); *In re McClelland*, No. 06-41720, 2008 WL 5157685, at *6 (Bankr. W.D. Mo. June 20, 2008) (awarding punitive damages on breach of fiduciary duty claim because the court found defendant's conduct "was outrageous by reason of its reckless indifference to [plaintiff's] rights and the rights of others"); *Synergetics, Inc. v. Hurst*,

3

No. 4:04CV314 DDN, 2005 WL 3358298 (E.D. Mo. Dec. 9, 2005) (denying defendants' JNOV and affirming jury award of punitive damages on claim of breach of fiduciary duty); *Bradshaw v. Deming*, 837 S.W.2d 592, 594-95 (Mo. Ct. App. 1992) (affirming award of punitive damages against defendants, though modifying the amounts so that they were the same for both defendants).

This same rule is applied across the country.  In *Hamilton v. Mercantile Bank of Cedar Rapids*, 621 N.W.2d 401, 408 (Iowa 2001), the Iowa Supreme Court affirmed a punitive damages award for breach of fiduciary duty against former defendant Mercantile in its capacity as trustee. The Iowa Supreme Court reasoned that "[t]he complete and utter failure of the bank to offer an explanation for its inaction bespeaks an ulterior motive.  One can only assume from this record that more remunerative trusts occupied the trust officers' time.  The willfulness of the bank's conduct is plainly demonstrated by its failure to advise the trust beneficiary or the court of material changes in the trust property, concealment that occurred while annual fees for trust services increased six-fold."  *See also Vale v. Union Bank*, 88 Cal. App. 3d 330, 339 (Cal. App. 1979) (affirming award of punitive damages for breach of fiduciary duty against bank serving as trustee of pension and profit-sharing trust; "Exemplary damages may be awarded against a trustee who breaches his fiduciary duties where there is evidence of oppression, fraud or malice."); *Ingle v. Allen*, 317 S.E.2d 1, 4-5 (N.C. App. 1984) (affirming award of punitive damages against trustee; concluding that "[t]he evidence shows that defendants distributed more than $130,000 from the trust, contrary to the will and contrary to the advice of counsel").

No authority exists to support the position that punitive damages are not recoverable for a breach of fiduciary duty claim.  To the contrary, in one of the cases on which National City

4

1947603

heavily relied in its Rule 50 motion, the Eighth Circuit held that an award of punitive damages on a breach of fiduciary claim could not be upheld based on the facts of the case, but did not say that punitive damages are never recoverable for a breach of fiduciary duty claim. *Koester v. Am. Republic Invs., Inc.*, 11 F.3d 818, 823-24 (8th Cir. 1994) (quoted in ECF No. 2286 at 12-13).

National City's argument that a punitive damages award for breach of fiduciary duty requires an elevated showing of self-dealing or personal gain also is legally incorrect and factually irrelevant. Legally, there is no support in *Koester* or elsewhere in Missouri law that there is a heightened standard for punitive damages against a fiduciary. The Western District of Missouri in *In re McLelland* awarded punitive damages for a breach of fiduciary duty based on "reckless indifference" without any additional requirement of self-dealing or personal profit. 2008 WL 5157685, at *6. *Koester* does not state that self-dealing or personal profit is required, but simply notes that those elements were present in the precedent case of *McKeehan*. However, *McKeehan* does not require self-dealing or personal profit as the standard for fiduciaries, but instead cites the same rule of evil intent or reckless indifference. 508 S.W.2d at 284. In *Koester*, the Eighth Circuit used the absence of self-dealing or personal profit to buttress its "conclu[sion] that the punitive damage awards in this case reflect nothing more than punishment for [defendant's] decision to invoke his Fifth Amendment privilege rather than defend himself at trial." 11 F.3d at 823-24.[2]

---

[2] The second Eighth Circuit case cited by National City, *Bold v. Simpson*, 802 F.3d 315 (8th Cir. 1986), has no bearing on this issue. It is a conversion case, not a breach of fiduciary duty case. *Id.* at 321. As a result, it says nothing about a heightened standard of self-dealing or personal profit for breach of fiduciary duty claims, but simply finds under the facts of the case that plaintiffs did not show actual or legal malice and thus punitive damages were not available for the conversion claim. *Id.*

5

Other cases applying Restatement § 908 have upheld punitive damage awards arising from a breach of fiduciary duty in factually-analogous situations and rejected any elevated standard.  For example, in *Federal Savings and Loan Insurance Corp. v. Williams*, the receiver sued directors of a failed bank for a breach of fiduciary duty and sought punitive damages.  The receiver argued "the directors exercised no judgment at all, that their failure to act after repeated and serious warnings about the institution's numerous problems reflects a total abdication of the directorship role and that these repeated failures rise to the level of culpable recklessness."  599 F. Supp. 1184, 1214-15 (D. Md. 1984).  Here, too, Plaintiffs pursue punitive damages for a breach of fiduciary duty caused when the defendant trustees and trust officers exercised no judgment at all, and their failure to act after repeated and serious warnings reflected a total abdication of the corporate roles and rises to the level of culpable recklessness.

The *Williams* court then rejected the same argument National City now makes that an elevated showing of self-dealing or personal profit is required, finding:

> Although most cases awarding punitive damages against directors have been for fraud and self dealing, punitive damages have been held to be recoverable in actions involving a breach of fiduciary duty where the injured party is able to show gross neglect of duty indicating reckless indifference to the rights of others on the part of the wrongdoer.  Additionally, it has been held that it was within the particular province of the jury to decide, after trial on the merits, whether the defendant's acts constituting a breach of fiduciary duty were done willfully or in reckless disregard.

*Id.* at 1215 (internal citations omitted).

Finally, even if self dealing or personal profit were required to let the jury decide on punitive damages on Plaintiffs' fiduciary claim, Plaintiffs' response brief shows, and a reasonable jury could find, that Allegiant and its key officers were engaging in self-dealing for their personal profit. [ECF No. 2289].  Although Allegiant learned of extensive breaches and violations in the

1947603

pre-need trusts no later than early 2004, it chose not to do anything to remedy the problems. Allegiant would not loan their own money to the Cassitys but did loan the trust money. It instead foisted the NPS pre-need trusts on a successor trustee with no disclosure of the numerous problems. Through National City's due diligence, Allegiant (specifically Herb Morisse) learned of the non-existence of a $13.5 million asset in Trust IV and numerous other significant problems. Allegiant took no action to correct any of the problems in the trusts, including to correctly reflect the missing $13.5 million asset. Allegiant benefitted because it was able to complete the lucrative merger with National City and avoided paying a $25 million break up fee. Mr. Morisse benefitted by facilitating the merger and being retained as an employee by National City after Allegiant's merger into National City. [*Id.* at 13-21]. This conduct, coupled with the unrefuted evidence of six years of gross neglect of fiduciary and common law punitives, fell so far below the standard that it supports a finding of evil motive, reckless indifference, conscious disregard, as well as self-dealing and personal profit.

    There is no basis to prohibit the jury from considering punitive damages on Plaintiffs' breach of fiduciary and negligence claims. Plaintiffs respectfully request that the Court reject National City's motion and send the question of punitive damages to the jury.

7

1947603

Dated this 4th day of March, 2015.

                        Respectfully submitted,

                            s/ Wendy B. Fisher
                        Daniel M. Reilly (Admitted Pro Hac Vice)
                        Larry S. Pozner, E.D. Missouri Bar No. 2792CO
                        Wendy B. Fisher (Admitted Pro Hac Vice)
                        Glenn E. Roper (Admitted Pro Hac Vice)
                        Clare S. Pennington (Admitted Pro Hac Vice)
                        Farrell A. Carfield (Admitted Pro Hac Vice)
                        Lauren G. Jaeckel (Admitted Pro Hac Vice)
                        Sean Connelly (Admitted Pro Hac Vice)
                        Michael P. Robertson (Admitted Pro Hac Vice)
                        Michael T. Kotlarczyk (Admitted Pro Hac Vice)
                        Dru R. Nielsen (Admitted Pro Hac Vice)
                        Ashley D. Morgan (Admitted *Pro Hac Vice*)
                        Robert J. Kelly (Admitted *Pro Hac Vice*)

                        Reilly Pozner LLP
                        1900 16th Street, Suite 1700
                        Denver, CO 80202
                        (303) 893-6100

                        Maurice B. Graham, Bar No. 3257
                        Morry S. Cole, Bar No. 77854
                        Gray, Ritter & Graham, P.C.
                        701 Market Street, Suite 800
                        St. Louis, MO 63101
                        (314) 241-5620

                        Attorneys for Plaintiffs Jo Ann Howard and Associates, P.C., in its capacity as Special Deputy Receiver of Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc.; the National Organization of Life and Health Insurance Guaranty Associations; the Missouri Life & Health Insurance Guaranty Association; the Texas Life & Health Insurance Guaranty Association; the Illinois Life & Health Insurance Guaranty Association; the Kansas Life & Health Insurance Guaranty Association; Oklahoma Life & Health Insurance Guaranty Association; the Kentucky Life & Health Insurance Guaranty Association; and the Arkansas Life & Health Insurance Guaranty Association

**CERTIFICATE OF SERVICE**

  I hereby certify that on March 4, 2015 the foregoing pleading was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

                /s/ Wendy B. Fisher
                Wendy B. Fisher
                (Admitted Pro Hac Vice)
                Attorney for Plaintiffs

1947603