UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., *et al.*, <br><br> Plaintiffs, <br> v. <br><br> J. DOUGLAS CASSITY, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) Cause No. 4:09-CV-01252-ERW ) ) ) ) ) |

### PNC BANK'S[1] BENCH MEMORANDUM IN SUPPORT OF APPORTIONMENT OF LIABILITY BETWEEN DEFENDANTS

Under Missouri law, apportionment of fault between defendants is necessary "in all tort actions for damages." Mo. Rev. Stat. § 537.067.1. This case is a "tort action[] for damages." Plaintiffs assert tort claims against both defendants: negligence and breach of fiduciary duty claims against PNC Bank[2] and civil RICO claims against Forever Enterprises ("Forever"). *See* Third Amended Complaint ("TAC"), D.E. #916 ¶¶ 229-65, 307-16, 394-401, 402-09. And Plaintiffs assert that both PNC Bank and Forever are liable for the same damages on the same theory that each Defendant is liable for all of NPS's debts because each Defendant could have stopped the sale of additional contracts. *See* Trial Tr. Vol. 18-B at 33:7-34:2 (Arnold).

---

[1] "PNC Bank" includes PNC Bank, N.A. and National City Bank.

[2] This Court has already ruled that Plaintiffs are asserting tort claims for damages against PNC Bank. *See, e.g.,* D.E. #2092, at 9-11. As PNC Bank has previously argued, Plaintiffs are improperly attempting to split what is a single claim for breach of fiduciary duty into two claims. *See, e.g.,* PNC Bank's Objections to Plaintiffs' Proposed Jury Instructions, D.E. #2174-4 at 26 (citing *Honsinger v. UMB Bank*, No. 06-0018-CV-W-ODS, 2007 U.S. Dist. LEXIS 89303, at *13 n.7 (W.D. Mo. Dec. 4, 2007)). By accepting Plaintiffs' argument that they have two tort claims for the purposes of this brief, PNC Bank is not waiving its arguments that the jury should be instructed only on breach of fiduciary duty and that Plaintiffs' claim is a claim for breach of trust under Missouri law.

Therefore, if the jury finds both PNC Bank and Forever liable, the Court should require the jury to apportion liability between them.

**I.     THIS IS A "TORT ACTION."**

Missouri Revised Statute § 537.067 provides in pertinent part:

> In all tort actions for damages, if a defendant is found to bear fifty-one percent or more of fault, then such defendant shall be jointly and severally liable for the amount of the judgment rendered against the defendants.  If a defendant is found to bear less than fifty-one percent of fault, then the defendant shall only be responsible for the percentage of the judgment for which the defendant is determined to be responsible by the trier of fact . . . .

This is a "tort action[] for damages."  Over PNC Bank's objections that this case is a breach of trust case sounding in equity, the Court has accepted Plaintiffs' argument that this case is a tort action sounding in law as to PNC Bank.  *See, e.g.,* D.E. #2092, at 9-11.  As to Plaintiffs' claims against Forever, the nature of the claims was never in question—RICO is a statutory tort.  *See, e.g., Bieter Co. v. Blomquist*, 987 F.2d 1319, 1329 (8th Cir. 1993) ("Civil RICO is of course a statutory tort . . . .").

**A.     Plaintiffs Assert Common Law Tort Claims Against PNC Bank.**

The Court has permitted Plaintiffs to assert common law tort claims against PNC Bank.  Plaintiffs' negligence claim sounds in tort.  *See, e.g.*, *Missouri Alliance for Retired Americans v. Dep't of Labor & Indus. Relations*, 277 S.W.3d 670, 678 (Mo. banc 2009) (negligence is a "tort action[]").  Plaintiffs' breach of fiduciary duty claim also sounds in tort.  *See Ranch Hand Foods, Inc. v. Polar Pak Foods, Inc.*, 690 S.W.2d 437, 444 (Mo. Ct. App. 1985) (discussing the "controlling law applicable to the tort claims" including the "breach of fiduciary duty" claim at issue); *see also* Restatement (Second) of Torts § 874, cmt. b (1979) ("A fiduciary who commits a breach of his duty as a fiduciary is guilty of tortious conduct to the person for whom he should act.").

2

### B.   Plaintiffs Assert a Statutory Tort Claim Against Forever.

Plaintiffs' RICO claim against Forever also sounds in tort.  It is well established that civil RICO is a statutory tort.  *See, e.g., Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 467 (2006) ("[P]laintiff in this [civil RICO] case, *as in all tort cases* . . . .") (emphasis added); *Brandenburg v. Seidel*, 859 F.2d 1179, 1189 (4th Cir. 1988) ("Civil RICO is of course a statutory tort remedy—simply one with particularly drastic remedies."), *overruled on other grounds by Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996); *Reynolds v. E. Dyer Dev. Co.*, 882 F.2d 1249, 1253 (7th Cir. 1989) ("Civil RICO is a statutory tort . . . .").  In *Bieter Co. v. Blomquist*, the Eighth Circuit held that because civil RICO is a statutory tort, "[i]t follows, then, that limitations on damages suggested by tort law would also apply to civil RICO."  987 F.3d at 1329; *see also Appletree Square I, Ltd. P'ship v. W.R. Grace & Co.*, 29 F.3d 1283, 1286 (8th Cir. 1994) (analyzing whether plaintiffs could establish proximate causation in order to maintain civil RICO action).

## II.   SECTION 537.067 APPLIES TO CIVIL RICO CLAIMS.

Section 537.067 is fully applicable to civil RICO claims.  By its own terms, Section 537.067 applies to "*all* tort actions for damages."  *Id.* (emphasis added).  The plain language of the statute includes every tort action for damages by using the word "all."  *See Priedeman v. Jamison*, 202 S.W.2d 900, 902 (Mo. 1947) (per curiam) ("A more comprehensive word cannot be found in the English language." (quotation marks omitted)).

In addition to the clear meaning of the word "all" in the statute, the case law supports the broad application of the statute.  The Missouri Supreme Court has applied Section 537.067 to statutory torts.  In *Werremeyer*, for example, the Court applied the same language in the pre-amendment version of Section 537.067 to a negligence *per se* claim based on a statute.  *See Werremeyer v. K.C. Auto Salvage Co.*, 134 S.W.3d 633, 635 (Mo. banc 2004) ("The

3

Werremeyers sued for common-law fraud and violation of section 301.390."). The same case applied Section 537.067 to intentional torts. *See id.*, 134 S.W.3d at 635 (applying pre-amendment version of § 537.067 to intentional torts fraud and fraudulent misrepresentation).[3]

In short, there is nothing about a RICO claim that could make it fall outside the realm of "*all* tort actions for damages."

### III. SECTION 537.067 DOES NOT REQUIRE THAT THE SAME TORTS BE ALLEGED AGAINST BOTH DEFENDANTS.

Plaintiffs argue that apportionment is inappropriate because they are not pursuing the same exact tort claim against each Defendant. *See* D.E. #2287-1, at 44 ("Forever Enterprises cannot be apportioned fault for its negligence or breach of fiduciary duty when the jury will not be asked to find liability against Forever Enterprises on this basis."). That argument finds no support in the language of Section 537.067. By its plain text, Section 537.067 applies to "all tort actions for damages," irrespective of whether different tort claims are alleged against different defendants. The jury must apportion liability between the remaining defendants under Section 537.067 even though Plaintiffs do not assert the same tort claims against both defendants.

None of the cases cited by Plaintiffs deal with apportionment at all, let alone read a "same tort" requirement into the apportionment statute. *See id.* (citing *Blanks v. Fluor Corp.*, 2014 WL 4589815, at *44 (Mo. Ct. App. Sept. 16, 2014); *Elam v. Alcolac, Inc.*, 765 S.W.2d 42, 183 (Mo. Ct. App. 1988)); *Belisle v. Wilson*, 313 S.W.2d 11, 17 (Mo. 1958); and *Rogers v. Thompson*, 364 Mo. 605, 618 (1954)). Indeed, Missouri courts apply the statute to allocate liability between defendants as to whom different tort claims are alleged. *See, e.g.*, *Werremeyer*,

---

[3] To the extent earlier Missouri cases rely upon the common law to suggest that intentional tortfeasors cannot seek allocation, *e.g.*, *Gustafson v. Benda*, 661 S.W.2d 11, 19 (Mo. banc 1983), those cases have been abrogated by Section 537.067, which was enacted in 1987.

134 S.W.3d at 635 (applying § 537.067 to tortfeasor found liable for fraudulent misrepresentation and tortfeasor found liable for fraud and negligence *per se*).

## IV.   THE PURPOSE OF SECTION 537.067 CONFIRMS ITS APPLICABILITY TO THIS CASE.

The purpose of Section 537.067—to protect a less culpable defendant from shouldering a disproportionate share of joint tort liability—further demonstrates that any tort liability should be allocated between Forever and PNC Bank.

Section 537.067 was amended in 2005 to prevent the imposition of disproportionate liability on a single alleged tortfeasor.  Before 2005, tort defendants were held jointly and severally liable, regardless of whether one defendant was 1% or 99% at fault.  *See* Mo. Rev. Stat. § 537.067 (1987).  Recognizing the inequity of that system, the Missouri Legislature amended its joint and several liability regime to permit the allocation of several liability.

This case presents precisely the scenario that this amendment was intended to address. At trial, Plaintiffs' damages expert opined that both PNC Bank and Forever Enterprises are liable for all of the SDR's damages because both Defendants purportedly could have stopped the issuance of pre-need contracts.  Trial Tr., Vol. 1-A, at 61:6-9 (Arnold) ("Q  And have you calculated the losses in this case as if the sale of contracts would have stopped, let's say, in September of 1998, Day One when Allegiant took over as trustee? A Yes."); Trial Tr., Vol. 18-B, at 33:15-22 (Arnold) ("Yes. [Forever], too, could have taken steps that would have resulted in no more of these contracts being issued."); Trial Tr., Vol. 18-B, at 33:23-34:2 ("Q So your opinion in this case is that the entirety of the damages suffered by the Special Deputy Receiver is attributable to Forever Enterprises, the other defendants, correct?  A  Among others, yes."). Plaintiffs' damages theory is exactly the same as to both Defendants.

5

As between Allegiant Bank and Forever, Forever undoubtedly bears more responsibility for the perpetuation of the Cassitys' criminal scheme.  Plaintiffs allege that (1) a group of criminals worked in concert—through corporate entities like Forever, which served as their alter egos—to commit a massive, nationwide fraud; and (2) Allegiant was negligent in not detecting and preventing the fraud.  *See* TAC, ¶¶ 223-28, 228.27-31.  Forever was both an intentional tortfeasor and the alter ego of the criminal actors.  In comparing the fault of the entity committing the fraud and the entity that failed to detect it was being defrauded, a jury will almost certainly conclude Forever is the greater wrongdoer.

A defendant in the position of PNC Bank is exactly whom the statute is intended to protect.

## V.     THE COURT HAS NOT PREVIOUSLY RULED ON THE APPORTIONMENT OF FAULT ISSUE.

Plaintiffs erroneously contend "the Court has ruled that apportionment of fault has no place in this case." *See* D.E. #2287-1, at 44-45 (citing rulings at D.E. #2224 at 2 and D.E. #2215 at 15).  In its previous orders, the Court was addressing the question whether fault can be apportioned to *non-parties*.  Missouri law does not permit apportionment of fault to *non-parties*.  That principle has nothing to do with the question whether fault can be apportioned between PNC Bank and Forever.  To state the obvious, Forever is a *party*.

## **CONCLUSION**

If the jury finds both Forever and PNC Bank liable in tort, Section 537.067 requires the apportionment of liability between them.

Dated: March 5, 2015  Respectfully submitted,

By: /s/ Mary Beth Hickcox-Howard
Stephen D. Raber (Admitted *pro hac vice*)
J. Andrew Keyes (Admitted *pro hac vice*)
Amy Mason Saharia (Admitted *pro hac vice)*
Mary Beth Hickcox-Howard (Admitted *pro hac vice*)
Teagan J. Gregory (Admitted *pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000 (telephone)
(202) 434-5029 (facsimile)
mhickcox-howard@wc.com

Mike W. Bartolacci, Bar No. 29110
**THOMPSON COBURN LLP**
One U.S. Bank Plaza, Suite 2600
St. Louis, MO 63101
(314) 552-6000 (telephone)
(314) 552-7000 (facsimile)
mbartolacci@thompsoncoburn.com

*Attorneys for Defendants PNC Bank, N.A. and National City Bank*

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 5, 2015, the foregoing BENCH MEMORANDUM ON APPORTIONMENT OF DAMAGES was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

      /s/ Mary Beth Hickcox-Howard
Mary Beth Hickcox-Howard
(Admitted *Pro Hac Vice*)

*Attorney for Defendants National City Bank and PNC Bank, N.A.*