INSTRUCTION NO. __/__

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

INSTRUCTION NO. __2__

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

INSTRUCTION NO. _3_

In deciding what the facts are. you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

INSTRUCTION NO. __4/__

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

# INSTRUCTION NO. 5

A corporation acts only through its agents or employees, and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent or employee by the corporation, or within the scope of his or her duties as an agent or employee of the corporation.

# INSTRUCTION NO. 6

Certain charts and summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underling evidence in the case. Those charts or summaries are used for convenience. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the books, records or other underlying evidence.

# INSTRUCTION NO. 7

A fiduciary is a person or entity bearing responsibility for the care of another or another's property, who or which must act scrupulously and honestly in discharging his or its duties. A trustee is a fiduciary of the highest order and is required to exercise a high standard of conduct and fidelity in respect to administration of his or its trust.

Allegiant Bank was trustee of the NPS pre-need trusts in this case. Allegiant Bank also served as trustee for CSA/Mason Securities Trust and Mt. Washington Trust.

# INSTRUCTION NO. _8_

In these instructions, the term "NPS pre-need trusts" refers to NPS Pre-Need Trusts I, II, III, IV and V. Allegiant Bank served as a trustee of the NPS pre-need trusts I, II, III and IV from August 1998 through May 31, 2004.

Allegiant Bank served as trustee of the NPS pre-need trust V from March 1999 through May 31, 2004.

Allegiant Bank served as trustee of the CSA/Mason Securities Trust from February 1998 through May 31, 2004.

Allegiant Bank served as trustee of the Mt. Washington Trust from April 2000 through May 31, 2004.

# INSTRUCTION NO. 9

A bank that merges with a former bank is called a successor in interest. The successor in interest under the law assumes liability of all acts and failures to act of the former bank. You shall treat all liabilities of the former bank as if they were the liabilities of the successor in interest.

You shall accept as true National City Bank is the successor in interest to Allegiant Bank and is liable for all acts or failures to act by Allegiant Bank.

You further shall accept as true that PNC Bank is the successor in interest to both Allegiant Bank and National City Bank, and that PNC Bank is liable for all acts or failures to act by Allegiant Bank.

# INSTRUCTION NO. 10

You have heard about actions of governmental agencies of various states. Regulators are not parties to this case. You may consider this evidence along with all evidence in the case, but may not consider that evidence to conclude any regulatory action or inaction was the cause of any failure of any Cassity company.

INSTRUCTION NO. _11_

The term "negligent" or "negligence" as used in these instructions means the failure to use that degree of care that an ordinarily careful trustee would use under the same or similar circumstances.

## INSTRUCTION NO. 12

On Plaintiffs' claim of negligence against Allegiant Bank, your verdict must be for Plaintiffs if you believe:

First, either:

      a.    Allegiant Bank failed to maintain title and control of all trust assets, or

      b.    Allegiant Bank failed to ensure that the trust assets were held in reasonably prudent investments, or

      c.    Allegiant Bank failed to maintain adequate records of all transactions administered through the trusts and pertaining to the trusts, generally, or

      d.    Allegiant Bank failed to exercise the judgment and care in the permanent disposition of trust assets that a person of ordinary prudence, discretion, and intelligence would use in the management of his or her own affairs, or

      e.    Allegiant Bank distributed trust income when the aggregate market value of trust assets at the time of the distribution was not greater than the total amount deposited under all the pre-need contracts administered through the trust at the time of the distribution, or

      f.    Allegiant Bank distributed trust principal deposited under a pre-need contract without obtaining proof that the promised funeral services had been provided, that NPS had paid the amount promised under a pre-need contract, or that the contract was cancelled by the consumer or seller, and

Second, Defendant, in any one or more of the respects submitted in paragraph First, thereby

was negligent, and

Third, such negligence, directly caused or directly contributed to cause Plaintiffs' damages. Except you shall not impose liability against Allegiant Bank under subparagraph b. of Paragraph First for investment decisions made by Wulf, Bates and Murphy, if you believe that:

      (i)     Wulf, Bates and Murphy was a federally or Missouri-registered investment advisor; and

      (ii)    Wulf, Bates and Murphy was independent of National Prearranged Services and Allegiant Bank; and

      (iii)   Wulf, Bates and Murphy made the investment decisions; and

      (iv)   title of all investment assets remained with the trustee and were kept to be liquidated upon request of the investment advisor of the seller (National Prearranged Services); and

      (v)    control of the assets was never divested from the trustee; and

      (vi)   the assets were not placed in any investment which would be beyond the authority of a reasonably prudent trustee in which to invest.

## INSTRUCTION NO. 13

On Plaintiffs' claim of breach of fiduciary duty against Allegiant Bank, your verdict must be for Plaintiffs if you believe:

First, either:

      a.    Allegiant Bank failed to maintain title and control of all trust assets, or

      b.    Allegiant Bank failed to ensure that the trust assets were held in reasonably prudent investments, or

      c.    Allegiant Bank failed to maintain adequate records of all transactions administered through the trusts and pertaining to the trusts, generally, or

      d.    Allegiant Bank failed to exercise the judgment and care in the permanent disposition of trust assets that a person of ordinary prudence, discretion, and intelligence would use in the management of his or her own affairs, or

      e.    Allegiant Bank distributed trust income when the aggregate market value of trust assets at the time of the distribution was not greater than the total amount deposited under all the pre-need contracts administered through the trust at the time of the distribution, or

      f.    Allegiant Bank distributed trust principal deposited under a pre-need contract without obtaining proof that the promised funeral services had been provided, that NPS had paid the amount promised under a pre-need contract, or that the contract was cancelled by the consumer or seller, and

Second, Defendant, in any one or more of the respects submitted in paragraph First, thereby breached its fiduciary duty, and

Third, such breach of fiduciary duty, directly caused or directly contributed to cause Plaintiffs'

damages.

Except you shall not impose liability against Allegiant Bank under subparagraph b. of Paragraph

First for investment decisions made by Wulf, Bates and Murphy, if you believe that:

      (i)     Wulf, Bates and Murphy was a federally or Missouri-registered

investment advisor; and

      (ii)    Wulf, Bates and Murphy was independent of National Prearranged

Services and Allegiant Bank; and

      (iii)   Wulf, Bates and Murphy made the investment decisions; and

      (iv)   title of all investment assets remained with the trustee and were kept to be

liquidated upon request of the investment advisor of the seller (National Prearranged

Services); and

      (v)    control of the assets was never divested from the trustee; and

      (vi)   the assets were not placed in any investment which would be beyond the

authority of a reasonably prudent trustee in which to invest.

INSTRUCTION NO. _14_

 If you find in favor of Plaintiffs, then you must award Plaintiffs such sum as you believe will fairly and justly compensate Plaintiffs for any damages you believe Plaintiffs sustained and are reasonably certain to sustain in the future that the conduct of Allegiant Bank directly caused or directly contributed to cause as submitted in Instruction Numbers _12_ and _13_.

## INSTRUCTION NO. _15_

If you find the issues in favor of Plaintiffs, and if you find by clear and convincing

evidence, that the conduct of Defendant, as submitted in Instruction Numbers _12_ and _13_ was

outrageous because of Defendant's evil motive or reckless indifference to the rights of others,

then in addition to any damages to which you find Plaintiffs entitled under Instruction Number
                                          S
14, you may award Plaintiff an additional amount as punitive damages in such sum as you
                            ^
believe will serve to punish Defendant and to deter Defendant and others from like conduct.

## INSTRUCTION NO. _16_

Instructions _16_ through _27_ and general instructions _1_ through _6_ apply the claims of Plaintiffs against Defendant Forever Enterprises, Inc. for violation of Section 1962(c) of the Racketeering Influenced and Corrupt Organization Act, commonly known as "RICO." Section 1962(c) of RICO prohibits the conduct of an enterprise through a pattern of racketeering activity. Use Verdict Form _5_ to return your verdicts on these claims.

## INSTRUCTION NO. <u>17</u>

On Plaintiffs' RICO claim against Defendant Forever Enterprises, Inc., your verdict must be for Plaintiffs if you believe:

First, that the consortium of Cassity-owned companies constituted an enterprise affecting interstate commerce; and

Second, that Forever Enterprises, Inc., was employed or associated with the enterprise; and

Third, that Forever Enterprises knowingly and willfully conducted or participated in the conduct of the enterprise's affairs; and

Fourth, that Forever Enterprises' participation was through a pattern of racketeering activity; and

Fifth, that by conducting or participating in the enterprise's affairs, Forever Enterprises caused injury to Plaintiffs' business or property.

INSTRUCTION NO. *18*

An enterprise includes any individual, partnership, corporation, association, or other legal entity, in any union or group of individuals associated in fact, although not a legal entity.

An enterprise also may include a group of people associated in fact, even though this association is not recognized as a legal entity. A group or association of people can be an enterprise if these individuals have joined together for the purpose of engaging in a common course of conduct. This group of people, in addition to having a common purpose, must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. Such an association of individuals may retain its status as an enterprise even though the membership of the association changes by adding or losing individuals during the course of its existence.

If you find that this was, in fact, a legal entity such as a partnership, corporation, or association, then you may find that an enterprise existed.

An enterprise "affects interstate commerce" if the enterprise either engages in or has an effect on commerce between the states.

Thus, if you find that the consortium of Cassity-owned companies met these requirements, you should find that it was an enterprise affecting interstate commerce.

# INSTRUCTION NO. 19

An act is done knowingly if the Defendant is aware of the act and does not act through ignorance, mistake, or accident.

An act is done willfully if the Defendant acts voluntarily and intentionally to do something that the law forbids.

# INSTRUCTION NO. 20

A Defendant "conducted or participated in" the affairs of the consortium of Cassity-

owned companies if that Defendant had some part in its operation or management.

INSTRUCTION NO. 2/

A "pattern of racketeering activity" requires the following:

First, that at least two acts of "racketeering activity" (also known as "predicate acts") occurred within ten years of each other. In this case, a "racketeering activity" means an act in violation of the federal mail fraud statute or the federal wire fraud statute; and

Second, that the acts of "racketeering activity" are related, in that they had the same or similar purpose, results, participants, victims, or methods of commission, or are interrelated by distinguishing characteristics and are not isolated events; and

Third, that the acts of "racketeering activity" amount to or otherwise constitute a threat of continued activity. Continued activity is sufficiently established when the predicate acts can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes or when the predicate were a regular way of conducting the defendant's ongoing legitimate business.

# INSTRUCTION NO. 22

Defendant Forever Enterprises, Inc. was "employed by or associated with the enterprise" if it had some minimal association with the consortium of Cassity-owned companies. To violate RICO, Defendant Forever Enterprises, Inc. must have known something about the alleged enterprise's activities as they relate to racketeering activity.

INSTRUCTION NO. 23

In order to establish that a Defendant committed mail fraud for purposes of this case,

Plaintiffs must show the following by a preponderance of the evidence:

First, that the Defendant willfully and knowingly devised or made up a scheme to

defraud Plaintiffs out of money or property; and

Second, that the Defendant did so with an intent to defraud; and

Third, that use of the mail in this scheme was reasonably foreseeable; and

Fourth, that the Defendant used, or caused to be used, the U.S. mail in furtherance

of, or in an attempt to carry out, some essential step in the scheme.

For purposes of this case, you may consider only the deceptive or fraudulent activity of

Defendant Forever Enterprises, Inc. You may not consider innocent mailings although they may

have continued for a substantial period of time.

INSTRUCTION NO. 24

In order to establish that wire fraud has been committed for purposes of this case,

Plaintiffs must show the following by a preponderance of the evidence:

First, that the Defendant willfully and knowingly participated in a scheme to

defraud Plaintiffs; and

Second, that the Defendant did so with an intent to defraud; and

Third, that use of interstate telephone calls or radio communications in this

scheme was reasonably foreseeable; and

Fourth, that the Defendant made interstate telephone calls or used radio

communications for the purpose of executing the scheme to defraud.

Interstate telephone calls or radio communications are an essential element of the

predicate act of wire fraud. Each separate use of such facilities in furtherance of a scheme or plan

to defraud is a separate predicate act of wire fraud.

# INSTRUCTION NO. 25

Within the meaning of the federal mail and wire fraud statutes, "to defraud" means to deceive someone for the purpose of causing some financial loss or loss of property rights to another, or bringing about some financial gain to oneself or another to the detriment of a third party.

## INSTRUCTION NO. 26

In order for Plaintiffs to prevail under RICO, Plaintiffs must prove by a preponderance of the evidence that the RICO violations of Defendant Forever Enterprises, Inc. was the cause of damage to Plaintiffs'.

For purposes of RICO, damage is caused when there is some direct relation between the injury asserted and the injurious conduct alleged, and the injury would not have happened, but for the injurious conduct alleged.

To find that injury to Plaintiffs' damage was caused by reason of the violation of RICO by Defendant Forever Enterprises, Inc. you must find that the injury to Plaintiffs was caused by, and was a direct result of Defendant's violation of Section 1962(c) of RICO.

Therefore, you must find that the commission of the acts of racketeering or the pattern of racketeering activity, or the conduct of the affairs of the enterprise through the pattern of racketeering activity by Defendant Forever Enterprises, Inc. directly resulted in the damage or played a substantial role in producing Plaintiffs' damage.

INSTRUCTION NO. __27__

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.