INSTRUCTION NO. _1_

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

8th Circuit Civil Jury Instruction No. 3.01

Submitted by Court

Given

March 6, 2015

E Autumn Stellar S. USDJ

INSTRUCTION NO. 2

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

8th Circuit Civil Jury Instruction No. 3.02

Submitted by court
March 6, 2015  Bivens
E. Richard Webber - A. USDJ.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

8th Circuit Civil Jury Instruction No. 3.03

Submitted by Court

Huu
march 6, 2015
E Anlund Walker, Sr. USAJ

INSTRUCTION NO. _____

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence. To prove something by the greater weight of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.

The greater weight of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

8th Circuit Civil Jury Instruction No. 3.04

*Submitted by Court*

*Juien*

*March 6, 2015*

*E. Arum Dulle — S. USDJ.*

# INSTRUCTION NO. 5

A corporation acts only through its agents or employees, and any agent or employee of a corporation may bind the corporation by acts and statements made while acting within the scope of the authority delegated to the agent or employee by the corporation, or within the scope of his or her duties as an agent or employee of the corporation.

8TH Circuit Civil Jury Instruction 5.23

*Submitted by Court*

*March 6, 2015*

*E. Richard Webber Sr. USDJ*

# INSTRUCTION NO. 6

Certain charts and summaries have been shown to you in order to help explain the facts
disclosed by the books, records, or other underling evidence in the case. Those charts or
summaries are used for convenience. They are not themselves evidence or proof of any facts. If
they do not correctly reflect the facts shown by the evidence in the case, you should disregard
these charts and summaries and determine the facts from the books, records or other underlying
evidence.

8th Circuit Civil Jury Instruction 2.11 (2014)

*Submitted by P.N.C.*
*March 6, 2015 Given*
*E Richard Mellen Sr. U.S.P.J.*

# INSTRUCTION NO. 7

A fiduciary is a person or entity bearing responsibility for the care of another or another's property, who or which must act scrupulously and honestly in discharging his or its duties. A trustee is a fiduciary of the highest order and is required to exercise a high standard of conduct and fidelity in respect to administration of his or its trust.

Allegiant Bank was trustee of the NPS pre-need trusts in this case. Allegiant Bank also served as trustee for CSA/Mason Securities Trust and Mt. Washington Trust.

Submitted by the Court

Submitted by Plaintiffs

given

March 6, 2015

E. Richard Mehlin M USDJ.

INSTRUCTION NO. 8

In these instructions, the term "NPS pre-need trusts" refers to NPS Pre-Need Trusts I, II, III, IV and V. Allegiant Bank served as a trustee of the NPS pre-need trusts I, II, III and IV from August 1998 through May 31, 2004.

Allegiant Bank served as trustee of the NPS pre-need trust V from March 1999 through May 31, 2004.

Allegiant Bank served as trustee of the CSA/Mason Securities Trust from February 1998 through May 31, 2004.

Allegiant Bank served as trustee of the Mt. Washington Trust from April 2000 through May 31, 2004.

*submitted after modification by both parties*

*Given*
*March 6, 2015*
*E. Richard Webber Sr. U.S.D.J.*

INSTRUCTION NO. $\underline{9}$

A bank that merges with a former bank is called a successor in interest. The successor in interest under the law assumes liability of all acts and failures to act of the former bank. You shall treat all liabilities of the former bank as if they were the liabilities of the successor in interest.

You shall accept as true National City Bank is the successor in interest to Allegiant Bank and is liable for all acts or failures to act by Allegiant Bank.

You further shall accept as true that PNC Bank is the successor in interest to both Allegiant Bank and National City Bank, and that PNC Bank is liable for all acts or failures to act by Allegiant Bank.

SUCCESSOR LIABILITY

[Based on Med. Shoppe Int'l, Inc. v. S.B.S. Pill Dr., Inc., 336 F.3d 801, 804 (8th Cir. 2003) and In re W. Pointe Ltd. P'ship, 405 B.R. 325, 331 (Bankr. E.D. Mo. 2009)]

*Submitted by Plaintiffs*

*Huw*

*march 6, 2015*

*E Autur Webber Sr. USD-J.*

# INSTRUCTION NO. _10_

You have heard about actions of governmental agencies of various states. Regulators are not parties to this case. You may consider this evidence along with all evidence in the case, but may not consider that evidence to conclude any regulatory action or inaction was the cause of any failure of any Cassity company.

Submitted by the Court

*Been*

*March 6, 2015*

*Submitted to USA &*

# INSTRUCTION NO. 11

The term "negligent" or "negligence" as used in these instructions means the failure to use that degree of care that an ordinarily careful trustee would use under the same or similar circumstances.

MAI 11.02

Submitted by Court

Suen

March 6, 2015

E. Richard Mahler  Sr. U.S.D.J

# INSTRUCTION NO. 12

On Plaintiffs' claim of negligence against Allegiant Bank, your verdict must be for Plaintiffs if you believe:

First, either:

      a.    Allegiant Bank failed to maintain title and control of all trust assets, or

      b.    Allegiant Bank failed to ensure that the trust assets were held in reasonably prudent investments, or

      c.    Allegiant Bank failed to maintain adequate records of all transactions administered through the trusts and pertaining to the trusts, generally, or

      d.    Allegiant Bank failed to exercise the judgment and care in the permanent disposition of trust assets that a person of ordinary prudence, discretion, and intelligence would use in the management of his or her own affairs, or

      e.    Allegiant Bank distributed trust income when the aggregate market value of trust assets at the time of the distribution was not greater than the total amount deposited under all the pre-need contracts administered through the trust at the time of the distribution, or

      f.    Allegiant Bank distributed trust principal deposited under a pre-need contract without obtaining proof that the promised funeral services had been provided, that NPS had paid the amount promised under a pre-need contract, or that the contract was cancelled by the consumer or seller, and

Second, Defendant, in any one or more of the respects submitted in paragraph First, thereby

was negligent, and

Third, such negligence, directly caused or directly contributed to cause Plaintiffs' damages. Except you shall not impose liability against Allegiant Bank under subparagraph b. of Paragraph First for investment decisions made by Wulf, Bates and Murphy, if you believe that:

 (i) Wulf, Bates and Murphy was a federally or Missouri-registered investment advisor; and

 (ii) Wulf, Bates and Murphy was independent of National Prearranged Services and Allegiant Bank; and

 (iii) Wulf, Bates and Murphy made the investment decisions; and

 (iv) title of all investment assets remained with the trustee and were kept to be liquidated upon request of the investment advisor of the seller (National Prearranged Services); and

 (v) control of the assets was never divested from the trustee; and

 (vi) the assets were not placed in any investment which would be beyond the authority of a reasonably prudent trustee in which to invest.


Submitted by ~~the Court~~ *Plaintiffs*

*Then*
*March 6, 2015*
*E. Richard Webber, Sr. U.S. D.J.*

# INSTRUCTION NO. 13

On Plaintiffs' claim of breach of fiduciary duty against Allegiant Bank, your verdict must be for Plaintiffs if you believe:

First, either:

a.    Allegiant Bank failed to maintain title and control of all trust assets, or

b.    Allegiant Bank failed to ensure that the trust assets were held in reasonably prudent investments, or

c.    Allegiant Bank failed to maintain adequate records of all transactions administered through the trusts and pertaining to the trusts, generally, or

d.    Allegiant Bank failed to exercise the judgment and care in the permanent disposition of trust assets that a person of ordinary prudence, discretion, and intelligence would use in the management of his or her own affairs, or

e.    Allegiant Bank distributed trust income when the aggregate market value of trust assets at the time of the distribution was not greater than the total amount deposited under all the pre-need contracts administered through the trust at the time of the distribution, or

f.    Allegiant Bank distributed trust principal deposited under a pre-need contract without obtaining proof that the promised funeral services had been provided, that NPS had paid the amount promised under a pre-need contract, or that the contract was cancelled by the consumer or seller, and

Second, Defendant, in any one or more of the respects submitted in paragraph First, thereby breached its fiduciary duty, and

Third, such breach of fiduciary duty, directly caused or directly contributed to cause Plaintiffs'

damages.

Except you shall not impose liability against Allegiant Bank under subparagraph b. of Paragraph

First for investment decisions made by Wulf, Bates and Murphy, if you believe that:

      (i)     Wulf, Bates and Murphy was a federally or Missouri-registered

investment advisor; and

      (ii)    Wulf, Bates and Murphy was independent of National Prearranged

Services and Allegiant Bank; and

      (iii)   Wulf, Bates and Murphy made the investment decisions; and

      (iv)   title of all investment assets remained with the trustee and were kept to be

liquidated upon request of the investment advisor of the seller (National Prearranged

Services); and

      (v)    control of the assets was never divested from the trustee; and

      (vi)   the assets were not placed in any investment which would be beyond the

authority of a reasonably prudent trustee in which to invest.

Submitted by the ~~Court~~ *Plaintiffs*

*Plaintiff*

*Huin*

*March 6, 2015*

*E - Richard Webber    As USDJ.*

INSTRUCTION NO. 14

If you find in favor of Plaintiffs, then you must award Plaintiffs such sum as you believe
will fairly and justly compensate Plaintiffs for any damages you believe Plaintiffs sustained and
are reasonably certain to sustain in the future that the conduct of Allegiant Bank directly caused
or directly contributed to cause as submitted in Instruction Numbers _12_ and _13_.

Submitted by ~~the Court~~ *Plaintiffs*

*Heien*
*March 6, 2015*
*E. Richard Webber  Sr. U.S.D.J.*

# INSTRUCTION NO. _15_

If you find the issues in favor of Plaintiffs, and if you find by clear and convincing

evidence, that the conduct of Defendant, as submitted in Instruction Numbers _12_ and _13_ was

outrageous because of Defendant's evil motive or reckless indifference to the rights of others,

then in addition to any damages to which you find Plaintiffs entitled under Instruction Number

14, you may award Plaintiff an additional amount as punitive damages in such sum as you

believe will serve to punish Defendant and to deter Defendant and others from like conduct.

Submitted by ~~the Court~~ *Plaintiffs*

MAI 10.01

*March 6, 2015*

*E Antram Wehler At. U. S. P. J.*

INSTRUCTION NO. $\underline{16}$

Instructions $\underline{16}$ through $\underline{27}$ and general instructions $\underline{1}$ through $\underline{6}$ apply the claims of Plaintiffs against Defendant Forever Enterprises, Inc. for violation of Section 1962(c) of the Racketeering Influenced and Corrupt Organization Act, commonly known as "RICO." Section 1962(c) of RICO prohibits the conduct of an enterprise through a pattern of racketeering activity. Use Verdict Form $\underline{B}$ to return your verdicts on these claims.

PACKAGING: RICO CLAIMS
[Based on MAI 2.05, Federal Jury Practice & Instructions § 161.01, and Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 453 (2006)]

Submitted by plaintiffs
June
March 6, 2015

E. Aubrick Hachen Sr. USPF

# INSTRUCTION NO. *17*

On Plaintiffs' RICO claim against Defendant Forever Enterprises, Inc., your verdict must be for Plaintiffs if you believe:

First, that the consortium of Cassity-owned companies constituted an enterprise affecting interstate commerce; and

Second, that Forever Enterprises, Inc., was employed or associated with the enterprise; and

Third, that Forever Enterprises knowingly and willfully conducted or participated in the conduct of the enterprise's affairs; and

Fourth, that Forever Enterprises' participation was through a pattern of racketeering activity; and

Fifth, that by conducting or participating in the enterprise's affairs, Forever Enterprises caused injury to Plaintiffs' business or property.

## RICO SECTION 1962(c) VERDICT DIRECTING

[Based on Federal Jury Practice and Instructions § 161.22, Eighth Circuit Manual of Model Jury Instructions, Criminal, § 6.18.1962A, H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 237-40 (1989), and United States v. Keltner, 147 F.3d 662, 668 (8th Cir. 1998)]

*Submitted by Plaintiff*
*Given*
*March 6, 2015*
*E. Richard Webber Sr U.S. D. J.*

INSTRUCTION NO. 18

An enterprise includes any individual, partnership, corporation, association, or other legal entity, in any union or group of individuals associated in fact, although not a legal entity.

An enterprise also may include a group of people associated in fact, even though this association is not recognized as a legal entity. A group or association of people can be an enterprise if these individuals have joined together for the purpose of engaging in a common course of conduct. This group of people, in addition to having a common purpose, must have personnel who function as a continuing unit. This group of people does not have to be a legally recognized entity, such as a partnership or corporation. Such an association of individuals may retain its status as an enterprise even though the membership of the association changes by adding or losing individuals during the course of its existence.

If you find that this was, in fact, a legal entity such as a partnership, corporation, or association, then you may find that an enterprise existed.

An enterprise "affects interstate commerce" if the enterprise either engages in or has an effect on commerce between the states.

Thus, if you find that the consortium of Cassity-owned companies met these requirements, you should find that it was an enterprise affecting interstate commerce.


ENTERPRISE AFFECTING INTERSTATE COMMERCE
[Based on Federal Jury Practice & Instructions §§ 161.41, 161.42, Eighth Circuit Manual of Model Jury Instructions, Criminal, § 6.18.1962D, and United States v. Kragness, 830 F.2d 842, 854 (8th Cir. 1987)]

Submitted by Plaintiffs
March 6, 2015   Seen
E. Richard Webber Sr. USDJ

# INSTRUCTION NO. 19

An act is done knowingly if the Defendant is aware of the act and does not act through

ignorance, mistake, or accident.

An act is done willfully if the Defendant acts voluntarily and intentionally to do

something that the law forbids.

KNOWINGLY AND WILLFULLY
[Based on Eighth Circuit Manual of Model Jury Instructions, Criminal, §§ 7.02, 7.03, Federal
Jury Practice & Instructions §§ 161.52, 161.53, United States v. Dockter, 58 F.3d 1284, 1288
(8th Cir. 1995)]

*Submitted by Plaintiffs*

*Huen*

*March 6, 2015*

*E. Autumn Hehler Sr. U.S.D.J.*

INSTRUCTION NO. 20

A Defendant "conducted or participated in" the affairs of the consortium of Cassity-

owned companies if that Defendant had some part in its operation or management.

CONDUCT OR PARTICIPATE IN THE CONDUCT OF ENTERPRISE'S AFFAIRS
[Reves v. Ernst & Young, 507 U.S. 170, 179, 183 (1993)]

*Submitted by Plaintiffs*

*March 6, 2015*

*E. Anhut*

# INSTRUCTION NO. 21

A "pattern of racketeering activity" requires the following:

First, that at least two acts of "racketeering activity" (also known as "predicate acts") occurred within ten years of each other. In this case, a "racketeering activity" means an act in violation of the federal mail fraud statute or the federal wire fraud statute; and

Second, that the acts of "racketeering activity" are related, in that they had the same or similar purpose, results, participants, victims, or methods of commission, or are interrelated by distinguishing characteristics and are not isolated events; and

Third, that the acts of "racketeering activity" amount to or otherwise constitute a threat of continued activity. Continued activity is sufficiently established when the predicate acts can be attributed to a defendant operating as part of a long-term association that exists for criminal purposes or when the predicate were a regular way of conducting the defendant's ongoing legitimate business.

PATTERN OF RACKETEERING ACTIVITY
[Based on Eighth Circuit Manual of Model Jury Instructions, Criminal, § 6.18.1962F, Federal Jury Practice & Instructions § 161.47, H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239-43 (1989)]

*Submitted by Plaintiff*
*Given*
*March 6, 2015*
*E. Richard Mehler  Sr. USD J*

# INSTRUCTION NO. 23

Defendant Forever Enterprises, Inc. was "employed by or associated with the enterprise"

if it had some minimal association with the consortium of Cassity-owned companies. To violate

RICO, Defendant Forever Enterprises, Inc. must have known something about the alleged

enterprise's activities as they relate to racketeering activity.


EMPLOYED OR ASSOCIATED WITH THE ENTERPRISE
[Based on Federal Jury Practice & Instructions §§ 161.43 and Benson v. Richardson, No. 87-01132-M, 1990 WL 290144, at *39 (N.D. Iowa July 16, 1990)]

*Submitted by Plaintiffs*
*Huen*
*March 6, 2015*
*E. Robert Stehlin*

INSTRUCTION NO. 23

In order to establish that a Defendant committed mail fraud for purposes of this case,

Plaintiffs must show the following by a preponderance of the evidence:

First, that the Defendant willfully and knowingly devised or made up a scheme to

defraud Plaintiffs out of money or property; and

Second, that the Defendant did so with an intent to defraud; and

Third, that use of the mail in this scheme was reasonably foreseeable; and

Fourth, that the Defendant used, or caused to be used, the U.S. mail in furtherance

of, or in an attempt to carry out, some essential step in the scheme.

For purposes of this case, you may consider only the deceptive or fraudulent activity of

Defendant Forever Enterprises, Inc. You may not consider innocent mailings although they may

have continued for a substantial period of time.


MAIL FRAUD
[Based on Eighth Circuit Manual of Model Jury Instructions, Criminal, § 6.18.1341, Federal Jury
Practice & Instructions §§ 161.24, 161.48, and Wisdom v. First Midwest Bank, of Poplar Bluff,
167 F.3d 402, 406 (8th Cir. 1999)]

*Submitted by Plaintiff*
*Helen*
*March 6, 2015*
*E. Richard Inehler   At. U.S. P.J.*

INSTRUCTION NO. 24

In order to establish that wire fraud has been committed for purposes of this case,

Plaintiffs must show the following by a preponderance of the evidence:

First, that the Defendant willfully and knowingly participated in a scheme to

defraud Plaintiffs; and

Second, that the Defendant did so with an intent to defraud; and

Third, that use of interstate telephone calls or radio communications in this

scheme was reasonably foreseeable; and

Fourth, that the Defendant made interstate telephone calls or used radio

communications for the purpose of executing the scheme to defraud.

Interstate telephone calls or radio communications are an essential element of the

predicate act of wire fraud. Each separate use of such facilities in furtherance of a scheme or plan

to defraud is a separate predicate act of wire fraud.


WIRE FRAUD
[Based on Eighth Circuit Manual of Model Jury Instructions, Criminal, § 6.18.1341, Federal Jury
Practice & Instructions § 161.26, and Wisdom v. First Midwest Bank, of Poplar Bluff, 167 F.3d
402, 406 (8th Cir. 1999)]

Submitted by Plaintiffs
sure
March 6, 2015
E. Richard Webber Sr U.S.D.J.

# INSTRUCTION NO. 25

Within the meaning of the federal mail and wire fraud statutes, "to defraud" means to deceive someone for the purpose of causing some financial loss or loss of property rights to another, or bringing about some financial gain to oneself or another to the detriment of a third party.

DEFRAUD
[Based on Eighth Circuit Manual of Model Jury Instructions, Criminal, § 6.18.1341, Federal Jury Practice & Instructions § 161.59, and United States v. Ervasti, 201 F.3d 1029, 1035 (8th Cir. 2000)]

*Submitted by Plaintiffs*

*Given*

*March 6, 2015*

*E. Richard Webber Sr USDJ.*

## INSTRUCTION NO. 16

In order for Plaintiffs to prevail under RICO, Plaintiffs must prove by a preponderance of the evidence that the RICO violations of Defendant Forever Enterprises, Inc. was the cause of damage to Plaintiffs'.

For purposes of RICO, damage is caused when there is some direct relation between the injury asserted and the injurious conduct alleged, and the injury would not have happened, but for the injurious conduct alleged.

To find that injury to Plaintiffs' damage was caused by reason of the violation of RICO by Defendant Forever Enterprises, Inc. you must find that the injury to Plaintiffs was caused by, and was a direct result of Defendant's violation of Section 1962(c) of RICO.

Therefore, you must find that the commission of the acts of racketeering or the pattern of racketeering activity, or the conduct of the affairs of the enterprise through the pattern of racketeering activity by Defendant Forever Enterprises, Inc. directly resulted in the damage or played a substantial role in producing Plaintiffs' damage.

RICO CAUSATION
[Based on Federal Jury Practice & Instructions § 161.70 and Hemi Grp., LLC v. City of New York, N.Y., 559 U.S. 1, 9 (2010)]

*Submitted by Plaintiffs*

*Given*

*March 6, 2015*

*E. Autrum Venken, Sr. U.S.D.J.*

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

8th Circuit Civil Jury Instruction No. 3.06

Submitted by Court
given
March 6, 2015
E. Richard Webber   Sr US DJ

# VERDICT FORM A

## (Liability)

NOTE:     Complete Parts (A) through (D) by writing in the name required by your verdict.

### (A)

On the claim of Plaintiff Special Deputy Receiver for negligence against Defendant PNC Bank, we, the jury, find in favor of:

_____

(Plaintiff Special Deputy Receiver)   or   (Defendant PNC Bank)

### (B)

On the claim of Plaintiff Special Duty Receiver for breach of fiduciary duty against Defendant PNC Bank, we, the jury, find in favor of:

_____

(Plaintiff Special Deputy Receiver)   or   (Defendant PNC Bank)

### (C)

On the claim of Plaintiff State Guaranty Associations for negligence against Defendant PNC Bank, we, the jury, find in favor of:

_____

(Plaintiff State Guaranty Associations)   or   (Defendant PNC Bank)

### (D)

On the claim of Plaintiff State Guaranty Associations for breach of fiduciary duty against Defendant PNC Bank, we, the jury, find in favor of:

_____

(Plaintiff State Guaranty Associations)   or   (Defendant PNC Bank)

NOTE:     Complete the following only if one or more of the above findings is against Defendant PNC Bank. Complete by writing in the amount of compensable damages, if any. If you do not assess compensable damages against PNC Bank, write "none" in the blank.

If you have decided to award compensable damages, what is the amount of money that you find will fairly and justly compensate the Plaintiffs for any damages you believe they sustained and are reasonably certain to sustain in the future that PNC Bank's breaches of fiduciary duty or negligence directly caused or directly contributed to cause?

$_____

(Liability for Punitive Damages)

NOTE:     Complete the following question only if one or more of the above findings is against Defendant PNC Bank.

Do you find that Defendant PNC Bank is liable for punitive damages?

Answer Yes or No _____

If yes, state amount of punitive damages: $_____

Foreperson:_____     Dated:_____

Submitted by plaintiffs
Burr
March 5, 2015
E. Richard Webber  Ds NSB 9.

VERDICT FORM _B_

NOTE: Complete this form as required by your verdict.

On the claim of Plaintiffs for violation of Section 1962(c) of RICO against Defendant

Forever Enterprises, we, the undersigned jurors, find in favor of:

_____

(Plaintiffs) or (Defendant Forever Enterprises)

NOTE: If you found in favor of Plaintiffs, you must determine the compensatory damages

suffered by Plaintiffs.

We, the undersigned jurors, assess total compensatory damages of Plaintiffs at:

$_____.

Foreperson:_____      Dated:_____

*Submitted by Plaintiffs*

*Huein*

*March 6, 2015*

*E. Ruhmd Mulder   & NSRf.*

## Instruction No. III.9
## Fiduciary Duties of Allegiant Bank

A trust is a fiduciary relationship with respect to property, subjecting the trustee to duties to deal with the property for the benefit of another person, the trust beneficiary. [Restatement (Second) of Trusts § 2 (1959).]

A trustee does not owe a duty to protect property that is not entrusted to it. [*Cole v. Lamb*, 461 S.W.2d 14, 15 (Mo. Ct. App. 1970) (per curiam); *see also* A D-1 through A D-4, ¶ 4.1 ("The Trustee shall be accountable to the Seller and Owner only for the funds paid over to it by the Seller . . . .")]. A trustee does not owe a duty to protect the trust beneficiary from any and all harm. The trustee's duties relate to the property that is in the trust.

A trustee's duties are often called "fiduciary" duties. In this case, Allegiant Bank's fiduciary duties included the following:

1.  The duty to administer the trust in good faith, in accordance with the purpose and terms of the trust agreement and the interests of the beneficiaries;

2.  The duty to administer the trust solely in the interests of the beneficiaries;

3.  The duty to administer the trust as a prudent person would, by considering the purposes, terms, distributional requirements, and other circumstances of the trust, and the duty to exercise reasonable care, skill, and caution in administering the trust;

4.  The duty to take reasonable steps to take control of and protect the trust property;

5.  The duty to maintain title to the trust property; and

6.  The duty to keep adequate records of the administration of the trust.

The duty to take reasonable steps to take control of trust property is not a duty to have custody of trust property.

38

Case: 4:09-cv-01252-ERW Doc. #: 2304 Filed: 03/09/15 Page: 34 of 79 PageID #: 54861
Case: 4:09-cv-01252-ERW Doc. #: 2113-2 Filed: 01/12/15 Page: 35 of 54 PageID #:
51273

**Instruction No. III.6**
**Definition – "Missouri Trusts"**

The term "Missouri Trusts" as used in these instructions means NPS Pre-Need Trusts I,

II, III, IV, and V.

*Rejected*

*3/5/15*

*E. Richard Webber, Sr. - USDJ.*

**Instruction No. III.7**
**Multi-Claim Submissions – Designation of Applicable Instructions**

General instructions III.1 through III.6 and instructions III.7 through III.24 apply to the

claim of plaintiffs for breach of trust against defendant National City Bank. Use Verdict Form A

to return your verdict on this claim.

*See* M.A.I. 2.05 (Multi-Claim Submissions).

*Rejected*
*3/15/15*

*Edward Wilheln, Sr USDJ.*

36

## Instruction No. III.8
## Allegiant Bank

Allegiant Bank was the trustee of the Missouri Trusts from 1998 through May 31, 2004.

Defendant National City Bank was never the trustee of the Missouri Trusts. Because it acquired

Allegiant Bank, National City Bank is responsible for Allegiant Bank's conduct.

National City Bank and PNC Bank are now the same company and are referred to in

these instructions as "National City Bank."

*Rejected*

*3/5/15*

*Edward Webb. Sr U.S. DJ.*

37

[*See Engelsmann v. Holekamp*, 402 S.W.2d 382, 389 (Mo. 1966) ("It is the duty of the trustee to keep full, accurate, and orderly records of the status of the trust administration and of all acts thereunder." (internal quotation marks omitted)); *Ramsey v. Boatmen's First Nat'l Bank of Kansas City, N.A.*, 914 S.W.2d 384, 387 (Mo. Ct. App. 1996) ("Although the trustee has many duties emanating from the fiduciary relationship, the most fundamental is the duty of loyalty. As part of this duty the trustee is to administer the trust solely in the interest of the beneficiary."); *Ray Cnty. v. Heath*, 636 S.W.2d 413, 417 (Mo. Ct. App. 1982) ("The role of a trustee is to discharge the trust purpose, as that imperative appears from the entire trust instrument. A concomitant of that preeminent Trustee function is the duty to protect the trust property against damage or destruction. To that end, the trustee is obligated to the beneficiary to do all acts necessary for the preservation of the trust res as would prompt a reasonable person under the circumstances of the nature and purposes of the trust property." (internal citations and quotation marks omitted)); Mo. Rev. Stat. § 436.031(2) (adopted 1982, repealed 2009).]

*Seymour*
*3/5/15*
*Sarah Hatch Sr. U.S. A.J.*

39

## Instruction No. III.10
## Breach of Trust[2]

A breach of trust is a violation by a trustee of any duty which it owes as a trustee to the

trust beneficiary. [*Witmer v. Blair*, 588 S.W.2d 222, 224 (Mo. Ct. App. 1979); *Covey v. Pierce*,

82 S.W.2d 592, 598 (Mo. Ct. App. 1935).] Only a trust beneficiary can sue a trustee to obtain

redress for a breach of trust. [Restatement (Second) of Trusts § 200 (1959).]

In this case, Allegiant Bank was the trustee of the Missouri Trusts between 1998 and May

31, 2004. The beneficiaries of the Missouri Trusts were NPS, Missouri pre-need contract

purchasers/beneficiaries, and Missouri funeral homes.[3] Pre-need contract

purchasers/beneficiaries and funeral homes outside Missouri were not beneficiaries of the

Missouri Trusts and therefore have no right to sue Allegiant Bank.

---

[2] Under Missouri law, Plaintiffs' claims for negligence and breach of fiduciary claim are claims for breach of trust. *See Witmer v. Blair*, 588 S.W.2d 222, 224 (Mo. Ct. App. 1979) ("A breach of trust is a violation by the trustee of any duty which as trustee he owes to the beneficiary."); *Covey v. Pierce*, 82 S.W.2d 592, 598 (Mo. Ct. App. 1935) ("It is well settled that every violation by a trustee of a duty that equity lays upon him, whether wrongful and fraudulent or done through negligence or arising through mere oversight and forgetfulness, is a breach of trust."); *see also* D.E. #449, at 11; D.E. #1171, at 2.

[3] By submitting this proposed instruction based on the Court's ruling on Plaintiffs' Motion for Rulings as a Matter of Law, *see* D.E. #2084, National City Bank is not waiving the argument that pre-need contract purchasers/beneficiaries and funeral homes were not beneficiaries of the Missouri Trusts. National City Bank expressly reserves its right to challenge and/or appeal that ruling.

*Rejected*
3/5/15
*[signature]*

40

## Instruction No. III.11
## Compliance with Duties Not Assessed with Hindsight

A trustee's compliance with its duties as trustee is determined in light of the facts and circumstances existing at the time of a trustee's decision or action and not by hindsight. [*Boland v. Mercantile-Commerce Bank & Trust Co.*, 163 S.W.2d 597, 605 (Mo. 1942); Mo. Rev. Stat § 469.908 (previously codified at Mo. Rev. Stat. § 456.908).] Evidence of subsequent loss to the trust assets does not mean that the trustee breached its duties, because a trustee is not an insurer nor is it required to be infallible in its judgment. [*Vest v. Bialson*, 293 S.W.2d 369, 379 (Mo. 1956).] A trustee is not required to anticipate events not generally looked for, and the mere fact that the trustee's judgment was not fully vindicated by the course of subsequent events which were not discoverable by ordinary prudence does not prove that the trustee breached its duties. [*Fairleigh v. Fidelity Nat'l Bank & Trust Co.*, 73 S.W.2d 248, 256 (Mo. Ct. App. 1934).] As long as a trustee acts honestly, with ordinary prudence and within the limits established by the trust agreement, the trustee is not liable for errors of judgment. [*Fairleigh*, 73 S.W.2d at 256.]

*Rejected*
*3/5/15*
*E. Richard Webber Sr. USDJ*

41

**Instruction No. III.12**
**Trustee Presumed To Have Complied with Its Duties**

There is a presumption that a trustee acted in good faith and performed its duties, and it is

the burden of the plaintiff to prove the contrary. [*First Nat'l Bank v. Hyde*, 363 S.W.2d 647, 655

(Mo. 1963); *Boland v. Mercantile-Commerce Bank & Trust Co.*, 163 S.W.2d 597, 607 (Mo.

1942).]

*Rejected*
*EAWM Well Sr USPJ*

42

## Instruction No. III.13
## When Allegiant Bank's Fiduciary Duty Arose

Allegiant Bank's fiduciary duty to the Missouri Trust beneficiaries came into existence

only once Allegiant Bank became the trustee of the Missouri Trusts.  Allegiant Bank did not owe

any fiduciary duties before it became trustee.


[*Estate of Luyties v. Scudder*, 432 S.W.2d 210, 214 (Mo. 1968) (per curiam) ("[A] trustee, or
here a co-executor, upon his acceptance of the trusteeship, is under a duty to the beneficiary to
administer the trust solely in the interest of the beneficiary. Once he accepts the trusteeship he is
under a duty not to profit at the expense of the beneficiary . . . ." (internal quotation marks
omitted)); *Jarvis v. Boatmen's Nat'l Bank*, 478 S.W.2d 266, 274 (Mo. 1972) (("Boatmen's was
not required to accept the position of Trustee . . . . Once Boatmen's accepted the trusteeship it
was, of course, obliged to exercise such skill and care as a man of ordinary prudence . . . .");
Restatement (Second) of Trusts § 169 cmt. a (1959) ("[n]o duty without acceptance").]

Reuter
3/5/15
Stephen N. Limbaugh, Sr. USDJ.

### Instruction No. III.14
### No Liability for Actions of Predecessor Trustees

Allegiant Bank cannot be liable for any act or failure to act of any predecessor trustee.

[*See* A D-1, A D-2, A D-4, ¶ 4.5 ("No successor Trustee shall be liable for any act or failure to act of any predecessor Trustee."); A D-3, ¶ 4.6 (same).] Allegiant Bank had no duty to inquire into the acts or doings of any predecessor trustee. [Mo. Rev. Stat. § 456.187(2) (enacted 1994, repealed 2005).] Allegiant Bank's predecessor trustees were UMB Bank, Mark Twain Bank, and Mercantile Bank.

*Rejected*

*3/5/15*

44

Case: 4:09-cv-01252-ERW  Doc. #: 2304  Filed: 03/09/15  Page: 43 of 79 PageID #: 54870
Case: 4:09-cv-01252-ERW  Doc. #: 2113-2  Filed: 01/12/15  Page: 45 of 54 PageID #:
51283

## Instruction No. III.15
## No Liability for Actions of Successor Trustees

Because a trustee owes duties only while it is trustee, a trustee cannot be held liable for

the actions of successor trustees. The successors to Allegiant Bank were Bremen Bank, Marshall

& Ilsley Trust Company ("M&I"), and Southwest Bank.


[George Gleason Bogert et al., *The Law of Trusts and Trustees* § 513 (2014) ("Consent to a
resignation . . . excuses the resigning trustee from the duty to act further.").]

*Rejected*

*3/5/15*

*Edward Wellon Sr. USPJ*

45

**Instruction No. III.16**
**The Plaintiffs State Guaranty Associations**

The Plaintiffs State Guaranty Associations do not have claims against National City

Bank. The only Plaintiff that is authorized to bring a claim against National City Bank is the

Special Deputy Receiver. [*See* D.E. #1762, at 23-31.]

Rejected
3/5/15
E Autml Mell $1 N S A$

## Instruction No. III.17
## Wulf Bates & Murphy: Mo. Rev. Stat. § 456.550

NPS, the Mason Securities Association, and Mt. Washington Forever LLC appointed the firm of Wulf Bates & Murphy as investment advisor for the Missouri Trusts to invest the trust assets.

Under Missouri law, when the person or entity that creates a trust authorizes multiple people to perform designated duties, a trustee is not under a duty to inquire into or participate in the performance of any such duties by another person unless the trustee has actual knowledge that the other person is contemplating, committing, or concealing a breach of trust. [Mo. Rev. Stat. § 456.550 (enacted 1983, repealed 2005).] Therefore, Allegiant Bank did not have a duty to inquire into or participate in the performance of Wulf Bates & Murphy's duties as investment advisor unless Allegiant Bank had actual knowledge that Wulf Bates & Murphy was contemplating, committing, or concealing a breach of trust.

If the Plaintiff Special Deputy Receiver fails to prove that Allegiant Bank had actual knowledge that Wulf Bates & Murphy was contemplating, committing, or concealing a breach of trust, then Allegiant Bank is not liable for failing to inquire into or participate in the performance of Wulf Bates & Murphy's duties as investment advisor.

*Rejected*
*3/5/15*
*ERWM Mehl USDJ*

47

## Instruction No. III.18
## Wulf Bates & Murphy: Mo. Rev. Stat. § 436.031[4]

Under Missouri law, if a pre-need seller appoints a federally registered or Missouri-registered independent qualified investment advisor, the trustee must liquidate assets upon request of the investment advisor. In this situation, the duty to ensure that investments are reasonably prudent resides with the investment advisor, not the trustee. Although the trustee must have control of the trust assets, the obligation to have control of the trust assets does not permit a trustee to refuse the instructions of the investment advisor. The trustee has no liability regarding investment decisions made by the registered, independent, qualified investment advisor. [Mo. Rev. Stat. § 436.031(2) (enacted 1982, repealed 2005).]

If the Plaintiff Special Deputy Receiver fails to prove that Wulf Bates & Murphy was not a federally registered or Missouri registered independent qualified investment advisor, then Allegiant Bank has no liability regarding any investment decisions made by Wulf Bates & Murphy, notwithstanding Instruction No. III.17.

Wulf Bates & Murphy was "independent" if Wulf Bates & Murphy and Allegiant Bank were separate legal entities without common ownership. [D.E. #1762, at 41-47; D.E. #1948, at 14-21.] For purposes of this instruction, the independence of the investment advisor should be assessed at the time when Allegiant Bank became trustee.

---

[4] In an abundance of caution and to preserve any and all rights, National City proffers this instruction as the instruction it would have requested on its right to be "relieved of all liability regarding investment decisions" made by Wulf Bates & Murphy under § 436.031(2) but for the Court's ruling on Plaintiffs' Motion for Rulings as a Matter of Law, D.E. #2084. *See also* National City Bank's Trial Brief, at 9-11. National City expressly reserves its right to challenge and/or appeal that ruling.

48

## Instruction No. III.19
## CSA and Mt. Washington Trusts

The Plaintiff Special Deputy Receiver lacks authority to bring any claims on behalf of the

beneficiaries of the CSA and Mt. Washington Trusts. [*See* D.E. #1762, at 52-53.]

*[handwritten signature]*
3/5/15
E. Richard Webber, U.S.D.J.

49

Case: 4:09-cv-01252-ERW Doc. #: 2304 Filed: 03/09/15 Page: 48 of 79 PageID #: 54875
Case: 4:09-cv-01252-ERW Doc. #: 2113-2 Filed: 01/12/15 Page: 50 of 54 PageID #:
51288

## Instruction No. III.20
## Authorization by NPS

If National City Bank proves that

1. the former officers, directors, employees, or agents of NPS authorized, induced,

   consented to, or ratified conduct that forms the basis for an alleged breach of trust by

   Allegiant Bank; or

2. NPS retained the benefits of an alleged breach of trust by Allegiant Bank,

then you must find that Allegiant Bank is not liable to the Plaintiff Special Deputy Receiver for

any such alleged breach of trust.

[*Walker v. James,* 85 S.W.2d 876, 885 (Mo. 1935) (per curiam) ("If a *cestui que* trust is a party to, or concurs in, or even assents to, a breach of trust by the trustee, he debars himself thereby of all claim for [r]elief." (citation omitted)); *St. Louis Mut. Life Ins. Co. v. Walter*, 46 S.W.2d 166, 171 (Mo. 1931) (per curiam) ("Plaintiff [beneficiary] cannot at the same time repudiate the sale and insist upon sharing in the proceeds of it."); *Pilgrim Evangelical Lutheran Church of the Unaltered Augsburg Confession v. Lutheran Church – Missouri Synod Found.,* 661 S.W.2d 833, 839 (Mo. Ct. App. 1983) ("Appellant cannot now complain of a breach of trust when, with full knowledge of the facts and legal rights, it has consented to or confirmed and ratified the action."); *see also Reynolds v. Third Nat'l Bank of St. Louis*, 225 S.W. 901, 903-04 (1920) (estoppel defense available against a receiver).]

*Agreed*
*3/5/15*
*E Ann W Welch & MSDR*

## Instruction No. III.21
### *In Pari Delicto*

If National City Bank proves that the Plaintiff Special Deputy Receiver's claim against

Allegiant Bank is based on improper acts in which former officers, directors, employees, or

agents of NPS participated, you must find that National City Bank is not liable to the Plaintiff

Special Deputy Receiver.

[*Dobbs v. Dobbs Tire & Auto Centers*, 969 S.W.2d 894, 897 (Mo. Ct. App. 1998); *see also
Miller v. Ernst & Young*, 938 S.W.2d 313, 316 (Mo. Ct. App. 1997) (*in pari delicto* defense
available against representative of a bankruptcy estate); *Grove v. Sutliffe*, 916 S.W.2d 825, 830
(Mo. Ct. App. 1995) (*in pari delicto* defense available against liquidating trustee).]

Rejected
3/5/15
EArlmn While & NSDJ

51

## Instruction No. III.22
### Superseding Cause

If you find that an alleged breach of trust by Allegiant Bank preceded losses to the

Missouri Trusts but National City Bank proves that there existed a superseding cause of those

losses, you must find that Allegiant Bank is not liable for such losses.

A "superseding cause" means a new and independent force which so interrupts the chain

of events that the result is no longer the natural and probable consequence of the defendant's

conduct and ought not have been anticipated by the defendant. [*Seitz v. Lemay Bank & Trust Co.*,

959 S.W.2d 458, 462 n.8, 464 (Mo. 1998).]

An act of another person is a superseding cause if,

1.  the act caused the Plaintiff's damages and is independent of any conduct of Allegiant
    Bank that you find to constitute a breach of trust; and

2.  the act was not a foreseeable consequence of Allegiant's conduct that you find to
    constitute a breach of trust.

[*Mengwasser v. Anthony Kempker Trucking, Inc.*, 312 S.W.3d 368, 375 (Mo. Ct. App. 2010).]

*Rejected*
*3/5/15*
*Eaward Wlth Sr US DJ*

52

## Instruction No. III.23
## Breach of Trust against National City Bank

Your verdict must be for the Plaintiff Special Deputy Receiver on its claim for breach of

trust against defendant National City Bank if the Plaintiff proves:

*First*, that Allegiant Bank breached its duties as trustee, and

*Second*, that Allegiant Bank is not relieved of liability for investment decisions made by

Wulf Bates & Murphy;[5] and

*Third*, that, as the direct result of the breach of trust, the trust was deprived of a benefit or

sustained an injury,

*Unless* you find that the Plaintiff Special Deputy Receiver is not entitled to recover

because National City Bank proves that:

(1) former officers, directors, employees, or agents of NPS authorized the conduct that

breached Allegiant Bank's duties or that NPS retained the benefits of the breach (see Instruction

No. III.20); or

(2) the Plaintiff's claim is based on improper acts in which former officers, directors,

employees, or agents of NPS participated (see Instruction No. III.21); or

(3) There was a superseding cause of the injury to the trust (see Instruction No. III.22).


[*Parker v. Pine*, 617 S.W.2d 536, 540 (Mo. Ct. App. 1981); *Estate of Luyties v. Scudder*, 432
S.W.2d 210, 216 (Mo. 1968) (per curiam).]

---

[5] National City respectfully submits that the Court's ruling on Plaintiffs' Motion for Rulings as a
Matter of Law, D.E. #2084, improperly renders this step of the analysis superfluous.

53

## Instruction No. III.24
### Damages – Breach of Trust against National City Bank

If you find in favor of the Plaintiff Special Deputy Receiver on its claim for breach of

trust against National City Bank, see Instruction Number III.23, then you must award a sum

equal to the loss in value of the trust property attributable to the breach. The Plaintiff bears the

burden to prove this amount. [*See Barnett v. Rogers*, 400 S.W.3d 38, 49-50 (Mo. Ct. App.

2013); *Parker v. Pine*, 617 S.W.2d 536, 540 (Mo. Ct. App. 1981); *Estate of Luyties v. Scudder*,

432 S.W.2d 210, 216 (Mo. 1968) (per curiam).]

In measuring the loss in value of the trust property attributable to the breach, you must

only consider trust property that was in the trust during Allegiant Bank's trusteeship. Under the

trust agreements, Allegiant Bank was accountable to the trust beneficiaries "only for the funds

paid over to it." Any trust property that was put in the trust after Allegiant Bank's trusteeship

was not "paid over to it." [A D-1 through A D-4, ¶ 4.1.]

*[handwritten signature and date 3/5/15]*

54

## PLAINTIFFS' EXHIBIT B

If you determine that a Defendant is at fault for Plaintiffs' injuries, you may not allocate

that fault between that Defendant and any other person, company, regulator, or entity.

*Rejected*
*3/5/15*
*E Autry/White Sr USDJ*

## PLAINTIFFS' EXHIBIT A

No regulator is a party to this litigation.  Action or inaction of a regulator may not be considered in determining whether a Defendant breached its duties to Plaintiffs or the fault of that Defendant.

Rejected
3/5/15
*[signature]* U.S.D.J.

## Instruction No. III.13
## Fiduciary Duties of the Missouri Trustees

A trust is a fiduciary relationship with respect to property, subjecting the trustee to duties to deal with the property for the benefit of another person, the trust beneficiary. [Restatement (Second) of Trusts § 2 (1959).]

A trustee does not owe a duty to protect property that is not entrusted to it. [*Cole v. Lamb*, 461 S.W.2d 14, 15 (Mo. Ct. App. 1970) (per curiam); *see also* A D-1 through A D-4, ¶ 4.1 ("The Trustee shall be accountable to the Seller and Owner only for the funds paid over to it by the Seller . . . .").] A trustee does not owe a duty to protect the trust beneficiary from any and all harm. The trustee's duties relate to the property that is in the trust.

A trustee's duties are often called "fiduciary" duties. In this case, the Missouri Trustees' fiduciary duties included the following:

1. The duty to administer the trust in good faith, in accordance with the purpose and terms of the trust agreement and the interests of the beneficiaries;

2. A duty of loyalty to the trust beneficiaries;

3. The duty to administer the trust as an ordinarily prudent person would, including the exercise of reasonable care, skill, and caution;

4. The duty to take reasonable steps to take control of and protect the trust property;

5. The duty to maintain title to the trust property; and

6. The duty to keep adequate records of the administration of the trust.

The duty to take reasonable steps to take control of trust property is not a duty to have custody of trust property.

The fiduciary duties owed by a trustee to the beneficiary of a trust only exist during the time it served as a trustee.

44

[*See Engelsmann v. Holekamp*, 402 S.W.2d 382, 389 (Mo. 1966) ("It is the duty of the trustee to keep full, accurate, and orderly records of the status of the trust administration and of all acts thereunder." (internal quotation marks omitted)); *Ramsey v. Boatmen's First Nat'l Bank of Kansas City, N.A.*, 914 S.W.2d 384, 387 (Mo. Ct. App. 1996) ("Although the trustee has many duties emanating from the fiduciary relationship, the most fundamental is the duty of loyalty. As part of this duty the trustee is to administer the trust solely in the interest of the beneficiary."); *Ray Cnty. v. Heath*, 636 S.W.2d 413, 417 (Mo. Ct. App. 1982) ("The role of a trustee is to discharge the trust purpose, as that imperative appears from the entire trust instrument. A concomitant of that preeminent Trustee function is the duty to protect the trust property against damage or destruction. To that end, the trustee is obligated to the beneficiary to do all acts necessary for the preservation of the trust res as would prompt a reasonable person under the circumstances of the nature and purposes of the trust property." (internal citations and quotation marks omitted)); Mo. Rev. Stat. § 436.031(2) (adopted 1982, repealed 2009).]

*Rejected 3/5/15*

*E Bruhne Weldu to USDJ*

## Instruction No. III.14
### Breach of Fiduciary Duty[7]

A breach of fiduciary duty is a violation by a trustee of a fiduciary duty which it owes as

a trustee to the trust beneficiary.

Only a trust beneficiary or someone acting on his or her behalf can sue a trustee to obtain

redress for a breach of a trustee's fiduciary duty. [Restatement (Second) of Trusts § 200 (1959).]

*Adopted 3/5/5*
*Edward Shelder Sr. USDJ*

---

[7] The Missouri Trustees maintain that Plaintiffs' claims for negligence and breach of fiduciary duty are claims for breach of trust. *See Witmer v. Blair*, 588 S.W.2d 222, 224 (Mo. Ct. App. 1979) ("A breach of trust is a violation by the trustee of any duty which as trustee he owes to the beneficiary."); *Covey v. Pierce*, 82 S.W.2d 592, 598 (Mo. Ct. App. 1935) ("It is well settled that every violation by a trustee of a duty that equity lays upon him, whether wrongful and fraudulent or done through negligence or arising through mere oversight and forgetfulness, is a breach of trust."). The Missouri Trustees expressly reserve their right to challenge and/or appeal the Court's ruling on this issue.

Given the Court's ruling that Plaintiffs' claims are not for breach of trust, the Missouri Trustees submit that both claims should be submitted to the jury as a breach-of-fiduciary-duty claim. As the Court acknowledged in ruling on the Missouri Trustees' Motions for Summary Judgment, both claims rest on alleged duties that the Missouri Trustees owed *as trustee*. *See* D.E. #2092, at 11 ("Without the relationship of trustee and beneficiary, Plaintiffs have not alleged the Trustees owe any other duty to the consumers or funeral homes."); *id.* at 25 (stating that Plaintiffs have not proven that "the Trustees owed a duty outside of their duties as trustees."). Given this holding, it would be erroneous to give a negligence instruction to the jury, which presupposes the existence of a duty of care owed by the Missouri Trustees to Plaintiffs that is something other than the duties owed as trustees—*i.e.*, the Trustees' fiduciary duties. *See also* Missouri Trustees' Objection to Plaintiffs' Instruction at Page 23: Packaging: Negligence and Breach of Fiduciary Duty Claim.

46

Case: 4:09-cv-01252-ERW   Doc. #: 2304   Filed: 03/09/15   Page: 58 of 79 PageID #: 54885
Case: 4:09-cv-01252-ERW   Doc. #: 2174-1   Filed: 01/20/15   Page: 47 of 62 PageID #:
52631

## Instruction No. III.15
### Compliance with Fiduciary Duties Not Assessed with Hindsight

A trustee's compliance with its fiduciary duties as trustee is determined in light of the

facts and circumstances existing at the time of a trustee's decision or action and not by hindsight.

[*Boland v. Mercantile-Commerce Bank & Trust Co.*, 163 S.W.2d 597, 605 (Mo. 1942); Mo. Rev.

Stat § 469.908 (previously codified at Mo. Rev. Stat. § 456.908).] Evidence of subsequent loss

does not mean that the trustee breached its duties, because a trustee is not an insurer nor is it

required to be infallible in its judgment. [*Vest v. Bialson*, 293 S.W.2d 369, 379 (Mo. 1956).] A

trustee is not required to anticipate events not generally looked for, and the mere fact that the

trustee's judgment was not fully vindicated by the course of subsequent events which were not

discoverable by ordinary prudence does not prove that the trustee breached its duties. [*Fairleigh*

*v. Fidelity Nat'l Bank & Trust Co.*, 73 S.W.2d 248, 256 (Mo. Ct. App. 1934).] As long as a

trustee acts honestly, with ordinary prudence and within the limits established by the trust

agreement, the trustee is not liable for errors of judgment. [*Fairleigh*, 73 S.W.2d at 256.]

*Reputed 3/5/15*
*E Anhard Mehle Sr. USPJ.*

47

**Instruction No. III.16**
**Trustee Presumed To Have Complied with Its Fiduciary Duties**

There is a presumption that a trustee acted in good faith and performed its fiduciary

duties, and it is the burden of the plaintiff to prove the contrary. [*First Nat'l Bank v. Hyde*, 363

S.W.2d 647, 655 (Mo. 1963); *Boland v. Mercantile-Commerce Bank & Trust Co.*, 163 S.W.2d

597, 607 (Mo. 1942).]

*Rejected*
*3/5/15*
*Eenhard Stuler - U. N.S. D.J.*

## Instruction No. III.19
## No Liability for Actions of Successor Trustees

Because a trustee owes duties only while it is trustee, a trustee cannot be held liable for

the actions of successor trustees.

Mark Twain/Mercantile stopped serving as trustee of the NPS Missouri Trusts and the

CSA Trust in 1998. The successors to Mark Twain/Mercantile were Allegiant Bank, Bremen

Bank, Marshall & Ilsley Trust Company ("M&I"), and Southwest Bank.

Allegiant Bank stopped serving as trustee of the Missouri Trusts on May 31, 2004. The

successors to Allegiant Bank as trustees for the Missouri Trusts were Bremen Bank, Marshall &

Ilsley Trust Company ("M&I"), and Southwest Bank.

[George Gleason Bogert *et al.*, *The Law of Trusts and Trustees* § 513 (2014) ("Consent to a
resignation . . . excuses the resigning trustee from the duty to act further."); *see also* D.E. #2092,
at 28 (holding that the Missouri Trustees cannot be held jointly and severally liable).]

*Rejected*
*3/5/15*
*Earhart Weller th. NSD J.*

51

Case: 4:09-cv-01252-ERW   Doc. #: 2304   Filed: 03/09/15   Page: 61 of 79 PageID #: 54888
Case: 4:09-cv-01252-ERW   Doc. #: 2174-1   Filed: 01/20/15   Page: 52 of 62 PageID #:
52636

## Instruction No. III.20
### Wulf Bates & Murphy:  Mo. Rev. Stat. § 456.550

NPS, the Mason Securities Association, and Mt. Washington Forever LLC appointed the

firm of Wulf Bates & Murphy as investment advisor for the NPS Missouri Trusts, the CSA

Trust, and the Mt. Washington Trust to invest the trust assets.

Under Missouri law, when the person or entity that creates a trust authorizes multiple

people to perform designated duties, a trustee is not under a duty to inquire into or participate in

the performance of any such duties by another person unless the trustee has actual knowledge

that the other person is contemplating, committing, or concealing a breach of trust.  [Mo. Rev.

Stat. § 456.550 (enacted 1983, repealed 2005).]  Therefore, Mark Twain/Mercantile and

Allegiant Bank did not have a duty to inquire into or participate in the performance of Wulf

Bates & Murphy's duties as investment advisor unless they had actual knowledge that Wulf

Bates & Murphy was contemplating, committing, or concealing a breach of trust.

If the Plaintiffs fail to prove that Mark Twain/Mercantile had actual knowledge that Wulf

Bates & Murphy was contemplating, committing, or concealing a breach of trust, then Mark

Twain/Mercantile is not liable for failing to inquire into or participate in the performance of

Wulf Bates & Murphy's duties as investment advisor.

If the Plaintiffs fail to prove that Allegiant Bank had actual knowledge that Wulf Bates &

Murphy was contemplating, committing, or concealing a breach of trust, then Allegiant Bank is

not liable for failing to inquire into or participate in the performance of Wulf Bates & Murphy's

duties as investment advisor.

*Rejected*
*3/5/15*
*Richard Webber  h.-NSP&*

52

### Instruction No. III.21
### Wulf Bates & Murphy: Mo. Rev. Stat. § 436.031

Notwithstanding Instruction No. III.20, Mark Twain/Mercantile and Allegiant Bank have no liability for investment decisions made by Wulf Bates & Murphy ("WBM") if:

1.  WBM was a federally registered or Missouri-registered, qualified, independent investment advisor;

2.  Control of the assets remained with Mark Twain/Mercantile or Allegiant Bank; and

3.  The assets were not placed in any investment which would be beyond the authority of a reasonably prudent trustee to invest in.

[D.E. #2084, at 11-14; *see also* Mo. Rev. Stat. § 436.031(2).][9]

For purposes of this instruction, with respect to Mark Twain/Mercantile, Wulf Bates & Murphy was "independent" if, at the time Mark Twain/Mercantile became trustee in 1989:

1.  WBM and Mark Twain/Mercantile were separate legal entities without common ownership; and

2.  WBM and NPS were separate legal entities without common ownership.

For purposes of this instruction, with respect to Allegiant Bank, Wulf Bates & Murphy was "independent" if, at the time Allegiant Bank became trustee in 1998:

1.  WBM and Allegiant Bank were separate legal entities without common ownership; and

2.  WBM and NPS were separate legal entities without common ownership.

[D.E. #1762, at 41-47; D.E. #1948, at 14-21.]

---

[9] This instruction is based on the Court's ruling on Plaintiffs' Motion for Rulings as a Matter of Law. (D.E. #2084) National City respectfully submits that the Court's ruling renders the final sentence of § 436.031(2) superfluous. *See also* National City Bank's Trial Brief (D.E. #2117), at 9-11. National City expressly reserves its right to challenge and/or appeal that ruling.

*Rejected*
3/5/15
E. Richard Webber Sr. USDJ

53

## Instruction No. III.22
### Proximate Causation

The mere fact that injury follows a breach of fiduciary duty does not create liability. For Mark Twain/Mercantile or Allegiant Bank to be liable for any breach of fiduciary duty, Plaintiffs must prove that a breach of fiduciary duty proximately caused the Plaintiffs' claimed injury. A breach of fiduciary duty is a proximate cause of an injury if the injury is the natural and probable consequence of the breach of fiduciary duty. The injury must be the direct result of the breach of fiduciary duty. A finding of proximate cause cannot be based on speculation or conjecture. If Plaintiffs fail to prove that any breach of fiduciary duty directly caused their injury, they cannot recover damages. [*Tyson v. Chi. Title Ins. Co.*, 348 S.W.3d 833, 837 (Mo. Ct. App. 2011); MAI 17.01.]

*[handwritten: Rejected]*
*[handwritten: 3/5/15]*
*[handwritten signature] Sr. U.S.D.J.*

### Instruction No. III.23
### Superseding Cause

Your verdict must be for Defendant U.S. Bank if U.S. Bank proves that there existed a superseding cause of the losses claimed by Plaintiffs.

Your verdict must be for Defendant National City Bank if National City Bank proves that there existed a superseding cause of the losses claimed by Plaintiffs.

A "superseding cause" means a new and independent force which so interrupts the chain of events that the result is no longer the natural and probable consequence of the defendant's conduct and ought not have been anticipated by the defendant. [*Seitz v. Lemay Bank & Trust Co.*, 959 S.W.2d 458, 462 n.8, 464 (Mo. 1998).]

An act of another person is a superseding cause if,

1. the act caused the plaintiff's losses and is independent of the defendant's conduct that you find to constitute a breach of fiduciary duty; and

2. the act was not a foreseeable consequence of the defendant's conduct that you find to constitute a breach of fiduciary duty.

[*Mengwasser v. Anthony Kempker Trucking, Inc.*, 312 S.W.3d 368, 375 (Mo. Ct. App. 2010).]

Rejected
3/5/15
E Anhund Webler Sr. U.S. D. J.

## Instruction No. III.28
### Damages – Breach of Fiduciary Duty against National City Bank[14]

If you find in favor of the Plaintiffs on their claim for breach of fiduciary duty against

National City Bank, *see* Instruction Number III.25, then you must award Plaintiffs such sum as

you believe will fairly and justly compensate the Plaintiffs for any damages you find they

suffered that were proximately caused by Allegiant's breach of fiduciary duty owed to trust

beneficiaries. [MAI 4.01] Plaintiffs have the burden of proving both the existence and the

amount of their damages with reasonable certainty. [*Jefferson v. Am. Fin. Group, Inc.*, 163

S.W.3d 485, 489 (Mo. Ct. App. 2005).]

I instruct you that Plaintiffs are entitled to recover the amount of any payments or future

payments made by the State Guaranty Associations only if those payments relate to policies that

were held in the Missouri Trusts. [D.E. #2092, at 12-13.]

*Reported*
*3/5/15*
*E. Ann Webb Sr. U.S.D.J.*

---

[14] The Missouri Trustees maintain that, under controlling Missouri law, the measure of Plaintiffs' damages is the loss in the value of the trust property attributable to any breach of duty. The Missouri Trustees expressly reserve their right to challenge and/or appeal the Court's ruling on this issue. The Missouri Trustees also expressly reserve their right to challenge and/or appeal the Court's ruling that the Liquidation Plan conferred rights on pre-need consumers and funeral homes under policies that were then assigned to the State Guaranty Associations.

## Instruction No. III.25
## Breach of Fiduciary Duty against National City Bank

Your verdict must be for the Plaintiffs and against National City Bank on Plaintiffs'

claim for breach of fiduciary duty if the Plaintiffs prove:

*First*, that Allegiant Bank breached fiduciary duties that it owed to beneficiaries of the

trust, and

*Second*, that Allegiant Bank is not relieved of liability for investment decisions made by

Wulf Bates & Murphy;[11] and

*Third*, that the breach of fiduciary duties owed to trust beneficiaries proximately caused

the Plaintiffs' claimed losses,

*Unless* you find that Plaintiffs are not entitled to recover because there was a superseding

cause of the losses claimed by Plaintiffs (see Instruction No. III.23).

*[handwritten: depleted 3/5/15 ...]*

---

[11] The Missouri Trustees respectfully submit that the Court's ruling on Plaintiffs' Motion for
Rulings as a Matter of Law, D.E. #2084, improperly renders this step of the analysis superfluous.

57

**Page 17: Burden of Proof**

OBJECTION:

1.  The Missouri Trustees object to the first paragraph of this instruction on the ground that it does not comply with the MCJI. The MCJI reads in relevant part as follows: "You will have to decide whether certain facts have been proved by the greater weight of the evidence." MCJI, § 3.4. Plaintiffs have improperly omitted "by the greater weight of the evidence." The instruction, as modified by Plaintiffs, misstates the law on the burden of proof in a civil case. *See Gamma 10 Plastics v. Am. President Lines*, 105 F.3d 387, 388 (8th Cir. 1997).

2.  The Missouri Trustees object to the final paragraph of this instruction. Plaintiffs' demand for punitive damages fails as a matter of law. "Under Missouri law, punitive damages may be awarded for a breach of fiduciary duty 'where the wrongful acts were perpetrated in a willful, wanton or malicious manner,'" *Koester v. Am. Rep. Invs., Inc.*, 11 F.3d 818, 823 (8th Cir. 1993) (quoting *McKeehan v. Wittels*, 508 S.W.2d 277, 284 (Mo. Ct. App. 1974)), or where "'the defendant acted with evil motive and reckless indifference to plaintiff's rights,'" *SSM Healthcare Corp. v. Repwest Ins. Co.*, No. 4:14CV1552 CDP, 2014 U.S. Dist. LEXIS 158164, at *8 (E.D. Mo. Nov. 7, 2014) (quoting *Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 508 (Mo. Ct. App. 2005)). The showing of willful or wanton conduct typically requires "self dealing" or "misappropriat[ion]" of trust assets. *Koester*, 11 F.3d at 823. Plaintiffs have not even alleged that Mark Twain/Mercantile or Allegiant Bank engaged in self-dealing or misappropriation. None of the allegations in their complaint rise to the level of willful, wanton, or malicious conduct. Punitive damages are therefore unavailable as a matter of law.

17

3. If the Court nonetheless instructs the jury on punitive damages, the Missouri Trustees submit that the Court should instruct the jury on the meaning of "clear and convincing," as the meaning of this legal term will not be obvious to the jury. The Missouri Trustees propose the following language: "You should find the evidence to be clear and convincing only if it instantly tilts the scales in the affirmative when weighed against the evidence in opposition and your mind is left with an abiding conviction that the evidence is true." *State ex rel. Amrine v. Roper*, 102 S.W.3d 541, 548 (Mo. 2003) (en banc) (quoting *In re T.S.,* 925 S.W.2d 486, 488 (Mo. Ct. App. 1996)).

rejected
3/5/ 15
E. Richard Webber Sr. USDJ.

18

**Verdict Form __**
**Plaintiffs' Claim for Breach of Fiduciary Duty against PNC Bank**

**Note**: Complete this form as instructed below.

1.  Did Allegiant Bank breach any fiduciary duty it owed as trustee to a beneficiary of the NPS Trusts, CSA/Mason Securities Trust, or the Mount Washington Trust?

    ☐ Yes

    ☐ No

    If your answer is "Yes," proceed to Question 2.  If your answer is "No," stop here.

2.  Did Allegiant Bank's breach of fiduciary duty directly cause or directly contribute to cause the Plaintiffs' claimed losses?

    ☐ Yes

    ☐ No

    If your answer is "Yes," proceed to Question 3.  If your answer is "No," stop here.

3.  Was there an intervening cause of the Plaintiffs' claimed losses?

    ☐ Yes

    ☐ No

    If your answer is "No," proceed to Question 4.  If your answer is "Yes," stop here.

4.  What is the amount of money that you find will fairly and justly compensate the Plaintiffs for any damages you believe they sustained and are reasonably certain to sustain in the future that Allegiant Bank's breaches of fiduciary duty directly caused or directly contributed to cause?

    _____

    Proceed to Step 5.

    *Redacted*

    3/5/15

    *E. Richard Webber Sr. USDJ*

5. On the claim of PNC Bank for assessment of the proportions of fault for Plaintiffs' damages assessed in this Verdict, we, the jury, find:

**Complete by writing in the percentage of the relative fault for each party. The total of the percentages you assess must equal 100%.**

Forever Enterprises is _____ % at fault.

PNC Bank is _____ % at fault.

_____
Foreperson

Date: _____

*Rejected*

*3/5/15*

*E. Rudolph Wehler s1 U589.*

2

## Instruction No. III.30
## Apportionment of Fault – National City Bank

If Verdict C is in favor of Plaintiffs and against National City Bank, and if Verdicts ___

are in favor of Plaintiffs and against David Wulf, Wulf Bates & Murphy, Forever Enterprises

and/or Sharon Nekol Province, you must assess the proportion of the fault which each party

listed in Verdict D has for the damages assessed in Verdict C.

[Based on MAI 4.12.]

Rejected
3/5/15

62

Case: 4:09-cv-01252-ERW  Doc. #: 2304  Filed: 03/09/15  Page: 72 of 79 PageID #: 54899
Case: 4:09-cv-01252-ERW  Doc. #: 2174-1  Filed: 01/20/15  Page: 41 of 62 PageID #:
52625

## Instruction No. III.11
## Allegiant Bank

Allegiant Bank was the trustee of the NPS Missouri Trusts and the CSA Trust from 1998

through May 31, 2004. Allegiant Bank was the trustee of the Mt. Washington Trust from April

2000 through May 31, 2004.

Defendant National City Bank was never the trustee of the Missouri Trusts and did not

owe any duties to beneficiaries of the Missouri Trusts. Because it acquired Allegiant Bank,

National City Bank is responsible for Allegiant Bank's conduct.

National City Bank and PNC Bank are now the same company and are referred to in

these instructions as "National City Bank."

*Rejected*

*3/9/15*

*Edward Weller Sr. USDJ*

41

## Instruction No. III.12
### Plaintiffs' Right To Bring Claims against the Missouri Trustees

The Special Deputy Receiver ("SDR") has the right to pursue claims for injury on behalf of NPS and its creditors. [Tex. Ins. Code § 443.154(m).] The SDR brings its claim against the Missouri Trustees on behalf of NPS, and pre-need consumers and funeral homes in their capacities as NPS's creditors.[5] [Third Am. Compl. ¶¶ 32.19, 32.20.] The SDR is not asserting any claims against the Missouri Trustees on behalf of Lincoln or Memorial.

The National Organization of Life and Health Guaranty Associations ("NOLHGA") and the State Guaranty Associations (collectively, the "State Guaranty Associations") were never beneficiaries of the Missouri Trusts. The State Guaranty Associations have the right to pursue claims against the Missouri Trustees only on behalf of pre-need consumers and funeral homes who are beneficiaries of the Missouri Trusts.[6] [D.E. #2092, at 11-12.] The State Guaranty Associations' claims against the Missouri Trustees on behalf of trust beneficiaries are limited to the amount of money that the State Guaranty Associations have paid or will pay to these beneficiaries. [Liquidation Plan ¶ 9.1; *see also* D.E. #2092, at 18-19.] The State Guaranty Associations do not have the right to pursue claims against the Missouri Trustees in connection with payments they have made or will make to pre-need consumers and funeral homes who are not beneficiaries of the Missouri Trusts, or in connection with other payments they have made

---

[5] The Missouri Trustees maintain that, although the SDR has standing to act on behalf of all pre-need consumers and funeral homes in their capacities as NPS's creditors, it does not have standing to act on behalf of only particular pre-need consumers and funeral homes in their purported capacities as beneficiaries of the Missouri Trusts. *See* Tex. Ins. Code § 443.054(m). The Missouri Trustees expressly reserve the right to challenge and/or appeal the Court's ruling on this issue.

[6] The Missouri Trustees expressly reserve the right to challenge and/or appeal the Court's ruling that pre-need consumers and funeral homes have valid claims against the Missouri Trustees that were assigned to the State Guaranty Associations.

42

that relate to life insurance policies that were not held in the Missouri Trusts. [D.E. #2092, at

12.]

Denied

3/5/15

E. Richard Webber — As USDJ

## Instruction No. III.26
## Comparative Fault of NPS[12]

In your verdict, you must assess a percentage of fault to the Plaintiff Special Deputy

Receiver if you believe:

1. NPS consented to or participated in the acts on which Plaintiffs base their claims; and

2. NPS was thereby negligent; and

3. Such negligence of NPS proximately caused any damages the Plaintiff Special

   Deputy Receiver may have sustained.

For purposes of this instruction, "negligence" means the failure to use that degree of care that an

ordinarily careful person would use under the same or similar circumstances.

[MAI 11.02, 37.02]

*Rejected*
*3/5/15*
*Edward Mueller, Sr USPJ*

---

[12] Because the Court has ruled that Plaintiffs are pursuing tort-based claims for legal damages, the Missouri Trustees have the right to compare their fault, if any, against the fault of NPS, as attributed to the Special Deputy Receiver. *See Sabreliner Corp. v. Gen. Elec. Co.*, No. 1:14-CV-2 SNLJ, 2014 WL 2013357, at *1 (E.D. Mo. May 16, 2014) (comparative fault of company attributed to insurance company to whom the company's receiver assigned the claim); *see also Preferred Physicians Mut. Management Grp. v. Preferred Physicians Mut. Risk Retention*, 918 S.W.2d 805, 810 (Mo. Ct. App. 2006) ("Breach of fiduciary duty is a claim arising in tort . . . ."). The Missouri Trustees expressly reserve their right to challenge and/or appeal the Court's ruling.

Upon the Court's acceptance of a comparative fault instruction, the Missouri Trustees will propose modified verdict forms.

58

**Instruction No. III.13A**
**No Duty To Send Trust Statements to Pre-Need Contract Purchasers or Funeral Homes**

Allegiant Bank did not owe a duty to send trust statements to pre-need contract

purchasers or funeral homes.

[*See* Mo. Rev. Stat. § 456.233 (repealed 2004) ("Unless the terms of the trust provide otherwise

or unless waived in writing by an adult, competent beneficiary, the trustee shall deliver a written

statement of accounts to each income beneficiary or his personal representative at least

annually."); D.E. #2092, at 27 (holding that NPS was the only income beneficiary).]

*Rejected*
*3-5-15*
*EARMM Seiler & USOG*

2

## EXHIBIT B: PNC BANK'S[1] PROPOSED ADDITIONAL "DIRTY" JURY INSTRUCTIONS[2]

In light of Plaintiffs' arguments at trial, PNC Bank proposes two additional jury

instructions.

---

[1] "PNC Bank" includes National City Bank and PNC Bank, N.A.

[2] Nothing herein should be construed to waive PNC Bank's right to challenge and/or appeal any aspect of the Court's rulings of January 9 and 12, 2015 or any other ruling.

**Instruction No. III.13B**
**No Duty To Ensure That NPS Put Payments into the Trust**

Allegiant did not owe a duty to ensure that NPS put the required amount of payments

received from pre-need contract purchasers into the NPS Missouri Trusts.

[*See* D.E. #2215, at 6 ("Whether NPS put the required amount into the trusts . . . is not relevant

to Allegiant's conduct and alleged negligence or breach of fiduciary duties."); A D-2-0006, § 4.1

("The Trustee shall not be obliged to collect any payments from the Seller, nor be obliged to see

that any payments so made to it are deposited according to the provisions of the Funeral

Agreement.").]

*Rejected*

*3/5/15*

*E.R.W.*

3

**EXHIBIT C:  PNC BANK'S[1] PROPOSED ADDITIONAL "CLEAN" JURY INSTRUCTIONS[2]**

In light of Plaintiffs' arguments at trial, PNC Bank proposes two additional jury instructions.

---

[1] "PNC Bank" includes National City Bank and PNC Bank, N.A.

[2] Nothing herein should be construed to waive PNC Bank's right to challenge and/or appeal any aspect of the Court's rulings of January 9 and 12, 2015 or any other ruling.