UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on PNC Bank's Motion to Compel Production of Plaintiffs' Settlement Agreement with U.S. Bank on an Expedited Basis [ECF No. 2361].

PNC Bank requests the Court compel production of Plaintiffs' settlement agreement with U.S. Bank to accurately determine the calculation of damages under Missouri Revised Statute §537.060. Plaintiffs' stated they could not produce the settlement agreement due to the confidentiality provision included in the agreement. Hearings were held on Tuesday, March 17, and Wednesday, March 18. The Court ordered U.S. Bank to show cause as to why the settlement agreement should not be produced within five days. U.S. Bank asserts the strict confidentiality provision of the agreement is an integral term of the settlement and should not be set aside without a compelling reason. U.S. Bank contends the Court should decide first if PNC Bank is entitled to a setoff before requiring production of the settlement agreement to protect U.S. Bank's right to confidentiality. In the alternative, U.S. Bank requests the agreement be produced for *in camera* review.

Missouri Revised Statute § 537.060 allows a judgment against a defendant be reduced by the amounts of settlement of other defendants liable in tort for the same injury. "A plaintiff is entitled to only one satisfaction of the same wrong." *Sanders v. Ahmed*, 364 S.W.3d 195, 213 (Mo. 2012) (discussing application of section 537.060). The liability of PNC Bank cannot be determined without the amounts of settlement from former defendants such as U.S. Bank. However, the confidentiality bargained for by U.S. Bank must also be protected. As such, Plaintiffs shall disclose the settlement agreement between Plaintiffs and U.S. Bank to PNC Bank's counsel only. The protective order previously entered by the Court [ECF No. 793] must be narrowly tailored to allow disclosure of the agreement and its terms only to the Court and PNC Bank's counsel. There is no showing that any other entity is entitled to disclosure of the settlement agreement.

Accordingly,

**IT IS HEREBY ORDERED** that PNC Bank's Motion to Compel Production of Plaintiffs' Settlement Agreement with U.S. Bank on an Expedited Basis [ECF No. 2361] is **GRANTED.**

So Ordered this 23rd day of March, 2015.

*E. Richard Webber*
_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**