UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on PNC Bank's Motion to Stay Judgment [ECF No. 2415].

**I.     BACKGROUND**

Plaintiffs filed suit asserting a wide variety of claims against various defendants, including, but not limited to, claims for violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961-1968, violations of the Lanham Act, 15 U.S.C. §§ 1051-1141n, state law claims concerning intentional and negligent fraudulent misrepresentations, negligence and gross negligence, breach of fiduciary duties, and violations of the Texas Receivership Act, Tex. Ins. Code §§ 443.202-443.205 [ECF No. 916]. Only two defendants, PNC Bank and Forever Enterprises, remained at the start of trial in February, 2015. The jury returned a verdict for Plaintiffs and against Defendants in the amount of $391,050,000.00 against PNC Bank and $100,000,000.00 against Forever Enterprises. Judgment was entered on March 9, 2015 [ECF No. 2306]. Defendant PNC Bank seeks an order staying

1

execution or enforcement of the judgment, pursuant to Federal Rule of Civil Procedure ("FRCP") 62(b) and 62(d), pending determination of their Rule 50(b) motion for judgment, Rule 59(a) motion for new trial, and Rule 59(e) motion to amend or alter judgment or until such time as an appeal can be taken.

## II. LEGAL STANDARD

A party may obtain a stay of judgment by posting an adequate supersedeas bond. *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting Paramount Theaters, Inc.*, 87 S.Ct. 1 (1996); Fed. R. Civ. Pro. 62(b). Rule 62(d) of the Federal Rules of Civil Procedure, provides that:

> [i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d). "With respect to money judgments, Rule 62(d) has been interpreted to mean that an appellant may obtain a stay of the money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." *United States v. Mansion House Ctr. Redevelopment Co.*, 682 F. Supp. 446, 449 (E.D. Mo. 1988) (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S. Ct. 1 (1966)). "'The general rule is for the district court to set a supersedeas bond in the full amount of the judgment plus interests, costs, and damages for delay.'" *New Access Commc'ns LLC v. Qwest Corp.*, 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (quoting *Adzick v. Unum Life Ins. Co. of Am.*, 2003 WL 21011345, at *1 (D. Minn. Apr. 16, 2003)). While "[a] full supersedeas bond is the norm," a district court does have discretion to waive the bond requirement or to only require a partial bond, while still implementing a stay of the judgment pending appeal. *Mansion House*, 682 F. Supp. at 449

(citing *Miami Int'l Realty Co. v. Paynter*, 807 F.2d 871, 873 (10th Cir. 1986); *see also New Access*, 378 F. Supp. 2d at 1138 (quoting *Adzick*, 2003 WL 21011345, at *1).

## III. DISCUSSION

### A. *National Bank Act*

PNC Bank argues a stay of execution of judgment is required by the National Bank Act, specifically 12 U.S.C. § 91 which states "no attachment, injunction, or execution, shall be issued against such [national banking] association or its property before final judgment in any suit, action, or proceeding, in any state, county, or municipal court." The Supreme Court has held § 91 applies to federal and state courts and all national banks, regardless of their solvency. *Pac. Nat'l Bank of Boston v. Mixter*, 124 U.S. 721, 727 (1888); *Third Nat'l Bank v. Impac Ltd., Inc.*, 432 U.S. 312, 319 (1977).

Case law is mixed on the application of § 91, specifically on the meaning of "final judgment." The Fifth Circuit has ruled "final judgment" in § 91 means "a judgment on the merits which is no longer subject to examination on appeal." *United States v. Lemaire*, 826 F.2d 387, 390 (5th Cir. 1987). However, other courts have held "final judgment" means the same as it does in FRCP 54 which is a judgment is final when it is appealable. *Quinones v. Chase Bank USA, N.A.*, Civil No. 09CV2748-AJB (BGS), 2012 WL 1473351 at *2 (S.D. Cal. Apr. 27, 2012). Whereas other courts have determined a supersedeas bond is not prohibited by § 91 because it is not an attachment, execution, or injunction. *United States v. Theos*, 709 F. Supp. 1007, 1010 (D. Colo. 1989). Secondary authority follows the Fifth Circuit and holds § 91 exempts national banks from federal and state bond requirements. *See* James R. Brown, *Judgment Enforcement* § 1.05[A] (3d ed. 2015); Mary Ann Jenkins & George Brandon, *Appeals Bond Exemption for National Banks*, 123 Banking L.J. 387, 397 (2006). This Court finds the reasoning of the Fifth

3

Circuit persuasive and holds § 91 exempts national banks from posting a bond until the appeals process is completed. PNC Bank will not be required to post a bond while the enforcement of the judgment is stayed pending post-judgment motions and appeals.

### B. *Waiver of Bond Requirement*

Even if this Court concluded § 91 did not apply to judgments pending appeal, PNC Bank would not be required to post a supersedeas bond because this Court waives it. When deciding whether to waive a bond, there are several factors for the Court to consider: 1) complexity of the collection process, 2) amount of time required to obtain a judgment on appeal, 3) degree of confidence the district court has in the ability of the party seeking waiver to pay the judgment, 4) whether ability to pay the bond is so plain the cost of the bond would be a waste, and 5) whether the party seeking waiver is in such a precarious financial situation the bond would place other creditors in an insecure position. *Exec. Air Taxi Corp. v. City of Bismarck, N. Dakota*, No. 1:04-CV-56, 2007 WL 559819 at *1 (D. N.D. Feb. 14, 2007); *see also Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988); *Augustin v. Nassau Cnty Sherriff's Dep't*, 783 F.3d 414, 417-18 (2d Cir. 2015). As a whole, these factors weight in PNC Bank's favor. The collection process is fairly simple as PNC Bank is a public traded company, based in the United States. This Court has confidence PNC bank has the ability to pay the judgment and believes PNC Bank's ability to pay the bond is "so plain," the cost of a bond is a waste. However, the amount of time required to obtain a judgment on appeal weighs in Plaintiffs' favor as the appeals process most likely will take well more than a year to complete. The final factor is inapplicable as the Court has found PNC Bank has an obvious ability to pay the judgment, it is clearly not in a precarious financial situation. Weighing these factors, the Court finds PNC Bank is not required to post a bond pending post-judgment motions and appeals.

## IV. CONCLUSION

Section 91 of the National Bank Act requires a stay of execution of judgment, without posting of bond, until the appeals process has been completed. Even if a bond was not prohibited by the National Bank Act, this Court waives the bond requirement for a stay of execution of judgment pending disposition of post-trial motions and appeals.

Accordingly,

**IT IS HEREBY ORDERED** that PNC Bank's Motion to Stay Judgment [ECF No. 2415] is **GRANTED.**

So Ordered this 21st day of July, 2015.

*E. Richard Webber*

---
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**