UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )  Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiffs' Motion to Compel PNC Bank to Produce Insurance Policies and Related Communications [ECF No. 2417].

Federal Rule of Civil Procedure 26(a)(1)(A)(iv) requires a party to provide to other parties "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." PNC Bank did not disclose potentially applicable insurance coverage to Plaintiffs. As a result, Plaintiffs request the Court order PNC Bank to produce copies of all potentially applicable insurance and all related communications with insurers. Plaintiffs also request the Court order PNC Bank to pay Plaintiffs' costs and fees for the mediation and other settlement negotiations with PNC Bank.

PNC Bank asserts its disclosures were made in good faith. PNC Bank states it did not disclose the policy because the insurance carriers had not acknowledged coverage, and even if they had, PNC Bank had incurred a $107 million loss on an unrelated claim against the same polices so there would be no insurance left for Plaintiffs' claims. Rule 26(a)(1)(A)(iv) is clear; a

party is required to disclose any insurance policy which *may* cover the claims at issue. PNC Bank made its own determination as to whether it believed the insurance policies would apply. This suggests the policies *may* cover the claims at issue even if PNC Bank believed they ultimately would not. PNC Bank should have disclosed the policies. As the Court understands, the policies have been disclosed to Plaintiffs, which leaves the issues of disclosure of communications with insurers and possible sanctions. Should PNC Bank have any remaining applicable insurance policies which have not been disclosed, the Court orders PNC Bank to immediately disclose them to Plaintiffs.

When a party fails to disclose information as required in Rule 26(a), a district court has wide discretion to fashion a remedy or sanction which fits the circumstances of the case. *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (citing Fed. R. Civ. Pro. 37(c)(1)). In deciding a remedy, the court should consider "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. *Id.* As the severity of the sanctions increases, the court's discretion narrows. *Id.*

Plaintiffs seek disclosure of PNC Bank's communications with its insurers to determine if PNC Bank is taking inconsistent positions in post-trial motions as to conduct by National City before the acquisition of Allegiant Bank. Plaintiffs believe the communications may show additional discovery violations which could require portions of PNC Bank's post-trial motions be stricken. The Court will determine if the documents should be disclosed after an *in camera* review. PNC Bank shall provide the requested communications to the Court within ten days of this order for review by the Court.

The Court believes sanctions are appropriate because PNC Bank did not disclose the insurance policies as required and the failure was not substantially justified or harmless. Rule 37(c)(1) allows the Court to order payment of reasonable expenses, including attorney's fees, caused by the failure to disclose. Plaintiffs' are seeking attorneys' fees for the mediation and settlement negotiations with PNC Bank. Plaintiffs' shall submit to the Court the specific amount of attorneys' fees they are requesting within ten days of this order for the Court to determine an appropriate sanction.

Accordingly,

**IT IS HEREBY ORDERED** that PNC Bank shall provide the Court all communications with its insurers regarding policies which may cover Plaintiffs' claims within ten days of this order. These communications are not to be disclosed to any other party unless by further order of the Court.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit to the Court the specific amount of attorneys' fees they are requesting within ten days of this order.

So Ordered this 22nd day of July, 2015.

                                            **E. RICHARD WEBBER**
                                            **SENIOR UNITED STATES DISTRICT JUDGE**