UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Compel PNC Bank to Produce Insurance Policies and Related Communications [ECF No. 2417]. After conducting an *in camera* review of documents provided by PNC Bank, the Court finds as follows.

The Court will not require disclosure of the communications between PNC Bank and its insurers. As a preliminary matter, nothing contained in the communications is relevant[1] to the claims or defenses in this matter, or more specifically, to the issues raised in post-judgment motions. These communications include the opinions of attorneys and discussions between PNC Bank and its insurers to keep the insurer informed on the details of the lawsuit and to determine coverage under certain policies. This has no bearing on any matter pending before this Court. *See Potomac Elec. Power Co. v. Cal. Union Ins. Co.*, 136 F.R.D. 1, 3 (D.D.C. 1990) (finding correspondence with insurance company lacks sufficient indicia of relevance); *Gulf Ins. Co. v. Skyline Displays Inc.*, No. 02-CV-3503(DSD/SRN), 2003 U.S. Dist. LEXIS 26511 at 13 (D. Minn. Oct. 20, 2003) (same); *Excelsior College v. Frye*, 233 F.R.D. 583, 586 (S.D. Cal. 2006)

---

[1] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (2) the fact is of consequence in determining the action." Fed. R. Evid. 401.

(same).  Further, many of the communications are protected by attorney-client privilege or the work-product doctrine.

Missouri has recognized an insurer-insured privilege which falls within the attorney-client privilege.  *State ex rel. Cain v. Barker*, 540 S.W.2d 50, 53 (Mo. en banc 1976).[2]  However, it requires an existing insured-insurer relationship, where the insurer is obligated to defend and indemnify the insured and the insured is obligated to report covered incidents to the insurer. *May Dep't Stores Co. v. Ryan*, 699 S.W.2d 134, 136 (Mo. Ct. App. 1985); *see also Barker*, 540 S.W.2d at 53.  While the Court believes the policy[3] behind the insurer-insured privilege extends to situations such as this where an insured is required to report a covered incident to the insurer, it declines to extend the insurer-insured privilege beyond the boundaries set by the Missouri state courts when it is not necessary to do so.

For those communications protected by attorney-client privilege, generally a party waives attorney-client privilege if communications are shared with a third party.  However, there is no waiver "where the third party shares a common interest in the outcome of the litigation and where the communication in question was made in confidence." *Lipton Realty, Inc. v. St. Louis Housing Authority*, 705 S.W.2d 565, 570 (Mo. Ct. App. 1986).[4]  It is undeniable the communications were made in confidence as both PNC and the insurer signed confidentiality agreements.  PNC and its insurer also share a common interest in the outcome of the litigation.

---

[2] Federal Rule of Evidence 501 states "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Missouri laws on privilege govern in this case.

[3] There are two justifications for the insurer-insured privilege recognized by Missouri courts.  *State ex rel. L.Y. v. Davis*, 723 S.W.2d 74, 75 (Mo. Ct. App. 1986).  First, the communication is made to the insurer for the purpose of transmitting it to an attorney for protection of the insured's interest; thus, it should be protected similar to attorney-client privilege.  *Id.*  The second justification is the insured can make a full report to the insurer without fear of discovery by an adverse party.  *Id.*

[4] The common interest doctrine is generally applied in cases involving multiple defendants represented by different attorneys who are establishing a common defense strategy.  However, the language of the doctrine does not limit it to those specific situations.

An insurer certainly does not wish for an adverse judgment against one if it's insured, even when there is a chance they will not have to provide coverage. The vast majority of the communications between PNC's legal counsel and its insurers are protected. Attached to this order, as Exhibit A, is a list of each communication provided and the Court's determination of whether it is protected by attorney-client privilege.[5]

The Court has reviewed each document submitted and determined all of the documents lack relevance. Additionally, the Court has analyzed if each document is protected by attorney-client privilege, and a large majority of the documents are protected. The Court will not require disclosure of any of these communications. Those determined to be not privileged are not relevant to the matters before the Court.

On the issue of imposition of sanctions, the Court will hear oral argument from the parties on whether sanctions are appropriate and the appropriate amount of sanctions, if any. The Court will hear argument on this issue at the post-judgment motions hearing schedule for August 24-26, 2015.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel PNC Bank to Produce Insurance Policies and Related Communications [ECF No. 2417] is **DENIED, in part**.

So Ordered this 12th day of August, 2015.

*E. Richard Webber*

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**

---

[5] Several of the documents are protected by the work-product doctrine as well. Federal Rule of Civil Procedure 26(b)(3) states "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney . . . insurer, or agent)."

# EXHIBIT A

A given communication may not be protected from disclosure for several principal reasons, nine of which the Court has identified:

(1) the communication concerned only underlying facts, and the communication was not shared in order to solicit legal advice;

(2) disclosure of the communication to a third party waived its protection;

(3) no attorney was involved with the communication and the communication did not reflect privileged advice from an attorney;

(4) any attorney involvement was merely as a passive recipient of the communication;

(5) the attorney's advice was not legal in nature;

(6) the communication was not made for the purpose of obtaining the attorney's legal advice;

(7) the communication was made by an employee to whom the privilege does not extend;

(8) the communication was not intended to be confidential; and

(9) the document is attorney work produce, but the party seeking production has demonstrated that the communication is discoverable.

Next to each ruling lists a corresponding number to the principle referenced.

| Document | Ruling | Reasoning |
|---|---|---|
| Letter 10-14-09 | Not Privileged | 1 |
| Letter 10-26-09 | Work Product | |
| Letter 10-26-09 | Work Product | |
| Letter 10-27-09 | Not Privileged | 1, 6 |
| Letter 10-27-09 | Not Privileged | 1, 6 |
| Letter 10-29-09 | Not Privileged | 1, 6 |
| Letter 10-29-09 | Not Privileged | 1, 6 |
| Letter 11-11-09 | Not Privileged | 1, 6 |
| Letter 12-10-09 | Not Privileged | 1, 6 |
| Letter 12-18-09 | Not Privileged | 1, 6 |
| Letter 01-05-10 | Not Privileged | 1, 6 |
| Letter 04-22-10 | Privileged | |
| Letter 01-14-15 | Privileged | |

| | | |
|---|---|---|
| Letter 01-22-15 | Privileged | |
| Letter 01-22-15 | Privileged | |
| Letter 01-27-15 | Privileged | |
| Letter 02-10-15 | Privileged | |
| Letter 03-10-15 | Privileged | |
| Letter 03-10-15 | Privileged | |
| Letter 03-17-15 | Work Product | |
| Letter 03-30-15 | Privileged | |
| Letter 07-09-15 | Privileged | |
| OPW 1 | Work Product | |
| OPW 3 | Work Product | |
| OPW 5 | Copy of Court's Opinion | |
| OPW 19 | Copy of Court's Opinion | |
| OPW 49 | Work Product | |
| OPW 51 | Copy of Court's Opinion | |
| OPW 65 | Copy of Court's Opinion | |
| OPW 95 | Work Product | |
| OPW 96 | Work Product | |
| OPW 103 | Work Product | |
| OPW 104 | Work Product | |
| OPW 123 | Not Work Product | |
| OPW 124 | Work Product | |
| OPW 131 | Work Product | |
| OPW 172 | Work Product | |
| OPW 191 | Work Product | |
| OPW 193 | Work Product | |
| OPW 195 | Work Product | |
| OPW 198 | Copy of Court's Opinion | |
| OPW 202 | Work Product | |
| OPW 205 | Copy of Court's Opinion | |
| OPW 226 | Work Product | |
| OPW 229 | Work Product | |
| OPW 233 | Work Product | |
| OPW 236 | Work Product | |
| OPW 239 | Work Product | |
| OPW 243 | Work Product | |
| OPW 245 | Work Product | |
| OPW 250 | Work Product | |
| OPW 256 | Work Product | |
| OPW 262 | Work Product | |
| OPW 264 | Work Product | |
| OPW 266 | Work Product | |
| OPW 271 | Work Product | |

| | | |
|---|---|---|
| OPW 272 | Work Product | |
| OPW 274 | Work Product | |
| OPW 276 | Work Product | |
| OPW 278 | Work Product | |
| OPW 281 | Work Product | |
| OPW 284 | Work Product | |
| OPW 287 | Work Product | |
| OPW 290 | Work Product | |
| OPW 292 | Work Product | |
| OPW 295 | Work Product | |
| OPW 298 | Work Product | |
| OPW 301 | Work Product | |
| OPW 305 | Work Product | |
| OPW 308 | Work Product | |
| OPW 312 | Work Product | |
| OPW 317 | Work Product | |
| OPW 320 | Work Product | |
| OPW 324 | Work Product | |
| OPW 327 | Work Product | |
| OPW 329 | Work Product | |
| OPW 331 | Work Product | |
| OPW 334 | Work Product | |
| OPW 336 | Work Product | |
| OPW 338 | Work Product | |
| OPW 341 | Work Product | |
| OPW 344 | Work Product | |
| OPW 354 | Work Product | |
| OPW 356 | Work Product | |
| OPW 359 | Work Product | |
| OPW 369 | Work Product | |
| OPW 373 | Work Product | |
| OPW 375 | Work Product | |
| OPW 387 | Work Product | |
| OPW 390 | Work Product | |
| OPW 393 | Work Product | |
| OPW 396 | Work Product | |
| OPW 397 | Work Product | |
| OPW 438 | Work Product | |
| OPW 439 | Work Product | |
| OPW 440 | Work Product | |
| OPW 442 | Work Product | |
| OPW 444 | Copy of Court's Opinion | |
| OPW 458 | Copy of Court's Opinion | |

| | | |
|---|---|---|
| OPW 488 | Work Product | |
| OPW 490 | Work Product | |
| Email 1 | Not Privileged | 1 |
| Email 3 | Privileged | |
| Email 8 | Not Privileged | 1 |
| Email 9 | Privileged | |
| Email 11 | Not Privileged | 1 |
| Email 13 | Privileged | |
| Email 18 | Privileged | |
| Email 21 | Privileged | |
| Email 24 | Privileged | |
| Email 29 | Privileged | |
| Email 30 | Not Privileged | 1 |
| Email 31 | Privileged | |
| Email 36 | Privileged | |
| Email 37 | Privileged | |
| Email 38 | Privileged | |
| Email 46 | Privileged | |
| Email 51 | Privileged | |
| Email 55 | Privileged | |
| Email 59 | Privileged | |
| Email 61 | Not Privileged | 1 |
| Email 62 | Privileged | |
| Email 66 | Privileged | |
| Email 70 | Not Privileged | 1 |
| Email 72 | Not Privileged | 1 |
| Email 75 | Work Product | |
| Email 76 | Privileged | |
| Email 77 | Work Product | |
| Email 78 | Privileged | |
| Email 79 | Privileged | |
| Email 80 | Work Product | |
| Email 83 | Work Product | |
| Email 84 | Privileged | |
| Email 128 | Privileged | |
| Email 130 | Privileged | |
| Email 133 | Privileged | |
| Email 135 | Privileged | |
| Email 137 | Privileged | |
| Email 140 | Privileged | |
| Email 142 | Not Privileged | 1 |
| Email 143 | Not Privileged | 1 |
| Email 144 | Not Privileged | 1 |

| Email 145 | Work Product | |
|---|---|---|
| Email 149 | Privileged | |
| Email 151 | Privileged | |
| Email 152 | Work Product | |
| Email 154 | Privileged | |
| Email 156 | Not Privileged | 1 |
| Email 158 | Not Privileged | 1 |
| Email 160 | Not Privileged | 1 |
| Email 162 | Not Privileged | 1 |
| Email 164 | Not Privileged | 1 |
| Email 166 | Not Privileged | 1 |
| Email 168 | Not Privileged | 1 |
| Email 170 | Not Privileged | 1 |
| Email 172 | Not Privileged | 1 |
| Email 175 | Not Privileged | 1 |
| Email 179 | Privileged | |
| Email 183 | Privileged | |
| Email 187 | Privileged | |
| Email 194 | Privileged | |
| Email 197 | Privileged | |
| Email 202 | Privileged | |
| Email 208 | Privileged | |
| Email 227 | Not Privileged | 1 |
| Email 229 | Not Privileged | 1 |
| Email 231 | Privileged | |
| Email 233 | Privileged | |
| Email 234 | Privileged | |
| Email 236 | Not Privileged | 1 |
| Email 238 | Not Privileged | 1 |
| Email 239 | Not Privileged | 1 |
| Email 240 | Not Privileged | 1 |
| Email 242 | Work Product | |
| Email 247 | Privileged | |
| Email 249 | Work Product | |
| Email 254 | Privileged | |
| Email 257 | Privileged | |
| Email 260 | Not Privileged | 1 |
| Email 261 | Not Privileged | 1 |
| Email 262 | Not Privileged | 1 |
| Email 263 | Privileged | |
| Email 264 | Privileged | |
| Email 271 | Not Privileged | 1 |
| Email 272 | Work Product | |

| | | |
|---|---|---|
| Email 286 | Work Product | |
| Email 302 | Privileged | |
| Email 303 | Not Privileged | 1 |
| Email 304 | Privileged | |
| Email 307 | Privileged | |
| Email 308 | Privileged | |
| Email 309 | Privileged | |
| Email 311 | Privileged | |
| Email 312 | Privileged | |
| Email 313 | Privileged | |
| Email 315 | Privileged | |
| Email 316 | Privileged | |
| Email 319 | Privileged | |
| Email 320 | Privileged | |
| Email 321 | Privileged | |
| Email 323 | Work Product | |
| Email 337 | Work Product | |
| Email 342 | Privileged | |
| Email 343 | Privileged | |
| Email 346 | Privileged | |
| Email 348 | Privileged | |
| Email 349 | Privileged | |
| Email 354 | Privileged | |
| Email 355 | Privileged | |
| Email 358 | Work Product | |
| Email 363 | Privileged | |
| Email 365 | Privileged | |
| Email 367 | Privileged | |
| Email 376 | Privileged | |
| Email 377 | Privileged | |
| Email 383 | Privileged | |
| Email 384 | Privileged | |
| Email 387 | Work Product | |
| Email 401 | Not Privileged | Ins. Policy |
| Email 489 | Privileged | |
| Email 491 | Privileged | |
| Email 493 | Privileged | |
| Email 494 | Work Product | |
| Email 497 | Not Privileged | 1 |
| Email 498 | Privileged | |
| Email 500 | Privileged | |
| Email 503 | Privileged | |
| Email 505 | Privileged | |

| Email | Status | |
|---|---|---|
| Email 506 | Privileged | |
| Email 508 | Privileged | |
| Email 509 | Privileged | |
| Email 510 | Privileged | |
| Email 512 | Privileged | |
| Email 514 | Privileged | |
| Email 515 | Privileged | |
| Email 517 | Privileged | |
| Email 519 | Not Privileged | 1 |
| Email 521 | Privileged | |
| Email 522 | Privileged | |
| Email 523 | Not Privileged | 1 |
| Email 525 | Not Privileged | 1 |
| Email 557 | Privileged | |
| Email 559 | Privileged | |
| Email 561 | Privileged | |
| Email 563 | Privileged | |
| Email 564 | Privileged | |
| Email 565 | Not Privileged | 1 |
| Email 566 | Privileged | |
| Email 568 | Work Product | |
| Email 573 | Work Product | |
| Email 577 | Work Product | |
| Email 582 | Privileged | |
| Email 584 | Privileged | |
| Email 586 | Privileged | |
| Email 588 | Not Privileged | 1 |
| Email 589 | Privileged | |
| Email 590 | Not Privileged | 1 |
| Email 591 | Not Privileged | 1 |
| Email 593 | Privileged | |
| Email 595 | Privileged | |
| Email 597 | Privileged | |
| Email 599 | Privileged | |
| Email 601 | Privileged | |
| Email 603 | Privileged | |
| Email 605 | Privileged | |
| Email 607 | Not Privileged | 1 |
| Email 608 | Work Product | |
| Email 610 | Work Product | |
| Email 630 | Privileged | |
| Email 631 | Privileged | |
| Email 633 | Privileged | |

| | | |
|---|---|---|
| Email 634 | Work Product | |
| Email 637 | Privileged | |
| Email 641 | Privileged | |
| Email 643 | Privileged | |
| Weav. 1 | Privileged | |
| Weav. 6 | Privileged | |
| Weav. 17 | Privileged | |
| Weav. 19 | Privileged | |
| Weav. 21 | Privileged | |
| Weav. 24 | Privileged | |
| Weav. 25 | Privileged | |
| Weav. 28 | Privileged | |
| Weav. 32 | Privileged | |
| Weav. 36 | Privileged | |
| Weav. 38 | Privileged | |
| Weav. 43 | Privileged | |
| Weav. 49 | Privileged | |
| Weav. 54 | Privileged | |
| Weav. 59 | Privileged | |
| Weav. 60 | Privileged | |
| Weav. 62 | Privileged | |
| Weav. 64 | Privileged | |
| Weav. 67 | Privileged | |
| Weav. 69 | Privileged | |
| Weav. 71 | Privileged | |
| Weav. 75 | Privileged | |
| Weav. 76 | Privileged | |
| Weav. 81 | Privileged | |
| Weav. 89 | Privileged | |
| Weav. 91 | Privileged | |
| Weav. 92 | Privileged | |
| Weav. 93 | Privileged | |
| Weav. 96 | Privileged | |
| Weav. 99 | Privileged | |
| Weav. 101 | Privileged | |
| Weav. 104 | Privileged | |
| Weav. 106 | Privileged | |
| Weav. 108 | Privileged | |
| Weav. 111 | Privileged | |
| Weav. 115 | Privileged | |
| Weav. 116 | Privileged | |
| Weav. 118 | Privileged | |
| Weav. 120 | Privileged | |

| | | |
|---|---|---|
| Weav. 123 | Privileged | |
| E-Room 1 | Privileged | |
| E-Room 3 | Privileged | |
| E-Room 4 | Privileged | |
| E-Room 5 | Privileged | |
| Fees 1 | Privileged | |
| Fees 2 | Privileged | |
| Fees 3 | Privileged | |
| Conf. Ag. 1 | Work Product | |
| Conf. Ag. 2 | Work Product | |
| Conf. Ag. 3 | Work Product | |
| Conf. Ag. 4 | Work Product | |
| Conf. Ag. 5 | Work Product | |
| Conf. Ag. 6 | Work Product | |
| Conf. Ag. 7 | Work Product | |
| Conf. Ag. 8 | Work Product | |
| Conf. Ag. 9 | Work Product | |
| Conf. Ag. 10 | Work Product | |
| Conf. Ag. 11 | Work Product | |
| Conf. Ag. 12 | Work Product | |
| Conf. Ag. 13 | Work Product | |