UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Amend Judgment to Include Prejudgment Interest under Missouri Revised Statutes Section 408.020 [ECF No. 2388].

**I. BACKGROUND**

Plaintiffs[1] asserted claims against PNC Bank for breach of fiduciary duty and negligence. At trial, the jury found Alleigant[2] breached its fiduciary duties as trustee and was negligent.[3] A jury returned a verdict against PNC Bank awarding Plaintiffs $355,500,000 in compensatory damages and $35,550,000 in punitive damages. Plaintiffs now seek prejudgment interest on the entire judgment amount which equals $178,821,369.00. Plaintiffs have also submitted a supplemental calculation of prejudgment interest in the amount of $54,866,102.00 should the Court determine Plaintiffs are only entitled to prejudgment interest on claims already paid by the Special Deputy Receiver.

---

[1] Plaintiffs includes Jo Ann Howard, the Special Deputy Receiver of Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc., the National Organization of Life and Health Insurance Guaranty Associations, and the State Guaranty Associations.
[2] PNC Bank is the successor-in-interest to Allegiant Bank, the tortfeasor.
[3] The facts as presented at trial are explained more fully in this Court's Memorandum and Order on PNC Bank's Motion for Judgment as a Matter of Law, or in the Alternative, New Trial.

1

## II.     DISCUSSION

Missouri Revised Statutes § 408.040.3 governs prejudgment interest in tort actions.[4] This statute states "in tort actions, if a claimant has made a demand for payment of a claim or an offer of settlement of a claim, to the party, parties . . . and the amount of the judgment or order exceeds the demand for payment or offer of settlement, then prejudgment interest shall be awarded . . ." Mo. Rev. Stat. § 408.040.3.  The statute lists four requirements for a demand or offer.  *Id*.  Both Plaintiffs and PNC Bank agree Plaintiffs have not satisfied the requirements of this statute and it does not apply.  However, a plaintiff may recover prejudgment interest under § 408.020 when "the defendant's tortious conduct confers a benefit upon the defendant."  *Vogel v. A.G. Edwards & Sons, Inc.*, 801 S.W.2d 746, 757 (Mo. Ct. App. 1990); *see also Ogg v. Mediacom, LLC*, 382 S.W.3d 108, 118 (Mo. Ct. App. 2012).  This statute provides:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

Mo. Rev. Stat. § 408.020.  The general rule is this statute applies when the amount due is liquidated.  *Farmland Indus., Inc. v. Frazier-Parrott Commodities*, 111 F.3d 588, 592 (8th Cir. 1997).  The amount due is liquidated when it is "fixed and determined or readily ascertainable by computation or a recognized standard."  *Columbia Mut. Ins. Co. v. Long*, 258 S.W.3d 469, 480 (Mo. Ct. App. 2008).

Plaintiffs assert they are entitled to prejudgment interest because Allegiant received a benefit from its tortious conduct.  Plaintiffs argue Allegiant's fees as a trustee, $60,000 per year,

---

[4] State law determines prejudgment interest.  *Swope v. Siegel-Robert, Inc.*, 243 F.3d 486, 497 (8th Cir. 2001).

its ability to market itself as a full service bank because of the large NPS trusts it held, and its avoidance of a $25 million break-up fee in its merger with National City Bank when it passed the trusts to a successor trustee constitute benefits so as to allow prejudgment interest. PNC Bank asserts the exception is much narrower than Plaintiffs prescribe. According to PNC Bank, the exception has been applied only to tort cases in which the defendant wrongfully obtained, used, or retained the plaintiff's money or property. There is no case in Missouri which explicitly states the exception for prejudgment interest is limited as PNC Bank suggests. However, a close look at the case law reveals the exception has not been applied in any other circumstances.

In *Ogg v. Mediacom, LLC*, defendant Mediacom, LLC, laid cables on Plaintiffs' property through an easement held by the Missouri State Highway and Transportation Commission and an electric utility company. 382 S.W.3d 108, 111 (Mo. Ct. App. 2012). The Missouri Court of Appeals for the Western District of Missouri held Mediacom exceeded the scope of the easement and did not have authority to install the cables without Plaintiffs' permission. *Id*. The measure of damages was the loss in fair market value to the property which was determined through comparable fiber optic easement transactions introduced by experts. *Id.*, at 118. The Court ruled prejudgment interest may be recovered because Mediacom benefitted from its trespass on Plaintiffs' property.

In *Rois v. H.C. Sharp Company*, Stephen Rois sought unpaid commissions from his former employer H.C. Sharp Company. 203 S.W.3d 761, 763 (Mo. Ct. App. 2006). H.C. Sharp filed a counterclaim against Rois for breach of fiduciary duty seeking the profits Rois diverted to his own business, Millennium. *Id*. The trial court ruled Rois breached his fiduciary duties to H.C. Sharp and granted it prejudgment interest on the profits Rois diverted. *Id*. The Missouri Court of Appeals for the Eastern District of Missouri affirmed the trial court stating Rois' breach

of fiduciary duty is "tortious conduct which conferred a benefit on him in the form of the profits Millennium generated to the detriment of [H.C.] Sharp." *Id.*, at 766.

In *Vogel v. A.G. Edwards & Sons, Inc.*, Plaintiffs hired Fred Prewitt, a stock broker for A.G. Edwards & Sons to manage Plaintiffs' investment accounts. 801 S.W.2d 746, 748 (Mo. Ct. App. 1990). The investment accounts lost a large amount of value during the time Prewitt managed the accounts. *Id*. Plaintiffs asserted Prewitt breached his fiduciary duty by trading excessively in their accounts solely to earn commission, not for the benefit of Plaintiffs. *Id.* Plaintiffs characterized this trading as "churning" of their accounts. *Id*. Plaintiffs won at trial and were awarded prejudgment interest. *Id.*, at 757. The Missouri Court of Appeals for the Eastern District of Missouri held recovery of prejudgment interest was appropriate and Plaintiffs fit into the exception because "[t]he claimed breach of fiduciary duty here is tortious conduct which would confer a benefit upon Prewitt, the broker; namely, his commissions." *Id*. The measure of damages was the commissions charged on the trades which constituted churning. *Id*.

In all of these cases, cited by Plaintiffs, the defendants benefitted from the wrongful obtainment, retention, or use of the plaintiffs' property or money. Plaintiffs did not cite a case, and the Court was unable to find a case, where defendants benefitted in some way from their tortious conduct but did not wrongfully obtain, retain, or use the plaintiff's property or money. Here, Allegiant did not wrongfully obtain, retain, or use Plaintiffs' property and Plaintiffs did not seek to recover in damages the benefits they allege Allegiant gained from its tortious conduct. The Court hesitates to expand an exception beyond the reach of the Missouri courts. Especially, in a situation such as this, where the general rule is prejudgment interest is not allowed in tort cases and there is a specific statute delineating the procedure a party must follow to obtain prejudgment interest in tort cases. *See Vogel*, 801 S.W.2d at 757; Mo. Rev. Stat. § 408.040. If

the Court were to adopt Plaintiffs' argument, the exception would subsume the rule and would allow prejudgment interest in the majority of tort cases, which would effectively nullify the requirements of the statute. The Court will not award prejudgment interest to Plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Judgment to Include Prejudgment Interest under Missouri Revised Statutes Section 408.020 [ECF No. 2388] is **DENIED.**

So Ordered this 20th day of November, 2015.

*E. Richard Webber*

--------

**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**