**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., SPECIAL DEPUTY RECEIVER OF LINCOLN MEMORIAL LIFE INSURANCE COMPANY, MEMORIAL SERVICE LIFE INSURANCE COMPANY, AND NATIONAL PREARRANGED SERVICES, INC., ET AL., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 09-CV-1252-ERW |
| v. | ) ) | |
| J. DOUGLAS CASSITY; RANDALL K. SUTTON; BRENT D. CASSITY; J. TYLER CASSITY; RHONDA L. CASSITY; ET AL., | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION FOR JUDGMENT
AGAINST PNC BANK ON ALLEGIANT'S BREACHES OF TRUST AND PNC'S
INVESTMENT ADVISOR DEFENSE**

Plaintiffs Jo Ann Howard, Special Deputy Receiver of Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc.; the National Organization of Life and Health Insurance Guaranty Associations; and the State Guaranty Associations respectfully move this Court to enter judgment against PNC Bank on Allegiant Bank's breaches of trust and PNC's affirmative "investment advisor" defense under Federal Rule of Civil Procedure 52.

In support of this Motion, Plaintiffs state as follows:

1.      The Eighth Circuit explicitly stated that "[a]lthough the case was tried to a jury on a tort-law theory, we do not dictate that the case be retried in its entirety.  The district court is familiar with the evidence and may proceed based on the existing trial record as it sees fit[.]" (ECF No. 2521, at 21).  As such, it is appropriate for this Court to enter Rule 52 judgment

2176742

against PNC Bank on Allegiant's breaches of trust and PNC's investment advisor defense using the existing trial record.

2.      PNC Bank was fully heard during the jury trial that occurred in February and March 2015 on whether Allegiant Bank breached its duties as trustee of NPS Trusts I-V, the Mt. Washington Preneed Trust, and the Mason Securities Association d/b/a/ Funeral and Cremation Society of America Pre-Need Trust (collectively, the "NPS Preneed Trusts").  The elements of the breach of fiduciary duty and negligence claims tried to the jury and the breach of trust claim now before the Court are the same.  *See Honsinger v. UMB Bank, N.A.*, No. 06-0018-CV-W-ODS, 2007 WL 4287683, at *3 (W.D. Mo. Dec. 4, 2007).

3.      Further, PNC Bank has previously argued—and the Eighth Circuit agreed—that the violation by a trustee of any duty owed as trustee is a breach of trust.  (ECF No. 2521, at 10). Because the source of Allegiant's duty here was its role as trustee, the evidence of breach that was introduced in the jury trial is the same evidence that is relevant to the Court's consideration of whether Allegiant committed breaches of trust.

4.      The evidence overwhelmingly establishes that Allegiant did commit breaches of trust.   In its post-trial orders, this Court already concluded that Allegiant's conduct was "particularly egregious," that Allegiant "circumvented every protection created to prevent trusts, especially pre-need trusts, from losing their assets," and that Allegiant acted as "a trustee in name only."  (ECF No. 2504, at 5-6, 17).

5.      PNC pled an affirmative defense under MO. REV. STAT. § 436.031.2.  In order to avail itself of this affirmative defense, PNC must show that "Allegiant ensured that Wulf was investing trust assets within the authority of a reasonably prudent trustee."  (ECF No. 2521, at 14). Because this is an affirmative defense, PNC carries the burden of proof. *See PNC Bank,*

2

*Nat'l Ass'n. v. El Tovar, Inc.*, No. 4:13-CV-1073CAS, 2014 WL 538810, at *8 (E.D. Mo. Feb. 11, 2014).

6.     PNC was fully heard on this affirmative defense.  PNC presented its investment advisor defense to the jury and was given a full and fair opportunity to do so and had every incentive to present evidence in support of this affirmative defense.

7.     Throughout the trial and this appeal, PNC took the position that once NPS hired an investment advisor, Allegiant was relieved of all liability relating to investment decisions of trust property.  (*See* ECF No. 2084, at 11-14; ECF No. 2521, at 13; ECF No. 2505, at 14). Consistent with that position, at trial PNC presented no evidence that it ensured that the investment advisor "was investing trust assets within the authority of a reasonably prudent trustee."  (ECF No. 2521, at 14).  Instead, as shown in this Court's post-trial orders, Allegiant failed to ensure the trust assets were prudently invested. (*See* ECF No. 2505, at 8-9, 15; ECF No. 2504, at 6-10).

8.     Commensurately, the issue of what losses resulted from Allegiant's breaches and the equitable relief to be awarded will require additional evidentiary proceedings.  Neither side has been fully heard on the issue of trust-law losses.

9.     In entering judgment, this Court must make Rule 52(a) findings of fact and conclusions of law.  Fed. R. Civ. P. 52(a) ("the court must find the facts specially and state its conclusions of law separately").  Plaintiffs have thus included proposed findings of fact and conclusions of law as an attachment to their Memorandum in Support of this Motion for the Court's convenience and consideration.  The proposed findings comprehensively summarize and cite the evidence in the existing trial record establishing Allegiant's numerous breaches of trust and PNC's failure to prove its affirmative investment advisor defense.  Plaintiffs' proposed

2176742

findings of fact also include findings regarding the nature and egregiousness of Allegiant's conduct, which will also be relevant to the Court's eventual consideration of whether punitive damages or other equitable relief should be awarded here.

10.    Plaintiffs' arguments supporting this motion are set forth more fully in the contemporaneously filed Memorandum in Support.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against PNC Bank on the issues of Allegiant's breaches of trust and affirmative investment advisor defense. Dated this 9th day of January, 2018.

Respectfully submitted,

*s/ Daniel M. Reilly*

Daniel M. Reilly (Admitted *Pro Hac Vice*)
Larry S. Pozner, E.D. Missouri Bar No. 2792CO
Clare S. Pennington (Admitted *Pro Hac Vice*)
Robert J. Kelly (Admitted *Pro Hac Vice*)
Michael P. Robertson (Admitted *Pro Hac Vice*)
Farrell A. Carfield (Admitted *Pro Hac Vice*)
Reilly Pozner LLP
1700 Lincoln Street, Suite 3400
Denver, CO 80203
(303) 893-6100

Maurice B. Graham, Bar No. 3257
Morry S. Cole, Bar No. 77854
Gray, Ritter & Graham, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101
(314) 241-5620

Attorneys for Plaintiffs Jo Ann Howard and Associates, P.C., in its capacity as Special Deputy Receiver of Lincoln Memorial Life Insurance Company, Memorial Service Life Insurance Company, and National Prearranged Services, Inc.; the National Organization of Life and Health Insurance Guaranty Associations; the Missouri Life & Health Insurance Guaranty Association; the Texas Life & Health Insurance Guaranty Association; the Illinois Life & Health Insurance Guaranty Association; the Kansas Life &

4

Health Insurance Guaranty Association; Oklahoma Life &
Health Insurance Guaranty Association; the Kentucky Life
& Health Insurance Guaranty Association; and the
Arkansas Life & Health Insurance Guaranty Association

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2018, the foregoing **PLAINTIFFS' MOTION FOR JUDGMENT AGAINST PNC BANK ON ALLEGIANT'S BREACHES OF TRUST AND PNC'S INVESTMENT ADVISOR DEFENSE** was filed electronically with the Clerk of Court and served by operation of the Court's electronic filing system upon all counsel of record in this case participating in Electronic Case Filing.

*s/ Daniel M. Reilly*

Daniel M. Reilly
(Admitted *Pro Hac Vice)*
Attorney for Plaintiffs

5