UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., et al., | ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) | No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, et al., | ) ) ) ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

The Court held a telephone conference on June 12, 2018, to address several discovery issues that have arisen between the parties. The Court makes the following orders.

1. The final deadline for fact discovery will be extended to July 17, 2018. This deadline includes depositions for any 30(b)(6) witnesses.

2. The five additional fact witnesses noticed for deposition by Plaintiffs need to be produced in a timely manner. Defendants shall notify Plaintiffs and the Court of the status of locating the two witnesses who are not represented by Defendants no later than June 15, 2018.

3. All depositions of fact witnesses discussed in the telephone conference shall be scheduled no later than July 2, 2018, although they may be taken after July 2, 2018, but before July 17, 2018.

4. If Defendants take the position National City asked Allegiant to divest itself of the trusts because National City had prior bad experiences with pre-need trusts, then Defendants shall produce a 30(b)(6) witness to testify as to what prior bad experiences National City refers. If the names of the trusts are included in any documents filed with the Court, the documents shall

be filed under seal. The witness shall also testify as to whether National City accepted any pre-need trusts after Allegiant and National City merged. If the witness testifies National City did accept pre-need trusts after the merger, then Plaintiffs are permitted to ask how many pre-need trusts it administered. If, after the merger, National City abandoned any other pre-need trusts it held before the merger, the witness shall testify as to why National City abandoned any pre-need trusts, and produce documents containing information as to why the trusts were abandoned. Finally, the witness shall testify as why National City's decided not to provide pre-need trust services for the NPS pre-need trusts.

5. If Defendants take a different position with respect to David Wulf and whether his decisions were reasonable or independent, then Defendants need to produce a 30(b)(6) witness to testify on these topics. This deposition will be limited to four hours.

6. In its order on June 8, 2018, ruling Defendants' Motion for Protective Order, ECF No. 2566, the Court addressed several topics listed by Plaintiffs in their Notice for Rule 30(b)(6) depositions. Topic 1 requested testimony on National City's investigation, analysis, due diligence, and valuation of Allegiant as a possible acquisition. The Court allowed this topic in its entirety but limited the deposition on this topic to four hours. *See* ECF No. 2599, pgs. 8, 9-10. Topic 2 requested testimony on National City's communications with PNC Bank about Allegiant's trust department, NPS, NPS Pre-Need Trusts, or the Cassitys. Topic 2 was limited to communications between National City and PNC Bank concerning the potential liability of National City for the pre-need trusts. *See* ECF No. 2599, pgs. 8, 10. "Potential liability" means anything that alerted PNC there is <u>anything</u> about NPS, the pre-need trusts, or the Cassitys that might be the source of any liability to National City or PNC.

Request for Production 1[1] asked for documents and communications about PNC's due diligence or valuation of National City. The Court permitted this request but limited it to documents of PNC's that discuss the potential liability of National City for the pre-need trusts. *See* ECF No. 2599, pgs. 8, 11. "Potential liability," as stated here, references any documents or communications that alerted PNC there is <u>anything</u> about NPS, the pre-need trusts, or the Cassitys that might be the source of any liability to National City or PNC.

In its order ruling Defendants' Motion for Protective Order, ECF No. 2580, the Court addressed Plaintiffs' Second Post-Remand Set of Discovery Requests. Request 2 asked for documents or communications between PNC and National City about any potential liabilities of National City from the pre-need trusts. The Court ordered Defendants to produce this discovery. *See* ECF No. 2599, pgs. 12, 13. "Potential liabilities" references any documents or communications that alerted PNC there is <u>anything</u> about NPS, the pre-need trusts, or the Cassitys that might be the source of any liability to National City or PNC. Requests 5 and 6 asked for identification of individuals that represented, advised, or acted on behalf of National City during its merger with PNC and identification of individuals that represented, advised, or acted on behalf of PNC during its merger with National City. The Court limited these requests to only individuals with information about any potential liability of National City from the pre-need trusts. *See* ECF No. 2599, pgs. 12, 13-14. Identification of any individuals means individuals that alerted PNC there is <u>anything</u> about NPS, the pre-need trusts, or the Cassitys that might be the source of any liability to National City or PNC is included in the Court's order.

In its order ruling Plaintiffs' Motion to Compel, ECF No. 2582, the Court addressed Plaintiff SDR's prior discovery requests. Requests 2, 3, and 4 asked for documents related to the

---

[1] This number corresponds with the Court's numbering of the requests on page 8 of ECF No. 2599.

3

merger of National City and PNC that concern the pre-need trusts or successor liability of the pre-need trusts, documents and communications between National City and PNC prior to the merger of the two banks that relate to the pre-need trusts or the Cassitys, and documents and communications related to PNC's investigation, analysis, and review of National City as a possible acquisition that relate to the pre-need trusts or the Cassitys. The Court ordered this discovery produced, but limited it to communications between National City and PNC which concern any potential liability of National City for the pre-need trusts. "Potential liability" references any documents, communications, or information that alerted PNC there is <u>anything</u> about NPS, the pre-need trusts, or the Cassitys that might be the source of any liability to National City or PNC.

7. The parties shall continue to meet and confer regarding the topics included in Defendants' 30(b)(6) notice to Plaintiffs. The Court will limit deposition testimony about death claim payments made by Plaintiffs to those made since the last deposition on this topic was taken, in the absence of any further showing by Defendants of the need for other depositions.

8. The parties shall meet and confer about any issues raised in Plaintiffs' counsel's letter to Defendants' counsel once Defendants have had the opportunity to read the letter.

So Ordered this 13th Day of June, 2018.

*E. Richard Webber*

---
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE