UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD & ASSOCIATES, P.C., et al., | ) ) ) | |
| Plaintiff(s), | ) ) | |
| v. | ) ) | No. 4:09CV01252 ERW |
| J. DOUGLAS CASSITY, et al., | ) ) ) ) | |
| Defendant(s). | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Non-Party BMO Harris Bank, N.A.'s Motion to Quash Plaintiffs' Subpoena to Testify at a Deposition in a Civil Action or Produce Documents in Lieu of Deposition [2617].

BMO Harris Bank, N.A. ("BMO") asks the Court to quash Plaintiffs' subpoena for documents BMO previously listed on a privilege log. BMO was previously a defendant in this litigation. On September 26, 2014, Plaintiffs filed a motion to compel against BMO seeking production or an *in camera* review of 29 documents listed on BMO's privilege log. On November 13, 2014, Plaintiffs and BMO notified the Court they had reached a settlement, all claims against BMO were dismissed, and the motion to compel was terminated.

Plaintiffs have now served a third-party subpoena on BMO seeking those same 29 documents that were the subject of the previous motion to compel. BMO asserts it does not need to produce the documents, because, in the settlement agreement, Plaintiffs agreed to release BMO from all demands, rights, and obligations of any kind that arose or are related to the claims of this lawsuit. Further, BMO argues the documents are privileged and not relevant to Plaintiffs'

claims against PNC Bank. Plaintiffs assert the documents are not privileged and the settlement agreement states BMO agreed to provide reasonable cooperation to Plaintiffs.

The settlement agreement's release of BMO from claims, demands, or rights that arise out of the claims or causes of action asserted by Plaintiffs does not apply as BMO suggests and does not prevent BMO from responding to a subpoena. Additionally, pursuant to the agreement's cooperation clause, BMO agreed to provide reasonable cooperation to Plaintiffs including "producing in response to reasonable requests for additional documents relevant to the subject matter of the Lawsuit that have not already been produced and are *non-privileged*." (emphasis added). Thus, the Court must determine if the documents are non-privileged for the subpoena to be enforceable.

Plaintiffs argue attorney-client privilege does not apply to the documents because of the fiduciary exception to the privilege. Upon acceptance of the trusteeship, a trustee is under a duty to administer the trust solely in the interest of the beneficiary. *Estate of Luyties v. Scudder*, 432 S.W.2d 210, 214 (Mo. 1968). The trustees have a fiduciary obligation to act in the beneficiaries' interest when administering the trust. *United States v. Jicarilla Apache Nation*, 564 U.S. 162, 170 (2011). When a trustee obtains legal advice for the purpose of administering the trust, and not for the trustee's own defense, the beneficiaries are entitled to the documents. *Id*. Attorney-client privilege does not apply because the legal advice was sought for the beneficiaries' benefit and at the beneficiaries' expense. *Id*.

The fiduciary exception to attorney-client privilege does not apply to documents 1-3, 12-14, 16, and 17,[1] because these documents request legal advice about the trusts before Marshall & Ilsley Trust Company, N.A. ("M&I") (BMO's predecessor) became trustee. At that time, M&I

---

[1] All document numbers correspond to the document numbers listed on BMO's privilege log produced at ECF No. 1804-2.

did not have a duty to the beneficiaries of the trust, did not seek the advice for the beneficiaries' benefit, and the advice sought was not paid for by the trust. Similarly, the fiduciary exception does not apply to Documents 10, 11, and 18 through 26, because they were sent or received after M&I resigned as trustee. Therefore, M&I did not have a duty to the beneficiaries at that time.

Documents 1-3, 10-14, 16-18, 20, 24, and 25 are protected by either attorney-client or the work-product doctrine, because they request legal advice, include legal advice or are litigation summaries. Therefore, BMO does not need to produce these documents.

Documents 19 and 21-23 are M&I Trust Administrative Committee minutes. The descriptions state these include "discussion in preparation for litigation and reflecting legal advice re litigation." The parts of these documents that discuss litigation and legal advice are protected by attorney-client privilege but any other issues discussed in the minutes are not protected and must be disclosed. Therefore, Documents 19 and 21-23 shall be produced to the Court for *in camera* review for the Court to determine what, if anything, is privileged.

Documents 4-7 and 15 shall be produced to the Court for *in camera* review. The privilege logs describes these as "Requesting legal advice re Forever trustee removal documentation" and "Requesting legal advice re Forever Network trustee appointment documentation." These documents were sent or received after the date M&I accepted the Forever Pre-Need Trusts. The descriptions indicate they may contain advice sought for the benefit of the beneficiaries, but the Court cannot determine if they must be disclosed from the description alone.

Document 8 does not need to be produced because it is not relevant to the issues remaining in dispute in this matter. This document discusses Forever Oak Hill Endowed Care Trust which is not one of the pre-need trusts at issue. Document 9 is protected by attorney-client privilege because it involved advice M&I sought to determine if it should resign as trustee. It

was not sought for the benefit of the beneficiaries. The remaining documents, 26-29, are protected by the attorney-client privilege, because they consist of a memorandum and handwritten comments created by Pamela Roberts, a trust administrator for M&I, and sent to Victor Schultz, M&I's in-house counsel, for the purpose of receiving legal advice. "The privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981).

Therefore, BMO shall produce to the Court, within five days of this order, Documents 4-7, 15, 19, and 21-23 for *in camera* review.

Accordingly,

**IT IS HEREBY ORDERED** that Non-Party BMO Harris Bank, N.A.'s Motion to Quash Plaintiffs' Subpoena to Testify at a Deposition in a Civil Action or Produce Documents in Lieu of Deposition [2617] is **GRANTED, in part,** and **DENIED, in part**.

So Ordered this 14th Day of August, 2018.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE