UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JO ANN HOWARD & ASSOCIATES, )
P.C. et al., )
 )
    Plaintiff(s), )
 ) Case No. 4:09CV01252 ERW
    vs. )
 )
J. DOUGLAS CASSITY, et al., )
 )
    Defendant(s).

# MEMORANDUM AND ORDER

This matter comes before the Court on Defendants PNC Bank, N.A. and National City Bank, N.A.'s Motion to Strike the Opinions and Report of Plaintiffs' "Rebuttal" Expert Robert H. Sitkoff [ECF No. 2747], Defendants' Motion to Strike Plaintiffs' Untimely Disclosed Fact Witnesses [ECF No. 2749], Plaintiffs' Motion to Strike PNC's Blanket Relevance Objections to the Previous Trial Transcripts and Exhibits [ECF No. 2754], Plaintiffs' Motion in Limine to Exclude PNC from Presenting Regulator and Bank Examiner Conduct for Purposes of Arguing the Standard of Care, the Lack of Breach of Trust, or Limiting a Punitive Damages Award [ECF No. 2755], Plaintiffs' Motion in Limine to Strike PNC's Categorically Improper Deposition Designations [ECF No. 2756], Defendants' Motion in Limine to Exclude the New and Previously Undisclosed Opinions of Plaintiffs' Expert Witnesses Anjan Thakor and Max Schanzenbach [ECF No. 2757], Defendants' Motion in Limine to Preclude Cumulative or Bolstering Expert Witness Testimony [ECF No. 2758], Defendants' Motion in Limine to Preclude Evidence, Testimony, and Argument Regarding Notice to Consumers and Funeral Homes Not Required by the Trust Agreements or Missouri Law [ECF No. 2759], Defendants' Motion in Limine to Preclude Plaintiffs' Experts from using the Phrases "Red Flags" or a

1

"Ponzi-Like Scheme" [ECF No. 2760], Defendants' Motion in Limine to Exclude Evidence Regarding Funds Not Deposited into the Pre-Need Trusts [ECF No. 2761], Defendants' Omnibus Motion in Limine [ECF No. 2762], Defendants' Motion in Limine to Renew Portions of the Court's Prior Orders [ECF No. 2763], and Defendants' Motion in Limine to Exclude Plaintiffs' Expert Testimony [ECF No. 2764].

## I. Defendants PNC Bank, N.A. and National City Bank, N.A.'s Motion to Strike the Opinions and Report of Plaintiffs' "Rebuttal" Expert Robert H. Sitkoff [ECF No. 2747]

In their Motion, Defendants argue the Court should exclude the report and opinions of Plaintiffs' expert witness Robert H. Sitkoff because he was disclosed four months out of time; his report is an opening expert report and is improper rebuttal because his expertise is no different than the expertise of Coster and Schanzenbach, and his report goes beyond rebutting the opinions of Defendants' trust expert and offers new, previously undisclosed opinions.

This motion will be granted, in part, and denied, in part. Mr. Sitkoff will be permitted to testify in response to Defendants' expert Daniel Fitzpatrick about directed trusts. He will not be permitted to introduce any other opinions.

## II. Defendants' Motion to Strike Plaintiffs' Untimely Disclosed Fact Witnesses [ECF No. 2749]

In their Motion, Defendants assert Plaintiffs have disclosed, on their witness list, six witnesses who have not been made available for post-remand depositions including: Jo Ann Howard, Richard Markow, Pam Buchanana, Rick Swygman, Kurt Tull, and Bruce Talen. Defendants argue the untimely disclosure of fact witnesses is completely unjustified and prejudices Defendants.

This motion will be granted, in part, and denied, in part. Plaintiffs may offer trial testimony and deposition testimony of these witnesses only. Defendants may take additional

depositions of these witnesses, if needed. If Defendants decide to take a deposition of a witness, then that witness will be permitted to testify during the bench trial.

III. **Plaintiffs' Motion to Strike PNC's Blanket Relevance Objections to the Previous Trial Transcripts and Exhibits [ECF No. 2754]**

In their Motion, Plaintiffs state Defendants have objected to every page and line of testimony from the prior trial that was designated by Plaintiffs. Additionally, Plaintiffs state Defendants objected to every single exhibit from the previous trial.

This motion will be denied. The parties have agreed to discuss objections before trial and any remaining objections will be handled as exhibits or testimony is introduced.

IV. **Plaintiffs' Motion in Limine to Exclude PNC from Presenting Regulator and Bank Examiner Conduct for Purposes of Arguing the Standard of Care, the Lack of Breach of Trust, or Limiting a Punitive Damages Award [ECF No. 2755]**

In their Motion, Plaintiffs assert regulator conduct is not a defense to Defendants' liability; therefore, Defendants should not be permitted to introduce evidence of regulator conduct or bank examiner conduct to defend Allegiant's actions.

This motion will be denied. In the prior jury trial, the Court did not permit introduction of this evidence because it would cause juror confusion. Because this is a bench trial, that risk is alleviated and the evidence may be introduced. Defendants will not be permitted, and state they do not intend, to argue regulator conduct is a defense to their liability.

V. **Plaintiffs' Motion in Limine to Strike PNC's Categorically Improper Deposition Designations [ECF No. 2756]**

In their Motion, Plaintiffs argue Defendants have improperly designated deposition testimony of 53 witnesses who are either under Defendants' control or otherwise available to attend trial.

This motion is granted, in part, and denied, in part. The parties have agreed to meet and confer as to which witnesses will actually be testifying live at trial. Witnesses who are available

to testify will be required to testify live pursuant to Federal Rule of Civil Procedure 32(a) unless otherwise agreed upon by the parties.

VI.  **Defendants' Motion in Limine to Exclude the New and Previously Undisclosed Opinions of Plaintiffs' Expert Witnesses Anjan Thakor and Max Schanzenbach [ECF No. 2757]**

In their Motion, Defendants assert Plaintiffs' experts Thakor's and Schanzenbach's new and previously undisclosed opinions should be excluded because they are case-in chief opinions that are not rebuttal to Defendants' expert Lee's report.

This motion will be denied. Defendants may object at trial if they believe the testimony of Thakor or Schanzenbach includes new opinions that are not rebuttal opinions or opinions included in their original reports.

VII.  **Defendants' Motion in Limine to Preclude Cumulative or Bolstering Expert Witness Testimony [ECF No. 2758]**

In their Motion, Defendants assert Plaintiffs' seek to offer duplicative opinions on central issues regarding breaches of trusts and seek to offer expert testimony that vouches for another expert's opinions. This motion will be held in abeyance pending specific objections at trial.

VIII.  **Defendants' Motion in Limine to Preclude Evidence, Testimony, and Argument Regarding Notice to Consumers and Funeral Homes Not Required by the Trust Agreements or Missouri Law [ECF No. 2759]**

In their Motion, Defendants argue Plaintiffs should be precluded from presenting evidence that Allegiant failed to provide information to preneed consumers or funeral homes pursuant to Rule 403 because it is simply not relevant to these proceedings, will prejudice Defendants, and may result in a verdict for breach of a duty Allegiant did not owe to the preneed consumers.

This motion will be denied. The evidence presented during oral argument suggests there may be instances where Allegiant was required to provide information and did not. Therefore, the Court will allow this evidence to be introduced.

IX. **Defendants' Motion in Limine to Preclude Plaintiffs' Experts from using the Phrases "Red Flags" or a "Ponzi-Like Scheme" [ECF No. 2760]**

In their Motion, Defendants assert Plaintiffs' use of the phrase "red flags" is prejudicial, misleading, and is only meant to distract from the ultimate issues in the case. This motion will be denied. There is no risk of confusion or prejudice through the use of the terms "red flags" or "Ponzi-like scheme" in this bench-tried case.

X. **Defendants' Motion in Limine to Exclude Evidence Regarding Funds Not Deposited into the Pre-Need Trusts [ECF No. 2761]**

In their Motion, Defendants assert Allegiant was not responsible for ensuring NPS deposited the required amount of pre-need consumer funds paid to NPS into the trusts under the trust agreement and Missouri law; thus, Defendants claim any evidence of Allegiant's lack of recordkeeping as to these funds should be excluded. This motion will be denied. The experts' opinions on Allegiant's recordkeeping duties in this matter differ and the Court will hear all of the evidence.

XI. **Defendants' Omnibus Motion in Limine [ECF No. 2762]**

In their Motion, Defendants ask the Court to enter an order excluding the following evidence: (1) evidence and argument relating to legal theories and measures of damages precluded by the Eighth Circuit's opinion in this case; (2) evidence and argument relating to PNC's and National City's actions or omissions other than their role as successor in interest to Allegiant; and (3) evidence or testimony to prove the existence or content of documents without introducing the documents themselves in violation of the best evidence rule.

This motion will be denied. Defendants agreed to a denial, without prejudice, for the first and third arguments of this motion. They will raise any objections during trial. As for the second argument, the Court will deny the motion, because some of this evidence may be introduced to establish standard of care in the trust industry and a comparison with Allegiant's actions.

XII. **Defendants' Motion in Limine to Renew Portions of the Court's Prior Orders [ECF No. 2763]**

In their Motion, Defendants ask the Court to renew its order on December 1, 2014, ECF No. 1972, regarding inadmissible testimony by any expert, and its January 29, 2015 order, ECF No. 2215, regarding Motions in Limine. This motion will be denied as Defendants have agreed to raise any objections at trial.

XIII. **Defendants' Motion in Limine to Exclude Plaintiffs' Expert Testimony [ECF No. 2764]**

In their Motion, Defendants assert the Court should not allow Plaintiffs' expert witnesses to testify until Defendants are permitted full discovery regarding the expert witness meetings that occurred involving Plaintiffs' expert witnesses in which their opinions regarding the case were formulated.

This motion will be granted, in part, and denied, in part. Plaintiffs' behavior in failing to disclose material information regarding expert witness meetings held between counsel and various experts is troubling. Because defense counsel has limited time to prepare for trial, which begins November 28, 2018, further depositions of Plaintiffs' experts are not possible. The Court will permit Defendants wide latitude in cross-examining Plaintiffs' experts as to these meetings in lieu of additional depositions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants PNC Bank, N.A. and National City Bank, N.A.'s Motion to Strike the Opinions and Report of Plaintiffs' "Rebuttal" Expert Robert H. Sitkoff [ECF No. 2747] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike Plaintiffs' Untimely Disclosed Fact Witnesses [ECF No. 2749] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike PNC's Blanket Relevance Objections to the Previous Trial Transcripts and Exhibits [ECF No. 2754] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Exclude PNC from Presenting Regulator and Bank Examiner Conduct for Purposes of Arguing the Standard of Care, the Lack of Breach of Trust, or Limiting a Punitive Damages Award [ECF No. 2755] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion in Limine to Strike PNC's Categorically Improper Deposition Designations [ECF No. 2756] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude the New and Previously Undisclosed Opinions of Plaintiffs' Expert Witnesses Anjan Thakor and Max Schanzenbach [ECF No. 2757] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Preclude Cumulative or Bolstering Expert Witness Testimony [ECF No. 2758] is **held in abeyance**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Preclude Evidence, Testimony, and Argument Regarding Notice to Consumers and Funeral Homes Not Required by the Trust Agreements or Missouri Law [ECF No. 2759] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Preclude Plaintiffs' Experts from using the Phrases "Red Flags" or a "Ponzi-Like Scheme" [ECF No. 2760] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Evidence Regarding Funds Not Deposited into the Pre-Need Trusts [ECF No. 2761] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Omnibus Motion in Limine [ECF No. 2762] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Renew Portions of the Court's Prior Orders [ECF No. 2763] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion in Limine to Exclude Plaintiffs' Expert Testimony [ECF No. 2764] is **GRANTED, in part,** and **DENIED, in part**.

So Ordered this 20th day of November, 2018.

*E. Richard Webber*

------------------------------------------
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**