UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JO ANN HOWARD & ASSOCIATES, )
P.C. et al., )
 )
    Plaintiff(s), )
 ) Case No. 4:09CV01252 ERW
vs. )
 )
J. DOUGLAS CASSITY, et al., )
 )
    Defendant(s).

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants PNC Bank, N.A. and National City Bank, N.A.'s Motion to Exclude Legal Opinions of Plaintiffs' Experts Steve Browne and Edgar Coster [2698], Defendants' Motion to Exclude Opinions of Plaintiffs' Expert Anjan Thakor [2700], Defendants' Motion to Exclude Opinions of Plaintiffs' Expert William Purcell [2702], [2712], Defendants' Motion to Exclude Opinions of Plaintiffs' Expert Witness Steve Browne [2704], Defendants' Motion to Exclude Opinions of Plaintiffs' Expert Witness Andrew Dalton [2706], Plaintiffs' Motion to Exclude Expert Testimony of Daniel M. FitzPatrick [2708], and Plaintiffs' Motion to Exclude Expert Testimony of Richard Lee [2710].

**I.    BACKGROUND**

For a summary of the background in this case, see the Court's opinion on summary judgment, ECF No. 2789, dated November 20, 2018.

**II.    STANDARD**

Rule 702 mandates a policy of liberal admissibility, and expert testimony is permitted if it will assist the trier of fact in understanding the evidence or to determine a fact in issue. Fed. R. Evid. 702; *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). To be admitted under

1

Rule 702, proposed expert testimony must meet three prerequisites: 1) any evidence based on scientific, technical or other specialized knowledge must be useful to the fact finder in determining a fact in issue; 2) the proposed witness must be qualified to assist the fact finder; and 3) the proposed evidence must be reliable or trustworthy in an evidentiary sense. *Id.; Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993).[1]

A district court's goal in assessing expert testimony is to ensure that "all scientific testimony is both reliable and relevant." *Barrett v. Rhodia, Inc.*, 606 F.3d 975, 980 (8th Cir. 2010) (quoting *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 757 (8th Cir. 2006)). The reliability requirement means "the party offering the expert testimony must show by a preponderance of the evidence both that the expert is qualified to render the opinion and that the methodology underlying his conclusions is scientifically valid," while the relevance requirement demands "the proponent must show that the expert's reasoning or methodology was applied properly to the facts at issue." *Id.* (internal quotations and citations omitted).

Rule 702's requirements notwithstanding, "[c]ourts should resolve doubts regarding the usefulness of an expert's testimony in favor of admissibility." *Marmo*, 457 F.3d at 758. This is because the Rule "only requires that an expert possess 'knowledge, skill, experience, training, or education' sufficient to 'assist' the trier of fact, which is 'satisfied where expert testimony advances the trier of fact's understanding to any degree.'" *Robinson v. GEICO Gen. Ins. Co.*, 447 F.3d 1096, 1100 (8th Cir. 2006) (internal citation omitted). As such, "[g]aps in an expert witness's qualifications or knowledge generally go to the weight of the witness's testimony, not its admissibility." *Id.* at 1100-01.

### III. DISCUSSION

---

[1] The analysis provided in *Daubert* applies to all experts, not just scientific experts. *Kuhmo Tire Co. v. Carmichael,* 526 U.S. 137 (1999).

*A.     Edgar Coster*

Edgar Coster ("Coster") was retained in this matter by Plaintiffs as a trust industry expert. Coster opines Allegiant breached its duty of prudence during inception of its trusteeship, its duty of prudence following inception of its trusteeship, its duty of loyalty, and its duty of impartiality. Defendants argue Coster's report should be excluded because it provides legal opinions and arguments on the ultimate issues of liability in violation of the Court's December 2014 order.

Expert witnesses are not permitted to testify on questions or requirements of law. *Farmland Indus. v. Frazier-Parrott Commodities, Inc.*, 873 F.2d 1402, 1409 (8th Cir. 1989); *Tockstein v. Spoeneman*, No. 4:07CV00020 ERW, 2009 WL 2143762 at *2 (E.D. Mo. 2009). "Matters of law are for the trial judge." *S. Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc.*, 320 F.3d 838, 841 (8th Cir. 2003). "Although expert witnesses may 'embrace' an ultimate issue in their testimony, they may not state legal standards or draw legal conclusions by applying law to the facts." *Cowden v. BNSF Ry. Co.*, 980 F.Supp.2d 1106, 1118 (E.D. Mo. 2013) (J. Webber). The *Daubert* standard is relaxed for bench trials, but it does still apply. *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012) ("When the district court sits as the finder of fact, there is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.").

No expert, including Coster, will be permitted to testify as to legal conclusions or opinions. This includes conclusions of whether Allegiant breached any duties. The Court's prior order on permissible expert testimony is reaffirmed and shall apply in this trial as well. That opinion, issued on December 1, 2014, ECF No. 1972, states experts may not testify: Whether the actions of the Missouri Trustees, or anyone else, complied with Chapter 436; Interpretations of Chapter 436; Interpretations of the governing trust agreements; Requirements of Chapter 436;

3

Duties imposed by Chapter 436; Trustees' responsibilities or liability for investment decisions; and the duties and responsibilities of the independent investment advisor. These same prohibitions, along with the others listed in ECF No. 1972, remain in force.

If Coster begins to testify to any opinion which Defendants believe is a legal conclusion, they may object during the trial. Coster will not be excluded entirely.

  *B.*  *Steve Brown*

Steve Browne ("Browne") was retained in this matter by Plaintiffs. Browne opines Allegiant failed to maintain a proper accounting system and system of controls relating to the trusts, Allegiant's administration of the trusts was not in compliance with Missouri Revised Statute Chapter 436, Allegiant's conduct resulted in losses to the trust totaling $108,196,924.00, Allegiant facilitated a Ponzi-like scheme within the trusts, and simple pre-judgment interest totals $164,472,104.00 and compound annual interest totals $470,060,933.00.

Defendants argue Browne's report should be excluded because it provides legal opinions and arguments on the ultimate issues of liability in violation of the Court's December 2014 order. Defendants also argue Browne's damages opinions should be excluded because he improperly assumes all amounts deposited into the trusts relating to policy mismatches and policy loans were used for improper purposes, his opinions are contrary to law, and he made pervasive computational and other errors.

The same requirements and limitations that apply to Coster, apply to Browne, and all other experts in this case. Browne will not be permitted to testify on legal opinions or the requirements of the law. The Court will not exclude him entirely.

The Court will not exclude Browne's damages opinions. Whether the amounts deposited into the trusts for policy mismatches and policy loans were used for improper purposes is a

matter of contested fact. Just because Defendants disagree with Browne's opinion and interpretation of the facts does not mean his testimony "is so fundamentally unsupported that it can offer no assistance to the [Court]." *US Salt, Inc. v. Broken Arrow, Inc.*, 563 F.3d 687, 691 (8th Cir. 2009). Browne's damages opinions will not be excluded on this basis.

Finally, the Court will not exclude Browne's damages opinions because of alleged "pervasive computational and other errors." Defendants support for this argument is their own experts' opinions. Disagreement between experts as to the proper way to calculate damages is not a valid basis for exclusion of an expert. Cross-examination is appropriate to challenge any errors made by Browne. For these reasons, the Court will grant, in part, and deny, in part, this motion.

    *C.    William Purcell*

William Purcell ("Purcell") was retained by Plaintiffs in this matter as an investment banking expert. Purcell opines if Allegiant's liabilities had been disclosed prior to the closing date for the merger, it is highly likely National City would not have proceeded with the merger; Allegiant's liabilities, an estimated $100 million, could have reduced stockholders' equity by approximately 50%; at best, Allegiant's stockholders might have received a much reduced value per share; Allegiant had significant financial motivation to avoid any issues that might jeopardize consummation of the merger; and the break-up fee provision likely represented further financial motivation for Allegiant to avoid any issues that might jeopardize the merger. Defendants assert Purcell's opinions about the possible consequences of the disclosure of issues in the trusts are inadmissible as unreliable speculation because he did not conduct an event study to determine any changes in Allegiant's stock price.

An expert cannot quantify the change in a company's stock price without conducting an event study, or something similar. *Carpe v. Aquila, Inc.*, No. 02-0388-CV-W-FJG, 2005 WL 1138833 at *3 (W.D. Mo. Mar. 23, 2005). Any opinions of Purcell's which quantify a drop in Allegiant's stock price, including his opinion Allegiant's stockholders' equity would have been reduced by 50%, will not be admitted, because Purcell did not conduct an event study, or anything similar, to arrive at that number. However, based on his experience, Purcell may testify the stock price would have dropped if the information would have been disclosed. *See* Fed. R. Evid. 702. Purcell has been an investment banker for approximately 50 years including extensive experience with mergers and acquisitions. This experience qualifies him to opine on the effects disclosure of the fraud in the trusts would have had on Allegiant.

The Court will also exclude Purcell's opinions comparing Allegiant to Enron, Refco WorldCom, or Indy Mac. There is absolutely no basis to compare what occurred with those companies to Allegiant's situation. Those opinions are unreliable and will be excluded. The remainder of Purcell's opinions will not be excluded by the Court.

  D.  *Anjan Thakor*

Anjan Thankor ("Thakor") was retained by in this matter by Plaintiffs as a financial expert to conduct an economic analysis to estimate the financial gain Allegiant made through its alleged breaches of trust when it transferred the trusts to Bremen. Thakor opines Allegiant gained an estimated $236.5 million, comprised of $116.5 million in purchase premium, $95 million in an avoided stock price decline, and $25 million in an avoided break-up fee if the merger had not gone through to completion. Defendants argue two of Thakor's opinions should be excluded: (1) there is no distinction between Allegiant and its shareholders; and (2) there was

6

a benefit to Allegiant from the merger with National City. Defendants assert these opinions are unreliable, unsupported, contrary to well-settled law, and are legal conclusions.

The Court will exclude these two opinions. The Court determined in its order on summary judgment, ECF No. 2789, decided on November 20, 2018, there is a legal distinction between Allegiant and its shareholders and a benefit to its shareholders cannot be considered a benefit to Allegiant. Therefore, Thakor's opinions are contrary to the law of this case, and the general case law on this issue, and are not admissible. This motion will be granted.

*E.     Andrew Dalton*

Andrew Dalton ("Dalton") was retained in this matter by Plaintiffs as an actuarial expert. Dalton opines the total actuarial loss to the trust is $87,276,148, which includes the diminution in value of the trusts, $45,079,062, and overpayment of premium for life insurance policies, $42,197,086. Defendants assert Dalton's diminution in value opinion should be excluded because his methodology ensures a negative trust value and his premium overpayment opinion should be excluded because it fails to account for the economic realities of the life insurance policies held as trust assets.

Dalton and Defendants' experts disagree on whether his methodology will ensure a negative trust value. A dispute between experts is not a valid basis for exclusion of an expert's opinion. The Court will allow Dalton's testimony on this issue and will weigh his testimony with that of Defendants' experts to determine the proper calculation of damages, if any damages are awarded.

The Court has yet to hear the evidence about the economic realities of the life insurance policies held as trust assets. Therefore, a determination Dalton did not properly account for those economic realities is premature. If Dalton's opinions on premium overpayments are inconsistent

with the evidence, then the Court will disregard his opinions. The Court will not make a determination on whether his opinions are contrary to the evidence until it has heard all of the evidence. This motion will be denied.

    *F.       Daniel M. FitzPatrick*

Daniel M. FitzPatrick ("FitzPatrick") was retained by Defendants in this matter as a trust expert. FitzPatrick offers several opinions, but the opinions relevant to this motion are regarding Allegiant's investment responsibilities for the trusts. FitzPatrick opines it was reasonable for Allegiant to interpret Chapter 436 as it did concerning Allegiant's liability for investment decisions made by a qualified investment advisor. Plaintiffs argue FitzPatrick's opinions should be excluded because they are contrary to the Eighth Circuit's opinion remanding the case.

No expert will be permitted to interpret Chapter 436 or the Eighth Circuit's opinion, or any other law, in this case. That is not the role of an expert and it does not aid the trier of fact. To the extent FitzPatrick's opinions interpret the law, they will be excluded. However, most of FitzPatrick's opinions are on what he believes was reasonable for Allegiant to believe in regards to the law. This is different than informing the Court what the applicable law is and how to interpret it. Opinions as to the reasonableness of Allegiant's actions and beliefs are admissible.

    *G.       Richard Lee*

Richard Lee ("Lee") was retained in this matter by Defendants as a rebuttal expert to Thakor, Purcell, and Dr. Jonathan Arnold's opinions. Lee opines on what he believes are deficiencies in Plaintiffs' experts' reports.

Plaintiffs argue some of Lee's opinions should be excluded because they are legal conclusions, including his interpretation of Section 205(b), his definition of "profit," his opinion about the improper disposition and use of trust assets, his opinion regarding alternative remedies,

and his opinion whether case law supports Plaintiffs' claims. Additionally, Plaintiffs assert Lee's opinion on "alternative structures" for the merger between Allegiant and National City should be excluded because it is pure speculation and outside the scope of his expertise.

Lee's opinions on what § 205(b) requires, whether Thakor's opinions comport with § 205(b), whether Thakor and Plaintiffs have provided sufficient legal support for their theories, and whether § 205 provides for alternative remedies will not be permitted. It is the Court's role to determine what law applies and how to interpret the law. However, his opinions on the definition of "economic profit" and his analysis of Thakor's opinions in this regard are admissible. His opinion Thakor's damages calculation "results in a double-count of the Plaintiffs' damages claim" is also admissible. This is appropriate rebuttal opinion that will aid the trier of fact in this matter.

Lee's opinion on alternative merger structures states: "Dr. Thakor failed to consider that had National City become aware of issues with Allegiant Trust Company during the Allegiant acquisition, National City could have structured the Allegiant Transaction differently. For example, National City and Allegiant could have structured the transaction to 'carve-out' or remove Allegiant Trust Company from the Acquisition." Plaintiffs argue this opinion is pure speculation and outside the scope of his expertise.

Lee is permitted to question the veracity of Thakor's opinions by opining he failed to consider certain alternatives. He is a rebuttal expert, and this is appropriate rebuttal testimony. Any arguments about the soundness of his rebuttal opinion are left for cross-examination. Lee is qualified to give an opinion on alternative deal structures. He is a certified public accountant, with over twenty years of experience in financial consulting. Additionally, he has performed many business valuations and assisted in mergers and acquisitions, including bank mergers. He

9

has ample qualifications to provide this opinion. This motion will be granted, in part, and denied, in part.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants PNC Bank, N.A. and National City Bank, N.A.'s Motion to Exclude Legal Opinions of Plaintiffs' Experts Steve Browne and Edgar Coster [2698] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Opinions of Plaintiffs' Expert Anjan Thakor [2700] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Opinions of Plaintiffs' Expert William Purcell [2702], [2712] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Opinions of Plaintiffs' Expert Witness Steve Browne [2704] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Exclude Opinions of Plaintiffs' Expert Witness Andrew Dalton [2706] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude Expert Testimony of Daniel M. FitzPatrick [2708] is **GRANTED, in part,** and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude Expert Testimony of Richard Lee [2710] is **GRANTED, in part,** and **DENIED, in part**.

So Ordered this 21st day of November, 2018.

*E. Richard Webber*

_____
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**