**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Case No. 4:09-CV-01252 ERW<br>) |
| J. DOUGLAS CASSITY, et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants PNC Bank, N.A. and National City Bank, N.A.'s (collectively "PNC") Motion for Relief from Judgment. ECF No. 2993. The motion is fully briefed and ready for disposition.

## I. Background

On July 3, 2019, after a bench trial, the Court entered judgment in favor of Plaintiffs and against Defendants PNC in the amount of $72,287,615.00 in damages to the Trusts, $14,847,678.07 in prejudgment interest, and $15,000,000.00 in punitive damages, for a total of $102,135,293.07. ECF No. 2954. PNC has filed a motion for relief pursuant to Rule 60(a) of the Federal Rules of Civil Procedure, asserting the Court miscalculated the amount of prejudgment interest awarded, and the correct award of prejudgment interest is $8,341,792.72 for a total damage award of $95,629,407.72. Because an appeal of this cause of action is pending before the Eighth Circuit Court of Appeals, PNC also requests an indicative ruling from this Court stating the Court would grant the motion for relief and correct the miscalculation of the prejudgment interest amount in accordance with Rule 62.1 of the Federal Rules of Civil Procedure.

Plaintiffs agree the amount of prejudgment interest is miscalculated. However, they request the Court deny PNC's motion because PNC could have raised this error prior to filing an appeal. Alternatively, Plaintiffs contend the Court should recalculate the amount with a start date of August 17, 2017[1] and an end date of July 3, 2019, the date of the judgment, as opposed to the first day of trial, November 28, 2018. Plaintiffs assert prejudgment interest is calculated from the time the claim accrues until judgment is entered. Thus, Plaintiffs argue the correct amount of prejudgment interest to be awarded is $12,209,675.24.

PNC responds Plaintiffs are not entitled to change the end date to anything other than what Plaintiffs requested in their Proposed Findings of Fact and Conclusions of Law, which was prejudgment interest through the first day of trial. *See* ECF No. 2941 p. 113. PNC reasons Plaintiffs' request for the Court to calculate prejudgment interest through the judgment date, July 3, 2019, is procedurally and substantively improper.

## II. Discussion

Rule 60(a) of the Federal Rules of Civil Procedure provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a). Under Rule 62.1, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

---

[1] Both parties agree the original prejudgment interest award appears to have been calculated with a start date of August 17, 2016 instead of August 17, 2017.

After reviewing the parties' submissions and the record, the Court agrees that it erred in calculating the amount of prejudgment interest. The Findings of Fact and Conclusions of Law dated July 3, 2019 stated, "the Court will award simple interest from August 17, 2017, to November 28, 2018, at a rate of nine percent per annum for a total amount of $14,847,678.07 in prejudgment interest." ECF No. 2953 p. 304. However, the Court erroneously calculated prejudgment interest beginning August 17, 2016, adding 365 days to the calculation.[2]

In their response to PNC's motion for relief from judgment under Rule 60(a), Plaintiffs assert the Court should not grant PNC a reduction in prejudgment interest without offsetting the reduction by calculating interest through the correct ending date, the date judgment was entered. *See W. Virginia v. United States*, 479 U.S. 305, 310 n. 2 (1987) ("Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress."). PNC responds such relief is not available under Rule 60(a).

The Court finds it erred by making "a clerical mistake or a mistake arising from oversight or omission" in the calculation of prejudgment interest in the final judgment. The mistake stemmed from using the wrong beginning and the ending dates to compute interest. PNC argues 60(a) relief is unavailable to Plaintiffs because Plaintiffs requested prejudgment interest be calculated through the first day of trial, and this was not a clerical mistake. However, the Court notes Rule 60(a) allows the Court to correct a mistake on its own motion. Fed. R. Civ. P. 60(a)

---

[2] The formula for calculating the amount of simple interest is Principal Amount * Interest Rate * Time Period. Time is calculated yearly in this case, such that the number of days that passed between August 17, 2017 and the end date must be divided by the number of days in a year, 365 days. For instance, the time between August 17, 2016 and November 28, 2018 is 833 days. The principal amount of $72,287,615.00 * 9% * 833/365 = $14,847,678.07. However, the time between August 17, 2017 and November 28, 2018 is 468 days such that the amount of prejudgment interest for that time period would be $8,341,792.72.

3

(The court may [correct a mistake] on motion **or on its own**, with or without notice) (emphasis supplied).  It is well-settled in this circuit that prejudgment interest accrues until judgment is entered by the Court.  *See, e.g., Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.,* 735 F.3d 993, 1007 (8th Cir. 2013) (holding simple prejudgment interest accrued through the date of judgment); *Travelers Prop. Cas. Co. of Am. v. Jet Midwest Technik, Inc.,* No. 16-06084-CV-SJ-ODS, 2019 WL 2411443, at *3 (W.D. Mo. June 7, 2019) (awarding prejudgment interest at a rate of nine percent, ending on the date the final judgment was entered); *Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, No. 8:10CV187, 2016 WL 6246590, at *1 (D. Neb. May 11, 2016) (stating prejudgment interest accrues until judgment is entered by the court); *Buzzanga v. Life Ins. Co. of N. Am.,* No. 4:09-CV-1353 CEJ, 2013 WL 784632, at *3 (E.D. Mo. Mar. 1, 2013) (finding the period for which plaintiff was entitled to prejudgment interest began on the date plaintiff submitted her claim for benefits, and ended when the court entered judgment in plaintiff's favor); *Emmenegger v. Bull Moose Tube Co.,* 33 F. Supp. 2d 1123, 1124–26 (E.D. Mo. 1998) (using the date of judgment to calculate the applicable interest rate and the amount of prejudgment interest).

In the reply brief, PNC presents no legal authority to the contrary.  The Court has a duty to follow the law and therefore will correct its error in using the wrong time period by properly computing the prejudgment interest owed to Plaintiffs.  Applying the correct time period, August 17, 2017 through the date of the judgment, July 3, 2019, the Court calculates the prejudgment interest as $12,209,675.24.[3]

Because PNC has filed an appeal in this case, the Court is unable to correct its mistake without leave of the appellate court.  Fed. R. Civ. P. 60(a) ("But after an appeal has been

---

[3] $72,287,615.00 * 9% * 685/365 = $12,209,675.24.

docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."). However, as stated above, Rule 62.1 of the Federal Rules of Civil Procedure provides a mechanism for the Court to indicate how it would rule on PNC's motion for relief from judgment. Thus, the Court indicates if the Eighth Circuit Court of Appeals were to remand for the purpose of correcting the miscalculation of the prejudgment interest amount, the Court would grant PNC's motion for relief from judgment and, on the Court's own motion under Fed. R. Civ. P. 60(a), recalculate prejudgment interest from August 17, 2017 through the date of the judgment, July 3, 2019, at a rate of 9% per annum for a total of $12,209,675.24 in prejudgment interest and a total damages amount of $99,497,290.24. In accordance with Federal Rule of Civil Procedure 62.1(b) and Federal Rule of Appellate Procedure 12.1(a), the movant PNC is directed to promptly notify the Clerk of the Court of Appeals for the Eighth Circuit.

**IT IS SO ORDERED.**

Dated this 22nd day of November, 2019.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE