UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JO ANN HOWARD AND ASSOCIATES, P.C., et al., | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | | |
| v. | | Case No. 4:09-CV-01252 ERW |
| J. DOUGLAS CASSITY, et al., | | |
| Defendants. | | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants PNC Bank, N.A. and National City Bank, N.A.'s (collectively "PNC") Motion to Exclude the Opinions of Rodney Loomer. ECF No. 3013. The motion is fully briefed and ready for disposition.

### I. Background

This cause of action commenced on August 6, 2009, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968, violations of the Lanham Act, 15 U.S.C. §§ 1051-1141n, state law claims concerning intentional and negligent fraudulent misrepresentations, negligence and gross negligence, breach of fiduciary duties, and violations of the Texas Receivership Act, Tex. Ins. Code §§ 443.202-443.205. The action concluded on July 3, 2019, when after a bench trial, the Court found Defendants liable for breach of fiduciary duty by a trustee. ECF No. 2953 pp. 265-278. That same date the Court entered judgment in favor of Plaintiffs and against Defendants PNC in the amount of $102,135,293.07. ECF No. 2954. The Court issued an Amended Judgment on December 4, 2019 entering a total amount of damages of $99,497,290.24. ECF No. 3035.

After obtaining judgment in their favor, Plaintiffs filed a Bill of Costs and a Motion for Award of Attorneys' Fees. ECF Nos. 2962, 2965. PNC moved to defer ruling on Plaintiffs' motions

for costs and attorneys' fees pending the outcome of its appeal to the Eighth Circuit Court of Appeals. ECF No. 2973. On August 19, 2019, the Court denied PNC's motion to defer ruling and issued a Scheduling Order setting forth a discovery and briefing schedule related to Plaintiffs' Bill of Costs and Motion for Award of Attorneys' Fees. ECF No. 2985. The Court further announced it would award attorneys' fees and costs to the Plaintiffs, "but only after August 17, 2017, the date of the Eighth Circuit's remand to this Court." ECF No. 2985 p. 2.

Upon completion of the deposition of Plaintiffs' expert, Rodney E. Loomer, regarding the reasonableness of Plaintiffs' requested legal fees, PNC filed the present motion to exclude Mr. Loomer's opinions under *Daubert* because his opinions (1) include fees for unsuccessful claims; (2) fail to include any independent review to verify accuracy; and (3) are flawed because the bills are riddled with errors and redundancies. ECF No. 3013. Plaintiffs respond PNC's motion is without merit and should be denied.

## II. Legal Standard

The admission of expert testimony in federal court is governed by Rule 702 of the Federal Rules of Evidence.[1] A district court acts as a "gatekeeper" when screening expert testimony for relevance and reliability. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993); *Russell v. Whirlpool Corp.*, 702 F.3d 450, 456 (8th Cir. 2012). The trial court has broad discretion concerning the admission of expert testimony, and such decisions will not be overturned on appeal

---

[1] Under Fed. R. Evid. 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

2

absent an abuse of discretion. *Peitzmeier v. Hennessy Indus., Inc.*, 97 F.3d 293, 296 (8th Cir. 1996). All doubts regarding the usefulness of an expert's testimony should be resolved in favor of admissibility. *Marmo v. Tyson Fresh Meats, Inc.,* 457 F.3d 748, 758 (8th Cir. 2006) (citation omitted).

### III. Discussion

In the motion to exclude the opinions of Rodney Loomer, PNC claims the opinions are unreliable because they include unsuccessful claims; Mr. Loomer did not review any actual bills or analyze the billing spreadsheets for accuracy but instead blindly relied on the representations of counsel for the Plaintiffs; and the bills contain errors and redundancies rendering Mr. Loomer's opinions "fundamentally flawed." In response, Plaintiffs contend Mr. Loomer's testimony comports with the law under the Missouri Uniform Trust Code ("MUTC") and common law in equity. Plaintiffs further assert Mr. Loomer relied on the type of contemporaneous billing records endorsed by federal courts, and any inaccuracies account for less than 1% of the total bill requested. Plaintiffs argue, contrary to PNC's position, auditing perfection is not the applicable standard for an award of attorneys' fees or reliance on expert testimony.

At the outset, the Court notes the arguments contained in PNC's motion to exclude are also set forth in its opposition to Plaintiffs' Amended Motion for Attorneys' Fees and in PNC's Motion to Strike Plaintiffs' Motion for Attorneys' Fees. These motions are still pending. Further, PNC has presented its own expert, Thomas E. Wack, who issued a comprehensive report regarding attorneys' fees in this matter. Mr. Wack thoroughly assessed Reilly Pozner's billing entries and Mr. Loomer's expert report, and he recalculated Mr. Loomer's fee estimates. ECF No. 3011-1.

When entertaining a motion for attorneys' fees, "[t]he trial court is presumed to know 'the character of the services rendered in duration, zeal, and ability.'" *Waller v. Blast Fitness Grp., LLC,* No. 4:15CV00586 AGF, 2017 WL 6731721, at *3 (E.D. Mo. Dec. 29, 2017) (quoting *Ferguson v.*

3

*Curators of Lincoln Univ.*, 498 S.W.3d 481, 498 (Mo. Ct. App. 2016)). Further, the trial court is considered an expert under Missouri law for setting attorney's fees, and it may accordingly determine the amount of attorneys' fees without the aid of evidence. *Id.* (citation omitted); *see also W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 23 (Mo. 2012) ("The [trial] court is deemed an expert at fashioning an award of attorneys' fees and may do so at its discretion.").

While Mr. Loomer's report may be of assistance, the Court is the expert on fees and may determine the amount of fees with or without the aid of outside expert opinion. *Hazelcrest III Condo. Ass'n v. Bent*, 495 S.W.3d 200, 209 (Mo. Ct. App. 2016). Because this Court tried the case and is acquainted with all the issues involved, it has discretion to assess the evidence and arguments in support, and in opposition, of Plaintiffs' motion for attorneys' fees when calculating the amount of fees to award, including the evaluation of expert testimony. *Id.* Based upon the foregoing, Court will deny PNC's motion to exclude Rodney Loomer's opinions regarding attorneys' fees.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants PNC Bank, N.A. and National City Bank, N.A.'s Motion to Exclude the Opinions of Rodney Loomer [3013] is **DENIED.**

Dated this 9th day of January, 2020.

_E. Richard Webber_ (signature)

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE